United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jiangmen Benlida Printed Circuit Co., Ltd., Plaintiff, <br><br> v. <br><br> Circuitronix, LLC, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 21-60125-Civ-Scola <br> ) <br> ) <br> ) |

### Order Requiring Amended Complaint

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). In reviewing the record, the Court is uncertain whether it has subject matter jurisdiction over this action.

A party seeking to invoke a federal court's diversity jurisdiction must allege "facts" that show that federal subject matter jurisdiction exists. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). "Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Id.*

Although Plaintiff Jiangmen Benlida Printed Circuit Co., Ltd. ("Benlida") alleges the Court has diversity jurisdiction, it fails to allege facts fully supporting its contention. First, in the Eleventh Circuit, the citizenship of a limited liability company is determined, for diversity purposes, by the citizenship of all the members composing the entity. *Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). A limited liability company is a citizen of any state of which a *member* is a citizen. *Id.* at 1022. To sufficiently allege the citizenship of a limited liability company, a party must list all the members of the limited liability company along with each member's citizenship. *Id.*

Here, both the Plaintiff and the Defendant are limited liability companies. But, rather than list all the members of each company, along with their respective citizenships, Benlida instead describes the "owners" of the two companies. But allegations regarding ownership does not necessarily "permit the court to conclude that plaintiff and defendants are diverse for purposes of subject matter jurisdiction, because it is membership, not ownership, that is critical for determining the citizenship of an LLC." *Post v. Biomet, Inc.*, 3:20-CV-527-J-34JRK, 2020 WL 2766210, at *1 (M.D. Fla. May 28, 2020) (cleaned up). And, while the Court "acknowledges that the terms 'owner' and 'member' have

sometimes been used synonymously with respect to limited liability companies," the "terms are not always interchangeable." *Id.* The Court is, therefore, unsure whether, (1) in addition to owning the limited liability companies, the listed individuals and entities are also members, or (2) despite purporting to list all the "owners," whether there are other individuals and entities who may be members. Accordingly, the Court cannot assume that Benlida's allegations regarding ownership necessarily establish LLC membership and, therefore, citizenship.

Similarly, Benlida identifies one of its owners as Guangdong United Yuda Investment Partnership, a limited partnership. (Compl. ¶ 2e.) And, to sufficiently allege the citizenship of a limited partnership, Benlinda "must list the citizenships of . . . all the partners of the limited partnership." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Much as it does for the LLC parties, however, Benlida only describes the ownership of the partnership. Again, while it very well may be that the owners are also the partners, Benlida must make that clear.

Next, Benlida's allegation that Defendant Circuitronix's members are *not* citizens or domiciliaries of the People's Republic of China is also insufficient. Instead, a party must affirmatively allege actual citizenship, not just the absence citizenship in a particular place. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) (quoting *Cameron v. Hodges*, 127 U.S. 322, 324–25 (1888)) (explaining that an allegation that a party is "not" a citizen of a particular state fails to establish diversity jurisdiction); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("[T]he pleader must affirmatively allege facts demonstrating the existence of jurisdiction.") Such allegations can prove problematic where, for example, the member is stateless or a citizen of another foreign country. *See, e.g., D.B. Zwirn*, 661 F.3d at 126 (pointing out that statelessness destroys complete diversity under § 1332(a)(3)).

Finally, the entirety of Benlida's allegations are presented only "upon information and belief." (Compl. at 1.) And, further, Benlida specifically flags its allegations as to Circuitronix owner Rishi Kukreja's status and citizenship, in particular, as only "[u]pon information and belief." (Compl. at ¶ 4.) But "allegations based 'upon information and belief' are not a substitute for establishing jurisdictional facts." *Investissement Yves Auclair, Inc. v. MLM Experts, LLC*, 617CV2131ORL41KRS, 2018 WL 1832867, at *2 (M.D. Fla. Jan. 25, 2018), *report and recommendation adopted,* 617CV2131ORL41KRS, 2018 WL 3344549 (M.D. Fla. July 9, 2018). Here, Benlida's *beliefs* as to the membership of the parties and their respective citizenships do not qualify as "facts" establishing jurisdiction. Instead, these beliefs relay, at most, Belinda's

mere unverified contention, which is insufficient to satisfy the Court that the requirements of diversity jurisdiction have been met. *See generally, Purchasing Power, LLC v. Bluestem Brands, Inc.,* 851 F.3d 1218, 1228 (11th Cir. 2017) (reminding district courts that they must "make sure parties satisfy the requirements of diversity jurisdiction [and] be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century").

Based on the allegations in the complaint, the Court is unable to ascertain whether complete diversity exists. Accordingly, the Plaintiff must file an amended complaint which adequately alleges federal-subject-matter jurisdiction by **January 29, 2021**. If the Plaintiff fails to file an amended complaint by that date or the amended complaint fails to provide the facts necessary to establish jurisdiction, this Court may dismiss this case without prejudice.

**Done and ordered** in Miami, Florida, on January 21, 2021.

Robert N. Scola, Jr.
United States District Judge