## Richard Lerner

| | |
|---|---|
| **From:** | Chauncey Cole <chauncey.cole@coletrial.com> |
| **Sent:** | Monday, April 19, 2021 5:27 PM |
| **To:** | Richard Lerner |
| **Cc:** | Jean-Claude Mazzola; Steven Prifti |
| **Subject:** | RE: Benlida v. Circuitronix |

Good Afternoon Richard,

   We are certainly open to mediation and working with you in good faith to try to reach some kind of resolution.  It will not be possible for us to complete mediation in the next one or two weeks, but I would think we should be able to schedule something in approximately 30 days.  I will confer with my client and propose some possible mediators this week, and I'm also open to considering anyone you would like to propose.  It may be helpful to select someone from South Florida who the court would be familiar with, but I suppose that is not absolutely necessary.  To the extent we need to designate a location, I would request that it be in Miami since that is where the case is pending and where my client and I are located.  However, I don't think the location matters too much since I assume this will all have to be done remotely anyway, with folks joining us from China, and many people still concerned about gathering in person because of the pandemic.  Everyone probably can join from their own offices.  We understand the time difference, and we're certainly open to starting early to accommodate the people joining from China, as best we can.

   Regarding the motion to dismiss, I am not inclined to ask that the court hold it in abeyance.  Mediation is one aspect of that motion, but perhaps the more fundamental issue is that the federal court doesn't appear to have subject matter jurisdiction when all the required parties are included in the case.  As I indicated in the brief, it appears that this matter could proceed in state court, with all the parties properly joined.  However, if you add ROK and CTX-HK into the mix in federal court, it appears to eliminate diversity jurisdiction.  One way to deal with that problem might be to voluntarily dismiss the action and refile it in state court.  In any event, we need to have clarity about the proper forum for this case.  If the court is inclined to dismiss based on the failure to mediate pre-suit, I'm certain that dismissal would be without prejudice and the case could be refiled later, in state or federal court, if mediation does not produce a settlement.

   Regarding the document you sent over, I have seen it, we are aware of it, and from our perspective it has no effect at all on the necessity of joining ROK and CTX-HK in this case.

Respectfully yours,

Chauncey D. Cole IV, Esq.

Chauncey Cole, PA
9100 South Dadeland Blvd., Suite 1553
Miami, FL 33156

chauncey.cole@coletrial.com
Direct: 786-497-7053
Mobile: 518-229-2782

**From:** Richard Lerner <Richard@mazzolalindstrom.com>
**Sent:** Monday, April 19, 2021 9:55 AM
**To:** Chauncey Cole <chauncey.cole@coletrial.com>
**Cc:** Jean-Claude Mazzola <jeanclaude@mazzolalindstrom.com>; Richard Lerner <Richard@mazzolalindstrom.com>; Steven Prifti <steven@mazzolalindstrom.com>
**Subject:** FW: Benlida v. Circuitronix

Chauncey –

Could you please advise re Friday's email. See below.

Rich

**From:** Richard Lerner
**Sent:** Friday, April 16, 2021 2:21 PM
**To:** Chauncey Cole <chauncey.cole@coletrial.com>
**Cc:** Jean-Claude Mazzola <jeanclaude@mazzolalindstrom.com>; Richard Lerner <Richard@mazzolalindstrom.com>; Steven Prifti <steven@mazzolalindstrom.com>
**Subject:** Benlida v. Circuitronix


Dear Chauncey,

The attached documents, signed by Rishi, show that the US-CTX entity assumed the liabilities of the HK-CTX entity, and that the HK-CTX entity acted for the US-CTX entity. Therefore, it is self-evident that the HK entity is not a necessary party. We therefore request that you withdraw your second argument from your motion to dismiss, as HK-CTX entity is not a necessary party, and the court clearly has diversity jurisdiction.

As for your first argument regarding mediation, we ask that you agree to hold the motion in abeyance pending mediation, which our client would very willingly attend (via Zoom, or the like) within the next week or two. Our client is, of course, desirous of a mediated resolution.

We can do the mediation at your New York office or ours, or in Florida, or at the office of a mediator.

I understand that back in 2018 Benlida sought to mediate with CTX regarding the then outstanding balance, but CTX never responded, and then efforts to reach an agreement to arbitrate came to naught. Given your motion papers, we'll take CTX at its word that it now intends to mediate in good faith, and that it won't be a waste of time. While we did indicate when we spoke that we believed that it would be a waste of time to mediate – because our position is that CTX owes Benlida some $13 million, and your position is that Benlida owes CTX about $6 million – our client is quite willing to participate in ***good-faith*** mediation efforts.

If you would like to propose three different mediators – preferably former judges with commercial experience – we're confident at least one would be acceptable to our client. Due to the 12-hour time difference between us and China, it would be best if we could get started early in the day.

Please let us know your proposed mediators ASAP – whether in New York or Florida – and the dates that will work for you, assuming the mediator will also be free that day. Of course, our client agrees to share the cost of mediation 50/50.

Best regards,

Rich Lerner



### Richard E. Lerner
Mazzola Lindstrom LLP
1350 Avenue of the Americas, 2nd Floor, New York, NY 10019
1999 Avenue of the Stars, Ste. 1100, Los Angeles, CA 90067
D: 646.813.4345 | M: 917.584.4864 |
richard@mazzolalindstrom.com www.mazzolalindstrom.com
NEW YORK * LOS ANGELES

# 业务授权书
## Business authorization

江门市奔力达电路有限公司

JIANGMEN BENLIDA PRINTED CIRCUIT CO., LTD：

我公司因业务需要，现授权 CIRCUITRONIX（HONG KONG），LIMITED 向贵公司下订单，并承担 CIRCUITRONIX（HONG KONG），LIMITED 因此项业务产生的债务。

For the purposes of our company's business, Circuitronix, LLC. hereby authorize CIRCUITRONIX（HONG KONG）, LIMITED to place orders to your company on our behalf. CIRCUITRONIX, LLC assumes all CIRCUITRONIX（HONG KONG）, LIMITED's debts due to these orders.

授权人（签名盖章）

Authorizer(signature and seal):
(CIRCUITRONIX, LLC)

日期：2014年 1月 1日

Date:   2014. 01. 01

AGREE TO THE ENGLISH VERSION ONLY



# 业务授权书

## Business authorization

江门市凯禹电路有限公司

ROK PRINTED CIRCUIT CO., LTD.:

我公司因业务需要，现授权 CIRCUITRONIX（HONG KONG），LIMITED 向贵公司下订单，并承担 CIRCUITRONIX（HONG KONG），LIMITED 因此项业务产生的债务。

For the purposes of our company's business, Circuitronix, LLC. hereby authorize CIRCUITRONIX（HONG KONG）, LIMITED to place orders to your company on our behalf. CIRCUITRONIX, LLC assumes all CIRCUITRONIX（HONG KONG）, LIMITED's debts due to these orders.

授权人（签名盖章）

Authorizer(signature and seal):
(CIRCUITRONIX, LLC)

日期:2012年 1 月 1 日

Date:   2014. 01. 01

AGREE TO ENGLISH VERSION ONLY