**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-60125-CIV-SCOLA/SNOW**

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

Plaintiff,

v.

CIRCUITRONIX LLC,

Defendant.
_____/

**JOINT PROPOSED DISCOVERY PLAN AND RULE 26(f) CONFERENCE REPORT**

In accordance with the Court's *Order Requiring Discovery and Scheduling Conference and Order Referring Discovery Matters to the Magistrate Judge*, dated January 22, 2021 [DE 5] (the "Order"), and the Court's paperless order, dated May 18, 2021 [DE 18], the parties respectfully submit this Joint Proposed Discovery Plan and Rule 26(f) Conference Report.

In accordance with paragraph 4 of the Order, the parties do believe that there is good reason to depart from the expedited and standard case management tracks, and that due to the unusual complexity of this case and anticipated trial time (as discussed in Local Rule 16.1(a)(2)(C)), along with other factors, such as the international aspects of this case, it will require significantly more time to complete. Accordingly, the parties respectfully request a scheduling order that aligns with the complex case management track set forth in Local Rule 16.1(a)(2)(C). The parties have prepared such a proposed schedule herein, in the format specified in the Order, with deviations from the standard case management track indicated in *italics*. There are several reasons why the parties believe there is good cause for this case to proceed according to this proposed schedule rather than on a shorter case management track.

1

The Plaintiff in this case is a Chinese corporation based in Jiangmen, China. Discovery in this case will require deposition testimony to be taken from witnesses residing in China, many of whom do not speak English. We anticipate that such discovery will require international travel, either by witnesses traveling from China to South Florida, or attorneys traveling from South Florida to China (including the Hong Kong Special Administrative Region). Depositions of these witnesses will, in most cases, need to be conducted through interpreters, which has the effect of at least doubling the amount of time necessary to complete the deposition, because each question and answer must be repeated by the interpreter.

In addition, we anticipate that most of the relevant documents and business records are stored in China. Therefore, discovery will require document and ESI review and production in China, which is subject to special challenges in light of Chinese law and business practices. In addition, because the majority of documents will be written in Chinese, rather than English, at a minimum they will need to be reviewed twice, once by a Chinese speaking document review team, and then again by English speaking counsel, after the documents have been translated. The process of conducting such a foreign language review, then translating the documents, then conducting an English language review, is far more time consuming and complex than in an ordinary case that does not have such an international dimension. In particular, the task becomes more time consuming because foreign language review teams must be directed by US counsel.

Complicating the situation is the fact that the parties have engaged in a multi-million dollar commercial relationship extending back nearly a decade (to 2012). The parties anticipate dozens of document custodians and at least tens of thousands of pages of potentially relevant commercial documents and emails. The volume of ESI likely to be implicated in this case, combined with the challenges of identifying, reviewing, translating, and producing such material, in light of the

concerns noted above, suggests that the case would benefit from proceeding on a longer case management track.

Further, we anticipate that it will likely be necessary to take third-party discovery from persons and business entities based in China. For example, former employees of the Plaintiff, freight vendors, banks, and accounting firms[1] may be sources of important information in this case. Taking discovery, if necessary, from such persons and organizations in China will require the parties to proceed under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"). This is a time consuming process that requires the parties, acting through the Court, to submit their discovery requests to the Central Authority appointed by the Chinese government. This process typically requires several months, and in some cases the Chinese Central Authority has been known to delay action on Hague discovery requests indefinitely, or reject such requests outright. *See, e.g., Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508 (S.D.N.Y. 2013); *Intercontinental Indus. Corp. v. Luo*, No. CV 10-4174-JST EX, 2011 WL 221880 (C.D. Cal. Jan. 20, 2011); *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, 494 F. Supp. 3d 404, 413 (N.D. Tex. 2020); *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013).

