MAZZOLA LINDSTROM, LLP
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(c) 646.250.6666
jean-claude@mazzolalindstrom.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------------------x
JIANGMEN BENLIDA PRINTED          CM/ECF
CIRCUIT CO., LTD., and ROK PRINTED
CIRCUIT CO., LTD.,                Civil Action No.: 21-60125-CIV-
                                  SCOLA/SNOW
            Plaintiffs,

    -against-

CIRCUITRONIX LLC,

            Defendant.
-------------------------------------------------------------------x

# Plaintiffs Jiangmen Benlida Printed Circuit Co., Ltd. and ROK Printed Circuit Co., Ltd.'s Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Third Amended Complaint

MAZZOLA LINDSTROM LLP
Jean-Claude Mazzola
*Attorneys for plaintiffs*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
Tel: (646) 216-8585
Cell: (646) 250-6666
jeanclaude@mazzolalindstrom.com

Of Counsel:
    Richard E. Lerner

## Preliminary Statement

This memorandum is respectfully submitted in behalf of plaintiffs Jiangmen Benlida Printed Circuit Co., Ltd. and ROK Printed Circuit Co., Ltd. in opposition to defendant Circuitronix LLC's motion to dismiss the third amended complaint. Defendant's motion should be denied for the following reasons.[1]

*First*, the parties have indeed mediated this case. It is meritless to say that ROK did not participate in the mediation, as (a) the principals and members of both Benlida and ROK attended the mediation sessions, and (b) this firm represents both Benlida and ROK and while the mediation sessions were ongoing, CTX even consented to the amendment of the complaint to name ROK as a plaintiff, and thus CTX was aware that this firm was speaking in behalf of ROK during the mediation process.

*Second*, Circuitronix argues that plaintiffs failed to name Circuitronix Hong Kong Ltd. as a party to this action, and that joining CTX-HK will vitiate diversity jurisdiction. However, CTX-HK is not a necessary party to this action, as CTX agreed to be responsible for its Hong Kong affiliate's obligations and debts. (See "Business Authorization" of January 1, 2014, exhibit "A" to accompanying Mazzola declaration). In fact, by the clear terms of the authorization, CTX-HK was merely an agent for CTC: "For purposes of our company's business, Circuitronix, LLC. hereby authorize CIRCUITRONIX (HONG KONG), LIMITED to place orders to your company on our behalf." [sic] Moreover, defendant has failed to show in its moving papers that

---

[1] In this memorandum of law, plaintiffs employ the same abbreviations as in the defendant's motion. Thus, "Benlida" refers to Jiangmen Benlida Printed Circuit Co., Ltd.; "ROK refers to ROK Printed Circuit Co., Ltd.; "CTX" refers to Circuitronix, LLC; "CTX-HK" refers to Circuitronix Hong Kong Ltd.; and "TAC" refers to the third amended complaint.

the courts of Hong Kong or China – if a subsequent action were brought there – would not give res judicata or collateral estoppel effect to any judgment or determination adverse to plaintiffs.

*Third*, the TAC is far from a shotgun pleading that fails to distinguish between the claims of Benlida and ROK, inasmuch as defendant is quite aware that ROK ceased manufacturing and selling goods in 2018 and is only named as a plaintiff herein because it is a signatory to the governing manufacturing agreement.

## Argument

**Point I:** **ROK Participated in Mediation.**

As stated in the accompanying Mazzola declaration, mediation sessions were conducted on May 24th, 25th, and 28th with mediator Joseph P. Farina. Present during the sessions were Huang Xiangjiang ("Mr. Huang") and Huang Hanchao ("Douglas"), who are principals and members of **both** Benlida and ROK, as identified in the TAC. See ¶¶ 2a, 2b, 4a, and 4c. While the mediation was ongoing, on May 27th our office forwarded to CTX's counsel (see exhibit "B" to Mazzola declaration) the proposed third amended complaint, requesting counsel's consent to amending it to add ROK as a party plaintiff, which CTX's counsel agreed to. CTX's counsel was clearly aware that this law firm was acting in behalf of both Benlida and ROK, and that both Benlida and ROK were represented by the Huangs at the mediation. Moreover, if the parties had reached a settlement, it naturally would have been papered with a standard settlement agreement that resolved all claims between the parties and their affiliates. Unfortunately, despite good faith efforts to mediate the dispute, there remain issues of fact and law that must be resolved by the court. To suggest that this action is premature, after spending over eighteen hours with mediator Farina, is quite tendentious.

