United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jiangmen Benlida Printed Circuit Co., Ltd. and ROK Printed Circuit Co., Ltd., Plaintiffs,<br><br>v.<br><br>Circuitronix, LLC, Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 21-60125-Civ-Scola<br>)<br>)<br>) |

## Order Granting in Part and Denying in Part Motion to Dismiss

Plaintiffs Jiangmen Benlida Printed Circuit Co., Ltd. ("Belinda") and ROK Printed Circuit Co., Ltd. ("ROK") complain Defendant Circuitronix, LLC, owes them over $13 million for unpaid invoices for circuit boards Circuitronix ordered and which the Plaintiffs delivered. (3rd Am. Compl. ("Compl."), ECF No. 26.) The complaint encompasses two counts: the first for breach of contract; and the second for account stated. (Compl. ¶¶ 438–57.) Circuitronix seeks dismissal of the complaint, arguing (1) it is an improper shotgun pleading because it lumps both Plaintiffs together without explaining why each Plaintiff has a distinct claim against Circuitronix; (2) ROK failed to mediate its claims against Circuitronix, as required by the parties' agreement, prior to filing suit against Circuitronix; and (3) the Plaintiffs failed to join an indispensable party who cannot be joined without destroying diversity, thus requiring dismissal under Federal Rule of Civil Procedure 19. (Def.'s Mot., ECF No. 27.) The Plaintiffs oppose the motion, insisting (1) its allegations properly put Circuitronix on notice of the claims against it; (2) ROK *did* participate in mediation; and (3) the absent party is neither required nor indispensable; or, if it is, that party would be, at most, a nominal party and would therefore be disregarded for the purposes of diversity jurisdiction. (Pls.' Resp., ECF No. 28.) Circuitronix thereafter timely replied. (Def.'s Reply, ECF No. 30.) After review, the Court agrees with Circuitronix that ROK has failed to mediate its claims and, therefore dismisses ROK's claims against Circuitronix. With ROK's claims dismissed, the shotgun pleading aspects of the complaint are obviated. Lastly, the Court does not find dismissal under Rule 19 warranted. Accordingly, the Court **grants in part and denies in part** Circuitronix's motion to dismiss (**ECF No. 27**).

1. **ROK failed to mediate its claims against Circuitronix prior to filing suit, as required by the parties' agreement.**

Mediation sessions regarding this action were conducted on May 24, 25, and 28, 2021, via videoconferencing. Present during those sessions were Huang Xiangjiang and Huang Hanchao who happen to be principals and members of *both* Benlida and ROK. After the first two days of mediation, the Plaintiffs sought, and received, Circuitronix's consent to amend their complaint to add ROK as a plaintiff. That amended complaint was eventually filed, a few days after the conclusion of the failed mediation.

The Plaintiffs do not dispute that the parties' agreement requires mediation as a condition precedent to litigation. Instead, they maintain ROK *did* participate in mediation, as evidenced by (1) the participation of two of ROK's principals and members in the three-day, May 2021 mediation conducted between Benlida and Circuitronix; and (2) the Plaintiffs' submission of the proposed third-amended complaint to the Circuitronix, in between the second and third day of the May mediation, that added ROK as a plaintiff in this case. (Pls.' Resp. at 3.) The Court is not persuaded.

The Plaintiffs insist that, between the forwarding of the third-amended complaint to opposing counsel and the concurrence of Huang Xiangjiang and Huang Hanchao's roles in both Benlida and ROK, Circuitronix's counsel "was clearly aware . . . that both Benlida and ROK were represented by the Huangs at the mediation." (*Id.*) Furthermore, the Plaintiffs continue, "if the parties had reached a settlement, it naturally would have been papered with a standard settlement agreement that resolved all claims between the parties and their affiliates." (*Id.*) Without more, the Plaintiffs' offer falls far short of establishing that ROK actually participated in the mediation. The Plaintiffs have neglected to show that anyone other than Benlida and Circuitronix participated in the May mediation. Simply because Huang Xiangjiang and Huang Hanchao hold simultaneous roles in the two plaintiff entities does not mean they were, in fact, acting in both those capacities during the mediation. Indeed, ROK itself does not even say that ROK genuinely appeared or participated in the mediation. Rather, Huang Hanchao's affidavit explains only that, since Circuitronix's principal, in attendance at the mediation, knows both Huang Xiangjiang and Huang Hanchao personally, and [their] positions, he could not have any confusion that both Benlida and ROK were 'present' during the mediation." (Decl. of Huang Hanchao ¶ 2, ECF No. 29-3.) But Huang Xiangjiang and Huang Hanchao might be the principals of any number of entities—that status alone does not mean they can or should be presumed to be acting in those capacities at all times. Nor does Huang Hanchao's further explanation, in his affidavit, that Circuitronix's principal "is quite aware that

