**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-60125-CIV-SCOLA/SNOW**

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

Plaintiff,

v.

CIRCUITRONIX LLC,

Defendant.
_____/

**DEFENDANT CIRCUITRONIX, LLC'S MOTION FOR**
**EXTENSION OF TIME AND LEAVE TO FILE THIRD-PARTY COMPLAINT**

Defendant, Circuitronix, LLC ("CTX") hereby respectfully requests a 30 day extension of time, from October 29, 2021 to November 29, 2021, to file a third-party complaint against China Export & Credit Insurance Corporation, commonly known as "Sinosure," for tortious interference with contract. A copy of the proposed third-party complaint is attached hereto as Exhibit 1. In support of this request, CTX states as follows:

1. Plaintiff filed its operative Third Amended Complaint ("TAC") on June 1, 2021. [DE 26].

2. On June 15, 2021, CTX filed a motion to dismiss the TAC. [DE 27]. Plaintiff filed an opposition to the motion and CTX filed a reply. [DE 28, 30].

3. On September 23, 2021, the Court entered an order granting in part and denying in part the motion to dismiss. [DE 31].

4. CTX filed its Answer to the TAC, including counterclaims against Plaintiff, Jiangmen Benlida Printed Circuit Co., Ltd. ("Benlida") on October 15, 2021. [DE 34].

1

5. Benlida's response to CTX's counterclaim is currently due on November 5, 2021. Counsel for Benlida has indicated that Benlida intends to request an additional 30 days to file the response, and undersigned counsel has communicated that CTX does not object to this requested extension of time, to December 6, 2021.

6. Pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure, a third-party plaintiff must by motion "obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Thus, the Court's leave is required in order for CTX to file the proposed third-party complaint later than October 29, 2021.

7. CTX now respectfully requests a brief extension of 30 days, to November 29, 2021, to file the third-party complaint. Counsel for the parties have conferred regarding this request, but as of this time Plaintiff's position as to this extension of time is unconfirmed.

8. Under Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, when "an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

9. The Court has broad discretion to grant such requests, particularly where, as here, the request is made before the expiration of the original deadline. *See, e.g., Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995) ("the district court is granted broad discretion to expand filing deadlines"). Further, granting such a request is particularly appropriate where the opposing party does not object to the extension.

10. "The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired." F*ranklin v.*

*Hernandez*, No. 220CV00063RFBDJA, 2021 WL 3010011, at *2 (D. Nev. July 15, 2021) (citing *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962)).

11. Courts have explained that good cause for a reasonable extension of time can be demonstrated where "the practicalities of life (such as an attorney's conflicting professional engagements or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline." *E.g., Pickett v. Valdez*, No. 317CV00567MMDWGC, 2019 WL 2570524, at *1 (D. Nev. June 21, 2019) (citing *Canup.*, 31 F.R.D. at 283) ("the Court is ordinarily indulgent when counsel's disability is due to conflicting professional engagements or even to impelling personal reasons (such as vacation or hunting season, family events of joyful nature such as weddings or christenings, public or philanthropic service, bar association activities, and the like, as well as the more sombre occasions of illness or death)").

12. Further, a request for additional time to review or gather evidence to formulate pleadings can establish good cause for an extension. *E.g., Caudell v. Rose*, 378 F. Supp. 2d 725, 729 (W.D. Va. 2005) (finding adequate cause to grant defendants' request for 30 day extension to seek additional affidavits and formulate their response to plaintiff's complaint).

13. The Court's "indulgence is the more readily accorded when the barrister seeking it is one whose record of past dealings with the Court has been marked by fairness and diligence in cooperating with the Court's objective of promptly disposing of pending litigation." *Canup*, 31 F.R.D. at 283.

14. Here, CTX requests this brief extension primarily because CTX requires additional time to review the evidence and formulate its third-party complaint against Sinosure, including the completion of a comprehensive analysis of relevant documents related to Sinosure's

involvement and interference in the contractual relationship between CTX and Benlida and its affiliates. CTX only became aware of Sinosure's tortious interference with contract in the course of responding to Benlida's claims, and analyzing the available documentation in preparation of its recently filed Answer and Counterclaim [DE 34]. The requested extension will allow CTX to conduct a thorough and orderly review of the available evidence, explore potential pre-suit resolution, and alleviate the risk that CTX will be unable to articulate its claim accurately and properly by the existing deadline despite the exercise of diligence in doing so.

15. The requested extension will not result in any prejudice to the Plaintiff or to the Court. It will not impact or require revision of the existing case schedule, or impair the Plaintiff's ability to proceed with the case.

16. This is CTX's second motion for an extension of a deadline in this matter. CTX respectfully requests this modest extension in good faith, and not for any improper or dilatory purpose.

## CONCLUSION

Accordingly, we respectfully request that the Court grant this motion and grant CTX leave to file its third-party complaint on or before November 29, 2021.

### CERTIFICATION REGARDING PRE-FILING CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for CTX certifies that we have conferred with counsel for Plaintiff in a good faith effort to reach agreement on the issues raised in this Motion, and we have been unable to do so.

Dated: October 29, 2021　　　　　　　　　　Respectfully submitted

                                            **CHAUNCEY COLE, PA**
                                            *Counsel for Circuitronix, LLC*
                                            9100 South Dadeland Blvd., Suite 1553
                                            Miami, Florida 33156
                                            Tel.:　(786) 497-7053

                                            By: */s/ Chauncey D. Cole IV*
                                            Chauncey D. Cole, IV, Esq.
                                            Florida Bar No. 102184
                                            chauncey.cole@coletrial.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on October 29, 2021 as filed with the Clerk of the Court using CM/ECF.　　　　　　　By:　*/s/ Chauncey D. Cole IV*
                                                            Chauncey D. Cole IV