IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
-----------------------------------------------------------------x
JIANGMEN BENLIDA PRINTED　　　　　　　CM/ECF
CIRCUIT CO., LTD.,

　　　　　　　　　　　　　　　　　　　　　Civil Action No.: 21-60125-CIV-
　　　　　　　　Plaintiff,　　　　　　　　SCOLA/SNOW

　　-against-

CIRCUITRONIX LLC,

　　　　　　　　Defendant.
-----------------------------------------------------------------x


**The Court Should Deny Circuitronix's Request for Leave to Implead Sinosure, Both on the Ground of Futility and on the Ground that it Would Unduly Prolong this Litigation.**

MAZZOLA LINDSTROM LLP
Jean-Claude Mazzola
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
Tel: (646) 216-8585
Cell: (646) 250-6666
jeanclaude@mazzolalindstrom.com

Of Counsel:　Richard E. Lerner

**Preliminary Statement**

Plaintiff Jiangmen Benlida Printed Circuit Co., Ltd., has brought this lawsuit for simple breach of contract – the failure of defendant Circuitronix LLC to pay for printed circuit boards manufactured by Benlida. Circuitronix's litigation strategy, to date, has been to delay, delay and delay. This motion for leave to implead Sinosure into the case is part of that strategy. Indeed, one can readily see that Circuitronix has been contemplating adding in Sinosure for quite some time, because the proposed third-party complaint references ROK's alleged breaches (see ¶¶ 38 & 39), even though this court dismissed ROK from the case on September 23, 2021.

Adding Sinosure into this case will unduly delay the proceedings, and convert a simple breach of contract action into a he-said-she-said dispute about who said what to whom in China about Circuitronix being late in paying their bills, and the myriad excuses tendered by Circuitronix for their late payments.

Circuitronix ordered circuit boards from Benlida, which supplied the goods. Circuitronix ultimately failed to pay for them, for which Benlida – as Sinosure's insured under a trade-credit insurance policy[1] – owed a duty to report such non-payment to its insurer. Circuitronix's proposed third-party complaint is premised on the notion that Sinosure then cut off Circuitronix's access to credit in China, and that it therefore couldn't purchase on credit from other suppliers, and had to pay plaintiff Benlida up-front for its orders.

---

[1] A trade-credit insurer agrees to indemnify the policyholder, here Jiangmen Benlida, for losses arising from the policyholder's customers' nonpayment for goods and services. See *Ario v. Ingram Micro, Inc.*, 965 A. 2d 1194 (PA Sup. Ct. 2009). See also https://www.trade.gov/export-credit-insurance

While Benlida lacks standing to defend Sinosure, we note (as a friend of the court) that there was nothing to prevent Circuitronix from going to Citibank or HSBC and asking for a line of credit to purchase circuit boards.

Argument

**Point I:**    **Adding Sinosure as a Party Will Unduly Delay the Proceedings.**

        **i)**    **If Hague Service Upon Sinosure is Eventually Made, Sinosure Will, No Doubt, Move to Dismiss on the Ground that Long Arm Jurisdiction Can Not be Exercised Over it Because the Acts Complained of Occurred Entirely in China, and There Was No Purposeful Action Directed to Florida.**

It is expected that Sinosure will argue that it is a nonresident and does not have minimum contacts with Florida, as it conducts its business in China, and did not commit a tortious act in Florida. There are no allegations in the proposed third-party complaint as to the acts of Sinosure that would suffice, if true, to establish either general or specific jurisdiction over it.

With regard to general jurisdiction, under Fla. Stat. § 48.193(2), "[a] defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."

"The reach of this provision extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir.2010). "In order to establish that [defendant] was engaged in substantial and not isolated activity in Florida, the activities of [defendant] must be considered collectively and show a general course of business activity in the State for pecuniary benefit." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1361 (11th Cir. 2006) (quoting *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir.1996)).

