United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jiangmen Benlida Printed Circuit Co., Ltd., Plaintiff, <br><br> v. <br><br> Circuitronix, LLC, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 21-60125-Civ-Scola <br> ) <br> ) <br> ) |

### Order Denying Motion Regarding Third-Party Complaint

      The parties' quarrel in this case stems from over $13 million Plaintiff Jiangmen Benlida Printed Circuit Co., Ltd. ("Belinda") claims Defendant Circuitronix, LLC, owes Benlida for unpaid invoices for circuit boards Circuitronix ordered and which Benlida delivered. (3rd Am. Compl. ("Compl."), ECF No. 26.) After the Court granted in part and denied in part Circuitronix's motion to dismiss, Circuitronix filed an answer as well as a counterclaim (ECF No. 34). Circuitronix now seeks relief regarding its intention to file a third-party complaint against China Export & Credit Insurance Corporation (commonly referred to as "Sinosure") for tortious interference with a contract (ECF No. 37). For the reasons that follow, the Court **denies** Circuitronix's motion (**ECF No. 37**).

      Circuitronix commingles into its motion what are really two distinct issues. On the one hand, it seems to seek an extension of time to file a third-party complaint as of right. At the same time, Circuitronix also asks the Court for leave to file a third-party complaint. In the process, Circuitronix has not set forth sufficient support for either request.

      As a starting point, the Court's scheduling order set June 29, 2021, as the deadline for joining additional parties. (Sched. Order, ECF No. 22.) Because this case was initially set on a greatly protracted schedule, as compared to the Court's standard scheduling track, the Court forewarned the parties that any extensions would not be considered "***absent particularly extenuating circumstances***." (Sched. Order at 1 (emphasis in original).) In its motion, Circuitronix doesn't set forth really any circumstances, never mind particularly extenuating ones, that would warrant an extension of this deadline at this late date. Instead, Circuitronix merely recounts that it needs "additional time to review the evidence and formulate its third-party complaint" and that it "only became aware of Sinosure's tortious interference with contract in the course of responding to Benlida's claims, and analyzing the available documentation in preparation of its recently filed Answer and Counterclaim." (Def.'s Mot. at 3–4.)

But that does not even come close to establishing the good cause required under Federal Rule of Civil Procedure 16(b), to modify a scheduling order, that a deadline "cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note). Circuitronix doesn't even acknowledge the Court's deadline, never mind supply facts showing it was in any way diligent in seeking to meet it. Indeed, from Circuitronix's point of view, its addition of Sinosure as a third-party defendant "will not impact or require revision of the existing case schedule" at all. (Def.'s Mot. at 4.)

Next, aside from the scheduling order, Federal Rule of Civil Procedure 14 "permits a defendant to file a third-party complaint as of right within ten days after serving the original answer." *Caldwell v. Robinson*, 1:06CV070 SPM, 2007 WL 646583, at *1 (N.D. Fla. Feb. 26, 2007). But rather than simply file its third-party complaint within that time frame, Circuitronix instead filed a preliminary draft of its purported third-party complaint, attached to its motion, and then asked for thirty additional days to submit, presumably, a revised version of that complaint. (Def.'s Mot. at 4; Prop. 3d Party Compl., 37-1.) In an attempt to explain its strategy, Circuitronix provides only that the "requested extension will allow [it] to conduct a thorough and orderly review of the available evidence, explore potential pre-suit resolution, and alleviate the risk that [Circuitronix] will be unable to articulate its claim accurately and properly." (Def.'s Mot. at 4.) Notably, Circuitronix fails to explain why none of those actions were possible within its allotted timeframe. In the end, the Court is not persuaded and finds Circuitronix's lack of diligence dooms its request for an extension.

Lastly, Circuitronix, separately, appears to seek leave, substantively, to file its third-party complaint. Courts will grant such leave, under Rule 14(a)(1), "only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party." § 1446 When a Third-Party Action Is Proper, 6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.). Conspicuously absent from Circuitronix's motion, though, is any support showing that impleading Sinosure into this case is proper or even any mention of this standard at all. Accordingly, Circuitronix has failed to carry its burden of showing that its third-party complaint complies with Rule 14's requirement that Sinosure, the purported third-party defendant, "is or may be liable to [Circuitronix] for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).

Accordingly, the Court denies Circuitronix's motion both as to the

extension and as well as to leave to file a third-party complaint. (**ECF No. 37**).

**Done and ordered** in Miami, Florida, on November 3, 2021.

Robert N. Scola, Jr.
United States District Judge