MAZZOLA LINDSTROM, LLP
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(c) 646.250.6666
jean-claude@mazzolalindstrom.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------------------x

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

            Plaintiff,

    -against-

CIRCUITRONIX LLC,

            Defendant.
-------------------------------------------------------------------x

CM/ECF

Civil Action No.: 21-60125-CIV-SCOLA/SNOW

**Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment Regarding Circuitronix's Guarantee as to the Obligations and Debts of Circuitronix Hong Kong, Ltd.**

MAZZOLA LINDSTROM LLP
Jean-Claude Mazzola
*Attorneys for plaintiffs*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
Tel: (646) 216-8585
Cell: (646) 250-6666
jeanclaude@mazzolalindstrom.com

Of Counsel: Richard E. Lerner

**Preliminary Statement**

This memorandum is respectfully submitted on behalf of plaintiff Jiangmen Benlida Printed Circuit Co., Ltd. in support of its motion for partial summary judgement, pursuant to Fed. R. Civ. P. 56(a), with regard to the guarantee by defendant Circuitronix, LLC ("CTX") to be liable for the obligations and debts of Circuitronix Hong Kong, Ltd. ("CTX-HK"). Plaintiff's motion should be granted for the following reasons.

**Summary Judgment Standard**

The legal standard for summary judgment is well settled. A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Rubenstein v. Fla. Bar,* 72 F. Supp. 3d 1298 (S.D. Fla. 2014) (citing Fed. R. Civ. P. 56(a)). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." Further, a fact is material if it "might affect the outcome of the suit under the governing law." *Id.* The court views the facts in the light most favorable to the non-moving party and draws all reasonable inference in its favor. *Rubenstein*, 72 F. Supp. 3d 1298 (S.D. Fla. 2014).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*Fed. R. Civ. P. 56(c)(1).*

## Argument

### The Business Authorization is Clear and Unambiguous; Therefore, CTX must be Deemed Liable for the Debts of CTX-HK

There is no genuine dispute that CTX, through its principal Mr. Rishi Kukreja, guaranteed to pay all debts incurred by CTX-HK in connection with Benlida, as the Business Authorization demonstrates. (See exhibit A to Mazzola declaration). Mr. Kukreja is the principal of both CTX and CTX-HK and signed the Business Authorization, which provides:

> For the purposes of our company's business, Circuitronix, LLC. Hereby authorize CIRCUITRONIX (HONG KONG), LIMITED to place orders to your company on our behalf. CIRCUITRONIX, LLC assumes all CIRCUITRONIX (HONG KONG), LIMITED's debts due to these orders.

Mazz. Decl. Exhibit A.

When contractual language is "clear and unambiguous, the court cannot indulge in construction or interpretation of its plain meaning." *Dasilva v. Vozzcom, Inc.,* No. 08-80040-Civ-Hopkins, 2009 U.S. Dist. LEXIS 138230 (S.D. Fla. Dec. 17, 2009) quoting *Future Tech Int'l v. Tae Il Media*, 944 F. Supp. 1538 (S.D. Fla. 1996). When the language to a contract is unambiguous, "the legal effect of that language is a question of law" that may be resolved summarily. *Orkin Exterminating Co. v. FTC*, 849 F.2d 1354 (11th Cir. 1988). Here, the language in the Business Authorization is clear and unambiguous: CTX assumed all of CTX-HK's debts due to any orders placed by CTX-HK on behalf of CTX. Therefore, it is proper at this time to resolve any questions of law regarding the guarantee by CTX to assume all debts of CTX-HK which are at issue in this litigation, and hold that CTX is liable for the debts of CTX-HK.

## Conclusion

Since the Business Authorization clearly and unambiguously indicates that CTX assumed all of CTX-HK's debts that are incurred due to any purchase orders placed on behalf of CTX, a

grant of partial summary judgment is appropriate at this time, holding that defendant CTX is liable as guarantor for CTX-HK's debts.

Dated: February 15, 2022
       New York, New York

MAZZOLA LINDSTROM LLP

_____
Jean-Claude Mazzola
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(646) 250-6666
jeanclaude@mazzolalindstrom.com