UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/SNOW

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

Plaintiff,

v.

CIRCUITRONIX LLC,

Defendant.
_____/

**DEFENDANT CIRCUITRONIX, LLC'S STATEMENT OF MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND STATEMENT OF ADDITIONAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Southern District of Florida Local Rule 56.1, Defendant, Circuitronix LLC ("CTX"), hereby files this Statement Of Material Facts in opposition to the Plaintiff's motion for partial summary judgment [DE 53] and supporting statement of material facts [DE 54], and in support of Defendant's *Response In Opposition To Plaintiff's Motion For Summary Judgment*.

**RESPONSES TO PLAINTIFF'S CONTENTIONS**[1]

1.  Undisputed, insofar as this characterizes the Plaintiff's allegations. However, we note that the allegations have all been denied and Defendant has asserted counterclaims [DE 34].

2.  Undisputed.

3.  Undisputed.

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning assigned in CTX's contemporaneously filed *Opposition To Plaintiff's Motion For Partial Summary Judgment*.

1

4. Undisputed that CTX agreed to pay for products manufactured by Benlida, pursuant to the full terms and conditions of the Manufacturing Agreement.

5. Undisputed.

6. Undisputed that Mr. Kukreja is the chief executive of CTX-HK, with authority to sign contracts for CTX-HK (*see* DE 15-2 at 5), however he is not the owner of CTX-HK and therefore to the extent that the word "principal" is intended to also mean owner the statement is incorrect.

7. Undisputed, however we note that the portion of the Letter Agreement cited herein does not support the statement.

8. Undisputed, except that we note the 2014 Authorization speaks for itself (DE 53-1 at 4), and the Letter Agreement cited by Benlida here does not support the assertion or have any application.

9. Disputed. The 2014 Authorization (DE 53-1 at 4) speaks for itself and its terms are different from this assertion. Further, the cited portion of the Letter Agreement has no application and does not support the assertion.

10. Disputed. The Letter Agreement expressly superseded the 2014 Authorization as of July 21, 2016. (DE 15-2 at 3, paragraph 6). The plain language of the Letter Agreement states:

> This [Letter] Agreement and the [Manufacturing Agreement] represent the parties' full and complete understanding regarding the subject matter hereof. All prior agreements, covenants, representations or warranties, express or implied, oral or written, that refer or relate to the employment relationship have either been merged into this [Letter] Agreement and/or the [Manufacturing Agreement] or have been intentionally omitted therefrom. This [Letter] Agreement and the [Manufacturing Agreement] supersede any and all prior agreements or understandings between [CTX] and [Benlida and ROK].

*Id*. at 3, ¶ 6. Thus, as of July 21, 2016, the 2014 Authorization no longer had any continuing force or effect. However, all of the invoices contained in Benlida's operative complaint, the TAC, are

from years later, 2018, 2019 and 2020. *See* DE 26 at ¶ 11; *see also* DE 54 at ¶ 1. Thus, the 2014 Authorization, superseded in 2016, has no application at all to the 2018, 2019 or 2020 invoices that are the subject of the TAC.

## ADDITIONAL FACTS

1.  On March 1, 2012, Benlida and its foreign affiliate, ROK Printed Circuit Co., Ltd., entered into a written contract with CTX for the manufacture of printed circuit boards ("PCBs"), the Standard Manufacturing And Representation Agreement ("Manufacturing Agreement") [DE 15-1].[2]

2.  Benlida's Third Amended Complaint [DE 26] (the "TAC") requests damages of over $13.5 million, claiming that CTX breached the Manufacturing Agreement by failing to pay for hundreds of invoices issued in 2018, 2019 and 2020. *Id*. at ¶ 11; *see also* DE 54 at ¶ 1.

3.  The earliest invoices identified in the TAC are dated from December 2018. *See* [DE 26].

4.  Nearly half of the invoices identified in the TAC are invoices that Benlida issued to CTX-HK, a distinct and different legal entity than the Defendant in this case, CTX. [DE 29-3] at 2. Benlida's principal, Huang Hanchao (aka "Douglas"), provided a sworn declaration, under penalty of perjury in this case, admitting that all of the invoices identified in paragraphs 261 through 431 of the TAC "are Benlida invoices that were issued to CTX-HK," and not to CTX. *Id*.; *see also, e.g.*, [DE 15-8] (sample invoice identified in the TAC and issued to CTX-HK).

