UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/SNOW

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD., *et al.*

Plaintiffs,

v.

CIRCUITRONIX LLC,

Defendant.
_____/

**DEFENDANT'S MOTION FOR ISSUANCE OF LETTER OF REQUEST
TO OBTAIN EVIDENCE ABROAD PURSUANT TO
FEDERAL RULES AND HAGUE CONVENTION**

Defendant Circuitronix, LLC ("CTX"), respectfully requests the Court to enter an Order directing the Clerk of Court for the Southern District of Florida to assist with effecting service of a subpoena for deposition duces tecum on non-party China Export & Credit Insurance Corporation ("Sinosure") in accordance with Federal Rules 4, 30(b)(6), and 45, and with the Hague Convention of 18 March 1980 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Evidence Convention"). Accordingly, CTX seeks an Order directing the Clerk's office to execute and affix its seal to the Letter of Request attached hereto as **Exhibit A**, and to issue the Letter of Request, along with the subpoena attached hereto as **Exhibit B**, and the Chinese translations of each included in both Exhibits, to the Central Authority of the People's Republic of China ("China"), for service on Sinosure.

1

## **MEMORANDUM OF LAW**

Sinosure is a foreign corporation with its principal place of business in China. The Federal Rules of Civil Procedure provide several methods to serve an individual in a foreign country, including "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1); *see also* Fed. R. Civ. P. 4(h)(2) (providing rule for serving a corporation). Federal Rules 30(b)(6) and 45 specifically address the requirements for serving subpoenas on a corporation.

Additionally, the United States and China are both parties to the Hague Evidence Convention; therefore, the service methods prescribed therein apply to this matter. *See* Status Table for Contracting Parties to Hague Convention, Hague Convention of 18 March 1980 on the Taking of Evidence in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (indicating China and the United States are both parties to the Convention, notwithstanding any declarations, notifications, or reservations). Chapter I of the Hague Evidence Convention describes the procedure for obtaining evidence internationally in countries that are parties to the Convention, wherein "a judicial authority of a Contracting State . . . request[s] the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence." Hague Evidence Conv., art. 1. That procedure provides that a designated "Central Authority" in each Contracting State receive Letters of Request from the judicial authorities of other Contracting States and transmit them to an authority competent to execute them. *See id.* art. 2. The Letters of Request must specify particular information, such as the nature of the proceedings in which evidence is required, *see id.* art. 3, and must be in the language or be accompanied by a translation into the language of the authority being requested to execute it, *see id.* art. 4. Federal

Rule 28(b) recognizes that depositions may be taken in a foreign country "under an applicable treaty or convention," like the Hague Convention, or "under a letter of request."

The law of China requires parties to obtain evidence from within its borders pursuant to Letters of Request to the Chinese Central Authority under the Hague Evidence Convention. *See China—Judicial Assistance Country Information*, U.S. Department of State Website, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html; *see also Tsien v. Bd. of Regents of Univ. Sys. of Ga.*, 2021 WL 6617307, CV 121-008, *2 (S.D. Ga. Nov. 12, 2021); *Yan v. Zhou*, 2021 WL 4059478, 18-CV-4673 (GRB) (JMW), at *3 (E.D.N.Y. Jan. 20, 2022).

CTX thus requests the Court to sign and have its Clerk affix the seal of the court to the Letter of Request attached hereto as **Exhibit A**, and to issue the Letter of Request together with the subpoena attached hereto as **Exhibit B**, and all attachments and certified translations of the documents, directly to the Central Authority in China.

### Certificate of Compliance with Local Rule 7.1(a)(3)

Counsel for Defendant certifies that he has conferred with Counsel for Plaintiffs, who take no position regarding the relief sought in this Motion.

Dated: April 15, 2022                                                Respectfully submitted

| **PODHURST ORSECK, P.A.** | **CHAUNCEY COLE, PA** |
|---|---|
| *Co-Counsel for Circuitronix, LLC* | *Co-Counsel for Circuitronix, LLC* |
| SunTrust International Center | 9100 South Dadeland Blvd., Suite 1553 |
| One S.E. 3rd Avenue, Suite 2300 | Miami, Florida 33156 |
| Miami, Florida 33131 | Tel.:   (786) 497-7053 |
| Tel.: 305-358-2800 | |
| | By: */s/ Chauncey D. Cole IV* |
| By:  */s/ Stephen F. Rosenthal* | Chauncey D. Cole, IV, Esq. |
| Stephen F. Rosenthal | Florida Bar No. 102184 |
| Florida Bar No. 0131458 | chauncey.cole@coletrial.com |
| srosenthal@podhurst.com | |

Robert C. Josefsberg
Florida Bar No. 040856
rjosefsberg@podhurst.com
Matthew Weinshall
Florida Bar No. 84783
mweishall@podhurst.com
Christina H. Martinez
Florida Bar No. 1029432
cmartinez@podhurst.com



**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on April 15, 2022 as filed with the Clerk of the Court using CM/ECF.

By: /s/ *Stephen F. Rosenthal*