**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-60125-CIV-SCOLA/SNOW**

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD., *et al.*

Plaintiffs,

v.

CIRCUITRONIX LLC,

Defendant.

_____/

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S WITNESSES TO APPEAR**
**FOR DEPOSITIONS IN THE SOUTHERN DISTRICT OF FLORIDA**

Defendant Circuitronix, LLC ("CTX") respectfully requests the Court to enter an order
pursuant to Federal Rule of Civil Procedure 37 compelling Plaintiff Jiangmen Benlida Printed
Circuit Co. Ltd. ("Benlida") to produce its corporate representative and other employee witnesses
for depositions *in person*, *in the Southern District of Florida* as duly noticed.  Notwithstanding
the general rule that plaintiffs are required to make themselves available for examination in the
forum in which they brought suit, Benlida has notified CTX that it is unwilling to commit to
having its witnesses travel from China to appear in-person in Miami for their depositions due to
the inconvenience of China's quarantine requirement upon their return to China.  The alternative
that Benlida proposes—taking remote video-conference depositions of the witnesses—would not
just be unduly cumbersome, given the need for translation and the 12-hour time difference, but
would be *unlawful* and potentially sanctionable under Chinese law.  Accordingly, Benlida should
be ordered to produce its witnesses for in-person oral examination here in the forum where *it* filed
this suit seeking $13 million in damages against CTX.

CTX proactively seeks this relief before waiting for Benlida witnesses to fail to appear in-
person for their noticed depositions in order to afford the witnesses and their counsel ample time to
make appropriate travel arrangements in light of the approaching discovery deadline.

## PROCEDURAL BACKGROUND

Mindful of the May 24, 2022 fact discovery deadline, over the past two months, CTX served several notices of deposition on Benlida to take the depositions of a corporate representative and seven employees Benlida identified in its initial disclosures, all to take place in person in Miami, Florida.  CTX served the Rule 30(b)(6) notice for the deposition of Benlida's corporate representative on March 25 to take place on April 20.  Simultaneously, CTX notified Benlida of its intention to depose eight specific Benlida witnesses in Miami and requested coordination on dates. After more than two weeks passed without response from Benlida to that overture, on April 11, CTX served notices for the depositions of seven of those Benlida employees to take place in Miami on May 10, 11, 16, 17, 18, 19, and 20.  Service of those notices finally prompted Benlida's counsel to respond, but with this ultimatum: "Depositions won't proceed until after we address and resolve the outstanding discovery issues," by which he meant CTX's continuing production of documents in response to Benlida's requests.  Since the original date for the corporate representative was fast approaching, CTX took the precaution on April 11 of re-noticing it for a date further away, to May 13.

Counsel held a meet-and-confer meeting via Zoom on April 12 during which numerous issues were discussed, and Benlida's counsel agreed to confer with their client regarding the dates CTX had selected for the depositions and about the location.  The next day, Benlida's counsel stated that producing any of its employees for in-person depositions in Florida was "impracticable" due to quarantine requirements upon their return to China.  Instead, Benlida insisted that the depositions be conducted remotely and, because of the 12-hour time difference, that the depositions proceed only in 3 ½ hour increments, from 8:30 a.m. through noon EST.  At least five of the witnesses will require a translator.  Under this proposal, two days will likely be required to complete each witness's deposition.

CTX explained to Benlida on April 19 that a party may not withhold its witnesses from deposition because of concerns about document production (and provided supporting case law), that remote depositions are not an adequate substitute for in-person examination, particularly for the corporate representative, and that Benlida is obliged to make its witnesses available for deposition in the forum it filed suit.  CTX also proposed that if Benlida would agree not to call any of the noticed employees at trial, CTX might abandon the request to depose them.  Benlida responded that because CTX's document production was continuing, their objection to allowing

the depositions would likely "become moot," but they maintained their objection to producing witnesses in the United States.[1]  Benlida has not stated that any of the witnesses whose depositions are noticed are currently in lockdown in China or otherwise unable to travel to the United States.

## MEMORANDUM OF LAW

Benlida should be compelled to produce its witnesses for the duly noticed depositions in Miami for two primary reasons: (1) a plaintiff must, as a general rule, produce its witnesses in the forum it chose to litigate; and (2) there is no alternative of conducting depositions of witnesses in China remotely, as Benlida has proposed, because China *forbids* voluntary depositions that do not utilize the Hague Convention process, and that process cannot be accomplished within the pre-trial schedule, including any reasonable extensions thereof.

