MAZZOLA LINDSTROM, LLP
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(c) 646.250.6666
jean-claude@mazzolalindstrom.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------------------x
JIANGMEN BENLIDA PRINTED                    CM/ECF
CIRCUIT CO., LTD.,
                                            Civil Action No.: 21-60125-CIV-
                                            SCOLA/SNOW
                Plaintiffs,

        -against-

CIRCUITRONIX LLC,

                Defendant.
-------------------------------------------------------------------x


**Plaintiff Benlida's Memorandum of Law in Opposition to
Defendant CTX's Motion to Compel and in Support of
Benlida's Cross-Motion for a Protective Order**


                                            MAZZOLA LINDSTROM LLP
                                            Jean-Claude Mazzola
                                            *Attorneys for plaintiff*
                                            1350 Avenue of the Americas, 2nd Floor
                                            New York, New York 10019
                                            Tel: (646) 216-8585
                                            Cell: (646) 250-6666
                                            jeanclaude@mazzolalindstrom.com


Of Counsel: Richard E. Lerner

1

**Preliminary Statement**

This memorandum is respectfully submitted on behalf of plaintiff Jiangmen Benlida Printed Circuit Co., Ltd. in opposition to defendant Circuitronix LLC's motion to compel plaintiff's witnesses to appear for depositions in the Southern District of Florida, and in support of Benlida's cross-motion for a protective order allowing its witnesses to be deposed via video conference. Defendant's motion should be denied, and plaintiff Benlida's cross-motion granted, for the following reasons.[1]

*First*, defendant CTX mischaracterizes Benlida's response to CTX's demand for seven or more[2] of Benlida's employees to travel to Miami for depositions. Counsel for Benlida made it clear that there were outstanding discovery issues that needed to be resolved before depositions. Prior to the meet and confer on April 12, 2022, CTX had produced only 777 pages of documents which consisted of invoices and spreadsheets that Benlida had already produced to CTX. During this meeting, counsel for Benlida wanted to first address CTX's duplicative and anemic discovery before addressing the deposition schedule. After the April 12 meeting, CTX produced an additional seven volumes of documents totaling 15,195 pages. The additional 14,418 pages have been produced slowly over the past two weeks with the most recent volume having been produced on April 30.

---

[1] In this memorandum of law, plaintiff employs the same abbreviations as in the defendant's motion. Thus, "Benlida" refers to Jiangmen Benlida Printed Circuit Co., Ltd.; "ROK refers to ROK Printed Circuit Co., Ltd.; "CTX" refers to Circuitronix, LLC; "CTX-HK" refers to Circuitronix Hong Kong Ltd.; and "TAC" refers to the third amended complaint.

[2] CTX has noticed the depositions of seven Benlida employees and officers, and has also served a notice for a corporate representative or representatives to testify as to 23 separate topics of inquiry, pursuant to Rule 30(b)(6). Thus, the number of depositions is expected to exceed seven.

1

*Second,* it is unduly burdensome for Benlida's witnesses to currently travel from China due to the strict travel and quarantine rules currently in place due to the Covid-19 pandemic.[3] Benlida is willing to produce its witnesses in-person in Miami, Florida once the current restrictions in China no longer cause undue hardship for Benlida to lose seven or more essential employees for a month of quarantine procedures. Benlida is amenable to either proceeding remotely or appear in person in Florida once the restriction no longer causes undue hardship for Benlida.

Currently, China is taking a "zero-Covid" approach and has restricted travel and enforced lockdowns in multiple cities. Benlida is based in the city of Shenzhen, which has instituted severe travel restrictions. Currently, individual building and housing complexes with Covid cases are being sealed off, gyms and theaters are closed, visitors to many office buildings must show proof of a negative Covid-19 test within the previous 48 hours, and individuals even attempting to enter a park are required to hold a negative 72-hour nucleic acid test result and a green travel record. According to a recent notice, travel agencies and online travel service providers must suspend operating domestic group travel and international group travel. Specifically, upon their return from overseas, travelers are required to undergo a fourteen-day centralized quarantine (*i.e.*, in a Covid hotel) and seven days of strict home health monitoring.

