UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/SNOW

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD., *et al.*
    Plaintiffs,

v.

CIRCUITRONIX LLC,
    Defendant.
_____/

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL PLAINTIFF'S
WITNESSES TO APPEAR FOR DEPOSITIONS IN THE SOUTHERN DISTRICT**

    Benlida's response identifies no viable alternative to requiring Benlida's corporate representative and other employees to appear for depositions in person in Miami, as duly noticed. Although Benlida and its witnesses may be temporarily inconvenienced by travel to Miami and 14-day quarantine upon return to China, even Benlida seems to recognize that taking remote depositions in China is ***not*** a possible alternative because of the strict prohibitions of Chinese law, that prohibit the taking of depositions, even voluntary depositions taken by remote methods. Rather, Benlida proposes to produce its witnesses in Florida, but only at some indefinite time in the distant future, far beyond the mandatory discovery schedule of this case, when all pandemic restrictions in China have been lifted. That proposal is equally unworkable given the case management schedule in this case, which provides a fact discovery deadline of May 24, 2022.

    To the extent that Benlida also has styled its opposition to CTX's motion as its own "cross-motion for a protective order allowing its witnesses to be deposed via video conference," *see* Docket Entry ("DE") 67 ("Opp.") at 1, the motion should be denied as procedurally improper. Benlida failed to include the required certificate of compliance. *See AH Biscayne Inv., LLC v. 1st SUN Properties, LLC*, No. 16-23573-CIV, 2017 WL 3115906, at *7 (S.D. Fla. June 7, 2017) (denying cross-motion embedded in response to discovery motion for failure to comply with Local Rule 7.1(a)(3)). As Benlida acknowledges, the parties had a meet-and-confer on April 29 regarding a truncated briefing schedule on CTX's motion and CTX's stipulation regarding the Covid conditions in China, during which Benlida never advised CTX that it would be seeking

1

affirmative relief through a cross-motion rather than simply responding to CTX's motion. *See* Opp. at 2 n.3, 5 n.5. As such, upon the filing of this reply, CTX's motion seeking an order requiring Benlida's witnesses to appear in-person in Miami for their depositions will be fully briefed and ready for a ruling by the Court.[1]

On the merits, Benlida fails to provide any viable alternative on which the Court should exercise its discretion and order the depositions to take place anywhere other than in Miami and in-person. Benlida does not dispute that it expected to make "one or two witnesses" available in Florida for depositions when it filed suit but that it could not have anticipated that CTX would have sought depositions of other "key employees." Opp. at 4. This position is not well-taken given that Benlida is seeking more than $13 million from CTX covering various business transactions over the course of several years. CTX's interest in deposing those witnesses whom Benlida admits are "key employees" cannot come as an unanticipated surprise to Benlida, particularly given that these witnesses are specifically listed in Benlida's Rule 26 initial disclosures. *See Am. Gen. Life Ins. Co. v. Harshman*, 299 F.R.D. 157, 158 (E.D. Ky. 2014) (requiring plaintiff's corporate employees to travel to and appear in the forum of the litigation). Moreover, while Benlida notes that some of these "essential employees" will be "unable to work for almost a month" because they "work in-person at Benlida's headquarters," Opp. at 5, Benlida fails to rule out that accommodations could be made to allow those few employees to work remotely while traveling to Florida and upon return to China while they quarantine.

Nor does Benlida offer any support for its sweeping proclamation that no U.S. attorneys will be charged with a crime in China for attending remote depositions of witnesses in China. It does not contest that Chinese law makes it illegal for attorneys to take depositions within its borders for use in foreign courts. (Nor can it, given the well-established case law and U.S. Department of State guidance on the subject. *See* DE 66 (Motion) at 4-5). Notably, courts have confirmed that China's legal prohibition on China-based depositions extends to remote testimony during the COVID era. *See, e.g.*, *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487, 500 (N.D. Ill. 2021) (collecting cases).

