United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jiangmen Benlida Printed Circuit Co., Ltd., Plaintiff, <br><br> v. <br><br> Circuitronix, LLC, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 21-60125-Civ-Scola <br> ) <br> ) |

## Amended Scheduling Order

Nearly a year ago, the Court entered a scheduling order in this case. At the parties' request, the Court accommodated the parties' proposed scheduling order which was greatly protracted as compared to the Court's standard scheduling track. In light of that adjustment, the Court forewarned the parties that any "***extensions of the deadlines and settings set forth below will not be considered absent particularly extenuating circumstances***." (Sch. Order, ECF No. 22 (all emphasis in original).) Despite this admonishment—in bold, in italics, and underlined—Plaintiff Jiangmen Benlida Printed Circuit Co., Ltd., now seeks an order extending all dates in this case by six months. (Pl.'s Mot., ECF No. 68.) In support, Benlida informs of the following: (1) despite the case's filing in January 2021, the parties only began discovery six months ago because Defendant Circuitronix, LLC, did not file its answer until October 2021; (2) there has been no prior request for a modification of the scheduling order; (3) "the current schedule is unworkable because the documentary productions to date comprise approximately 40,000 pages and potentially tens of thousands more documents"; (4) many of the documents are in Chinese; (5) Circuitronix has noticed several depositions, including seven Benlida officers and employees who all reside in China; (6) one of the attorneys for Benlida had a death in the family in January; (7) multiple attorneys for Benlida, and their family members, were infected with COVID in March and April; (8) Circuitronix filed a motion for the issuance of a letter of request to obtain evidence abroad on April 15, 2022; and (9) "there are tens of thousands (and possibly hundreds of thousands) of pages of documents which have only been received from [Circuitronix] on a rolling basis over the past three weeks." (*Id.*) Benlida reports that, upon conferral, Circuitronix mostly objects to the request and has agreed only to a brief extension of the fact-discovery deadline. (*Id.*) For the following reasons, the Court **grants in part, and denies in part**, Benlida's motion (**ECF No. 68**).

For the most part, the Court finds Benlida's request for a six-month continuance unjustified. To begin with, contrary to Benlida's suggestion, discovery in this case was not stayed pending resolution of Circuitronix's motion to dismiss or the filing of an answer to the complaint. There is therefore no reason why discovery should have begun only six months ago. Additionally, Benlida's contention that no prior modification of the Court's scheduling has been sought is incorrect: as the Court noted previously, the Court has already accommodated the parties' request to vary significantly from the Court's standard scheduling track. Moreover, both sides have repeatedly sought extensions of various deadlines in this case—which the Court has largely accommodated—and the parties have even had to be prompted by the Court to comply with multiple, other missed deadlines. Further, many of the reasons the parties initially presented, in seeking a more protracted schedule from the beginning, are the very same issues Benlida points to now: deposition testimony from witnesses residing in China; documents located in China and written in Chinese; the large volume of documents anticipated; the need for letters of request and the delays expected as a result; and the ongoing complications due to the pandemic. Accordingly, none of these issues should come as a surprise to either side. Indeed, they certainly do not amount to "extenuating circumstances," never mind "particularly extenuating circumstances."

One the other hand, the Court is sensitive to the personal hardships endured by counsel, even though some of the events recounted date back two to five months ago. And, so, for those reasons, and mindful of Circuitronix's willingness to accommodate a short delay, the Court will extend the fact-discovery and expert-witness report deadlines by a month, as set forth below. Concomitantly, the Court will afford a brief extension to the dispositive-motion deadline to adjust for the discovery delay.

On the other hand, to the extent the parties are in agreement about the need for further discovery, beyond the discovery deadline, they may stipulate, between themselves, to conduct discovery out of time. Nothing prevents them from doing so—as provided for by Rule 29. They do so, however, at their peril: that is, the parties are free to agree on supplemental discovery, all the way up to trial, but with the understanding that, ordinarily, Court intervention will be unavailable in the event of a dispute.

This action, therefore, **remains set** for trial during the two-week trial period beginning on **October 11, 2022**. Calendar call will be held at 9:00 a.m. on the preceding Tuesday, **October 4, 2022**, at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 N. Miami Avenue, Courtroom 12-3, Miami,

Florida. A pretrial conference will be held immediately following calendar call only if requested by the parties in advance.

