MAZZOLA LINDSTROM, LLP
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(c) 646.250.6666
jean-claude@mazzolalindstrom.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
-----------------------------------------------------------------x
JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

                    Plaintiffs,

    -against-

CIRCUITRONIX LLC,

                   Defendant.
-----------------------------------------------------------------x

CM/ECF

Civil Action No.: 21-60125-CIV-SCOLA/SNOW

**Plaintiff Benlida's Memorandum of Law in Reply to Defendant's Opposition and in Further Support of Plaintiff Benlida's Cross-Motion for a Protective Order**

MAZZOLA LINDSTROM LLP
Jean-Claude Mazzola
*Attorneys for plaintiff*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
Tel: (646) 216-8585
Cell: (646) 250-6666
jeanclaude@mazzolalindstrom.com

Of Counsel: Richard E. Lerner

This memorandum is respectfully submitted on behalf of plaintiff Jiangmen Benlida Printed Circuit Co., Ltd. solely in reply to defendant Circuitronix LLC's opposition to Benlida's cross-motion.[1] *First,* defendant CTX mischaracterize Benlida's cross-motion as demanding that either depositions be conducted remotely or that they take place in-person in Florida in some indefinite time in the distant future. This is a gross misinterpretation of Benlida's position. They should either be conducted soon via video, or as soon as its practicable for the witnesses to travel from China without their being required to quarantine for three weeks after their return.

The cases cited by CTX that were issued during the pandemic actually support Benlida's cross-motion. While in *Jacobs v. Floorco Enters* the Kentucky District Court granted the motion to compel Tu, a Chinese national, to appear for a deposition in Kentucky, the court recognized that Tu was not permitted to travel because of the pandemic: "the Court will not yet impose a deadline as to when Tu must travel to Kentucky for his deposition." *Jacobs v. Floorco Enters.,* No. 3:17-CV-90-RGJ-CHL, 2020 U.S. Dist. LEXIS 46921 at *53 (W.D. Ky. Mar. 18, 2020).

Here, Benlida submits that its witnesses either be directed to appear for depositions in Florida **once it is no longer unduly burdensome to do so**; *i.e.*, once the quarantine rules are lifted, or, in the alternative, that the depositions be conducted via video conference. But we submit that this Court has the discretion to order that the depositions be taken by video, and we submit that such discretion would be appropriate in this case, in order to allow the discovery to proceed expeditiously, particularly in light of the Judge Scola's issuance of an order this morning extending the discovery schedule for completion of fact discovery to June 24, 2022. (See DE 70).

---

[1] In this memorandum of law, plaintiffs employ the same abbreviations as in the defendant's motion. Thus, "Benlida" refers to Jiangmen Benlida Printed Circuit Co., Ltd.; "ROK refers to ROK Printed Circuit Co., Ltd.; "CTX" refers to Circuitronix, LLC; "CTX-HK" refers to Circuitronix Hong Kong Ltd.; and "TAC" refers to the third amended complaint.

*Second,* CTX may have already breached Art. 277 (just as it is always transgressed in U.S. litigation), by service of discovery demands seeking disclosure of documents and interrogatories by Benlida. Art. 277 purportedly makes it improper to gather any evidence in China – written or via testimony.[2] U.S. courts do not interpret Art. 277 as prohibiting written discovery. CTX has presented this Court with no basis to believe that it has subjected itself to criminal sanction in China by serving, *e.g.*, interrogatories on Benlida. Truly, there is no difference under Art. 277 between propounding questions through interrogatories, as CTX has recently done, and remote deposition questions. While some courts have found that China's interpretation of Art. 277 prohibits China-based depositions, courts have also recognized that they are not **required** to adopt China's interpretation. See, e.g., *Inventus Power v. Shenzhen Ace Battery,* 339 F.R.D. 487, 500 (N.D. Ill. 2021).

Article 277 prohibits foreign entities or individuals from serving documents, investigating, and or conducting discovery in China. CTX and its counsel are already in violation of Art. 277 because Benlida and all 23,000 documents produced by Benlida were located in China and, as per Art. 277, both the taking of depositions and obtaining other evidence in China for use in foreign courts may only be done through requests to its Central Authority under the Hague Convention. Needless to say, CTX did not serve its discovery demands upon Benlida in accordance with the Hague Convention. The fact is, neither U.S. courts nor U.S. litigants interpret Art. 277 as being

---

[2] Article 277 was quoted in *Motorola v. Hytera*, 365 F. Supp. 3d 916, 927 (N. D. Ill. 2019), as follows:
> The request for and provision of judicial assistance shall be conducted through the channels stipulated in the international treaties concluded or acceded to by the People's Republic of China. Where no treaty relations exist, the request for and provision of judicial assistance shall be conducted through diplomatic channels.
>
> The embassy or a consulate in the People's Republic of China of a foreign state may serve documents on, investigate, and take evidence from its citizens, provided that the law of the People's Republic of China is not violated and that no compulsory measures are adopted.
>
> Except for the circumstances set forth in the preceding paragraph, no foreign agency or individual may, without the consent of the competent authorities of the People's Republic of China, serve documents, carry out an investigation or collect evidence within the territory of the People's Republic of China.

binding upon them, and do not expect that litigants or their attorneys will be jailed by the Chinese authorities for conducting discovery in the ordinary manner.

Manifestly, there is no true risk of arrest, and therefore there is no legitimate reason why depositions cannot be conducted remotely, which would serve the interests of judicial economy and efficiency. Clearly, CTX has disregarded Article 277 for purposes of conducting discovery, and Article 277 should be disregarded with respect to conducting remote video depositions.

*Third,* CTX cites contradictory case law in that they assert that Benlida failed to certify that it met and conferred prior to interposing the cross-motion. CTX cites *AH Biscayne Inv'r* in support of dismissal of Benlida's cross-motion because it fails to comply with Local Rule 7.1(a)(3). However, the court stated in that case that the cross-motion was being denied because the cross-moving party "failed to provide the Court with any certification **or argument** in support thereof that it met and conferred with Defendant." *AH Biscayne Inv'r, LLC v. 1st Sun Props., LLC,* No. 16-23573-Civ (S.D. Fla. June 7, 2017) (DE 92, at pp. 16-17). Benlida's cross-motion contains explicit references to the multiple meet-and-confers that the parties had concerning outstanding discovery issues, and CTX's own motion papers note that the parties met and conferred on the issue of in-person versus remote depositions of the Benlida witnesses.

## Conclusion

For all the foregoing reasons, it is respectfully submitted that Circuitronix's motion to compel should be denied, and Benlida's cross-motion for a protective order should be granted.

Dated: New York, New York
May 6, 2022

                                                                                    MAZZOLA LINDSTROM, LLP

By:   Jean-Claude Mazzola
        1350 Avenue of the Americas, 2nd Floor
        New York, New York 10019
        jeanclaude@mazzolalindstrom.com

**To all parties vie ECF**

3

**Certificate of Service**

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on May 6, 2022 as filed with the Clerk of the Court using CM/ECF.

_____
Jean-Claude Mazzola