UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/SNOW

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD., *et al.*

Plaintiffs,

v.

CIRCUITRONIX LLC,

Defendant.
_____/

## DEFENDANT'S EXPEDITED MOTION FOR STATUS CONFERENCE ON FULLY BRIEFED, TIME-SENSITIVE MOTION TO COMPEL PLAINTIFF'S WITNESSES TO TRAVEL FROM CHINA TO THIS DISTRICT FOR DEPOSITION

Defendant Circuitronix, LLC ("CTX"), pursuant to Local Rule 7.1(d)(2), respectfully moves for entry of an Order setting a status conference to discuss Defendant's pending motion to compel Benlida's witnesses to appear for deposition in the Southern District of Florida (DE 66) as re-noticed within the discovery period, scheduled to begin *a week from today*.

### BACKGROUND

1. On April 25, 2022, CTX filed its motion to compel Benlida to produce its witnesses, including its corporate representative, to appear in person for depositions in the Southern District of Florida, as duly noticed (DE 66). Resolution of that motion will affect whether Benlida's witnesses will be required to travel from China to sit for their depositions in this case, something that will require at least several days' planning.

2. On May 3, Benlida filed a response and cross-motion for a protective order opposing producing its witnesses live for deposition (DE 67), and CTX filed its reply (DE 69) a day later. Thus, the motion has been fully briefed and ripe for adjudication since May 4, 2022.

3. Since that time, two important developments bearing on those motions have occurred. First, the Court entered an Amended Scheduling Order (DE 70), which kept the

1

October 2022 trial date intact but, as relevant here, extended the deadline for completing fact discovery by one month, to June 24, 2022.

4.  Second, afterwards, in order both to afford the Court more time to rule on the location-of-deposition issue and to accommodate Benlida's witnesses from the quickly looming deposition dates in mid-May, CTX re-noticed those depositions to new dates in June. The depositions of the seven Benlida witnesses, plus its corporate representative, have been duly re-noticed for June 3, 6, 7, 8, 9, 10, and 13.

5.  Meanwhile, this week, Benlida has deposed four CTX witnesses, with another scheduled for June 15.

## ARGUMENT

CTX respectfully submits this motion for a status conference owing to the importance of quickly resolving the pending motion to compel (and cross-motion for protective order). The passage of time without a ruling on the pending motions threatens CTX's ability to prepare its case for trial within the time set by the Court and subjects Benlida and its witnesses to uncertainty concerning long-distance travel and subsequent quarantine.

From CTX's perspective—and without arguing the merits of the pending motion to compel—the presently noticed schedule to depose Benlida's witnesses is, at this point, the only workable one. CTX had diligently noticed these depositions back in March and April to take place in late April and mid-May. After Benlida objected to producing its witnesses here, CTX promptly filed the pending motion, a month ago.[1] After the Court extended the discovery period (on Benlida's motion), CTX protectively re-noticed the depositions of Benlida's witnesses for the present dates in early June. Although that Court in the recent Amended Scheduling Order has invited the parties to stipulate informally to conduct discovery beyond the extended June 24 discovery deadline, CTX has no intention of doing so. Taking Benlida's witnesses' depositions later in June than they are scheduled would reduce the time for CTX prepare its dispositive motion (due July 1) and present its experts with potential late-breaking changes in information that could bear on their report (due June 24). CTX has been diligent, but due to Benlida's opposition and the passage of time before a ruling, has not yet been able to depose a single Benlida witness. Moreover, one of CTX's counsel planning to

---

[1] CTX's counsel has since contacted the Magistrate Judge's chambers on two occasions to communicate the time-sensitive nature of the pending motion.

take some of the depositions has pre-existing plans to leave Florida for several weeks with his family beginning on June 17.  Therefore, if the depositions of Benlida witness do not proceed on the schedule as noticed (on June 3, 6-10, and 13), it will cause CTX substantial hardship.  The inability to obtain a prompt ruling on the pending motion(s) may severely hamper its effort to prepare for trial under the existing schedule, which CTX does not wish to extend any further.

A prompt ruling also would alleviate the current uncertainty over whether Benlida's employees will be required to travel from China to the United States for deposition *beginning just one week from today*.  Under ordinary circumstances, this lengthy trip would require advance planning, both with visas and personal schedules.  But in the present pandemic, there is an even greater need for advance notice, since Chinese quarantine requirements will require the individuals to plan to quarantine for a substantial period of time upon their return to China.

## CONCLUSION

Accordingly, for the foregoing reasons, CTX respectfully requests the Court to convene a status conference on the motion(s) regarding the location of the Chinese-witness depositions as soon as the Court can accommodate it.

### Certificate of Compliance with S.D. Fla. Local Rule 7.1(a)(3)

The undersigned counsel met and conferred with counsel for Benlida by first sending a draft of this motion, but styled as a joint motion, by email just after midnight on May 26, 2022.  CTX invited Benlida to join in requesting the Court to hold a status conference to address the parties' time-sensitive pending location-of-deposition motions. Given the time sensitivity of the relief requested, CTX requested Benlida to advise CTX no later than Thursday evening of its willingness to present a joint motion to the Court so it could be filed Friday morning.  Benlida has not provided CTX with its position on this motion.

Dated:  May 27, 2022                                         Respectfully submitted

| | |
|---|---|
| **PODHURST ORSECK, P.A.**<br>*Co-Counsel for Circuitronix, LLC*<br>SunTrust International Center<br>One S.E. 3rd Avenue, Suite 2300<br>Miami, Florida 33131<br>Tel.: 305-358-2800<br><br>By: /s/ Stephen F. Rosenthal<br>Stephen F. Rosenthal<br>Florida Bar No. 0131458<br>srosenthal@podhurst.com<br>Robert C. Josefsberg<br>Florida Bar No. 040856<br>rjosefsberg@podhurst.com<br>Matthew Weinshall<br>Florida Bar No. 84783<br>mweishall@podhurst.com<br>Christina H. Martinez<br>Florida Bar No. 1029432<br>cmartinez@podhurst.com | **CHAUNCEY COLE, PA**<br>*Co-Counsel for Circuitronix, LLC*<br>9100 South Dadeland Blvd., Suite 1553<br>Miami, Florida 33156<br>Tel.:    (786) 497-7053<br><br>By: /s/ *Chauncey D. Cole IV*<br>Chauncey D. Cole, IV, Esq.<br>Florida Bar No. 102184<br>chauncey.cole@coletrial.com<br><br> |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on May 27, 2022 as filed with the Clerk of the Court using CM/ECF.

By: /s/ *Stephen F. Rosenthal*