UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/SNOW

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

Plaintiff

v.

CIRCUITRONIX, LLC,

Defendant
_____/

**JOINT MOTION FOR EXTENSION OF TIME
TO FILE STIPULATION OF DISMISSAL**

Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the Parties (Plaintiff, Jiangmen Benlida Printed Circuit Co., Ltd., and Defendant, Circuitronix, LLC) hereby jointly and respectfully request a ten day extension of time to file a stipulation of dismissal of this action. In support hereof, the parties incorporate the representations made in the prior motions for an enlargement of time, with the following further explanation as to why additional time is needed, as directed by this Court in its November 3, 2022 docket order.

1. With sincere apologies to the Court for the number of times that it has been necessary to request additional time to address new and unforeseen wrinkles in the exceptionally detailed terms of the Revised Manufacturing Agreement ("RMA") that the parties have negotiated as an integral part of their settlement agreement, we must again request yet a further extension necessary to finally resolve this case. In support of this motion, and mindful of the Court's admonition to provide further justification for any further extensions of time, we hereby provide this detailed explanation.

1

2. To resolve this case, the parties agreed to enter into an RMA that will govern substantially all aspects of their multi-million dollar, trans-Pacific partnership for the foreseeable future. The parties' business primarily concerns the manufacture and distribution of printed circuit boards ("PCBs") and related contract manufacturing services for a variety of high-tech industries ranging from computer systems to automobiles. The RMA in its current form, substantially final, contemplates a 10 year joint commercial endeavor.

3. The RMA and its annexed schedules are extremely complex and detailed, and its terms cover issues ranging from pricing and delivery, to agency and fiduciary obligations, to financial conditions, to customer lists and technical specifications (down to the micron). The RMA is the product of a joint effort, not only by the parties' legal advisors and business leaders, but also by engineers and technical experts, financial advisors, logistical specialists, and others. It has taken *a lot* of effort.

4. During the period from June 1, 2022 to the present, the RMA has been reexamined and recalibrated in light of many shifting conditions in the market. The ongoing global supply chain crisis has been a major factor contributing to the volatility of the industry, and has presented a unique challenge for the parties to formulate a suitable agreement that can provide both sides with prosperity and productivity in the coming months and years. Some of the relevant conditions that have caused the parties to adjust the terms of the RMA include changing raw material prices, currency exchange rates, labor costs, and government regulatory actions, including ongoing COVID-19 related restrictions in China.

5. The parties have endeavored in the utmost good faith to complete the RMA and close the settlement agreement, a condition of which is the finalization of the RMA. Due to all the factors mentioned above, as well as the challenges associated with the time difference between

Miami and mainland China, language barriers, and other logistical issues, finalization of the RMA has continually taken more time than originally anticipated by the parties.

6. Even so, the parties have participated cooperatively in this process and have worked hard at the negotiating table to resolve all issues by mutual agreement, even in the face of dramatically shifting market conditions, rather than pursuing additional litigation or seeking substantive Court intervention and burdening the Court with counterproductive motion practice.

7. The parties and counsel sincerely apologize for the administrative burden the repeated requests for extensions of time to finalize this agreement have placed on the Court, and we also apologize for underestimating the amount of time required to complete the RMA and lacking the foresight about certain issues that have sprung up in the course of negotiations.

8. As of this writing, the parties believe that the RMA is in substantially final form and can be fully executed by both sides within a matter of days.  On Friday, October 28th, the parties exchanged a final set of the documents for potential execution. During the weekend (October 29/30), the parties had direct principal-to-principal conversations to address a number of discrete issues regarding pricing and other essential terms, which the principals resolved, formulating the wording among themselves, and directing counsel to incorporate such revisions into the agreement.  Further revisions and execution pages were then exchanged between the parties on October 31, November 1, and November 3, 2022, with the parties' counsel in nearly constant communication in an effort to complete the closing without the need to request further extensions of time from the Court.

9. The most recent version of the documents was provided by counsel on Thursday, November 3, at 9:02 pm.  The parties' counsel also had two telephonic meetings on November 4, 2022, concerning the final execution of the RMA.  Counsel for both parties expect all terms to be

accepted and agreed by both sides, with final execution to occur in a matter of days, perhaps as early as Saturday, November 5.

10. So that the Court is fully appraised, an important term of the settlement agreement is that after execution, Circuitronix has a right to review Benlida's certified financial documents, as Circuitronix is making a substantial up-front payment, in consideration of entering into a long-term manufacturing agreement.

11. At rather substantial expense, once Benlida executed what it had believed were the final versions of the settlement agreement and the manufacturing agreement, it directed that the financials be translated into English. This has been accomplished on an expedited basis, and Benlida's counsel has received the translation in hand, and will turn it over to Circuitronix's counsel, as specified in the settlement agreement, once Circuitronix executes the settlement agreement and RMA. In the meantime, Benlida's counsel is having a bilingual CPA double-check the translation and confirm its accuracy.

12. Under the settlement agreement, once Circuitronix reviews the financials, Circuitronix may cancel the settlement if, based upon the financials, it determines that there is a substantial risk of insolvency on the part of Benlida. It has 5 days from the date the financials are provided to it to complete the financial review.

13. The parties and their attorneys are working extraordinarily hard to get this deal done; however, we trust that the Court understands that commercial clients engaged in the high-tech sector can understandably be extremely detail-oriented and meticulous in drafting a contract governing a far-reaching, international commercial partnership with many moving parts. There are many trees in the forest; we attorneys see the entire forest, and our clients are just doing some pruning of individual trees. When this is all done, we trust that they will see the forest.

14. We respectfully – and on behalf of our clients, apologetically – request an additional ten days to complete the deal. This may be more time than actually necessary but we endeavor to avoid having to come back to the Court again.

## CONCLUSION

Accordingly, the Parties respectfully request that the Court grant this motion and grant leave to file a stipulation of dismissal on or before November 14, 2022.

Dated: November 14, 2022                                  Respectfully submitted,

| **MAZZOLA LINDSTROM LLP** | **CHAUNCEY COLE, PA** |
|---|---|
| *Attorneys for Plaintiff Benlida* | *Co-Counsel for Circuitronix, LLC* |
| | 9100 South Dadeland Blvd., Suite 1553 |
| By: */s/ Jean-Claude Mazzola* | Miami, Florida 33156 |
| Jean-Claude Mazzola | Tel.:   (786) 497-7053 |
| 1350 Avenue of the Americas, 2nd Floor New York, NY 10019 | |
| 646.250.6666 | By: /s/ *Chauncey D. Cole IV* |
| jeanclaude@mazzolalindstrom.com | Chauncey D. Cole, IV, Esq. |
| | Florida Bar No. 102184 |
| | chauncey.cole@coletrial.com |
| |  |
| | and |
| | **PODHURST ORSECK, P.A.** |
| | *Co-Counsel for Circuitronix, LLC* |
| | SunTrust International Center |
| | One S.E. 3rd Avenue, Suite 2300 |
| | Miami, Florida 33131 |

5

|  | Tel.: 305-358-2800 |
|---|---|
|  | Stephen F. Rosenthal<br>Florida Bar No. 0131458<br>srosenthal@podhurst.com<br>Robert C. Josefsberg<br>Florida Bar No. 040856<br>rjosefsberg@podhurst.com<br>Matthew Weinshall<br>Florida Bar No. 84783<br>mweishall@podhurst.com<br>Christina H. Martinez<br>Florida Bar No. 1029432<br>cmartinez@podhurst.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via electronic mail on a registered CM/ECF user on November 5, 2022.

By: /s/ *Chauncey D. Cole IV*
Chauncey D. Cole IV