UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/GOODMAN

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD., *et al.*

Plaintiffs,

v.

CIRCUITRONIX LLC,

Defendant.
_____/

**DEFENDANT'S MOTION FOR SMALL MODIFICATION OF SCHEDULE
IMPOSED BY YESTERDAY'S ORDER**

  Defendant Circuitronix, LLC ("CTX"), through undersigned counsel, respectfully moves for a small modification of the compressed briefing schedule the Court imposed in yesterday's order [DE 106]. Recognizing that the Court imposed a high bar to any motion of this nature ("compelling circumstances bordering on a bona fide emergency"), CTX would still be remiss in not bringing to the Court's attention the serious bind that the schedule the Court selected without any input from the parties places counsel in.

  The order advances the deadline for CTX's response to Plaintiff Benlida's motion to enforce the settlement agreement [DE 104] from its default date under the local rules (December 12, 2022) to Wednesday, December 7, 2022. That revised deadline is *highly problematic* for both of the lawyers for CTX knowledgeable of this issue, Chauncey Cole, IV and Stephen Rosenthal.

  Mr. Cole is preparing to begin a special-set jury trial in Broward County Circuit Court on Monday, December 5, before Judge Jeffrey Levenson in the case of *Topsearch Printed Circuits Macao Commercial Offshore Co. Ltd. v. Circuitronix, LLC*, No. CACE 17003780 (17th Jud. Cir., Broward Cty., Fla.). Mr. Cole is trying that case alone. That trial is expected to last at least five days. Mr. Cole will simply not have time to work on the response in this case prior to or during the *Topsearch* trial.

1

Mr. Rosenthal will also be extremely hard-pressed to prepare CTX's response by December 7, for a combination of reasons. First, Mr. Cole handled and was witness to the final stage of settlement discussions placed at issue by Benlida's motion; Mr. Rosenthal was occupied in a trial during that period. As a result, Mr. Rosenthal will need to consult with Mr. Cole in the preparation of CTX's response. Second, Mr. Rosenthal will be preparing to present oral argument in the U.S. Court of Appeals for the Eleventh Circuit on December 8, 2022, in two consolidated appeals, *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, No. 21-12428 (11th Cir.) and *MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*, No. 21-12439 (11th Cir.). Mr. Rosenthal has budgeted time to prepare for those complex cases—in recognition of which the Eleventh Circuit allotted extra oral argument time—between Friday, December 2 and Wednesday December 7, due to his obligation to file an appellate brief on December 1 in another case, *Cottington Road TIC, LLC v. Ardaman & Assocs., Inc.*, No. 5D2022-0535 (Fla. 5th DCA). Indeed, Mr. Rosenthal has two long-planned moot court sessions with his clients and co-counsel in the consolidated federal appeals on December 2 and December 6, 2022.

Under these circumstances, which the Court was of course not aware of, it will be impossible for CTX's counsel to prepare the response by December 7 *without sacrificing their duty of diligence to their clients in the other cases*. *See* R. Reg. Fla. Bar 4-1.3. The undersigned respectfully submit that these circumstances qualify as "compelling," particularly since counsel had no warning that the Court would impose such a short deadline and these pre-existing obligations cannot be shifted.

With only a slight modification of the schedule the Court selected, the Court can accommodate these pre-existing obligations without any prejudice to Benlida. Specifically, CTX respectfully asks that the Court reinstate the default deadline for CTX's response to the motion to enforce the settlement back to December 12. In order not to shortchange Benlida on time for its reply, or deprive the Court of the advance notice before the hearing that it desired, this adjustment would require moving the hearing date back by some number of days, or possibly into the week of December 19.

While CTX respects the Court's intention to resolve this dispute quickly, there is frankly no great urgency. If Benlida is correct that CTX's termination of the recently reached settlement agreement was invalid, such that the agreement remains binding (something CTX

2

disputes), then Benlida can attempt to remedy any resulting injury that it may have suffered in the interim through the mechanism the parties agreed to in their agreement, which includes an attorney's fees provision.  Although Benlida has already failed to comply with the dispute-resolution requirements in the agreement (which they claim remains in force), Benlida has asked the Court to "award[ it] attorney's fees and costs, pursuant to the settlement agreement." Motion [DE 104] at 17 & n.7.  It is hard to fathom what material prejudice Benlida could suffer from a short adjustment in the hearing schedule.

Finally, if the Court maintains the date for the evidentiary hearing for December 14, CTX must request that its CEO, Rishi Kukreja, be permitted to testify remotely via videoconference.  Mr. Kukreja has pre-existing plans to be out of the country on that date, and he was the key decision-maker for CTX in exercising its discretion under the settlement agreement to void the agreement.

For the foregoing reasons, CTX respectfully requests that the Court enter an order: (1) restoring the filing deadline for CTX's response to December 12, 2022; (2) moving the date of the evidentiary hearing back accordingly; and (3) alternatively, if the Court keeps the evidentiary hearing on December 14, allowing Mr. Kukreja to testify remotely.

### Certificate of Compliance with S.D. Fla. Local Rule 7.1(a)(3)

Counsel for CTX, Stephen Rosenthal, hereby certifies that he conferred with counsel for Benlida, JC Mazzola, by telephone on November 30, 2022 concerning the relief sought in this motion, followed by a confirmatory email exchange on December 1, 2022.  Benlida opposes all of the relief sought in this motion.

Dated:  December 1, 2022

Respectfully submitted

| | |
|---|---|
| **PODHURST ORSECK, P.A.** | **CHAUNCEY COLE, PA** |
| *Co-Counsel for Circuitronix, LLC* | *Co-Counsel for Circuitronix, LLC* |
| One S.E. 3rd Avenue, Suite 2300 | 9100 South Dadeland Blvd., Suite 1553 |
| Miami, Florida 33131 | Miami, Florida 33156 |
| Tel.: 305-358-2800 | Tel.:   (786) 497-7053 |
| | |
| By:  /s/  *Stephen F. Rosenthal* | By: /s/ *Chauncey D. Cole IV* |
| Stephen F. Rosenthal | Chauncey D. Cole, IV, Esq. |

Florida Bar No. 0131458  
srosenthal@podhurst.com  
Robert C. Josefsberg  
Florida Bar No. 040856  
rjosefsberg@podhurst.com  
Matthew Weinshall  
Florida Bar No. 84783  
mweishall@podhurst.com  
Christina H. Martinez  
Florida Bar No. 1029432  
cmartinez@podhurst.com  

Florida Bar No. 102184  
chauncey.cole@coletrial.com  



**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on December 1, 2022 as filed with the Clerk of the Court using CM/ECF.

By: /s/ *Stephen F. Rosenthal*  
Stephen F. Rosenthal