**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-60125-CIV-SCOLA/GOODMAN**

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD., *et al.*

      Plaintiffs,

v.

CIRCUITRONIX LLC,

      Defendant.
_____/

## **CIRCUITRONIX, LLC'S MOTION TO FILE EXHIBITS UNDER SEAL**

Defendant, Circuitronix, LLC ("CTX") moves, pursuant to Fed. R. Civ. P. 26(c)(1)(G) and Local Rule 5.4(b)(1), for leave to file under seal several confidential documents referenced as exhibits to its Response to Motion to Reopen and Enforce Settlement Agreement (Docket Entry ("DE") [112]). Good cause exists to file these materials under seal, to varying degrees, as set forth below.

Plaintiff, Jiangmen Benlida Printed Circuit Co. Ltd. ("BLD"), has filed a motion to enforce the parties' settlement agreement, arguing that CTX's exercise of its contractually conferred right to declare the settlement void was somehow invalid. DE [104]. CTX's response to that motion explains why that argument should be rejected. Following the filing of BLD's motion, the Court scheduled an evidentiary hearing on the motion. Several documents containing information that the parties agreed to treat as confidential provide important context for the Court's consideration of the motion, CTX's response, and for the evidentiary hearing.

1

Specifically, CTX's response references, and invites the Court's review of, the following five categories of documents (totaling seven electronic documents), which CTX cannot file in the public docket, for the reasons stated below:

|   | Document(s) | Reason for filing under seal | Reference in declaration accompanying CTX's response |
|---|---|---|---|
| 1 | Settlement Agreement ("SA") | Confidential by its terms (SA, ¶ 8) | DE [112-1], ¶ 2(a) (Ex. A) |
| 2 | Revised Manufacturing Agreement ("RMA") | Confidential by its terms (SA, ¶¶ 2, 8; RMA, ¶ 8) | DE [112-1], ¶ 2(b) (Ex. B) |
| 3 | Draft version of the Settlement Agreement | Confidential by its terms (SA, ¶¶ 2, 8; RMA, ¶ 8) | DE [112-1], ¶ 2(c) (attachment to Ex. C) |
| 4 | BLD's financial documents (2 documents) | Confidential (SA, ¶¶ 3(a), 8) | DE [112-1], ¶ 2(d) (attachment to Ex. F) |
| 5 | Spreadsheets CTX compiled to present BLD's financial information (2 Excel spreadsheets) | Contains BLD's confidential financial information (*see* No. 4) | DE [112-1], ¶ 2(a) (attachment to Ex. G) |

CTX will, at the Court's direction, submit these documents to the Court *in camera* should it wish to review them before ruling on this motion.[1]

Good cause exists for *some* of these documents to be permitted to be filed under seal. *See* Fed. R. Civ. P. 26(c)(1)(G) (establishing "good cause" standard for issuance of a protective order concerning commercially sensitive information); *see Guarantee Ins. Co. v. Heffernan Ins. Brokers, Inc.*, No. 13-23881-CIV, 2014 WL 5305582, at *1 (S.D. Fla. Oct. 15, 2014) (Goodman, J.) (observing that Rule 26 "authorizes a court, for **good cause,** to enter a protective order to seal or to limit disclosure").

---

[1] CTX exchanged these documents with BLD prior to filing this motion. We note that BLD objects to the form of Settlement Agreement and the RMA in that they do not attach executed signature pages. However, executed signature pages were never affixed to the contracts, so we are providing these documents in their original form at the time this dispute arose, rather than modifying them after the fact.

The reason these documents have been designated as confidential is that one or both parties consider them to contain confidential, commercially sensitive, proprietary information and/or trade secrets, the public disclosure of which could cause them competitive financial harm. As a general matter, that is a valid basis to place such sensitive information under seal and maintain its privacy. *See, e.g.*, *Abel v. Dillard's, Inc.*, No. 3:19-CV-75-J-20MCR, 2019 WL 13247339, at *2 (M.D. Fla. Aug. 7, 2019) (citing *Patent Asset Licensing, LLC v. Bright House Networks, LLC*, Case No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, *2 (M.D. Fla. May 24, 2016) and *Bastian v. United Servs. Auto. Assoc.*, Case No. 3:13-cv-1454-J-32MCR, 2014 WL 6908430 (M.D. Fla. Dec. 8, 2014)). We address each of the five document categories more particularly below, however, since different circumstances apply to each, and the law requires a particularized inquiry.

