# United States District Court
# Southern District of Florida

### Case No. 21-60125-CIV-Scola/Goodman

---------------------------------------------------
JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

                Plaintiff,

v.

CIRCUITRONIX, LLC,

                Defendant.

---------------------------------------------------

## Benlida's Memorandum in Opposition to Unsealing Exhibits Filed Under Seal With Regard to Motion to Enforce Settlement

**MAZZOLA LINDSTROM LLP**
*Attorneys for Plaintiff Benlida*
Jean-Claude Mazzola
1350 Avenue of the Americas, 2nd Floor
New York, NY 10019
646.250.6666
jeanclaude@mazzolalindstrom.com

December 28, 2022

1

Plaintiff Benlida, by the law firm of Mazzola Lindstrom LLP, and counsel of record Jean-Claude Mazzola, hereby submits this memorandum of law, and accompanying declaration of Tracy Huang in opposition to the unsealing of the following documents:

1) The settlement agreement (DE 112-1, exhibit A to Cole declaration).
2) The Revised Manufacturing Agreement (DE 112-1, exhibit B to Cole declaration).
3) Draft version of settlement agreement (DE 112-1, exhibit C to Cole declaration).
4) Benlida's financial documents (DE 112-1, exhibit F to Cole declaration).
5) CTX spreadsheets incorporating data from Benlida's financial documents. (DE 112-1, exhibit G to Cole declaration).

### A. Legal Standard for Maintaining Documents Under Seal

As the court and Benlida are aware, the common-law right of access, while an essential component of the judicial system, is not an absolute right. See *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). A judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question. See *Local Access v. Peerless Network*, 2017 U.S. Dist. LEXIS 143611, 2017 WL 3896407, at *6 (M.D. Fla. Sept. 6, 2017) (citing *Chemence Med. Prods. v. Medline Indus.*, 2015 U.S. Dist. LEXIS 2958, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12. 2015)). This right of access may be overcome by a showing of good cause. See *Romero*, 480 F.3d at 1246. Whether good cause exists is determined by the nature and character of the information in question. *Id.* (quoting *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1315 (11th Cir. 2011). A party's privacy or proprietary interest in the relevant information sometimes overcomes the interest of the public in accessing this information. See *Romero*, 480 F.3d at 1246 (citing *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978)). However, when evaluating the privacy interests of parties versus the public interest in accessing information, the Eleventh Circuit considers, among other factors, (1) whether allowing access would impair the functions of the court or harm legitimate privacy interests; (2) the

degree and likelihood of injury if made public and (3) the availability of a less onerous alternative. See *Romero*, 480 F.3d at 1246 (citing to *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

### B. Argument

The documents that Benlida requests that the court maintain under seal were exchanged in furtherance of confidential settlement negotiations, and were thus ancillary to the court-ordered confidential mediation process. (See DE 22, "6. All proceedings of the mediation will be confidential and privileged.") Additionally, the parties executed a stipulated protective order, protecting documents exchanged in confidence from disclosure. (See DE 60). The documents at issue, while not "disclosure" per se, were exchanged in confidence, with the same expectation that Benlida's privacy would be protected as if they had been exchanged as formal discovery. See *Local Access*, 2017 U.S. Dist. LEXIS 143611 at *6-7, wherein the court stated:

> The information the parties are asking the Court to seal includes the terms upon which the Court found they settled this dispute, and information that is commercially and competitively sensitive. The parties have consistently evidenced their intent to keep all of this information confidential and in prior Orders, the Court has sealed the same and similar information. The Court understands that the information is not currently publicly available, and there does not appear to be any other method, short of sealing, that will preserve the confidentiality of the information. For these reasons, the Court finds that the parties' interests in the privacy of the information sought to be filed under seal outweighs the public's right of access. Now, the motions to seal are GRANTED. The parties shall file their motions in redacted form on the docket and the unredacted versions will be accepted by the Clerk for filing UNDER SEAL.

Here, the documents at issue contain non-public financial information regarding Benlida's business, as well as special pricing terms that are part and parcel of the settlement, and exchanged in furtherance of the settlement. (See accompanying declaration of Huang "Tracy" Sulan). If other Benlida customers learn of the favorable pricing terms offered to CTX in order to settle this case, those customers may also request the same pricing that CTX has been offered. The pricing terms set forth in the RMA were only made available to CTX in order to facilitate the settlement of this action. This

3

special pricing is to last ten years, and the likelihood of injury that would result if other purchasers of Benlida's products were to learn of this information is great.

Benlida respectfully submits that the information described above is commercially sensitive, and therefore the privacy interests outlined above outweigh the common-law right of access to these documents. *Id.* Additionally, the documents are ancillary to the mediation and settlement process – which was, by court order, confidential. Since the issue as to whether the settlement must now be enforced cannot be resolved by any other method, the court should defer the issue of unsealing until the hearing on January 13, 2023, and make such rulings at that time that properly balance the public's common-law right of access to court proceedings, and the documents upon which the court bases its rulings, and the parties' respective rights to protect its confidential information.

### Conclusion

WHEREFORE, at this time, and until the hearing on January 13, 2023, the documents at issue should remain under seal.

Dated: December 28, 2022

Respectfully submitted,

**MAZZOLA LINDSTROM LLP**
*Attorneys for Plaintiff Benlida*

By: */s/ Jean-Claude Mazzola*
Jean-Claude Mazzola
1350 Avenue of the Americas, 2nd Floor
New York, NY 10019
646.250.6666
jeanclaude@mazzolalindstrom.com

**Certificate of Service**

I HEREBY CERTIFY that a true copy of the foregoing has been served via electronic mail on a registered CM/ECF user on December 28, 2022.

By: /s/ *Jean-Claude Mazzola*
Jean-Claude Mazzola