# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

### CASE NO. 21-60125-CIV- SCOLA/GOODMAN

JIANGMEN BENLIDA PRINTED CIRCUIT
CO., LTD.,

    Plaintiff,

v.

CIRCUITRONIX, LLC,

    Defendant.

_____/

### **POST-EVIDENTIARY HEARING ADMINISTRATIVE ORDER**

On January 13, 2023, the Undersigned held an evidentiary hearing on Plaintiff Jiangmen Benlida Printed Circuit Co., Ltd.'s Motion to Reopen and Enforce Settlement Agreement [ECF No. 104]. At the hearing, the Undersigned **ordered** as follows:

The parties will order the transcript of the evidentiary hearing on an expedited basis.

By **Monday, February 13, 2023**, each side will submit a Word-version proposed Report and Recommendations to the Undersigned's CM/ECF mailbox (goodman@flsd.uscourts.gov). Each proposal will also be served on opposing counsel. The proposed Report and Recommendations will discuss the facts and the law, will include proper citations to the record (including the exhibits and the testimonial evidence), and will be in a format which is appropriate for my signature. The proposed Report and Recommendations will be <u>double-spaced</u> and will not exceed 35 pages.

Defendant contends that its termination was proper and that it properly exercised its contractual right, found in the Settlement Agreement, to void (which the parties sometimes called "terminate") the Settlement Agreement. On the other hand, Plaintiff contends that Defendant did not exercise this contractual authority in good faith and that its *actual* reason for sending the termination letter was to obtain more time to study Plaintiff's financial condition because the deadline in which it had to trigger its contract-termination authority was about to expire.

Given this dynamic, the proposed Report and Recommendations should *also* address the legal consequences arising from a scenario in which *two* reasons motivated Defendant's decision to void/terminate the Settlement Agreement: (1) it did, in fact, have substantial concerns that Plaintiff faced an unacceptable risk of instability in mid-November 2022, and (2) it nevertheless also wanted to further study Plaintiff's financial picture, and obtain answers to its questions, before making a *final* decision on whether to terminate or go forward with the Settlement Agreement. Phrased differently, what is the legal result if **both** sides are correct about Defendant's motivation to void/terminate the Settlement Agreement?

The proposed Report and Recommendations should also discuss Defendant's argument that the dispute does not even belong before this Court because the Settlement Agreement, through its incorporation of the Revised Manufacturing Agreement, has a mandatory conflict-resolution provision which requires the dispute to be submitted to another tribunal.

The Undersigned will be issuing the Report and Recommendations under seal. The

parties will have ten (10) days from the date of the filing of the Report and Recommendations to jointly file on CM/ECF a proposed redacted version of the Report and Recommendations. The parties shall also by the same deadline submit a Word format version of the proposed redacted version of the Report and Recommendations to the Undersigned's efile inbox. In determining which portions of the Report and Recommendations to redact, the parties should err on the side of public disclosure and keep in mind that "judicial records [are] subject to a presumption of public access." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1365 (11th Cir. 2021).

At the conclusion of Plaintiff's case-in-chief at the evidentiary hearing, Defendant made an *ore tenus* motion for the equivalent of a directed verdict. Defendant renewed that motion at the close of all the evidence. Both times, the Undersigned reserved ruling on Defendant's motion.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on January 17, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record