# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

## CASE NO. 21-60125-CIV- SCOLA/GOODMAN

JIANGMEN BENLIDA PRINTED CIRCUIT
CO., LTD.,

      Plaintiff,

v.

CIRCUITRONIX, LLC,

      Defendant.

_____/

## SUPPLEMENTAL BRIEFING ORDER

In a November 17, 2022 letter entitled "Notice of Termination of Settlement Agreement," Defendant Circuitronix's ("CTX") counsel wrote to counsel for Plaintiff Jiangmen Belinda Printed Circuit Co., Ltd. ("BLD") and terminated the Settlement Agreement between the parties pursuant to Section 3a of the Settlement Agreement. The letter advised that CTX had carefully reviewed BLD's financial statements and "**determined**" that "BLD faces an unacceptable risk of instability, and has failed to demonstrate that BLD does not face a short to medium term risk of insolvency or financial collapse." (emphasis supplied).

Before arranging for this letter to be sent, however, CTX had its top in-house financial executive, Celin Astudillo, review the financial statements and participate in a November 17, 2022 Zoom conference call with BLD executives. Mr. Astudillo prepared a November 14, 2022

email entitled "First pass Benlida Analysis" and a November 21, 2022 email entitled "Conference Call Thursday November 17."

The "first pass" email memorandum does not say that Mr. Astudillo had, in fact, determined that BLD faces an "unacceptable risk of instability." Instead, it points out myriad concerns and raises several questions, many of which he could not answer because the information was not detailed enough. The memorandum ends with the following point: "To have a better understanding of the company standing, detailed information per customers, line of product, aging of AR and AP as well as inventory longevity will provide a more accurate view of the company as well as detailed trial balance to avoid misclassification due to the unformatted reports provided."

The November 21, 2022 summary of the November 17, 2022 conference call does not expressly state that Mr. Astudillo or CTX had actually determined that BLD was financially unstable. Instead, it summarized BLD's explanations and purported answers to questions about receivables, cash flow, a new factory, pledged transactions and other topics of concern. The tone was one of wariness, and the summary revealed the substantial concerns which CTX had (and which prompted its questions). For example, it notes that CTX mentioned, in the conference call, that BLD has "consistently" faced "cash flow shortages." Similarly, the email pointed out that CTX told BLD that "Cash Flow resulting from Operations is very small" and "could represent a challenge at the moment to pay debt."

In a post-termination November 22, 2022 email, CTX's counsel wrote to BLD's counsel, advising that it "is clear" that "there are some very serious **concerns** on our side

about the financial condition of BLD and its future as a going concern." (emphasis added). The letter than said that CTX wanted to try to "**alleviate** those concerns" through "further disclosure and discussion," with the "goal of achieving a sufficient level of assurance." (emphasis added).

Given this background, the Undersigned would like each party's proposed Report and Recommendations to discuss the following (among other points):

1.      Does the Settlement Agreement permit CTX to void/terminate the Settlement Agreement if it legitimately had myriad and substantial *concerns* over BLD's financial health but had not yet, as of the time the termination letter was sent, definitively "determined" that BLD's financial picture had actually deteriorated to the point where it posed "an unacceptable risk of instability."

2.      Assume, for the sake of discussion, that CTX had, in fact, determined by November 17, 2022 that BLD did actually present an "unacceptable risk of instability." What impact, if any, does its counsel's November 22, 2022 letter, seeking additional information so CTX could achieve "a sufficient level of assurance" and "move forward toward a potential closing of the current proposed agreement," have on the termination letter?

3.      Assume, for the sake of discussion, that CTX **had** actually determined, in its sole discretion and by November 17, 2022, that BLD faced an unacceptable risk of financial instability even though Mr. Astudillo's two emails did not expressly state that as a conclusion. Is the absence of written confirmation of the determination sufficient to justify a conclusion that CTX did not exercise its discretion in good faith (assuming, for the sake of discussion,

that good faith is required)?

4.      Page 31 of the financial statements BLD provided to CTX represents that BLD "has no significant pending litigation and has no contingent liabilities that should be disclosed." But BLD was involved in a $13 million lawsuit (with a $1 million counterclaim) at the time. During the hearing, CTX suggested that this representation is false. The record evidence does not show that CTX focused on this purported misrepresentation at the time its counsel sent the termination letter. Can CTX rely on this apparent misrepresentation to bolster the grounds for its termination letter if: (1) it did not notice the alleged misrepresentation at the time, and (2) the misrepresentation does not directly involve financial instability?

Because the Undersigned is pinpointing additional issues to be evaluated in the proposed Reports and Recommendations, I am increasing the maximum page limit to forty (40) double-spaced pages.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on January 17, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record