**Exhibit T**

**Draft of the Settlement Agreement (October 25, 2022)**
**– Note: Added and redacted per Judge Goodman's January 18, 2023 Paperless Order.**

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (this "Agreement") is entered into by and between: Jiangmen Benlida Printed Circuit Co., Ltd. ("BLD") and ROK Printed Circuit Co., Ltd. ("ROK") (referred to together as "BLD/ROK") on one hand; and Circuitronix, LLC ("CTX") and Circuitronix Hong Kong, Ltd. ("CTX-HK") (referred to together as "CTX/CTX-HK") on the other hand (BLD/ROK and CTX/CTX-HK shall hereinafter be collectively referred to as the "Parties" and individually as a "Party"). The effective date of this Agreement is the last date on which the last Party executes this Agreement ("Effective Date").

### BACKGROUND

WHEREAS BLD is the Plaintiff in a legal action pending in the United States District Court, Southern District of Florida, *Jiangmen Benlida Printed Circuit Co., Ltd. v. Circuitronix, LLC*, Case 0:21-cv-60125-RNS (S.D. Fla.) (the "Litigation");

WHEREAS CTX is the Defendant and counterclaimant in the Litigation;

WHEREAS ROK and CTX-HK are affiliates of BLD and CTX, respectively, and have interests associated with the Litigation by virtue of their affiliations with BLD and CTX, and the Parties' business together;

WHEREAS the Parties desire to resolve the Litigation and have agreed to resolve the Litigation on the terms set forth in this Agreement;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties hereby agree as follows:

### TERMS

1.    **Settlement Payment**. CTX shall pay BLD the total amount of $5,000,000.00 (USD) as follows (the "Settlement Payment"):

   a.   $1,500,000.00 within 10 business days of the Effective Date of this Agreement.

   b.   $150,000.00 per month, starting 12 months from the Effective Date of this Agreement, for 23 months (with the exception of the final installment being $200,000 rather than $150,000). Payment shall be by wire, or other electronic transfer of funds to:



2.      **Revised Manufacturing Agreement**.       BLD  and  CTX/CTX-HK  hereby
agree and enter into the contemporaneously executed Revised Manufacturing Agreement
("Revised Manufacturing Agreement"), attached hereto as **Exhibit 1**.  The Revised Manufacturing
Agreement is an essential and necessary component of this Agreement, and its terms are
specifically incorporated herein by reference.  The Revised Manufacturing Agreement includes all
commercial terms not otherwise expressly set forth in this Agreement, but which are an essential
part hereof, including but not limited to the Parties' agreements as to: (1) display of CTX signage
and communications with customers, (2) exclusive customer list, (3) pricing, (4) payment terms,
and (5) capacity.

3.      **Proof of BLD's Financial Stability**.

a.  No later than 5 business days after the Effective Date, BLD shall provide CTX with
its auditor certified financial statements for 2021, and financial statements for Q1,
Q2, and Q3 2022. The financials must include a balance sheet, income statement
and cash flow statement and must be translated in English. This requirement is
necessary to demonstrate proof of BLD's financial stability, demonstrating a lack of
short to medium term risk of insolvency or financial collapse. This is an essential
and necessary term of this Agreement and, within 5 business days after receiving
the BLD financial statements, if CTX reasonably determines in its sole discretion that
BLD faces an unacceptable risk of instability, this Agreement becomes
immediately voidable at CTX's sole discretion.

b.  Until such time as BLD agrees to accept payment on AMS 30 days from the date
of the invoice, In addition, the same terms shall apply during the 23-month period
in which CTX has agreed to make monthly settlement payments to BLD.
Specifically, BLD shall provide CTX comparable updated financial information no
later than 5 business days before the first anniversary of the Effective Date, and no
later than 5 business days before the end of each subsequent quarter during the 23-
month period in which CTX will pay settlement payments to BLD so that CTX has
assurance of BLD's financial stability.

4.      **General Release**. The Parties hereby release and discharge each other, together
with their predecessors, successors, direct and indirect parent companies, direct and indirect
subsidiary companies, companies under common control with any of the foregoing, insurers,
affiliates and assigns, and their past, present, and future officers, directors, shareholders, interest
holders, members, partners, attorneys, agents, employees, managers, representatives, assigns and
successors in interest, if any, from all known and unknown charges, complaints, claims,
grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes
of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, expenses (including

attorneys' fees and costs), and punitive damages, of any nature whatsoever, known or unknown, which they have, or may have had, against one another, whether or not apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions related to or arising from any event preceding the Effective Date of this Agreement, including but not limited to, any claims that have been or could have been raised under federal, state or local law in the Litigation, or any facts underlying or associated with the Litigation. This release is intended by the Parties to be a general release with the broadest possible application and scope available under the law, subject only to the Parties' continued business relationship pursuant to the terms of the Revised Manufacturing Agreement.

