United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jiangmen Benlida Printed Circuit Co., Ltd., Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 21-60125-Civ-Scola ) |
| Circuitronix, LLC, Defendant. | ) ) |

### Order Adopting Report and Recommendations and Second Amended Scheduling Order

In this case, now well into its third year of litigation, the parties' dispute revolves around whether Defendant Circuitronix, LLC, owes Plaintiff Jiangmen Benlida Printed Circuit Co., Ltd., millions of dollars for unpaid invoices for circuit boards, or whether Benlida actually owes Circuitronix over a million dollars. Nearly a year ago, in June 2022, the parties jointly announced they had reached an agreement, resolving their disputes. (Med. Rep., ECF No. 80; Jt. Mot. to Stay, ECF No. 81.) Over the next several months, the parties repeatedly sought extensions of the deadline to file their dismissal paperwork (ECF Nos. 86, 88, 90, 91, 93, 95, 97, 99, 101, 102), each time advising the Court of various complications, complexities, and hurdles standing in the way of final resolution. The parties explained that part of the delay related to the parties' attempt to negotiate a revised manufacturing agreement that would govern the parties' relationship going forward. Their extensive negotiations ultimately failed, culminating in Benlida's motion to reopen the case and enforce the parties' purported settlement agreement. (Pl.' Mot., ECF No. 104.) The Court referred the motion to United States Magistrate Judge Jonathan Goodman. (ECF No. 105.) After extensive briefing and a lengthy evidentiary hearing, Judge Goodman recommends denying the motion to enforce but reopening the case so that the parties can resume their litigation. (Rep. & Rec., ECF No. 144.) Since then, the parties have filed a joint proposed revised scheduling plan, advising that neither party objects to Judge Goodman's report and recommendations. (Jt. Plan, ECF No. 150.) After careful review of the report and mindful of the parties' desire to proceed with their litigation, the Court **adopts** Judge Goodman's report in its entirety (**ECF No. 144**), finding it thorough, cogent, and compelling, thus **granting in part and denying in part** Benlida's motion (**ECF No. 104**), and directing the Clerk to **reopen** this case.

In conjunction with the recommencement of this litigation, the parties propose a new scheduling plan that they say "strike[s] an appropriate balance

between the interest of resolving the case quickly and providing sufficient time to complete the required work, in an orderly manner." (Jt. Plan at 2.) In light of previous enlargements of time and repeated admonishments from the Court regarding the protracted nature of the litigation in this case, however, the Court finds the parties' proposal unjustifiably drawn-out.

For example, when the parties in this case announced their settlement, only three weeks of discovery remained. The parties now propose extending discovery for nearly five more months. Further, although the Court acquiesced, in its last scheduling order, to an enlargement of the dispositive-motion deadline, shortening the period between the filing of dispositive motions and the trial date to less than four months, as a matter of course, runs afoul of the Court's initial order and the Court's own scheduling requirements. (Order, ECF No. 5, 2.)

While the Court has previously accommodated many of the parties' requests for extensions, it has repeatedly warned that further extensions would be unlikely to be granted "absent particularly extenuating circumstances." (Sch. Order, ECF No. 1, 1; Am. Sch. Order, ECF No. 70, 1.) The parties have barely set forth extenuating circumstances, never mind particularly extenuating circumstances, that warrant further delay.

Accordingly, the Court **sets** this case for trial during the two-week trial period beginning on **October 10, 2023**. Calendar call will be held at 9:00 a.m. on the preceding Tuesday, **October 3, 2023**, at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 N. Miami Avenue, Courtroom 12-3, Miami, Florida. A pretrial conference will be held immediately following calendar call only if requested by the parties in advance.

1. The parties must comply with the following schedule:

| | |
|---|---|
| passed | Deadline to join additional parties or to amend pleadings. |
| completed (untimely) | Deadline to file joint interim status report. |
| completed (untimely) | Deadline to file Proposed Order Scheduling Mediation. |
| May 18, 2023 (extended) | Deadline to complete all fact discovery.[1] |

---

[1] To the extent the parties are in agreement about the need for further discovery, beyond the discovery deadline, they may stipulate, between themselves, to conduct discovery out of time. Nothing prevents them from doing so—as provided for by Rule 29. They do so, however, at their peril: that is, the parties are free to agree on supplemental discovery, all the way up to trial, but with the understanding that, ordinarily, Court intervention will be unavailable in the event of a dispute.

