**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-60125-CIV-SCOLA/GOODMAN**

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD., *et al.*

      Plaintiffs,

v.

CIRCUITRONIX LLC,

      Defendant.

_____/

**CIRCUITRONIX, LLC'S MOTION FOR LIMITED RECONSIDERATION
OF PART OF THE SECOND AMENDED SCHEDULING ORDER**

      Defendant, Circuitronix, LLC ("CTX") moves, pursuant to Fed. R. Civ. P. 16(b)(4) and 59(b), for reconsideration of one of the deadlines in the Second Amended Scheduling Order (ECF No. 151). The Court set a deadline for the end of fact discovery and for the service of expert reports/summaries less than six weeks away without the benefit of information concerning CTX's pre-existing obligations during that immediate window of time that will effectively halve the amount of time it has to complete discovery and ready its expert witness. The Court appears to have selected the May 18, 2023 deadline in part based on its *misapprehension* that the discovery schedule in place before the announcement of the settlement on June 2, 2022 (ECF No. 80) was adequate for CTX to have taken the necessary discovery from Benlida. The Court appears to have viewed the history of the case from a broad perspective without focusing on the fact that even though "only three weeks of discovery remained" back in June 2022 (ECF No. 151, 2), CTX (and CTX alone) had theretofore been stymied from being able to take *a single deposition* of a witness from the opposing party, and a motion to compel those depositions was pending. *See* ECF No. 66. Now that the case has been reopened, CTX still must complete those numerous depositions before a new fact-discovery cut-off. CTX has acted with diligence on this issue, yet the fact-discovery schedule the Court has adopted will, given other obligations described below, make it extraordinarily difficult for counsel to complete that discovery in time.

1

CTX therefore requests a modest, three-week extension of the fact-discovery deadline and accompanying expert-witness report/summary deadline (to June 8), and a corresponding one-week extension of the dispositive motion deadline (to June 9).

## ARGUMENT

### I. This Motion for Reconsideration Is Appropriate

CTX is mindful of the limited bases on which seeking reconsideration is "'appropriate,'" and the relief sought in this motion falls within the zone of a matter where the Court "'has made an error not of reasoning but of apprehension.'" *Jones v. Carmartfl.com*, No. 22-20920-Civ-SCOLA, 2022 WL 17084201, at *2 (S.D. Fla. Nov. 18, 2022) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). As the Court has written, "courts generally permit reconsideration where there is newly discovered evidence, a manifest error of law or fact, or where justice so requires." *Jones v. City of Palm Beach Gardens*, No. 16-81247-Civ-SCOLA, 2022 WL 16745733, at *2 (S.D. Fla. Nov. 7, 2022). The present motion travels under the banner of either "manifest error of fact" or "justice so requires," depending how the Court views the fact-specific considerations explained below. The Court unquestionably "has the discretion to revise or reconsider interlocutory orders" such as the Second Amended Scheduling Order. *Id.* (quotation marks omitted).

### II. The Court Should Extend the Deadlines Because the Court Did Not Appreciate the Disparate Impact on CTX of Its Chosen Schedule

#### A. Prior to the reopening of the case, CTX had been denied the opportunity to depose *any* Benlida witnesses, despite CTX's diligence

The Court appears to have viewed the case schedule from an understandably neutral and institutional position, without recognizing that by holding the parties to a tight deadline on completing fact discovery, it was actually prejudicing one party much more than the other. The Court was correct to say that "when the parties … announced their settlement, only three weeks of discovery remained," (ECF No. 151 at 2), but that short time period does not reflect the difficult position CTX had been placed in due to circumstances beyond its control and despite its diligence. Whereas Benlida was able to depose four CTX witnesses in the Spring of 2022, CTX

2

was stymied in its ability to depose *any* Benlida witnesses,¹ despite timely noticing a 30(b)(6) deponent and eight named Benlida employees for deposition well in advance of the prior fact-discovery deadline.  *See* ECF No. 66 at 2.

