**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**CASE NO. 21-60125-CIV- SCOLA/GOODMAN**

JIANGMEN BENLIDA PRINTED CIRCUIT
CO., LTD.,

    Plaintiff,

v.

CIRCUITRONIX, LLC,

    Defendant.

_____/

## ORDER STRIKING PLAINTIFF'S LETTER TO THE COURT

    This matter is set for a Zoom discovery hearing tomorrow at 10:00 AM. Today, at approximately 4:37 PM, Richard E. Lerner, an attorney from the law firm representing Plaintiff, sent an email to the Undersigned's e-file inbox (goodman@flsd.uscourts.gov), attaching three PDF documents (source materials for tomorrow's hearing).

    One of the PDF attachments is a substantive letter from Plaintiff's lead counsel, Jean-Claude Mazzola, to the Undersigned. The Court understands that Mr. Mazzola is based in New York City, where the federal district court permits attorneys to write substantive letters to district court judges. But our district does not have that policy. In fact, we have the *opposite* policy -- and prohibit communications to the Court, unless requested. *See* S.D. Fla. L.R. 7.7 ("Unless invited or directed by the presiding Judge, attorneys and any party represented by an attorney shall not . . . address or present to the Court in the form of a letter or the like any

application requesting relief in any form, citing authorities, or presenting arguments[.]").

Mr. Mazzola is a member of the Florida Bar and of the Southern District of Florida Bar, so he should be well aware of our Court's clear-cut position concerning the sending of letters to judges. Because Mr. Mazzola's suggested replacement for the hearing, attorney Richard Lerner, is <u>not</u> a member of this Court's Bar, he may not participate by himself at the hearing. Given this scenario, tomorrow's hearing must be **canceled.**

The Undersigned understands that the hearing was scheduled by Defendant and that an upcoming discovery deadline is about to expire. But Defendant should not be prejudiced by Plaintiff's counsel's unavailability and failure to obtain replacement counsel who is actually eligible to participate in the hearing. Therefore, the Undersigned will continue the hearing until **Monday, June 12, 2023 at 4:00 PM**. The Zoom link and instructions will follow by separate paperless order.

If the Court provides relief and compels the production of discovery by Plaintiff, then that production might need to be provided after expiration of the discovery deadline.

One final point: Plaintiff's counsel tried to bury a cross-notice of hearing in his procedurally-barred letter. That is not how the Undersigned's Discovery Procedures Order ("DPO") is designed to operate. Counsel cannot unilaterally add discovery disputes to my calendar without first clearing the request with Chambers and then, *if* I have available time, with opposing counsel. If Plaintiff's counsel has his own discovery dispute, then he will need to comply with the DPO. If the rule were otherwise, then attorneys would be able to, in effect, hijack my schedule and convert a 30-minute discovery hearing into a three-hour

2

comprehensive discovery marathon (regardless of whether I had the time for such a long hearing) by simply issuing a cross-notice of discovery hearing (or, as was done here, including an intent to add topics to the hearing by casually mentioning the plan in an unauthorized letter to the Court).

Counsel are directed to follow the DPO for all discovery disputes.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on June 5, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record