UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/GOODMAN

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

    Plaintiff,

v.

CIRCUITRONIX LLC,

    Defendant,

_____/

**CIRCUITRONIX'S OPPOSITION TO BENLIDA'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT**

Defendant Circuitronix, LLC ("CTX") opposes Plaintiff Jiangmen Benlida Printed Circuit Co., Ltd.'s ("Benlida's") motion requesting a lengthy extension of time to file its response to CTX's motion for summary judgment. The Court should deny Benlida's motion because the request for extension is unwarranted and would unduly complicate the pre-trial schedule, both for the Court and for CTX.

**ARGUMENT**

**I.    Benlida Has Not Cleared the High Bar the Court Has Set for Further Extensions of Deadlines in this Case**

The Court has made it absolutely clear to the parties that "***[a]bsent a bona fide emergency***, no further extensions on this case will be considered." ECF No. 153 (Court's emphasis). Third Am. Sch. Order, ECF No. 153 (Court's emphasis). That most recent order ratcheted up the standard for granting any further extensions in this case. Prior scheduling orders had only required a showing of "particularly extenuating circumstances." Sch. Order, ECF No. 1, 1; Am. Sch. Order, ECF No. 70, 1; *see* Second Am. Sch. Order, ECF No. 151, 2. By

1

setting the bar at a "bona fide emergency," the Court was evidently invoking a standard akin to that governing a "true emergency" for purposes of an emergency motion. *See* S.D. Fla. Local R. 7.1(d)(1). A true emergency, in that context, involves "risks to the health and safety of individuals, situations where a person is about to be deported, scenarios involving the imminent destruction of property, circumstances under which a business is in real danger of immediate failure or significant financial collapse, or cases where someone is at risk of being denied an essential service." *United States v. Vasquez*, No. 16-CR-60296-BB, 2020 WL 5946466, at *1 (S.D. Fla. Oct. 7, 2020).

Benlida is requesting this substantial extension of time to respond to CTX's dispositive motion without having articulated anything approaching "a bona fide emergency." Indeed, during its meet-and-confer communications with CTX, Benlida never offered *any* explanation at all for why it seeks an extension of time. The motion for extension does little better, arguing generically that Benlida needs additional time to respond because of the "voluminous nature of the discovery," "the breadth of the arguments" in the motion, and the fact that Benlida's lead counsel is out of the country. Mot. at ¶ 2. The nature of discovery in the case and the standard, 14-day time for responses under the Local Rules (no matter a motion's arguments) cannot come as a surprise to Benlida. Moreover, the travel plans of *one* member of Benlida's legal team during part of the response period is not a basis to postpone that deadline given that (a) Benlida has other capable counsel who already are "currently drafting a response to the motion" (*id.*), (b) Benlida's counsel did not oppose the extension of the dispositive motion deadline to a date that would push the time for filing a response during his "pre-scheduled travel" (DE 152 at 6), and (c) counsel stated he had arrived at his travel destination last Thursday, June 15 (Ex. A), such

2

that he was able to work with colleagues on the opposition briefing before he left the country for at least part of the response period.

While Benlida would undoubtedly benefit from additional time to file its opposition to CTX's motion for summary judgment, its added convenience and the other grounds it has articulated to justify the extension request do not rise to the level of "bona fide emergency."

## II. The Lengthy Requested Extension Would Complicate the Remaining Case Schedule

Extending Benlida's deadline to respond to the motion for summary judgment by three weeks would have problematic repercussions on the remainder of the pre-trial schedule, causing undue inconvenience to both the Court and CTX. These unnecessary complications furnish another good reason to deny Benlida's motion.

First, because the requested extension will necessarily delay completion of the briefing on CTX's motion for summary judgment, it would substantially reduce the amount of time the Court has to consider and rule upon that substantive motion before trial. The Court has previously advised the parties of the importance of maintaining a prescribed interval between the filing of dispositive motions and the trial date, which the Court reserves for its ability to consider dispositive motions in orderly sequence before trial. *See* Order, ECF No. 151, 2 (citing Order, ECF No. 5, 2). Motion practice since that reminder from the Court has expressly recognized that CTX, at least, is "mindful that the Court prefers … to keep a manageable gap between the dispositive-motion deadline and the trial date." ECF No. 152, 5 (unopposed motion seeking a one-week extension of the dispositive-motion deadline). Benlida's motion does not mind the gap.[1]

---

[1] The encroachment upon the Court's time would be even more pronounced if the Court were inclined to grant Benlida's request, since it would not be equitable to extend the amount of time

3

Second, Benlida's motion would unfairly and unilaterally prejudice CTX. To begin with, CTX prepared its motion for summary judgment within the challenging confines of the existing case schedule. It managed to file that dispositive motion by the June 9 deadline, despite having just taken the depositions of Benlida's witnesses during the last week of May, one day after coordinating the service of two expert reports by the June 8 deadline for that, which was also the fact-discovery deadline, something which spurred time-consuming discovery disputes from both sides during this time period. *See* ECF Nos. 166-175. Benlida sat back in relative calm, electing not to file a dispositive motion or make any expert disclosures. It would simply be unfair to CTX to give Benlida a generous extension of time to respond to CTX's dispositive motion, particularly given how paltry an excuse Benlida has proffered.

