# Exhibit B to Declaration of Jean-Claude Mazzola

# MAZZOLA LINDSTROM LLP

Jean-Claude Mazzola
JeanClaude@mazzolalindstrom.com
646.216.8300

April 27, 2022

**Via Email**

Chauncey D. Cole IV, Esq.
Chauncey Cole, PA
9100 South Dadeland Blvd., Suite 1553
Miami, FL 33156

Stephen Rosenthal
Podhurst Orseck, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131

      Re:    Jiangmen Benlida Printed Circuit Co. v. Circuitronix LLC
               Case No.: 21-60125-CIV-SCOLA/SNOW

Dear Chauncey and Stephen:

      We have had the opportunity to review your first set of interrogatories, which were served on Saturday, April 23, 2022. These interrogatories violate FRCP Rule 33, and we therefore object to them.

      Pursuant to Rule 33, written interrogatories – including subparts – are limited to 25. "The Advisory Committee Notes to the 1993 Amendment, which imposed the limitation on the number of interrogatories that may be propounded, state that '[p]arties cannot evade this presumptive limitation through the device of joining as subparts questions that seek information about discrete separate subjects'." *Sprint Communs., Inc., v. Calabrese*, 2019 US Dist. LEXIS 234810 (SD Fla Aug. 20, 2019) (Magistrate Lurana S. Snow) (internal quotations omitted).[1]

      Though you enumerate 22 interrogatories, the additional discrete questions bring the number of allowed interrogatories under the Federal Rules to well over 25; indeed, based upon the inclusion of the addendum, with questioning regarding 189 separate entities, your interrogatories actually exceed 200. Such excess was done without permission of the court. *Id.* at 10. Such "exceeds the spirit of proportionality specifically incorporated in Rule 26(b)(1), and also the requirement that the Rules of Civil Procedure 'be construed, administered, and

---

[1] See also *Goode v Celebrity Cruises*, 2018 US Dist. LEXIS 237832 (SD Fla Mar. 13, 2018) (holding interrogatories to be improper where, as here, they are duplicative, cumulative, or seek information that the party has within its possession.)

employed by the court and the parties to secure just, speedy, and inexpensive determination of every action and proceeding." *Id.* at 11.

"To determine whether questions in subparts of an interrogatory should be considered discrete, a court asks whether the first question can be answered fully and completely without answering the second question, if so, then the second question is totally independent of the first and not factually subsumed within and necessarily related to the primary question. *Id.* at 7 (internal quotes omitted).

Circuitronix's interrogatories clearly violate Rule 33. For instance, interrogatory numbers 4, 5, and 8 state:

> 4. Explain in detail how the amount you claim in Paragraph 437 of the Third Amended Complaint as "the invoiced amount" ($11,539,408.36) was calculated, showing the amount for each invoice you used in your calculation of this figure (and each applicable invoice number).
>
> 5. In Paragraph 443 of the Third Amended Complaint, you allege that "Circuitroinix failed to make full payment for such goods." With respect to each invoice you are referring to in this allegation, identify:
>
>> a. the dollar amount by which you claim Circuitronix, LLC fell short of making "full" payment, and
>>
>> b. the date on which the less than full payment you attribute to that invoice occurred.
>
> ***
>
> 8. With respect to your allegation in Paragraph 455 of the Third Amended Complaint that "Defendant Circuitronix has failed to remit payment of the debt although it has been in possession of the invoices":
>
>> a. identify which invoices this allegation relates to;
>>
>> b. state whether you agree that Circuitronix, LLC remitted any payments to you after its receipt of those invoices; and,
>>
>> c. if so, explain why you did not credit any or all of those payments to those invoices.

Circuitronix is, in sum, asking that Benlida go back to each of the hundreds of preceding allegations, and, as to of the hundreds of paragraphs, answer 4, and 5 "a" and "b," and 8, "a," "b" and "c." These are questions that are totally violative of the principle of proportionality. Moreover, in view of the contractual requirement of monthly reconciliations ("Monthly order volume will be evaluated at the end of every month" (p.13 of the manufacturing agreement)), Circuitronix is seeking utterly irrelevant information, to the extent of Circuitronix's failure to object by the end of the following month (if not the end of the same month) to any particular invoices constitutes a waiver of any objection thereto, and any such objections would obviously be within Circuitronix's possession. Any belated claims for offsets or errors in the numbers of items shipped, and the running totals (per the "account stated" principle) are simply irrelevant to this action.

Interrogatory 14 asks about communications with five different entities and thus constitutes, in actuality, five separate subjects of inquiry.

Interrogatory 15 incorporates schedule A, which is a list of 189 separate entities, and asks for Benlida to identify all communications with each, thus constituting 189 separate questions.

Interrogatory 22 asks for annual sales in the United Sates, Japan, European Union, and Hong Kong, which is four separate questions.

The interrogatories seek information that Circuitronix clearly has within its own possession; clearly, for example, Circuitronix knows how much it has paid to Benlida over the course of the relationship between them.

We therefore request that you withdraw the interrogatories served on Saturday, April 23, 2022, and propound proper interrogatories.

We reserve our rights to set forth further objections, and just note the foregoing as our principal objections to your interrogatories.

With regard to your agreement that we should have a meet-and-confer on Friday, April 29, 2022, to discuss revising the current discovery schedule, that works for our team. We can also add into the agenda the issue of your interrogatories.

Very truly yours,

MAZZOLA LINDSTROM LLP

*/s/ Jean-Claude Mazzola*

Jean-Claude Mazzola