**Exhibit C to Declaration
of Jean-Claude Mazzola**

| | |
|---|---|
| **From:** | STEPHEN F. ROSENTHAL |
| **To:** | Richard Lerner |
| **Cc:** | Jean-Claude Mazzola; Christina H. Martinez; Chauncey Cole |
| **Subject:** | RE: [BLD v CTX - Miscellaneous discovery issues] |
| **Date:** | Monday, May 1, 2023 9:27:27 PM |

Rich,

Further to our discussion today about deposition dates, I am also following up on and supplementing my April 20 email below, to attempt to narrow disputes on discovery issues.

1. Privilege log:
    a. The day after we filed our motion to compel, you served us with a privilege log that does not comply with Judge Goodman's discovery order (DE 156). Christina wrote to you about this deficiency given that (1) generically identifying "legal advice/litigation strategy" as the combined "subject/objection" regarding these communications provides insufficient "details such as the nature and subject matter of the communications at issue," and (2) the log doesn't always provide full names for senders/recipients sufficient for us to identify the party or relationship among the parties.
    b. I assume your response to that request depends on our response to your question about whether we'd agree to a categorical log, but we are unclear what you mean by "categorical." Please advise, since we cannot agree without more details. Any log would need to provide details regarding the "nature and subject matter of the communications at issue." Your May 2022 log doesn't do that. You are correct that, in part, we want to know if any of the documents involved attorney communications with third parties and, as I previously stated, we're specifically interested if there are attorney communications with Benlida and Sinosure since Benlida would not be able to assert attorney-client privilege over those communications.
    c. Are there are additional communications beyond those you itemized in the 2022 log that you need to add to a revised log? I wasn't clear about whether your question about the "categorial" log was for new documents to be added or for revisions to the 2022 log.

2. Sinosure insurance policy:
    a. I asked whether you would be willing to produce the Sinosure policy based on my promise to treat it was confidential even before the Court endorses the parties' proposed stipulated protective order, but have received no response, so I have taken that as a "No."
    b. It seems you are refusing production based on the relevance question you raised in an email below.  I see you raised a "General Objection" regarding relevance as to all of your responses to the First Requests for Production, even though you made no relevance objection to Request No. 21.  (That request seeks not just the insurance policy with BLD, but also applicable contracts with

      BLD. I refer to the "policy" as shorthand.) That kind of boilerplate objection was invalid under the discovery order applicable at the time (DE 8 at 2), and it remains invalid under Judge Goodman's superseding discovery order (DE 154 at 10).

    c. Regardless, CTX has articulated why the Sinosure policy is reasonably calculated to lead to the discovery of admissible evidence, both in its motion to compel (DE 73 at 1-2), and in my email below. Further, BLD had cited to CTX its obligations with Sinosure as the basis for insisting upon certain payment terms, such as making a 120% prepayment of an order before BLD would release the PCBs. Unless you advise that you will withdraw the objection to producing responsive agreements, we plan to litigate this issue at the next opportunity before Judge Goodman.

3. <u>Sinosure-related production</u>: Please advise when we can expect this additional production. Since it will need to be translated (like the insurance policy itself), it's important that we receive it very soon.

4. <u>BLD's technical electronic discovery problems</u>: It is unreasonable for BLD ask CTX to figure out where BLD's production of the attachments to emails in its third production set (BLD22854-23000) went missing. If they were produced "out of sequence," then BLD must bear the burden of fixing that problem and producing them in the logical order, or at least to tell us which attachment goes with which email. If they were "dropped," then we reiterate our request for BLD to locate the missing attachments. Surely your proposed solution of having CTX hire an electronic discovery vendor in China to come to your client's office to try to find the missing documents is not the most efficient solution, let alone one that CTX should have to bear the expense of. If BLD has been using an e-discovery vendor, we are willing to confer with you jointly with that company to try to figure out the problem/solution. Please advise whether you will reconsider this position.