All of these reasons alone would suggest this case is appropriate for the complex case management track under ordinary conditions. However, the ongoing global COVID-19 pandemic and associated travel restrictions, particularly on travel to and from China (including the Hong Kong Special Administrative Region) provide a unique challenge not contemplated by the Local Rules or the complex case management track. At present, non-U.S. citizens who have been

---

[1] Privileges, such as the accountant-client privilege and the attorney-client privilege are not recognized in China. *Wultz v. Bank of China Ltd.*, 979 F. Supp. 2d 479, 493 (S.D.N.Y. 2013) ("Chinese law does not recognize the attorney-client privilege or the work-product doctrine").

3

physically present in China during the 14 day period preceding their attempted entry into the United States are barred from doing so. ([https://www.cdc.gov/coronavirus/2019-ncov/travelers/from-other-countries.html](https://www.cdc.gov/coronavirus/2019-ncov/travelers/from-other-countries.html)). In addition, U.S. citizens who enter mainland China are screened upon arrival and subject to a minimum 14-day quarantine. ([https://china.usembassy-china.org.cn/covid-19-information/](https://china.usembassy-china.org.cn/covid-19-information/)). With very limited exceptions, U.S. citizens are not currently permitted to travel to Hong Kong. ([https://hk.usconsulate.gov/covid-19-information/](https://hk.usconsulate.gov/covid-19-information/)). While we are all hopeful that the widespread availability of vaccines and other medical advances will result in the easing of these travel restrictions, the current climate suggests that this case will take an unusually long time to complete.

      For all of these reasons, we respectfully request that the Court enter the proposed scheduling order below, as suggested by the parties.

## **PROPOSED SCHEDULE**

| Weeks after entry of the scheduling order | |
|---|---|
| 5 weeks | *Deadline to join additional parties or to amend pleadings.* |
| 20 weeks | *Deadline to file joint interim status report.* |
| 30 weeks | *Deadline to file Proposed Order Scheduling Mediation, setting forth the name of the mediator, and the date, time, and location of the mediation, consistent with the Order of Referral to Mediation (which immediately follows this scheduling order).* |
| 52 weeks | *Deadline to complete all fact discovery.*<br><br>*Deadline to submit joint notice indicating whether the parties consent to jurisdiction before the designated magistrate judge for purposes of final disposition.*<br><br>*Deadline to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). Rebuttal disclosures are permitted, and must conform to the deadline set forth in Federal Rule of Civil Procedure 26(a)(2)(D)(ii).* |
| 56 | *Deadline for the filing of all dispositive motions.* |
| 58 | *Deadline to complete mediation, consistent with the Order of Referral to Mediation (which immediately follows this scheduling order).* |
| 62 | *Deadline to complete all expert discovery.* |
| 8 weeks BEFORE calendar call | Deadline for the filing of pretrial motions, including motions in limine and *Daubert* motions. |
| 4 weeks BEFORE the trial date | Deadline to file joint pretrial stipulation pursuant to Local Rule 16.1(e) and pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3). |
| 2 weeks BEFORE the trial date | Deadline to file proposed jury instructions (if the matter is set for a jury trial) or proposed findings of fact and conclusions of law (if the matter is set for a bench trial) pursuant to Local Rule 16.1(k). |
| 72 weeks | *Two-week trial period commences (calendar call will be scheduled on the Tuesday before the trial period)* |

Dated: May 24, 2021                                          Respectfully submitted,

| MAZZOLA LINDSTROM LLP<br><br>Attorneys for plaintiff<br>1350 Avenue of the Americas, 2nd Floor<br>New York, NY 10019<br><br>By: */s/ Jean-Claude Mazzola*<br>Jean-Claude Mazzola<br>Tel: (646) 216-8585<br>Cell: (646) 250-6666<br>jeanclaude@mazzolalindstrom.com | CHAUNCEY COLE, PA<br><br>*Counsel for Circuitronix, LLC*<br>9100 South Dadeland Blvd., Suite 1553<br>Miami, Florida 33156<br>Tel.:   (786) 497-7053<br><br>By: /s/ *Chauncey D. Cole IV*<br>Chauncey D. Cole, IV, Esq.<br>Florida Bar No. 102184<br>chauncey.cole@coletrial.com |
|---|---|

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on May 24, 2021 as filed with the Clerk of the Court using CM/ECF.

By: */s/ Jean-Claude Mazzola*