**Point II:** **CTX-HK is Not a Necessary Party Because CTX Agreed to be Responsible for its Obligations and Liabilities, and Because CTX-HK Acted as an Agent for CTX.**

**A.** **CTX is Attempting to Game Diversity Jurisdiction, to Try to Get this Case into State Court. CTX-HK, if Named as a Party, Would be no More than a Nominal Party, not a Real Substantial Party.**

Federal courts have jurisdiction over controversies between "a State, or the Citizens thereof and foreign States, Citizens, or Subjects" by virtue of 28 U.S.C. §1332(a)(1) and U.S. Const., Art. III, §2. "Citizens" upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980); see also *Coal Co*. v. *Blatchford*, 11 Wall. 172, 177 (1871); *Marshall* v. *Baltimore & Ohio R. Co.*, 16 How. 314, 328-329 (1854); *McNutt* v. *Bland*, 2 How. 9, 15 (1844). The Eleventh Circuit has defined "nominal or formal parties" as those that are "neither necessary nor indispensable to the action." *Lopez v. Martens*, No. 19-24609-CIV, 2020 U.S. Dist. LEXIS 175911, at *5 (S.D. Fla. Sep. 24, 2020) (quoting *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017)) (quoting, in turn, *Navarro Sav. Ass'n*, 446 U.S. 458 at 461).

Here, CTX-HK is not an indispensable party under Rule 19(b), as demonstrated below. Rather, CTX is attempting to join CTX-HK in this action solely to defeat diversity jurisdiction. This court must disregard nominal or formal parties and determine jurisdiction solely upon the citizenship of real parties to the controversy.

In *Thermoset Corp.*, the court held that "the ultimate test for whether a defendant is nominal is whether in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Thermoset Corp*. 849 F.3d at 1317. Under *Lopez* and *Thermoset Corp*, Federal Rule of Civil Procedure 21 gives the court power to "dismiss a non-diverse party … in order to

4

preserve jurisdiction over the rest of the case" if no party would be prejudiced by the dismissal. *Thermoset Corp.* at 1318-19.

Benlida and CTX are the real parties to the controversy. According to the Business Authorization (exhibit "A" to Mazzola declaration), CTX-HK is solely an agent acting on behalf of CTX. CTX assumed all obligations and debts of CTX-HK in the relevant transactions. Therefore, CTX is the real party to the controversy, not CTX-HK. The attempted joinder of CTX-HK is an effort to gain a tactical advantage in litigation through the addition of a nominal non-diverse party to vitiate subject matter jurisdiction and delay the proceedings.

**B.     CTX-HK is Not an Indispensable Party; Rather, it Would be, at Most, a Nominal Party and Defendant's Motion to Dismiss Therefore Must be Denied.**

Even if CTX-HK were found to be a necessary party under Rule 19(a), dismissal is not warranted because CTX-HK is not an indispensable party under Rule 19(b). In deciding a motion to dismiss under Rule 12(b)(7), the court must undertake a two-step inquiry. If the absent party is found to be necessary under 19(a), the court must then determine whether or not the party is "indispensable." *Philippines v. Pimentel*, 553 U.S. 851 (2008). If a party is found to be indispensable, then the case cannot continue without the absent party.

Specifically, Rule 19(a) addresses whether a party is necessary to the action and whether it is feasible to add the necessary party to the action, whereas 19(b) sets forth a nonexclusive list of factors to be considered in determining whether a party is indispensable and whether the case should be dismissed if the indispensable party cannot be added.

Under Rule 19(a), the court must first decide whether an absent party is necessary. See *Int'l Imps., Inc. v. Int'l Spirits & Wines*, No. 10-61856-CIV, 2011 U.S. Dist. LEXIS 156203, at

*6 (S.D. Fla. July 26, 2011); see also *Molinos Valle del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011). The rule requires the joinder of:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction if:
>
> A. in that person's absence, the court cannot accord complete relief among existing parties; or
>
> B. that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>    i. as a practical matter impair or impede the person's ability to protect the interest; or
>
>    ii. leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Fed. R. Civ. P. 19(a)(1)*.