both [Huang Xiangjiang and Huang Hanchao] speak for Benlida and ROK," show that ROK actually mediated its dispute with Circuitronix—at most it establishes that Huang Xiangjiany and Huang Hanchao could have, had they chosen too, represented ROK at the mediation. But their *ability* to do so says nothing about whether they, in fact actually did so.

Without more, the Plaintiffs have failed to show that ROC complied with the pre-suit mediation required by the parties' agreement. As such, and as ROK does not dispute, under Florida law, "[w]here the parties' agreement requires mediation as a condition precedent to . . . litigation," and no mediation has taken place, "the complaint must be dismissed." *3-J Hosp., LLC v. Big Time Design, Inc.*, 09-61077-CIV-MARRA, 2009 WL 3586830, at *2 (S.D. Fla. Oct. 27, 2009) (citing *Kemiron Atlantic, Inc. v. Aguakem Intern., Inc.,* 290 F.3d 1287 (11th Cir.2002)). Because the dismissal of ROK's claims is not on the merits, it is without prejudice.[1]

**2. Dismissal of the complaint is not warranted under Rule 19**.

Circuitronix contends non-party Circuitronix Hong Kong Ltd., an affiliated party, is a necessary and indispensable party but that its joinder would destroy diversity. Accordingly, says Circuitronix, the Court must dismiss this case. The Court disagrees.

In determining whether a party is indispensable under Rule 19, a court must first determine whether, under the standards of Rule 19(a), the proposed party is one who should be joined if feasible. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003). If so, but the party cannot actually be joined (because, for example, joinder would divest the court of jurisdiction), then the court must evaluate whether, under the standards of Rule 19(b), the litigation may nonetheless continue. *Id.*

"In making the first determination—i.e., whether the party in question should be joined, pragmatic concerns, especially the effect on the parties and the litigation, control." *Id.* (cleaned up). A party will satisfy this assessment if (A) the court determines that "in that person's absence, the court cannot accord complete relief among existing parties"; or (B) if complete relief can be afforded, the absent party "claims an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(A)–(B). If the absent party claims an interest in

---

[1] The Court also agrees with Circuitronix that the Plaintiffs' allegations, with respect to any claims ROK may have against Benlida, are decidedly problematic—especially in light of the Plaintiffs' explicit acknowledgment that "all of the moneys owed by Circuitronix are owed to Belinda, not ROK." (Decl.¶ 4.) But, because the Court is dismissing ROK's claims for its failure to comply with its mediation obligation, and because the deadline to amend the pleadings has long since passed, there is no need to delve further into that issue.

the action, then it must also be shown that the absent party "is so situated that disposing of the action in [that party's] absence may" either (i) "impair or impede [the absent party's] ability to protect the interest"; or (ii) "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(i)–(ii).