The proposed third-party complaint alleges that "¶ 9 Sinosure is a corporation formed under the laws of, and with its principal place of business in, the People's Republic of China. ¶10. Sinosure is a major Chinese state owned enterprise under the administration of the Ministry of Finance of the People's Republic of China serving as the provider of export credit insurance, in particular coverage for the export of high-value added goods in China." There are no allegations that Sinosure has submitted itself to the jurisdiction of the court by "[e]ngaging in substantial and not isolated activity within the State of Florida."

With regard to specific jurisdiction under Fla. Stat. §§ 48.193(1)(a), (b), and (f)(2), the proposed third-party complaint fails to allege that Sinosure is subject to personal jurisdiction based upon its having (a) conducted business in Florida, (b) committed a tortious act in Florida, and (c) caused injury to Circuitronix within Florida arising out of an act or omission outside Florida. Specific jurisdiction refers to "jurisdiction over causes of action that arise from or are related to the party's actions within the forum." *PVC Windoors, Inc. v. Babbitbay Beach Const., NV*, 598 F. 3d 802, 808 (11th Cir. 2010). The proposed third-party complaint fails to state any allegations that, if true, would suffice to establish the a, b, or c, of long-arm jurisdiction.

Finally, it is quite likely that Sinosure will raise due process objections to being haled before a Florida court. Even if the Florida statutory requirements for long-arm jurisdiction were alleged, the Due Process Clause of the Constitution imposes a more restrictive requirement. *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201 (Fla. Sup. Ct. 2010).

In order for jurisdiction to comport with the due process clause, there must be a "purposeful availment of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1363 (11th Cir.2006) (quotation marks omitted). The proposed

third-party complaint fails to allege any purposeful availment by Sinosure of the privilege of conducting business in Florida. There is no allegation that Sinosure's "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Because there are no allegations (a) of Florida contacts by Sinosure related to Circuitronix's cause of action or giving rise to it; (b) of Florida contacts involving some purposeful availment of the privilege of conducting activities within Florida, thereby invoking the benefits and protections of Florida's laws; and (3) that Sinosure's Florida contacts are such that it should have reasonably anticipated being haled into a Florida court, there is no basis for jurisdiction over Sinosure. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 631 (11th Cir.1996).[2]

**Point II:     As a Friend of the Court, Benlida Submits that There is No Viable Claim of Tortious Interference with Contract.**

Florida law requires that "before a court addresses the question of whether specific jurisdiction exists under the long-arm statute, the court must determine whether the allegations of the complaint state a cause of action." *PVC Windoors*, supra, 598 F.3d at 808 (citations and internal quotation marks omitted).

The proposed third-party complaint fails to put anyone on notice of a cognizable claim of tortious interference with contract. As this court stated in *Kennedy v Deschenes*, 2017 US Dist LEXIS 76501, at *17-19 (SD Fla May 19, 2017, Civil Action No. 17-60110-Civ) (Scola, J.):

> Under Florida law, a claim of tortious interference with a contractual relationship requires proof of the following elements: (1) the existence of a business relationship under which the claimant has rights, (2) the defendant's knowledge of the relationship, (3) an intentional and unjustified interference with the

---

[2] Even if a jurisdictional basis could be found, it is likely that Sinosure, if impled into this case, would also assert that Florida is an inconvenient forum for the resolution of the dispute.

relationship, and (4) damage to the claimant caused by the interference. *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985). "For the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship." *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 385-86 (Fla. 4th Dist. Ct. App. 1999).