5.  The Defendant, CTX, is a Florida limited liability company, with its headquarters in Ft. Lauderdale. [DE 26 at ¶ 5].

---

[2] The Manufacturing Agreement is docket entry DE 15-1 and is Exhibit 1 to the previously filed supporting declaration of Chauncey D. Cole IV [DE 15]. The Manufacturing Agreement and other exhibits to the declaration are cited throughout by docket entry number ["DE ___"].

6. CTX-HK is a Hong Kong corporation with its headquarters in Hong Kong [DE 15-2 at 1].

7. CTX-HK is not a party in this case. *See generally*, [DE 26 through 28].

8. Benlida actively opposed joining CTX-HK as a party in this action. [DE 28 at 4-9].

9. At the time Benlida and CTX entered into the Manufacturing Agreement in 2012, CTX-HK was not a party to the contract. *See* DE 15-1.

10. Although CTX and CTX-HK are corporate affiliates, they are separate and distinct legal entities. *See* [DE 15-2 at 1] (*Letter Agreement* – defining CTX and CTX-HK as distinct entities); *see also* [DE 43 at ¶3] (*Benlida's Answer To Defendant's Counterclaim* – admitting that the parties entered into a Letter Agreement that added CTX-HK as an additional party to the original Manufacturing Agreement).

11. On July 21, 2016, the parties signed a new Letter Agreement (the "Letter Agreement"). [DE 15-2].

12. Among other things, the Letter Agreement formally added CTX-HK as an additional party to the Manufacturing Agreement. [DE 43 at ¶ 3] (*Benlida's Answer To Defendant's Counterclaim* – admitting that the parties entered into a Letter Agreement that added CTX-HK as an additional party to the original Manufacturing Agreement).

13. The Letter Agreement specifically stated that, except as expressly modified by the Letter Agreement itself, the Manufacturing Agreement would remain in full force and effect. [DE 15-2] at 2 (¶ 1).

14. However, all other prior written agreements between CTX and Benlida were expressly superseded. *Id*. at 3, paragraph 6. The plain language of the Letter Agreement states:

15. This [Letter] Agreement and the [Manufacturing Agreement] represent the parties' full and complete understanding regarding the subject matter hereof. All prior agreements, covenants, representations or warranties, express or implied, oral or written, that refer or relate to the employment relationship have either been merged into this [Letter] Agreement and/or the [Manufacturing Agreement] or have been intentionally omitted therefrom. This [Letter] Agreement and the [Manufacturing Agreement] supersede any and all prior agreements or understandings between [CTX] and [Benlida and ROK].

*Id.* at 3, ¶ 6.

16. On October 5, 2018, Benlida requested that CTX sign a new agreement to make payments for CTX-HK. [DE 30-1] (email attaching proposed agreement titled "The Letter of Authorization for Payment Entrust"). CTX declined that request, and never signed the proposed agreement.

Dated: March 1, 2022                                    Respectfully submitted

| **PODHURST ORSECK, P.A.**<br>*Co-Counsel for Circuitronix, LLC*<br>SunTrust International Center<br>One S.E. 3rd Avenue, Suite 2300<br>Miami, Florida 33131<br>Tel.: 305-358-2800/Fax: 305-358-2382<br><br>*By: /s/ Stephen F. Rosenthal*<br>Stephen F. Rosenthal<br>Florida Bar No. 0131458<br>srosenthal@podhurst.com<br>Robert C. Josefsberg<br>Florida Bar No. 040856<br>rjosefsberg@podhurst.com<br>Matthew Weinshall<br>Florida Bar No. 84783<br>mweishall@podhurst.com<br>Christina H. Martinez<br>Florida Bar No. 1029432<br>cmartinez@podhurst.com | **CHAUNCEY COLE, PA**<br>*Counsel for Circuitronix, LLC*<br>9100 South Dadeland Blvd., Suite 1553<br>Miami, Florida 33156<br>Tel.:   (786) 497-7053<br><br>By: */s/ Chauncey D. Cole IV*<br>Chauncey D. Cole, IV, Esq.<br>Florida Bar No. 102184<br>chauncey.cole@coletrial.com<br><br> |

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on March 1, 2022 as filed with the Clerk of the Court using CM/ECF.                            By:  /s/ *Chauncey D. Cole IV*
                                                                                    Chauncey D. Cole IV