### 1.   Having Chosen to File Suit Here, Benlida Must Make Its Witnesses Available for Questioning Here

CTX is entitled to take the depositions of Benlida's corporate representative and other high-level executives and employees in-person in Miami, Florida, notwithstanding that they reside in China.  *See generally DeepGulf, Inc. v. Moszkowski*, 330 F.R.D. 600, 606-07 (N.D. Fla. 2019) (initiating party has the right to choose the deposition's location).  CTX's designation of Miami simply follows the "the general rule" as recognized by the Eleventh Circuit "that plaintiffs are ***required*** to make themselves available for examination in the district in which they bring suit."  *Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1344 (11th Cir. 2020) (emphasis added).  When Benlida filed suit in this district it certainly "should [have] expect[ed] to be deposed in th[is] forum where the action is pending."  *Culhane v. MSC Cruises (USA), Inc.*, 290 F.R.D. 565, 566 (S.D. Fla. 2013) (Snow, J.).  The fact that the parties' contract required Benlida to file suit here (D.E. 15-1, § 13.4) only underscores that expectation.  *See id.* at 567 (giving no weight to mandatory forum-selection clause designating Florida when requiring New York plaintiff to appear for deposition in Florida).

Benlida did not dispute this general rule when CTX brought it to Benlida's attention, but instead asserted that it is merely "impracticable" to bring its witnesses to Florida because, under

---

[1] Specifically, Benlida's counsel wrote: "Due to the current lockdowns in China, it would be quite unreasonable to press for in-person depositions at this time. We may need to resolve this by motion practice, but let's see if China opens up in the coming weeks…."  The pre-trial schedule does not give CTX the luxury of waiting several weeks to see whether China changes its quarantine policy.

current Chinese policy, they will have to quarantine at a hotel for two weeks upon their return. Although the court has discretion over the location of depositions, *see Otto Candies*, 963 F.3d at 1344, the potential inconvenience of having to quarantine in a hotel does not show the requisite "undue burden and hardship" sufficient to overcome the general rule applicable to the depositions of the plaintiffs, *Culhane*, 290 F.R.D. at 566. Benlida chose to file suit in this District in January 2021, in the midst of the Covid-19 pandemic when international travel-related quarantines were the norm. Benlida should not be heard to complain about producing its employee-witnesses in this District now for depositions based on circumstances that it should have expected. Moreover, CTX cannot depose these witnesses in China, whether in-person or remotely. *See* Point 2, below.

While Benlida generally alluded to "lockdowns" in China, it has not represented that any of its witnesses are actually prohibited from traveling. Benlida also noted vaguely that it can be hard to get a U.S. visa, but again did not assert that any of its witnesses had even tried to obtain such a visa or that any of them need one. Such "broad" and "unsubstantiated" allegations of hardship "do not satisfy the Rule 26(c) test" of good cause to have the deposition in a location other than Miami, or taken by alternative means. *See Dude v. Congress Plaza, LLC*, No. 17-80522-CIV-Marra/Matthewman, 2018 WL 1009263, *1 (S.D. Fla. Feb. 20, 2018) (requiring a German citizen plaintiff to attend his deposition in-person in the Southern District of Florida); *Levick v. Steiner Transocean*, 228 F.R.D. 671, 67 (S.D. Fla. 2005) (verified but vague and unsubstantiated allegations of plaintiff's limited financial means for travel and need to care for a sick relative did not show undue burden to overcome general rule that plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum).

Even assuming Benlida could make that showing, the alternative Benlida has proposed of forcing CTX to settle for taking remote depositions chopped up into 3½ hour segments is not even lawful under Chinese law.

## 2.    Deposing These Chinese Witnesses Remotely Is Not an Option

China prohibits attorneys from taking even voluntary depositions within its borders for use in foreign courts—regardless of whether the parties' counsel travel there physically or whether counsel depose witnesses there remotely through videoconferencing. This reality is well documented in U.S. courts as well as the U.S. Department of State website, which indicates that participation in such China-based depositions could even "result in the arrest, detention or deportation of the American attorneys and other participants." Judicial Assistance Country

Information: China, U.S. Dep't of State, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html.  *See also, e.g.*, *Jacobs v. Floorco Enters. LLC*, No. 3:17-cv-90-RGJ-CHL, 2020 WL1290607, at *13 & n.11 (W.D. Ky. Mar. 18, 2020); *Junjiang Ji v. Jling Inc.*, No. 15-CV-4194 (SIL), 2019 WL 1441130, at *5, *10-11 (E.D.N.Y. Mar. 31, 2019).