Therefore, if forced to appear in person in Florida, Benlida's witnesses will be subjected to four or five days of travel (including time to adjust to jet lag after arriving in Florida), and then an additional three weeks of quarantine upon returning to Shenzhen. While CTX has

---

[3] By email dated April 29, 2022, counsel for CTX agreed that the current Covid regime in China was a matter of public knowledge, and that therefore CTX would not challenge such facts, and there would be no need for our clients to submit affidavits discussing the current Covid restrictions, including quarantine protocols. CTX's counsel's professional courtesy is acknowledged and appreciated.

2

acknowledged these Covid-related logistical problems, their position is that, in sum, since Benlida filed suit in Florida, the parties must abide by the general rule that depositions must be conducted in the forum where the case was instituted. Respectfully, CTX's position ignores that courts throughout the country have made accommodations due to Covid, and that the "general rule" simply cannot apply under these special circumstances.

**Argument**

**Point I:** **The Court has Broad Discretion in Discovery Matters, and May Direct that a Plaintiff's Deposition be Conducted Remotely.**

The court has wide discretion in discovery matters. See *Habert Intern. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998); *see also* Fed. R. Civ. P. 30(b)(4) (noting that the court "may" order a deposition to be taken by remote means). The general rule is that plaintiffs "are required to make themselves available for examination in the district in which they bring suit… [a]t the same time,… there is a presumption that a defendant will be deposed in the district of its residence or principal place of business."

The party seeking the protective order, in this case Benlida, must show good cause by demonstrating a particular need for protection. That is, Rule 26(c) "authorizes the Court to order that ***a plaintiff's deposition*** be taken in a different location, or by alternative means, if he demonstrates the requisite good cause." *Dude v. Cong. Plaza, LLC,* No. 17-80522-CIV-Marra/Matthewman, 2018 U.S. Dist. LEXIS 31924 (S.D. Fla. Feb. 20, 2018) (emphasis added) (quoting *Larry E. Hogue v. John H McHugh, Sec'y, Dep't of the Army*, No. 11-22405-CIV, 2012 WL 13064092, at *2 (S.D. Fla. Dec. 3, 2012) (citing Fed. R. Civ. P. 26(c)(1)).

Thus, it is manifest that this court has the discretion to decide the location of the plaintiff's depositions. See *DeepGulf, Inc. v. Moszkowski,* 330 F.R.D. 600, 609 (N.D. Fla. 2019)

(collecting cases); *see also Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981) (holding that a "district judge has discretion to direct the place of a deposition" and it is "not an abuse of discretion for the district judge to protect" a "witness from the burden of traveling overseas for examination"); *Armsey v. Medshares Mgmt. Servs., Inc.,* 184 F.R.D. 569, 571 (W.D. Va. 1998) (noting that a district court enjoys "broad discretion to determine the appropriate location for a deposition and may attach conditions, such as the payment of expenses, as it finds appropriate"); *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) ("It is within the discretion of the court to designate the location for a taking of depositions, and each application must be considered on its own facts and equities."); *Financial Gen. Bankshares, Inc. v. Lance*, 80 F.R.D. 22, 23 (D.D.C. 1978) ("The matter of the location of depositions of defendants ultimately is within the discretion of the Court . . . .")

      CTX argues that Benlida should have expected to be deposed in Florida since that is the district where the action is pending – as required by the parties' contract (DE 15-1, §13.4). While Benlida did file suit in Florida in January 2021, only one or two witnesses would have been necessary to prove Benlida's rather simple claim for non-payment. It is only because CTX has asserted counterclaims in its answer of October 15, 2021 (DE 34) that it has become apparent that additional Benlida witnesses would be called by CTX. While Benlida expected to have had to produce one or two witnesses for deposition in Florida when it filed suit, it could not have anticipated that the pandemic would continue for so long, nor could it have anticipated that CTX would seek to depose seven or more of its key employees from various divisions, who would have to travel to Florida during the middle of the pandemic and lose almost a month from work and their families.

4

In sum, CTX seeks to have the general rule applied to aberrant facts, disregarding that the contract was executed well before the onset of the Covid-19 pandemic, and disregarding the hardship that Benlida would face if seven or more of its employees were forced to come to Florida for their noticed depositions. Thus, Benlida faces "undue burden and hardship" because:

(a) Quarantining in a Covid hotel for two weeks and then at home for a week is, *ipso facto*, a personal burden and hardship.
(b) Having seven or more key employees unable to work for almost a month due to these quarantine restrictions will severely impact Benlida's business, and thus, *ipso facto*, imposes a burden and hardship on the business itself.
(c) CTX does not solely request one key witness who may work remotely during the quarantine period, but seven or more essential employees who, even during the zero-Covid restrictions, work in-person at Benlida's headquarters.
(d) Obtaining travel visas may prove difficult for several of the noticed witnesses who have never traveled to the United States.