Benlida's only basis for concluding that counsel in the case will not subject themselves to sanctions for participating in remote depositions is its observation that "there are no reports in the

---

[1] Benlida's opposition memorandum likewise violates the Court's General Order regarding discovery (DE 8 at 4) by exceeding the limit of five-pages for such responses.

media of requests by China for the extradition to China of the attorneys who have taken [remote] depositions." Opp. at 6.  This is cold comfort, and a Court should not "require defendant to bet on that outcome." *Zhizheng Wang v. Hull*, No. C18-1220RSL, 2020 WL 4734930, at *1 (W.D. Wash. June 22, 2020) (refusing to order attorneys to conduct a remote deposition in China).  Moreover, Benlida's weak reassurances regarding *U.S. counsel* does not account for the fact that *Benlida employees* may themselves be violating Chinese law by sitting for remote deposition in China.  *See Inventus*, 339 F.R.D. at 500 (citation omitted) (discussing apparent illegality of China-based party's voluntary compliance with a discovery request).  The possibility of being sanctioned for such violations of Chinese law is certainly a more significant burden and risk to Benlida's employees than 14 days of quarantine.

Benlida does not dispute that the Hague Convention procedures legally required to obtain discovery in China are ineffectual.  Instead, it decries CTX's "academic" focus on the procedure, apparently believing it is only necessary for in-person depositions.  Courts have recognized, however, that irrespective of the format, "Chinese law bars taking the depositions of the [deponents] in mainland China unless the Hague Convention procedures are followed." *See Inventus*, 339 F.R.D. at 500 (citation omitted).  Even then, the Chinese government has total discretion to deny the request, and Benlida has identified no case where the Chinese government has granted such a request.

Thus, the witnesses must travel outside of China to be deposed in this case.  Because all of the deponents will have to travel outside of China, it makes sense to have them travel to the location where Benlida elected to sue.  And while it is true that some courts at the start of the pandemic took a wait-and-see approach, declining to order deponents in China to leave the country for deposition, *e.g.*, *Jacobs v. Floorco Enters. LLC*, No. 3:17-cv-90-RGJ-CHL, 2020 WL1290607, at *13 & n.11 (W.D. Ky. Mar. 18, 2020); *Zhizheng Waang*, 2020 WL 4734930, at *2 (decided June 2020), the roughly two years since the start of the pandemic have revealed the impracticality of that course of action now.  The persistence and unpredictability of pandemic-related travel restrictions have made plain that it is not feasible to postpone depositions and stall the case until the future date uncertain when Benlida's witnesses "can travel to Florida without severely impacting their own lives and Benlida's operations." Opp. at 7.

For these reasons, Benlida should be ordered to produce its witnesses for their in-person depositions in Miami, as CTX has duly noticed them.

Dated: May 4, 2022                                                          Respectfully submitted

| **PODHURST ORSECK, P.A.**<br>*Co-Counsel for Circuitronix, LLC*<br>SunTrust International Center<br>One S.E. 3rd Avenue, Suite 2300<br>Miami, Florida 33131<br>Tel.: 305-358-2800<br><br>By:  /s/  *Stephen F. Rosenthal*<br>Stephen F. Rosenthal<br>Florida Bar No. 0131458<br>srosenthal@podhurst.com<br>Robert C. Josefsberg<br>Florida Bar No. 040856<br>rjosefsberg@podhurst.com<br>Matthew Weinshall<br>Florida Bar No. 84783<br>mweishall@podhurst.com<br>Christina H. Martinez<br>Florida Bar No. 1029432<br>cmartinez@podhurst.com | CHAUNCEY COLE, PA<br>*Co-Counsel for Circuitronix, LLC*<br>9100 South Dadeland Blvd., Suite 1553<br>Miami, Florida 33156<br>Tel.:    (786) 497-7053<br><br>By: /s/ *Chauncey D. Cole IV*<br>Chauncey D. Cole, IV, Esq.<br>Florida Bar No. 102184<br>chauncey.cole@coletrial.com<br><br> |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on May 4, 2022 as filed with the Clerk of the Court using CM/ECF.

By: /s/ *Stephen F. Rosenthal*