1. The parties must comply with the following schedule:

| | |
|---|---|
| passed | Deadline to join additional parties or to amend pleadings. |
| completed (untimely) | Deadline to file joint interim status report. |
| completed (untimely) | Deadline to file Proposed Order Scheduling Mediation, setting forth the name of the mediator, and the date, time, and location of the mediation, consistent with the Order of Referral to Mediation (which immediately follows the initial scheduling order). |
| June 24, 2022 (extended) | Deadline to complete all fact discovery. <br><br> Deadline to submit joint notice indicating whether the parties consent to jurisdiction before the designated magistrate judge for purposes of final disposition. <br><br> Deadline to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). Rebuttal disclosures are permitted, and must conform to the deadline set forth in Federal Rule of Civil Procedure 26(a)(2)(D)(ii). <br><br> (When a treating physician testifies regarding opinions formed and based upon observations made during the course of treatment, the treating physician need not produce a Rule 26(a)(2)(B) report. By contrast, treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required. *See, Muzaffarr v. Ross Dress for Less, Inc.*, No. 12-61996-CIV, 2013 WL 3850848, at *1 (S.D. Fla. July 26, 2013).) |
| July 1, 2022 (extended) | Deadline for the filing of all dispositive motions. |
| July 5, 2022 (unchanged) | Deadline to complete mediation, consistent with the Order of Referral to Mediation (which immediately follows this scheduling order). |
| August 2, 2022 (unchanged) | Deadline to complete all expert discovery. |
| August 9, 2022 (unchanged) | Deadline for the filing of pretrial motions, including motions in limine and *Daubert* motions. |
| September 13, 2022 (unchanged) | Deadline to file joint pretrial stipulation under Local Rule 16.1(e) and pretrial disclosures as required by Federal Rule of Civil Procedure 26(a)(3). |

| | |
|---|---|
| September 27, 2022 (unchanged) | Deadline to file proposed jury instructions (if the matter is set for a jury trial) or proposed findings of fact and conclusions of law (if the matter is set for a bench trial) consistent with Local Rule 16.1(k). |

2. <u>References to documents in summary-judgment motions</u>. When a party files a motion for summary judgment, the party must include the ECF number of any exhibits or other documents referred to in the motion or the accompanying statement of material facts (required by Local Rule 56.1). This means that if a document is not already on the record, a party will need to submit a *Notice of Filing* **before** he or she files the summary-judgment motion and the statement of material facts.

3. <u>Limit on motions in limine & *Daubert* motions</u>. Each party is limited to filing one motion in limine and one *Daubert* motion. If a party cannot address his or her evidentiary issues or expert challenges in a 20-page motion, leave to exceed the page limitation will be granted upon a showing of good cause. The parties are reminded that motions in limine and *Daubert* motions must contain the Local Rule 7.1(a)(3) pre-filing conference and certification.

4. <u>Jury Instructions</u>. The parties must submit their proposed jury instructions jointly, though they need not agree on each proposed instruction. Where both parties agree on a proposed instruction, that instruction must be set out in regular typeface. Instructions proposed only by a plaintiff must be underlined. Instructions proposed only by a defendant must be bold-faced. Every instruction must be supported by a citation of authority. The parties should use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel, or the applicable state pattern jury instructions. The parties must jointly file their proposed jury instructions via CM/ECF, and must also submit their proposed jury instructions to the Court via e-mail at scola@flsd.uscourts.gov in Word format (.doc).

5. <u>Trial Exhibits</u>. All trial exhibits must be pre-marked. Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix. Defendant's exhibits must be marked alphabetically with the letter "D" as a prefix. A list setting out all exhibits must be submitted at the time of trial. This list must indicate the pre-marked identification label (*e.g.,* P-1, or D-A) and must also include a brief description of the exhibit.

6. <u>Deposition Designations</u>. Any party intending to use deposition testimony as substantive evidence must designate by line and page reference those portions in writing. The designations must be served on opposing counsel

and filed with the Court 14 days before the deadline to file the joint pretrial stipulation. The adverse party must serve and file any objections and any cross-designations within seven days. The initial party then has seven days to serve and file objections to the cross-designations.

7. <u>Voir Dire Questions</u>. The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation, and must also be submitted to the Court via e-mail at scola@flsd.uscourts.gov in Word format (.doc).

8. <u>Notification of juror misconduct</u>. Every party has an affirmative duty to notify the Court **immediately** of any possible juror misconduct or any information that might possibly reflect on a juror's ability to serve. Immediate notification is required to allow the Court the opportunity to address the issue, including questioning the juror and, if necessary, discharging the juror and seating an alternate juror. In any trial lasting more than five days, the Court imposes an affirmative duty on both sides to conduct all reasonable investigations of juror misconduct, including statements provided during voir dire, and to advise the Court immediately of any discovered misconduct. Any party who fails to conduct a reasonable investigation in this situation and later discovers an incidence of juror misconduct has waived his, her, or its right to rely on that misconduct in a motion before this Court.

9. <u>Settlement Conference Before Magistrate Judge</u>. The parties may, at any time, file a motion requesting a settlement conference before United States Magistrate Judge Lurana S. Snow. The Court encourages the parties to consider a confidential settlement conference with Judge Snow, especially if the parties believe there is a meaningful chance of reaching an early, amicable resolution of their dispute.

10. <u>Settlement Notification</u>. If this matter is settled, counsel are directed to inform the Court promptly via telephone (305-523-5140) and/or e-mail (scola@flsd.uscourts.gov).

**Done and ordered** at Miami, Florida on May 5, 2022.

Robert N. Scola, Jr.
United States District Judge