1. Settlement Agreement: The Settlement Agreement, in and of itself (divorced from the RMA which it incorporates), does not contain much commercially sensitive information from CTX's perspective, but CTX is obligated to treat it as confidential by its terms, provided it remains in effect. It plainly contains some information that should not be made public, such as BLD's counsel's banking information. *See* Settlement Agreement, ¶ 1. CTX would have no objection to an order unsealing the Settlement Agreement (without the RMA), appropriately redacted to protect that banking information. The same is true for the draft of the Settlement Agreement (No. 3, below).

2. Revised Manufacturing Agreement. The RMA contains the most sensitive information from CTX's perspective and should in substantial part be permitted to be filed under seal. It contains a confidential list of CTX's exclusive customers, the identity of which CTX considers commercially sensitive, proprietary information. *See* RMA, ¶ 1.7 & Schedule A

(Exclusive Customer List).  This Court has recently recognized that such information may properly be filed under seal.  *See ADT LLC, v. Vivint Smart Home, Inc.*, No. 20-CV-23391, 2022 WL 17736186, at *1 (S.D. Fla. Dec. 16, 2022) (Goodman, J.) (permitting the filing under seal of portions of documents revealing "customer information and confidential and other proprietary information"); *see also Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 5928586, at *2 (S.D. Fla. Nov. 1, 2013) (Goodman, J.) (granting motion to seal document containing "the names of potential customers" because disclosure of that information to "competitors may reasonably cause potential financial harm to [the party's] business").

Likewise, the RMA contains several other components that CTX also considers highly commercially sensitive, proprietary information, such as its detailed pricing parameters, *see* RMA, ¶¶ 1.7, 2 & Schedule B (Pricing Matrix), and its "Lead-Time Schedule" governing production times and resulting price discounts, *see* RMA, ¶ 3.1 & Schedule C (Lead-Time Schedule and Lead-Time Discount).  These commercially sensitive components of the RMA merit protection from public filing for similar reasons.

   3. <u>Draft of Settlement Agreement</u>.  *See* No. 1, *supra*.

   4. <u>BLD's financial documents</u>.  CTX agreed in the Settlement Agreement to keep this information confidential.  However, BLD has plainly waived the right it otherwise would have had to maintain that information filed under seal by virtue of having filed its substantive motion to enforce the Settlement Agreement which, at its very core, challenges CTX's appraisal of BLD's own financial stability, and in particular what these financial documents reveal on the subject.  BLD's motion disputes that CTX could have, in good faith, viewed the financial documents BLD sent it—in compliance with the condition in Paragraph 3(a) of the Settlement Agreement that BLD furnish such information to enable CTX to evaluate BLD's financial

stability—as support for the view that BLD faces an unacceptable risk of instability.  *See* Motion to Reopen and Enforce Settlement Agreement, DE [104], at 15, ¶ 52 (BLD arguing that "there has been no good-faith termination of the settlement agreement, *inasmuch as there has been no particularized basis to believe that Benlida faces a short- to medium-term risk of insolvency, much less financial collapse*") (emphasis added).  Necessarily then, BLD has placed its own finances at the center of the dispute it has asked the Court to resolve.  Under such circumstances, information that might otherwise be entitled to protection loses that shield from public view.  Magistrate Judge Louis' observations in connection with mediation-privileged information apply with equal force to commercially sensitive information:

> courts have consistently recognized the admissibility of mediation communications when a party "raise[s] an issue which necessarily requires an evaluation of how the settlement was conducted[.]"  *Carles Const., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 56 F. Supp. 3d 1259, 1274 (S.D. Fla. Mar. 31, 2014).  *See Cooper v. Meridian Yachts, Ltd.*, No. 06-61630-CIV, 2008 WL 2229552, at *11 (S.D. Fla. May 28, 2008) ("[B]ecause [Plaintiffs] must necessarily demonstrate the reasonableness of their settlement ... they have waived claims of privilege with respect to the evidence necessary to evaluate that issue, and [Plaintiffs'] documents concerning the substance and motivation behind the settlement ... must be released...."); *Strong* [*v. Geico Gen. Ins. Co.*], 2017 WL 1006457, at *4 [(M.D. Fla. Mar. 15, 2017)] ("Plaintiff has asserted claims in the Complaint that specifically relate to Defendant's settlement offers, or lack thereof.  As such, the proof of the Plaintiff's claims and Defendant's defense of those claims will necessitate the introduction of evidence concerning any settlement offers.")

*Roland Corp. v. InMusic Brands, Inc.*, No. 17-CV-22405, 2020 WL 10818392, at *3 (S.D. Fla. July 3, 2020).

Although CTX does not believe that BLD's financial information is entitled to protection under the law now that BLD has placed its own finances squarely at issue in this proceeding, CTX has nonetheless treated the information as confidential, pending resolution of this motion.  It bears mention, even absent a waiver, that only some of the financial information BLD put in

play is commercially sensitive in nature, such as the amount of money it reports having in its accounts or the amount of its debt; other aspects of the information it disclosed to CTX are not sensitive.

5. <u>CTX's spreadsheets containing BLD's financial data</u>.  These documents should be treated the same way as BLD's financial documents.  Given that BLD has effectively waived the confidentiality of its financial documents, CTX's spreadsheets should not have to be treated as confidential either.

For the foregoing reasons, CTX requests respectfully requests that the Court initially permit all of these documents to be filed under seal for purposes of CTX's response to BLD's motion to enforce the settlement agreement.  Beyond that initial treatment, CTX requests that the Court subsequently enter an order, after an opportunity for *in camera* inspection, and at a time the Court deems appropriate: (1) unsealing the Settlement Agreement and draft of the Settlement Agreement (Nos. 1 and 3 in the chart above), but first allowing for the redaction of the defense counsel's banking information from them; (2) unsealing the Revised Manufacturing Agreement (No. 2 in the chart), but allowing for the redaction of the commercially sensitive information therein discussed above; (3) unsealing BLD's financial information (No. 4 in the chart); and (4) unsealing CTX's spreadsheets containing BLD's financial data (No. 5 in the chart).

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

I hereby certify that I have conferred with counsel for BLD, Richard Lerner, concerning the relief requested in this motion.  CTX conveyed each of its specific positions with respect to the potential unsealing of each document in question.  BLD responded that while it does not object to

these documents being filed under seal, it would object to the unsealing of any portions of any of them.

By: /s/ *Stephen F. Rosenthal*
Stephen F. Rosenthal

Dated: December 21, 2022

Respectfully submitted

| **PODHURST ORSECK, P.A.** | **CHAUNCEY COLE, PA** |
|---|---|
| *Co-Counsel for Circuitronix, LLC* | *Co-Counsel for Circuitronix, LLC* |
| One S.E. 3rd Avenue, Suite 2300 | 9100 South Dadeland Blvd., Suite 1553 |
| Miami, Florida 33131 | Miami, Florida 33156 |
| Tel.: 305-358-2800 | Tel.: (786) 497-7053 |
| | |
| By: /s/ *Stephen F. Rosenthal* | By: /s/ *Chauncey D. Cole IV* |
| Stephen F. Rosenthal | Chauncey D. Cole, IV, Esq. |
| Florida Bar No. 0131458 | Florida Bar No. 102184 |
| srosenthal@podhurst.com | chauncey.cole@coletrial.com |
| Robert C. Josefsberg | |
| Florida Bar No. 040856 | |
| rjosefsberg@podhurst.com | |
| Matthew Weinshall | |
| Florida Bar No. 84783 | |
| mweishall@podhurst.com | |
| Christina H. Martinez | |
| Florida Bar No. 1029432 | |
| cmartinez@podhurst.com | |



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on December 21, 2022 as filed with the Clerk of the Court using CM/ECF.

By: /s/ *Stephen F. Rosenthal*
Stephen F. Rosenthal