5.     **Dismissal of Litigation**. The Parties and their counsel shall take whatever actions are necessary to ensure that the Litigation is dismissed in its entirety, with prejudice and without costs or fees, within 10 business days of the Effective Date of this Agreement. The Parties and their counsel will cooperate in securing the dismissal of the Litigation as appropriate.

6.     **No Admission of Liability**. The Parties acknowledge that this Agreement is a compromise and final settlement of disputed claims and that it may not be construed as an admission of liability by any of the Parties.  Further, the Parties specifically disclaim and deny any liability.

7.     **Material Breach / Settlement Payments**. The Parties acknowledge that any material breach of this Agreement or the Revised Manufacturing Agreement by BLD/ROK would result in irreparable harm to CTX/CTX-HK and shall entitle CTX to stop any remaining Settlement Payments and recover any Settlement Payment amounts paid up to that point, in addition to any and all other forms of relief available under the law.  In the event of a material breach by BLD, BLD agrees to give CTX first priority among its creditors for repayment of any Settlement Payment CTX has made.

8.     **Confidentiality of Agreement**. The Parties expressly understand and agree that this Agreement and any financial records provided in accordance with paragraphs 3. a. and b. above, shall remain CONFIDENTIAL and shall not be disclosed to any third party whatsoever, except to the Parties' counsel, accountants, insurers, financial advisors, tax professionals retained by them, any federal, state, or local governmental taxing or regulatory authority, the Parties' management, officers, directors or members, or as required by law or order of court. Nothing contained in this paragraph shall prevent any Party from stating that the Parties have resolved the Litigation (without otherwise disclosing the specific terms of this Agreement), or taking reasonable steps to enforce this Agreement. Further, the Parties recognize and agree that CTX/CTX-HK shall, in their sole discretion, have the exclusive right to communicate to customers on the Exclusive Customer List that the Parties have settled the Litigation, including but not limited to in the form of the letter attached hereto as **Exhibit 2**.

9.     **Agreement is Legally Binding.** The Parties intend this Agreement to be legally binding upon, and shall inure to the benefit of, each of them and their respective successors, assigns, executors, administrators, heirs and estates.

10.     **Entire Agreement**. The recitals set forth at the beginning of this Agreement are

incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof, including but not limited to the Manufacturing Agreement of March 1, 2012 and the Letter Agreement of July 21, 2016. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

11.      **New or Different Facts: No Effect**. Except as provided herein, this Agreement shall be, and remain, in effect despite the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

12.      **Interpretation**. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

13.      **Governing Law, Choice of Forum, Service of Process**. This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the state of Florida, without regard to the principles of conflicts of laws. Any action to enforce this Agreement shall be brought only in a court of competent jurisdiction located in Broward or Miami-Dade County, Florida, and the Parties hereby irrevocably agree to submit to such jurisdiction and waive any objections to jurisdiction or the laying of venue in such courts. The Parties further expressly agree that service of process in any action to enforce this Agreement may be completed by emailing the summons and complaint to counsel for the Parties at:

    a.   jeanclaude@mazzolalindstrom.com   and   richard@mazzolalindstrom.com   (for BLD/ROK)

    b.   chauncey.cole@coletrial.com and srosenthal@podhurst.com (for CTX/CTX-HK).

14.      **Reliance on Own Counsel**. In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

15.      **Counterparts**. This Agreement may be executed by the Parties in counterparts,

each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

16.     **Authority to Execute Agreement**. By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any By-law, Covenants and/or other restrictions placed upon them by their respective entities.

17.     **Enforcement of Agreement; Attorneys' Fees and Costs.** The prevailing party shall be entitled to its attorneys' fees and costs in any dispute related to or arising from this Agreement, including those attorneys' fees and costs related to pre-litigation investigations and negotiations, as well as those attorneys' fees and costs associated with litigation, arbitration, mediation, appeals and quasi-judicial proceedings, as well as all litigation regarding entitlement and amount of fees and costs. "Costs" shall be given the broadest possible definition available under the law, and shall include copying costs, travel costs, filing fees, government fees, expert fees, court reporter and videographer costs, retention of experts and accountants, and all other costs reasonably incurred by the prevailing party to advance its position during the dispute.

\*\*\*

**IN WITNESS WHEREOF,** and intending to be legally bound, each of the Parties hereto have caused this Agreement to be executed as of the date(s) set forth below. Each person signing this Agreement in a representative capacity warrants that he or she has full authority to bind his or her principal to this Agreement.

| **Jiangmen Benlida Printed Circuit Co., Ltd.** | **Circuitronix, LLC** |
|---|---|
| Signature:_____ | Signature:_____ |
| Print Name:_____ | Print Name:_____ |
| Title:_____ | Title:_____ |
| Date:_____ | Date:_____ |
| **ROK Printed Circuit Co. Ltd.** | **Circuitronix Hong Kong, Ltd.** |
| Signature:_____ | Signature:_____ |
| Print Name:_____ | Print Name:_____ |
| Title:_____ | Title:_____ |
| Date:_____ | Date:_____ |

6