|  | Deadline to submit joint notice indicating whether the parties consent to jurisdiction before the designated magistrate judge for purposes of final disposition. |
|---|---|
|  | Deadline to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). Rebuttal disclosures are permitted, and must conform to the deadline set forth in Federal Rule of Civil Procedure 26(a)(2)(D)(ii). |
|  | (When a treating physician testifies regarding opinions formed and based upon observations made during the course of treatment, the treating physician need not produce a Rule 26(a)(2)(B) report. By contrast, treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required. *See*, *Muzaffarr v. Ross Dress for Less, Inc.*, No. 12-61996-CIV, 2013 WL 3850848, at *1 (S.D. Fla. July 26, 2013).) |
| June 1, 2023 (extended) | Deadline for the filing of all dispositive motions. |
| completed | Deadline to complete mediation. |
| July 20, 2023 (extended) | Deadline to complete all expert discovery. |
| August 8, 2023 (extended) | Deadline for the filing of pretrial motions, including motions in limine and *Daubert* motions. |
| September 12, 2023 (extended) | Deadline to file joint pretrial stipulation under Local Rule 16.1(e) and pretrial disclosures as required by Federal Rule of Civil Procedure 26(a)(3). |
| September 26, 2023 (extended) | Deadline to file proposed jury instructions (if the matter is set for a jury trial) or proposed findings of fact and conclusions of law (if the matter is set for a bench trial) consistent with Local Rule 16.1(k). |

    2. <u>References to documents in summary-judgment motions</u>. When a party files a motion for summary judgment, the party must include the ECF number of any exhibits or other documents referred to in the motion or the accompanying statement of material facts (required by Local Rule 56.1). This means that if a document is not already on the record, a party will need to submit a *Notice of Filing* **before** he or she files the summary-judgment motion and the statement of material facts.

    3. <u>Limit on motions in limine & *Daubert* motions</u>. Each party is limited to filing one motion in limine and one *Daubert* motion. If a party cannot address his or her evidentiary issues or expert challenges in a 20-page motion, leave to

exceed the page limitation will be granted upon a showing of good cause. The parties are reminded that motions in limine and *Daubert* motions must contain the Local Rule 7.1(a)(3) pre-filing conference and certification.

4. Jury Instructions. The parties must submit their proposed jury instructions jointly, though they need not agree on each proposed instruction. Where both parties agree on a proposed instruction, that instruction must be set out in regular typeface. Instructions proposed only by a plaintiff must be underlined. Instructions proposed only by a defendant must be bold-faced. Every instruction must be supported by a citation of authority. The parties should use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel, or the applicable state pattern jury instructions. The parties must jointly file their proposed jury instructions via CM/ECF, and must also submit their proposed jury instructions to the Court via e-mail at scola@flsd.uscourts.gov in Word format (.doc).

5. Trial Exhibits. All trial exhibits must be pre-marked. Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix. Defendant's exhibits must be marked alphabetically with the letter "D" as a prefix. A list setting out all exhibits must be submitted at the time of trial. This list must indicate the pre-marked identification label (*e.g.*, P-1, or D-A) and must also include a brief description of the exhibit.

6. Deposition Designations. Any party intending to use deposition testimony as substantive evidence must designate by line and page reference those portions in writing. The designations must be served on opposing counsel and filed with the Court 14 days before the deadline to file the joint pretrial stipulation. The adverse party must serve and file any objections and any cross-designations within seven days. The initial party then has seven days to serve and file objections to the cross-designations.

7. Voir Dire Questions. The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation, and must also be submitted to the Court via e-mail at scola@flsd.uscourts.gov in Word format (.doc).

8. Notification of juror misconduct. Every party has an affirmative duty to notify the Court **immediately** of any possible juror misconduct or any information that might possibly reflect on a juror's ability to serve. Immediate notification is required to allow the Court the opportunity to address the issue,

including questioning the juror and, if necessary, discharging the juror and seating an alternate juror. In any trial lasting more than five days, the Court imposes an affirmative duty on both sides to conduct all reasonable investigations of juror misconduct, including statements provided during voir dire, and to advise the Court immediately of any discovered misconduct. Any party who fails to conduct a reasonable investigation in this situation and later discovers an incidence of juror misconduct has waived his, her, or its right to rely on that misconduct in a motion before this Court.

9. <u>Settlement Conference Before Magistrate Judge</u>. The parties may, at any time, file a motion requesting a settlement conference before United States Magistrate Judge Jonathan Goodman. The Court encourages the parties to consider a confidential settlement conference with Judge Goodman, especially if the parties believe there is a meaningful chance of reaching an early, amicable resolution of their dispute.

10. <u>Settlement Notification</u>. If this matter is settled, counsel are directed to inform the Court promptly via telephone (305-523-5140) and/or e-mail (scola@flsd.uscourts.gov).

**Done and ordered** at Miami, Florida on April 4, 2023.

_____
Robert N. Scola, Jr.
United States District Judge