In the months before this case went into its post-mediation administrative hiatus, a dispute had arisen over where the depositions of Benlida's witnesses would take place, owing in large part to the difficulties imposed by the pandemic and China's strict quarantine policies.  *See id*.  On April 25, 2022, CTX moved to compel Benlida to make its witnesses from China available for deposition in the United States.  *See id*. at 1-3.  That motion remains pending because the settlement had mooted it.  It appears that circumstances have since changed related to China's travel and quarantine policies such that this is apparently no longer a point of contention and Benlida's counsel has since confirmed that it will make these witnesses available for deposition in Florida.  Still, CTX needs to coordinate the depositions of as many as *nine* Benlida fact witnesses, which are themselves extra time-consuming because many will require use of a translator.  Benlida, for its part, may request additional depositions from CTX employees as well.

The Court's recent order says that it has "previously accommodated many of the parties' requested for extensions" (ECF No. 151, 2), and references the "last scheduling order" (ECF No. 70), but the Court may not have focused on the fact that it was *Benlida*, not CTX, who had requested the extension of deadlines that resulted in the Amended Scheduling Order.  *See* ECF No. 68.  As that order reflected, CTX "'mostly objects to the request and has agreed only to a brief extension of the fact-discovery deadline.'"  ECF No. 70 (Am. Sched. Order), 1 (quoting ECF No. 68).  When the Court entered the Amended Scheduling Order on May 6, 2022, extending the fact-discovery deadline by four weeks, from May 24, 2022 to June 24, 2022 (*compare* ECF No. 22, 1, *with* ECF No. 70, 3), CTX had already moved to compel Benlida to produce its witnesses for deposition in Florida.  That motion to compel had not been adjudicated by the time the parties reached an agreement in principle to settle at mediation on June 1, 2022.  As things stood at that juncture in time, CTX had been denied access to Benlida's witnesses and had diligently been trying to obtain that testimony.  In other words, despite having diligently tried to operate within the confines of the prior discovery schedule, CTX had still not been

---

¹ The CTX witnesses Benlida deposed are Nicole Donaldson, Akshay Koul, Lina Ochoa, and Sourabh Sharma.

afforded the opportunity to depose any of Benlida's witness as of the time this case was last in an active, pre-settlement posture. The Court may have "failed to appreciate" this reality in entering its recent order. *Rudder v. City of Ft. Lauderdale*, No. 22-60363-Civ-SCOLA, 2022 WL 1716878, at *1 (S.D. Fla. May 2, 2022) (granting motion for reconsideration). This circumstance warrants reconsideration of the fact-discovery deadline, even before consideration of the preexisting, near-term constraints on counsel and CTX's time in April.

> **B. CTX and its counsel have pre-existing obligations in April that will effectively halve the amount of time available to conduct discovery under the Order**

The Court could not have known, but CTX and its two co-lead counsel have pre-existing commitments that will make it almost impossible for CTX to conduct any depositions during the remainder of the month of April, more than half of the time the Court allotted to complete discovery (24 of the 43 days). This is further reason why the incidence of the Court's scheduling ruling falls particularly hard on CTX. The parties' Joint Proposed Revised Scheduling Plan (ECF No. 150) did not get into details about competing near-term commitments, but did note that during the period that this case was administratively closed to facilitate settlement, "counsel for the parties have made other trial and appellate commitments that would make a shorter timeline infeasible." *Id*. at 3. We therefore sought a fact discovery cut-off 90 days longer than the Court has selected.

Specifically, there are two obligations that will deprive CTX of the use of its co-lead counsel for much of the month of April. CTX and its principal, Rishi Kukreja, are presently preparing for a trial before Judge Altman, set during the two-week calendar period beginning on April 24. *See* ECF No. 398 (Am. Sched. Order) in *Shenzhen Kinwong Electronic Co., Ltd. v. Kukreja, et al.*, No. 18-cv-61550-ALTMAN/HUNT (S.D. Fla.). One of the co-lead counsel in this case, Chauncey Cole, is lead trial counsel in the *Shenzhen Kinwong* case and will need to devote much of the month of April to preparing for and conducting the trial of that case. CTX estimated that bench trial could last 12 to 15 days. *See* ECF No. 381, 20 (Joint Pretrial Stipulation) in *Shenzhen Kinwong*. Thus, Mr. Cole could be in trial well into the month of May, much of the current fact-discovery period in this case.