More importantly, extending Benlida's response deadline would unduly complicate CTX's ability to comply with remaining pre-trial deadlines. Under the current schedule, Benlida must file its response to the summary judgment motion by June 23.[2] Briefing on the motion will be complete and ready for the Court's consideration by June 30, when CTX's reply is due. That leaves three weeks for the parties to undertake expert discovery by the July 20 deadline.

CTX fully expects to need all of that time for remaining discovery. CTX disclosed two local forensic accounting experts (who collaborated on a single report) and one Chinese law expert, from Vancouver. Benlida has not yet stated whether it will depose these experts. Nor has Benlida indicated whether it will disclose rebuttal experts. If it does, CTX will require time to

---

Benlida has to respond to the dispositive motion by that interval without affording CTX proportional additional time to prepare its reply.

[2] CTX filed its motion just before midnight on June 9. ECF No. 176. Shortly after filing, CTX's counsel realized that the filed version lacked the conclusion statement, signature block and certificate of service, so a corrected version was filed shortly after midnight, on June 10. ECF No. 178.

4

engage its experts to analyze them, in preparation for depositions of those rebuttal experts, which CTX unquestionably will take.  Moreover, the parties had previously agreed, pursuant to the Court's permission (3d Am. Sch. Order, ECF No. 153, a n.1), but before Benlida raised the prospect of the present extension request, to take limited re-depositions of each other's fact witnesses concerning documents that were served after their depositions.  CTX has proposed re-deposing Benlida's fact witnesses on a day during the second week of July; Benlida has indicated an intent to re-depose CTX's CEO but has not yet proposed a date.

     Under Benlida's proposed extension for its opposition to CTX's summary judgment motion—all the way to July 14—CTX would be forced to prepare its reply during the final week of the expert discovery period, which is likely to be quite busy.  Indeed, CTX's reply deadline would fall on July 21, right up against the July 20 expert-discovery deadline.  And it is not as though the case schedule leaves much room for voluntary maneuvering, since the pretrial motion deadline is August 8.

Benlida has not articulated any good reason why the Court should prioritize Benlida's convenience and preference above the Court's or CTX's.  Benlida should not be permitted to disrupt the flow of the case as structured and contemplated in the Third Amended Scheduling Order by shifting interstitial deadlines that were undoubtedly considered in setting the pretrial schedule.

### III.   A Short Extension, As an Alternative, Would Raise Its Own Complications

As a precautionary measure, in case the Court were to consider *sua sponte* granting Benlida the partial relief of a short extension of time, instead of the overreaching three extra weeks it has sought, CTX wishes to advise the Court why that would also be problematic for CTX.  Upon receiving Benlida's request for this extension, counsel for CTX explored the middle

ground of consenting to a short extension of time, which they would ordinarily do as a matter of professional courtesy.

However, if Benlida were to file its response sometime during the week after the present deadline (Friday, June 23), that would likely impinge upon CTX's counsel's pre-existing Fourth of July holiday weekend plans and subsequent travel arrangements. As CTX's counsel explained to Benlida's counsel, both of the CTX lawyers who handled the last month's depositions and the summary judgment briefing, Stephen Rosenthal and Christina Martinez, have made plans to host out-of-town guests for the long holiday weekend.[3] Those personal plans conveniently fall *after* CTX's existing deadline of Friday, June 30 to file its reply in support of its motion for summary judgment. If Benlida's filing deadline were extended even a few days into the week of June 26, that would likely shift CTX's reply deadline to sometime after but still close enough to the long holiday weekend and foul-up those commitments.[4]

Denying Benlida's motion and leaving the deadlines where they are under the Local Rules—with a response due June 23 and a reply due June 30—is the ruling that is fairest to both parties and does not hamper the orderly progression of the case or interrupt counsel's pre-existing personal plans.

## CONCLUSION

For all of these reasons, Benlida's motion for extension of time should be denied.

---

[3] CTX's other lawyer engaged in this case, Chauncey Cole, cannot efficiently take a lead role in drafting CTX's reply in support of the summary judgment motion because he was unable (due to a trial in another case) to prepare for the depositions of Benlida witnesses, to take any of those depositions, or to prepare the motion for summary judgment.

[4] In addition, Mr. Rosenthal will be in Maine during this period and will be traveling all day on July 7 to return to Miami.

Dated: June 19, 2023                                                          Respectfully submitted

| | |
|---|---|
| **PODHURST ORSECK, P.A.**<br>One S.E. 3rd Avenue, Suite 2300<br>Miami, Florida 33131<br>Tel.: 305-358-2800/Fax: 305-358-2382<br><br>*/s/ Stephen F. Rosenthal*<br>Stephen F. Rosenthal<br>Florida Bar No. 0131458<br>srosenthal@podhurst.com<br>Christina H. Martinez<br>Florida Bar No. 1029432<br>cmartinez@podhurst.com<br><br>*Co-Counsel for Circuitronix, LLC* | **CHAUNCEY COLE, PA**<br>9100 South Dadeland Blvd., Suite 1553<br>Miami, Florida 33156<br>Tel.:   (786) 497-7053<br><br>Chauncey D. Cole, IV, Esq.<br>Florida Bar No. 102184<br>chauncey.cole@coletrial.com<br><br><br><br>*Co-Counsel for Circuitronix, LLC* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on June 19, 2023 as filed with the Clerk of the Court using CM/ECF.

By: */s/ Stephen F. Rosenthal*
     Stephen F. Rosenthal