5. <u>Outstanding discovery</u>: Adding another issue to discuss on Wednesday, BLD needs to respond to outstanding discovery propounded before the stay.

    a. <u>CTX's 1st Set of Interrogatories</u>: I flagged JC's 4-27-22 letter for discussion. I note that BLD never served formal objections, just that letter asserting that we propounded too many interrogatories. Any further grounds for objection have been waived, pursuant to the local rules. To date, BLD has not answered a single interrogatory. This is a problem. An objection based on excessive numbers doesn't relieve a party from answering 25 interrogatories or discrete subparts. While I don't agree with the way your letter characterizes subparts, I'm willing to propose some accommodations to eliminate portions of questions that may resolve the dispute, without waiving CTX's rights here. Your letter takes issue specifically with Interrogatory Nos. 4, 5, 8, 14, 15 and 22 (as containing subparts that exceed the allowed number).

        i. As to No. 4, we can eliminate the final phrase that creates the numerosity issue in your view ("showing the amount for each invoice

…").

ii. As to No. 5, the problem that this interrogatory gets at is that the Third Amended Complaint says, as to each invoice, that CTX "has paid no portion of the amount owed," but ¶ 443 says CTX "failed to make full payment for such goods." That suggests BLD is alleging that partial payment may have been paid in certain cases. What we're asking BLD to identify is any invoice in which it is alleging that CTX made any less than full payment. If there are none, then that answers the question without subparts. If there are specific invoices BLD alleges CTX paid only partially, we want that list. This is really one question that, by the necessity of the way you structured your complaint, potentially requires a list of information.

iii. As to No. 8, we will agree to modify the question to simply ask whether the allegation in ¶ 455 is referring to all of the invoices in the complaint versus a subset (and if so at least identifying the paragraph numbers that comprise that subset).

iv. As to No. 14, we can narrow the question to identifying communications with just the first three companies.

v. As to No. 15, we can forego it.

vi. As to No. 22, we can forego it.

b. CTX's 2nd Set of Interrogatories: BLD's answers are overdue. These were served on May 23, 2022. The court stayed the case on June 2, 2022, 10 days into BLD's response time. The stay was lifted on April 5, 2023, such that the deadline for BLD to respond/object to these interrogatories ran on April 25, 2023. Any objections at this point have been waived, so we need to discuss when the answers will be served.

c. CTX's 3rd Request for Production: BLD's production is also overdue. The timing is the same as the 2nd Set of Interrogatories. Any objections at this point have been waived, so we need to discuss when the production will be made.

I know that Christina advised you some time ago about dates Judge Goodman had for hearings, and I don't believe you responded. We need to get these issues resolved promptly in view of the upcoming depositions later this month.

Regards,

Stephen

Stephen F. Rosenthal I Partner I Podhurst Orseck, P.A. I Miami, FL I 305-358-2800 I
www.podhurst.com

---

**From:** STEPHEN F. ROSENTHAL
**Sent:** Thursday, April 20, 2023 9:53 AM
**To:** 'Richard Lerner' <Richard@mazzolalindstrom.com>; Jean-Claude Mazzola <jeanclaude@mazzolalindstrom.com>
**Cc:** Chauncey Cole <chauncey.cole@coletrial.com>; Christina H. Martinez

<cmartinez@podhurst.com>
**Subject:** RE: [BLD v CTX - Miscellaneous discovery issues]

Rich,

Sorry for slight delay in responding to your email from the other day, below. As you know, I was in Poland participating in the March of the Living for Holocaust Remembrance Day. I'm now in Israel for the next week. Chauncey starts trial on Monday, in a case that will tale 2-3 weeks, so I and Christina will take the lead on these issues.

Let me attempt to respond to the items below:

1. Privilege log:  what you suggest sounds reasonable to me, but let me defer answering that until I have had a chance to confer with my client and team. I think a variable that would affect the log for the period prior to suit (and any time) is whether the client involved was only Benlida. Since you guys also represent(ed) Sinosure, communications with BLD and also Sinosure would not be privileged, and BLD couldn't assert that privilege.

2. Sinosure insurance policy:

    a. We have no problem with you marking the document as confidential under the stipulated confidentiality regime we already have in place, and we're of course willing to obey that stipulation as though it were a court order in the interim before it is entered by the court. But we ask that you not delay in producing it due to the lack of formality of an order (which only happened because this case got moved to different magistrate judges at that time and then got stayed) because we will need to get it translated, which will take time. We'll alert Judge Goodman to the pendency of that formality, and I'm sure he'll enter the order soon after.
    b. As far as your question about what "purpose" CTX has for seeing the policy, I don't recall whether you objected to producing it on relevance grounds. If you didn't, we don't have an obligation to answer that question. If you did, I believe (without the RFPs and other materials in front of me) the answer is that it no doubt sets forth financial and other terms between BLD and Sinosure concerning a number of matters potentially relevant to the claims and counter-claims in the case, including relating to BLD's historical requests to CTX for money for other debts.