CTX-HK is not a necessary party under Rule 19(a)(1)(A) since complete relief quite certainly can be accorded among existing parties, due to CTX's acceptance of responsibility for the debts and obligations of its Hong Kong affiliate in the Business Authorization. (Exhibit "A" to Mazzola declaration). In fact, by the clear terms of the authorization, CTX-HK was merely an agent of CTX.

Likewise, under the next provision of the rule – 19(a)(1)(B)(ii) – CTX-HK is not a necessary party because the court can accord complete relief solely among Benlida, ROK, and CTX because CTX has agreed to be responsible for CTX-HK's debts and obligations.

The addition of CTX-HK is not necessary because, while CTX-HK may have appeared on various invoices in the underlying transactions, CTX-HK only acted as an agent of CTX. Therefore, CTX-HK is not a necessary party under 19(a)(1)(B)(i) or 19(a)(1)(B)(ii) because CTX-HK's interest will naturally be protected under the agreement with CTX.

When making the decision whether a person is necessary party to litigation, the courts look at the pleadings and affidavits as well as evidence introduced by the parties. See *Int'l Imps., Inc.* (citing *Estes v. Shell Oil Co.*, 234 F.2d 847, 849 n.5, 850 (5th Cir. 1956)); *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994)). "[T]he moving party must produce evidence showing that an absent party has an interest that may be harmed by being absent from the case." *Int'l Imps., Inc.* (citing *Citizen Band*, 17 F.3d at 1293).

In determining whether CTX-HK is a necessary party under Rule 19(a), this court should note that CTX has failed to present any evidence that it or CTX-HK are at risk of paying twice for the same liability. CTX has failed to meet its burden of proof in its moving papers because the only "proof" is the vague assertion that, "Benlida or ROK could potentially attempt a second bite at the apple by seeking recovery from CTX-HK in a subsequent lawsuit."[2] Moreover, CTX has failed to show in its moving papers that the courts of Hong Kong or China – if a subsequent action were brought there – would fail to give res judicata or collateral estoppel effect to any judgment or determination adverse to plaintiffs here in the Southern District of Florida.

As for Rule 19(b), it provides:

If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1)  The extent to which a judgement rendered in the person's absence might prejudice that person or the existing parties.

(2)  The extent to which any prejudice could be lessened or avoided by:

   a. Protective provisions in the judgment;
   b. Shaping the relief; or
   c. Other measures;

(3)  Whether a judgement rendered in the person's absence would be adequate; and

---

[2] See defendant's motion to dismiss [DE 27] at 14.

  (4)  Whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Fed. R. Civ. P. 19(b)*.

  Generally, the three classes of interests served by Rule 19's joinder provisions are: "(1) the interests of the present defendant; (2) the interests of potential but absent plaintiffs and defendants; (3) the social interest in the orderly, expeditious administration of justice." *Tankersley v. Albright*, 514 F.2d 956 at 965-966 (7th Cir. 1975). The court must examine the claims and interests likely to be asserted by the joined parties and the absent entities. *Philippines* at 868.

  CTX argues that plaintiffs failed to name CTX-HK as a party to this action because joining CTX-HK would vitiate diversity jurisdiction. However, CTX-HK is not a necessary party to this action, as CTX agreed to be responsible for its Hong Kong affiliate's obligations and debts. (See exhibit "A" to Mazzola declaration). CTX has failed to demonstrate that CTX-HK even has the assets to satisfy a judgment if one were obtained against it in this action. Thus, CTX has failed to demonstrate that CTX-HK faces any real potential liability, as there is nothing to show that it would be anything other than a judgment-proof CTX affiliate used as an agent and business facilitator entirely controlled by CTX or its principal Rishi Kukreja.

  CTX is attempting to destroy diversity jurisdiction by adding CTX-HK even though CTX signed an agreement to be responsible for its Hong Kong affiliate's obligations and debts. CTX's interest in joining CTX-HK is solely for the purpose of vitiating subject matter jurisdiction – and forestalling the ultimate judgment day – since, according to the Business Authorization (exhibit "A" to Mazzola declaration), CTX will be responsible for any obligations or debts owed by CTX-HK.