As to the first factor, Circuitronix has not carried its burden of showing that complete relief cannot be granted between the present parties. Instead, all it proffers in that regard is that "the entire controversy concerning the Manufacturing Agreement simply cannot be resolved completely among the existing parties, Benlida and Circuitronix, without the other two parties to the Manufacturing Agreement, ROK[2] and Circuitronix Hong Kong, present in this case." (Def.'s Mot. at 14.) Although Circuitronix describes this agreement in its motion, it neglects to identify where in the complaint Benlida raises an issue related to this particular agreement never mind an issue relating to that agreement that would implicate Circuitronix Hong Kong's interests in the subject matter of this action. Indeed, the Court has carefully reviewed the complaint and notes no mention of this agreement within the complaint's 457 paragraphs and certainly no mention of how this agreement would affect Benlida's claim to amounts due on the hundreds of listed invoices. Further, Circuitronix's concerns that Circuitronix Hong Kong "would not necessarily be bound by the results of [this] case," has no impact on the analysis of whether the Court can fashion complete relief among the existing the parties. Benlida's request for relief is based on amounts due under hundreds of allegedly unpaid invoices. And Benlida has chosen, in this action, to seek relief against only Circuitronix. Circuitronix fails to explain why a judgment against *it*, on those claims, would require Circuitronix Hong Kong's joinder to accord Benlida complete relief on the claims that are before the Court. Accordingly, Circuitronix fails to persuade that Circuitronix Hong Kong is a required party under Rule 19(a)(1)(A).

As to the second factor, Circuitronix has also failed to establish that Circuitronix Hong Kong "claims an interest relating to the subject of the action" as required by Rule 19(a)(1)(B). To be sure, "[i]f a defendant seeks refuge in Rule 19(a)(1)(B), it must allege in its own pleadings that the non-

---

[2] Circuitronix also argue that ROK is a necessary party but does not present any argument that either the Court should order its joinder or that its joinder is not feasible. Furthermore, the Court finds Circuitronix's position that ROK is a necessary party meritless because Circuitronix itself acknowledges, in its reply, that ROK has absolutely no interest whatsoever in any of the invoices identified in Benlida's complaint—which invoices comprise the entire subject matter of this action. (*See* Def.'s Reply at 5–6.)

parties claim an interest in the litigation." *Pers. v. Lyft, Inc.*, 1:19-CV-2914-TWT, 2021 WL 3362742, at *8 (N.D. Ga. June 7, 2021). Here, Circuitronix has lodged, in its motion to dismiss, only the vague supposition, without any meaningful support, that Circuitronix Hong Kong is a party to the "Manufacturing Agreement and claim[s] an interest in the subject matter of this action." (Def.'s Mot. at 13.) That is not enough to show that Circuitronix Hong Kong has a genuine interest in this lawsuit. Circuitronix's other hypotheses regarding Circuitronix Hong Kong's interest in this case fare no better. For example, Circuitronix's concern that, if it defeats Benlida's claims on the merits in this case, that "either Benlida or ROK could potentially attempt a second bite at the apple by seeking a recovery from Circuitronix Hong Kong in a subsequent lawsuit" (Def.'s Mot. at 14), has no bearing on whether Circuitronix Hong Kong has an interest in *this* litigation, never mind whether it has actually claimed such an interest. The same is true of Circuitronix's concern that Benlida "could seek a second windfall recovery on the same invoices from [Circuitronix Hong Kong] in a subsequent action." (*Id.*) Again, this fails to show how Circuitronix Hong Kong claims an interest in *this case*. Because of this failure, Circuitronix cannot show that Circuitronix Hong Kong is a required party under 19(a)(1)(B). *See Hickerson v. Enterprise Leasing Co. of Ga., LLC*, 818 F. App'x 880, 884 n.6 (11th Cir. 2020) (requiring a non-party to claim an interest in the subject of the action under Rule 19(a) where complete relief is available). Accordingly, the Court need not assess whether Circuitronix Hong Kong would be an indispensable party under Rule 19(b), thus heading off Circuitronix's attempt to dismiss this case under Rule 19. As such, this case can proceed with the current parties.

### 3. Conclusion

As set forth above, the Court grants Circuitronix's motion with respect to dismissing ROK's claims from this case, based on ROK's failure to mediate, as required by the parties' agreement. Accordingly, the Court essentially denies as moot Circuitronix's motion to the extent it argues the complaint is a shotgun pleading. Finally, the Court denies Circuitronix's motion to dismiss this case in its entirety under Rule 19. In sum, the Court **grants in part and denies in part** Circuitronix's motion (**ECF No. 27**).

Circuitronix must respond to the complaint, in which Benlida is now the

sole plaintiff, on or before **October 1, 2021**.

**Done and ordered** in Miami, Florida, on September 22, 2021.

_____
Robert N. Scola, Jr.
United States District Judge