Florida courts have held that the plaintiff must prove that the third party interfered with a contract by "influencing, inducing or coercing one of the parties to . . . breach the contract, thereby causing injury to the other party." *Farah v. Canada*, 740 So.2d 560, 561 (Fla. 5th Dist. Ct. App. 1999) (internal quotations and citations omitted) (noting that Black's Law Dictionary defines "induce" as "to bring on or about, to affect, cause, to influence to an act or course of conduct, lead by persuasion or reasoning, incite by motives, prevail on"); *see also Mortg. Now, Inc. v. Guaranteed Home Mortg. Co., Inc.*, 545 Fed. App'x. 809, 811 (11th Cir. 2013) (quoting *Fiberglass Coatings, Inc. v. Interstate Chem., Inc.*, 16 So.3d 836, 838 (Fla. 2d Dist. Ct. App. 2009) (the defendant must "manifest a specific intent to interfere with the business relationship. No liability will attach unless it is established that the defendant intended to procure a breach."). As a result, courts have held that when a party to a contract was predisposed to breach the contract, a third party's actions cannot have induced the breach. *Mortg, Now, Inc.*, 545 Fed. App'x. at 811; *Fiberglass Coatings, Inc. v. Interstate Chem., Inc.*, 16 So.3d 836, 838 (Fla. 2d. Dist. Ct. App. 2009) (finding no tortious interference in covenant not to compete by employee's new employer because employee was predisposed to breach the covenant); *Farah v. Canada*, 740 So.2d at 562 (holding that the defendant's predisposition to breach her contract with the plaintiff precluded any finding that she was induced to breach by a third party).

Circuitronix's proposed claim for tortious interference with prospective business relations against Sinosure would fail as a matter of law as the proposed third-party complaint does not allege what purpose was served by Sinosure's alleged acts, much less that Sinosure's purpose was to harm Circuitronix's prospective business. Thus, the proposed third-party complaint does not state facts that, if true, would satisfy the third element – "an intentional and unjustified interference with the relationship." Without alleging Sinosure's intent and purpose, there is no basis for a finding that Sinosure's purpose was with bad intent and purpose.

The proposed third-party complaint asserts that Sinosure induced Benlida to require pre-payment of 120% of invoiced amounts for products ordered from it by Circuitronix. However, we note – again, as a friend of the court – that Sinosure had a manifest business interest in doing

so, as the 20% paid above the invoiced amount would reduce the debt, and thus decrease the amount that Sinosure would be obligated to pay Benlida under the trade-credit insurance policy in the event of Circuitronix's eventual default.

That is, Sinosure has its own business relationship and interests to protect. In *Volvo Aero Leasing, LLC v VAS Aero Servs., LLC*, 268 So 3d 785, 789 (Fla Dist Ct App 2019), the appeals court upheld the dismissal of claims of tortious interference with contract where the alleged interferer H.I.G Capital "was not a stranger to the business relationship," between Volvo Air Leasing and Volvo Air Services, in that H.I.G. had an ownership and significant financial interest in VAS when it caused VAS to stop payments to VAL.

Here, Sinosure has its own financial interests to protect when it tells its policyholder – viz., Benlida – to stop extending credit to a customer that is in arrears on its payment obligations, because Sinosure insures the credit. Each and every proposed allegation against Sinosure merely describes the standard business practices associated with a credit insurer collecting a debt. By definition, trade-credit insurance protects an exporter of products and services against the risk of non-payment by a foreign buyer. Downgrading Circuitronix's credit rating, or cutting off its credit entirely, as a result of unpaid debt is what a trade-credit insurer's business is. Suggesting that Benlida require that Circuitronix pay 120% of invoiced amounts in order to reduce the debt load was clearly in Sinosure's business interests.

While commercially inconvenient to Circuitronix, it has failed to allege in the proposed amended complaint that Sinosure used dishonest, unfair or improper means in its dealings with third parties, much less that such would be improper in China, where the alleged acts occurred. Nor can Circuitronix dispute that Sinsoure has a business purpose for doing so. Accordingly, the

proposed third-party complaint is futile, as it cannot possibly plead a claim for tortious interference with prospective business relations.

## Conclusion

For all the foregoing reasons, Circuitronix LLC's request for leave to implead Sinosure into this case as a third-party defendant should be denied.

Dated: New York, New York
November 2, 2021

>MAZZOLA LINDSTROM LLP
>*/s/ Jean-Claude Mazzola*
>Jean-Claude Mazzola
>1350 Avenue of the Americas, 2nd Floor
>New York, New York 10019
>Tel: (646) 216-8585
>Cell: (646) 250-6666
>jeanclaude@mazzolalindstrom.com