In light of that reality, U.S. courts routinely require China-based witnesses to travel outside of the country for depositions either in the United States or alternative locations that will not risk subjecting participating attorneys to sanctions.  *See, e.g.*, *Brown v. China Integrated Energy, Inc.*, No. CV112559BROPLAX, 2014 WL 12580245, at *2 (C.D. Cal. Aug. 6, 2014) (stating "all of the deponents will have to travel outside of China" since "the general rule of deposing corporate representatives at their principal place of business cannot be followed here, as China is not an available forum for *any* of the depositions").

The only apparent lawful way to take depositions in China for use in foreign courts—via requests to the Chinese Central Authority under the Hague Evidence Convention—is an illusory avenue to discovery and in fact a known dead-end.  *See Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487, 503 (N.D. Ill. 2021) (collecting cases and granting motion to compel depositions under the Federal Rules, noting depositions in China "are unlikely to proceed efficiently under Hague Convention procedures" and citing plaintiff's undisputed assertion that "'in more than 30 years under the Consular Convention and 13 years under the Hague Convention, China has granted permission for a deposition on only one occasion'"); *Nike, Inc. v. Wu*, 349 F. Supp. 3d 310, 337-38 (S.D.N.Y. 2018).

Since Benlida must produce its witnesses in a forum where it is lawful for them to be deposed without proceeding through the Hague Convention, and since Benlida filed suit in this District, it follows that its objection to producing its witnesses in Miami for deposition should be denied.  Accordingly, CTX respectfully requests the Court issue an order compelling Benlida to produce its corporate representative and other employee witnesses in person in Miami, as duly noticed.

## Certificate of Compliance with S.D. Fla. Local Rule 7.1(a)(3)

Counsel for CTX certifies that he has conferred with Counsel for Benlida, but has been unable to resolve the issues raised in the motion.  Specifically, on an April 12, 2022 telephone call,

and after noticing the depositions of Benlida witnesses in Miami, Florida, Counsel for CTX conferred with Counsel for Benlida regarding the location and timing of depositions, among other issues.  During that call and in an April 13, 2022 email, Counsel for Benlida stated witnesses in China would be subjected to a lockdown upon return to the country and insisted on conducting the depositions remotely, with the witnesses remaining in China.  By email on April 19, 2022, Counsel for CTX again communicated with Counsel for Benlida, citing case law and insisting on conducting in-person depositions in Miami, Florida in light of the forum in which Benlida chose to sue, the amount of claimed damages, and other factors.  Counsel for Benlida responded the next day, again stating that due to the "current lockdowns in China, it would be quite unreasonable" to seek the in-person depositions and advising that the issue might need to be resolved by motion practice but the parties could "see if China opens up in the coming weeks."   Under other circumstances Counsel for CTX may have been willing to accommodate Benlida's request to take a wait-and-see approach before seeking Court intervention.  The approaching discovery deadline, however, does not afford the parties that luxury of time.

Dated: April 25, 2022                             Respectfully submitted

| | |
|---|---|
| **PODHURST ORSECK, P.A.**<br>*Co-Counsel for Circuitronix, LLC*<br>SunTrust International Center<br>One S.E. 3rd Avenue, Suite 2300<br>Miami, Florida 33131<br>Tel.: 305-358-2800<br><br>*By:  /s/  Stephen F. Rosenthal*<br>Stephen F. Rosenthal<br>Florida Bar No. 0131458<br>srosenthal@podhurst.com | **CHAUNCEY COLE, PA**<br>*Co-Counsel for Circuitronix, LLC*<br>9100 South Dadeland Blvd., Suite 1553<br>Miami, Florida 33156<br>Tel.:    (786) 497-7053<br><br>By: /s/ *Chauncey D. Cole IV*<br>Chauncey D. Cole, IV, Esq.<br>Florida Bar No. 102184<br>chauncey.cole@coletrial.com |

Robert C. Josefsberg
Florida Bar No. 040856
rjosefsberg@podhurst.com
Matthew Weinshall
Florida Bar No. 84783
mweishall@podhurst.com
Christina H. Martinez
Florida Bar No. 1029432
cmartinez@podhurst.com



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on April 25, 2022 as filed with the Clerk of the Court using CM/ECF.

By:  /s/ *Stephen F. Rosenthal*