As CTX's counsel has stipulated as to the quarantine protocols and problems posed by the Covid protocols,[4] we have not presented affidavits of our clients to attest to these hardships.[5] In any event, Benlida respectfully submits that it is self-evident that requiring to quarantine for at least three weeks upon their return to China, if they were required to appear for depositions in Florida is the quintessential "undue burden and hardship."

Video depositions can be adequate substitutes. There is no question that Covid-19 has completely altered the manner with which the courts handle cases, and attorneys have adapted by taking remote depositions during the course of the Covid-19 pandemic. In fact, over the past two

---

[4] See footnote 3, *supra*.

[5] During a meet-and-confer on Friday, April 29th, and follow-up emails exchanged, CTX's counsel suggested that he might make a motion to move up the return date of its motion to compel so that an early decision could be rendered, and to require Benlida to submit its opposition papers earlier. We tentatively agreed to avoid such unnecessary motion practice by submitting our papers by May 3rd, and then advised counsel that, as it turned out, May 1st through May 4th is the Labor Day Holiday in China, and that we would not be able to get affidavits from our clients by May 3rd. CTX's counsel agreed to forego the need for affidavits from our clients to attest to the burdens and hardships in exchange for our agreeing to submit our opposition papers by May 3rd. Hence, there should be no objection from CTX on reply as to the foregoing facts not being supported by affidavits.

years, this law firm has attended dozens of video depositions, and scant few in-person depositions.

**Point II:     None of Us Will Be Charged with a Crime in China for Attending Remote Depositions of China-Based Witnesses.**

CTX claims that the only lawful way to take depositions in China for use in foreign courts is by use of the Hague Convention protocols. Counsel argues that employment of Hague protocols "is an illusory avenue to discovery and *in fact a known dead-end*." (DE 66, p.5 (emphasis added)). However, CTX has not made the effort to employ Hague Convention protocols to take the depositions of Benlida's witnesses. But in any event, the point is utterly academic, as none of us attorneys in this matter could possibly be planning to travel to take the depositions of the witnesses in China because we'd have to quarantine in a Covid hotel for three weeks before we take the depositions. It is quite doubtful that a court reporter could even be found who would agree to sit in a hotel room for three weeks.

Remote depositions in China, and elsewhere in the world, have become commonplace, and there are no reports in the media of requests by China for the extradition to China of the attorneys who have taken such depositions.

While Benlida is not opposed to having its witnesses appearing in person in Florida for their depositions, it simply cannot happen now, in the middle of the pandemic. The undue burden and hardship that Benlida faces is that seven or more of Benlida's key employees will be unable to work for almost a month.

CTX cites *Jacobs v. Floorco Enters.,* No. 3:17-CV-90-RGJ-CHL, 2020 U.S. Dist. LEXIS 46921 (W.D. Ky. Mar. 18, 2020), where, due to the Covid-19 pandemic, a Chinese national was compelled to appear for a deposition in Kentucky. However, the court did not impose a hard deadline, instead putting off the deposition until it would no longer be a hardship to travel.

Benlida would be amendable to appear in Florida once its seven or more key employees can travel to Florida without severely impacting their own lives and Benlida's operations.

## Conclusion

For all the foregoing reasons, it is respectfully submitted that Circuitronix's motion to compel should be denied, and Benlida's cross-motion for a protective order should be granted.

Dated:  New York, New York
       May 3, 2022                                 MAZZOLA LINDSTROM, LLP

                                                  By:    Jean-Claude Mazzola
                                                            1350 Avenue of the Americas, 2nd Floor
                                                            New York, New York 10019
                                                            jeanclaude@mazzolalindstrom.com

To:    All Attorneys of Record
         *(By ECF)*

**Certificate of Service**

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on May 3, 2022 as filed with the Clerk of the Court using CM/ECF.

_____
Jean-Claude Mazzola