The other co-lead counsel in this case, Stephen Rosenthal, will be unavailable for the last two weeks in April due to a long-planned vacation to Poland and Israel, to participate in the

"March of the Living," a Holocaust-remembrance event, and to attend celebrations for the 75th anniversary of the birth of the State of Israel. This pre-paid family trip will take him out of the country from April 14-28. As a result of these pre-existing obligations of its two co-lead counsel in this case, CTX would, as a practical matter, likely have only the 18 calendar days in May in which to complete fact discovery under the schedule the Court just set. And that does not account for other significant obligations during the near-term in other cases.[2]

The trial before Judge Altman and the long-planned, pre-paid overseas vacation constitute, we would hope, "particularly extenuating circumstances" considering the totality of this circumstances, including that the parties have not been governed by a scheduling order in this case for nine months. The fact-discovery deadline the Court selected (May 18) will create a hardship for CTX. It is unlikely that the discovery necessary for CTX to prepare for trial could be completed in timely fashion, let alone allow for the litigation of any discovery disputes that may arise. *See, e.g.*, ECF No. 73 (CTX's pending motion to compel production of documents). It would be extraordinarily difficult to cram all of those depositions into the May 1-18 period, as well as to ensure that CTX's experts have the benefit of that information for their damages calculations due at the end of that period. If that were even possible, counsel would have precious little time to handle their obligations for other clients.

If the Court would at least extend the deadlines for fact discovery and expert reports/summaries by an additional three weeks, to June 8, 2023, that would make the substantial fact-discovery work that remains to be done in this case much more manageable. (That date would still be nine weeks shorter than the parties had requested.) CTX is mindful that the Court prefers a dispositive-motion deadline after the close of fact discovery, but also to keep a manageable gap between the dispositive-motion deadline and the trial date. *See* ECF No. 151, 2. Accordingly, CTX would also ask that the Court move the dispositive-motion deadline back by one week, to June 9, the day after the close of fact discovery.

---

[2] For instance, Mr. Rosenthal has to argue an appeal in Florida's Sixth DCA in Lakeland on May 9. Two other Podhurst Orseck attorneys are assisting with this case, to varying degrees. Associate, Christina Martinez, will be arguing an appeal in Florida's Third DCA on April 19, in Mr. Rosenthal's absence. Partner, Matt Weinshall, who not yet been deeply involved in the case, has an oral argument in the Eleventh Circuit on May 17. Though Bob Josefsberg has entered an appearance in the case, his potential involvement is being reserved for trial.

## **CONCLUSION**

For the foregoing reasons, CTX respectfully requests that the Court reconsider the deadlines for fact discovery and expert witness reports/summaries, and for dispositive motions, set in the Second Amended Scheduling Order and modify them respectively to June 8 and 9, 2023.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

I hereby certify that I have conferred via telephone with opposing counsel, JC Mazzola, concerning the relief requested in this motion and am authorized to represent that Benlida does not oppose the relief requested.

By: /s/ *Stephen F. Rosenthal*
Stephen F. Rosenthal

Dated:  April 7, 2023

Respectfully submitted,

**PODHURST ORSECK, P.A.**
*Co-Counsel for Circuitronix, LLC*
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Tel.: 305-358-2800

*By:  /s/  Stephen F. Rosenthal*
Stephen F. Rosenthal
Florida Bar No. 0131458
srosenthal@podhurst.com
Robert C. Josefsberg
Florida Bar No. 040856
rjosefsberg@podhurst.com
Matthew Weinshall
Florida Bar No. 84783
mweishall@podhurst.com
Christina H. Martinez
Florida Bar No. 1029432
cmartinez@podhurst.com

**CHAUNCEY COLE, PA**
*Co-Counsel for Circuitronix, LLC*
9100 South Dadeland Blvd., Suite 1553
Miami, Florida 33156
Tel.:    (786) 497-7053

By: /s/ *Chauncey D. Cole IV*
Chauncey D. Cole, IV, Esq.
Florida Bar No. 102184
chauncey.cole@coletrial.com



## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on April 7, 2023 as filed with the Clerk of the Court using CM/ECF.

By: /s/ *Stephen F. Rosenthal*
Stephen F. Rosenthal