3. Sinosure-related production – noted, thank you.

4. BLD's technical electronic discovery problems – we will discuss this and get back to you.

Regards,

Stephen

Stephen F. Rosenthal I Partner I Podhurst Orseck, P.A. I Miami, FL I 305-358-2800 I [www.podhurst.com](www.podhurst.com)

---

**From:** Richard Lerner <Richard@mazzolalindstrom.com>
**Sent:** Tuesday, April 18, 2023 11:56 AM
**To:** STEPHEN F. ROSENTHAL <SROSENTHAL@podhurst.com>; Chauncey Cole <chauncey.cole@coletrial.com>; Christina H. Martinez <cmartinez@podhurst.com>
**Cc:** Jean-Claude Mazzola <jeanclaude@mazzolalindstrom.com>; Richard Lerner <Richard@mazzolalindstrom.com>
**Subject:** FW: Meet and confer re: setting hearing on motion to compel Sinosure-related documents

Dear Stephen, Christina and Chauncey:

1. With regard to a privilege log, there are probably many between our firm and Benlida before suit was brought. Would you agree to a categorical log, rather than item-by-item, which will require a great deal of time, and could be of no use to you. I assume that you would want to know if any such communications went to third parties, which would break the privilege, and we could verify whether there were any such emails (whic is highly unlikely), and disclose them to you, if there are any. Would that be acceptable to you?

2. With regard to the Sinosure/Benlida insurance policy, they are proprietary and quite confidential. What purpose would it serve CTX to have a copy of the policy? In any event, we would need the protective order executed by the court before this were disclosed. We do object to its disclosure.

3. We will request that Benlida re-run and provide us with all communications with Sinosure from January 1, 2016 through the inception of litigation.

4. With respect to attachments to emails, we believe that, to the extent emails had attachments they may well be out of sequence in the disclosures or have dropped due to technical problems. We do not have the facility to resolve these technical problems. If you have an electronic discovery vendor in China who you would like to have visit Benlida and pull documents with discrete search terms from the servers, we can discuss.

This seems to be the heart of it. Anything else you want to go over with me?


Richard E. Lerner
Mazzola Lindstrom LLP
1350 Avenue of the Americas, 2nd Floor, New York, NY 10019

1999 Avenue of the Stars, Ste. 1100, Los Angeles, CA 90067

D: 646.813.4345 | M: 917.584.4864 |

richard@mazzolalindstrom.com | http://www.mazzolalindstrom.com

NEW YORK * LOS ANGELES

---

**From:** STEPHEN F. ROSENTHAL <SROSENTHAL@podhurst.com>
**Sent:** Tuesday, April 11, 2023 8:42 PM
**To:** Jean-Claude Mazzola <jeanclaude@mazzolalindstrom.com>; Richard Lerner <Richard@mazzolalindstrom.com>
**Cc:** Christina H. Martinez <cmartinez@podhurst.com>; Chauncey Cole <chauncey.cole@coletrial.com>
**Subject:** Meet and confer re: setting hearing on motion to compel Sinosure-related documents

JC and Rich,

Back in May 2022, CTX filed the attached motion to compel with respect to BLD's responses and objections to CTX's request for production concerning Sinosure-related documents. The case got stayed before this motion got adjudicated. Now that the case has been reactivated, we need to pick up where we left off on this.

Since Judge Goodman is now the assigned magistrate judge, I believe that his discovery procedures will apply. My knowledge from another case is that he does not want briefing on garden-variety discovery disputes like this and simply handles them on regular discovery calendars, which I believe he still holds on Friday afternoons. My understanding of his procedure is that the movant calls chambers to obtain available hearing dates/times from a law clerk, confers with opposing counsel to confirm availability for the discovery calendar, and then calls chambers back to finalize the date. I know Judge Goodman is good about allowing out-of-town counsel to appear remotely.

We plan to call his chambers tomorrow to learn of his next availability and will advise you what we're told. (We will also advise his clerk that it would aid the parties if the Judge were to enter his updated Discovery Procedures Order on the docket, since the only one is Magistrate Judge Snow's from before she rotated off the case.)

Given the passage of time and my inability to recall whether we've had a phone call about this issue (as I know Judge Goodman requires) as opposed to email exchanges, I'd first like to speak about the issue. Perhaps BLD has since revisited its position on this dispute.

I can be available to speak tomorrow between 8:30-9:30 and 10:30-3:00. Please let's set up a brief call to discuss.

Thanks,

Stephen

Stephen F. Rosenthal I Partner I Podhurst Orseck, P.A. I Miami, FL I 305-358-2800 I
www.podhurst.com