Finally, the social interest in the orderly, expeditious administration of justice is overwhelmingly in opposition to defendant's motion to dismiss, because CTX is attempting to impermissibly join a non-diverse party, with no interest in the outcome of the case, to gain a tactical advantage in litigation and vitiate subject matter jurisdiction. CTX is simply trying to game the system, to delay the action by requiring its dismissal on grounds of lack of diversity in order that it be brought in state court, with the consequent requirement that CTX-HK be served in Hong Kong via Hague Convention rules, which would likely delay the litigation by six months to a year because of the convention's special service requirements and translation of the complaint into Chinese.[3] Based on the balancing of interests – along with the holdings in *Lopez* and *Thermoset Corp.* – CTX-HK must be considered a nominal party and not a necessary or indispensable party to this litigation.

**Point III:     As ROK Ceased Manufacturing and Selling Goods in 2018 and None of the Invoices at Issue Concern ROK, There Can be No Confusion as to Which Allegations Concern CTX's Breaches of Duty to Pay for Goods Invoiced and Delivered.**

Each unpaid invoice is separately identified by invoice number in the TAC. As explained in the accompanying declaration of Huang Hanchao (exhibit "C" to the Mazzola declaration), the "CCT-BLD"-denominated invoices identified in paragraphs 13 through 260 are Benlida invoices issued to CTX; the "BLDCCT-HK"-denominated invoices identified in paragraphs 261 through 431 are Benlida invoices that were issued to CTX-HK which, according to the Business Authorization, are the responsibility of CTX. Since, as shown above, CTX-HK is not a necessary party to this action, and since ROK stopped manufacturing and selling products in 2018, there can be no confusion. (See declaration of Huang Hanchao, exhibit "C" to Mazzola declaration).

---

[3] See U.S. Department of State website, noting that Hong Kong is a signatory to the Hague Convention. https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/HongKong.html

"Rule 8(a) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. … [T]he liberal notice pleading standards … do not require that a plaintiff specifically plead every element of a cause of action. What the pleader need not do is worry about the particular form of the statement or that it fails to allege a specific fact to cover every element of the substantive law involved. … [¶] [I]t is … necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. … [T]he pleading must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F. 3d 678, 683 (11th Circuit 2001) (citations and internal punctuation omitted).

Thus, each allegation as to each unpaid invoice could itself suffice as a properly pled claim for breach of contract. One could pick out of a hat any one of paragraphs 13 through 431, and it could stand on its own as an independent cause of action for breach of contract. For example, paragraph 200 alleges as follows:

> 200. Invoice CCT-BLD-19080601 was issued by plaintiffs to Circuitronix for a total of $7,971.63. To date, Circuitronix has paid no portion of the amount owed.

In moving to dismiss, CTX has not denied that the goods that were the subject of the invoices were actually delivered (as alleged in paragraphs 440 and 441 of the TAC), and thus the allegations in paragraph 200 suffice to put CTX on notice of what the claim against it is – *viz.*, under the CCT-BLD invoice issued by Benlida, CTX had an obligation to pay $7,971.63, which it has failed to pay.

Likewise, paragraph 400 alleges as follows:

400. Invoice BLDCCT-HK19080202 was issued by plaintiffs to Circuitronix for a total of $9,762.08. To date, Circuitronix has paid no portion of the amount owed.

There having been no denial that the goods that were the subject of this invoice were actually delivered, the allegations in paragraph 400 suffice to put CTX on notice that it is claimed that the invoice issued by Benlida to CTX-HK remains unpaid, and that CTX – being responsible for the obligations and liabilities of CTX-HK – owes $9,762.08 therefor. Simple.

CTX can't possibly be confused; rather, under notice pleading principles, the TAC adequately apprises it of the claims against it. There is no unclarity that might infringe its ability to defend itself against the claims in the TAC. It can argue that the goods that were the subject of any particular invoice were defective, were not in accordance with specifications, were delivered late, or otherwise, or that payment was already made, but it certainly can't claim surprise.

## Conclusion

For all the foregoing reasons, defendant Circuitronix LLC's motion most be denied in its entirety.

Dated: New York, New York
June 28, 2021

                                                  MAZZOLA LINDSTROM LLP
/s/Jean-Claude Mazzola
Jean-Claude Mazzola
*Attorneys for plaintiffs*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
Tel: (646) 216-8585
Cell: (646) 250-6666
jeanclaude@mazzolalindstrom.com

Of Counsel: Richard E. Lerner