# Exhibit D to Declaration of Jean-Claude Mazzola

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/GOODMAN

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD., *et al.*

Plaintiffs,

v.

CIRCUITRONIX LLC,

Defendant,
_____/

**DEFENDANT'S *REVISED* INTERROGATORIES TO
PLAINTIFF JIANGMEN BENLIDA PRINTED CIRCUIT CO., LTD.**

Defendant/Counter-Plaintiff, Circuitronix, LLC ("CTX"), pursuant to Federal Rule of Civil Procedure 33, and pursuant to a stipulation with counsel for Plaintiff/Counter-Defendant, Jiangmen Benlida Printed Circuit., Ltd. ("Benlida"), gives notice of re-propounding interrogatories that were previously propounded, in partially modified form by agreement of the parties, to be answered under oath and in writing, no later than May 18, 2023.

WE HEREBY CERTIFY that a copy of the forging was served via electronic mail this 4th day of May, 2023 to: Jean-Claude Mazzola, Esq., jeanclaude@mazzolalindstrom.com, and Richard Lerner, Esq., richard@mazzolalindstrom.com, Mazzola Lindstrom, LLP, 1350 Avenue of the Americas, 2nd Floor, New York, New York 10019.

                                                           Respectfully submitted,

| | |
|---|---|
| **PODHURST ORSECK, P.A.**<br>SunTrust International Center<br>One S.E. 3rd Avenue, Suite 2300<br>Miami, Florida 33131<br>Tel.: 305-358-2800/Fax: 305-358-2382 | **CHAUNCEY COLE, PA**<br>9100 South Dadeland Blvd., Suite 1553<br>Miami, Florida 33156<br>Tel.:   (786) 497-7053 |

By: /s/ Stephen F. Rosenthal
Stephen F. Rosenthal
Florida Bar No. 0131458
srosenthal@podhurst.com
Christina H. Martinez
Florida Bar No. 1029432
cmartinez@podhurst.com

Chauncey D. Cole, IV, Esq.
Florida Bar No. 102184
chauncey.cole@coletrial.com



*Counsel for Circuitronix, LLC*

**DEFINITIONS**

1. The terms "identification," "identify," or "identity," when used in reference to a natural person, shall mean to state the full name, the present or last known home and business address, home and business telephone numbers, their employer and job title and present whereabouts of each such person.

2. The terms "identification," "identify," or "identity" when used in reference to a corporation or other entity or person, shall mean to state the full legal name, state of incorporation or organization, address of the home office, and of the principal place of business, and in the case of LLCs and other non-incorporated business entities, identify the majority owner(s) and the manager(s) of the business.

3. The terms "identification," "identify," or "identity," when used in reference to a document, communication or file, shall mean to state its author, the manner and date or time period in which it originated, was developed or kept, its original location, its present location, and all persons who have been custodians of the document or file. Such identification should be made with a sufficient level of particularity to enable you to respond to a request to produce same.

4. "Benlida" shall mean Jiangmen Benlida Printed Circuit Co., Ltd., as well as any predecessor, successor, affiliate, subsidiary, partner, agent, employee, representative or other individual or entity acting on behalf of Jiangmen Benlida Printed Circuit Co., Ltd.

5. "You" or "your" shall mean Benlida, as well as any predecessor, successor, affiliate, subsidiary, partner, agent, employee, representative or other individual or entity acting on their behalf.

6. "Sinosure" shall mean China Export & Credit Insurance Corporation.

7. "Communication" means all documents relating in any way to transmission or exchange of information between two or more persons or entities, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of telephone, telegraph, telex, telecopier, electronic, text, or other medium.

## INSTRUCTIONS

1. If you object to fully identifying a document or oral communication because of a privilege, please provide the following information, unless divulging the information would disclose the privileged information:

   a. the nature of the privilege claimed (including work product);

   b. if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

   c. the date of the document or oral communication;

   d. if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

   e. if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

   f. the general subject matter of the document or oral communication.

2. Please state in your respective answer whether any or all of the names, documents, or information requested is aggregated in a computerized or electronic database and, if so, where the database is located and maintained and whether such database is searchable.

**INTERROGATORRIES**

1. State the accounting methodology or methodologies you used for your business with Circuitronix, LLC between January 1, 2016 to January 1, 2021, such as "FIFO" (first in, first out), "LIFO" (last in, first out), and the period of time during which each such methodology was used.

2. Explain in detail how the amount you claim in Paragraph 437 of the Third Amended Complaint that Circuitronix, LLC owes for "price increases" ($2,115,927.57) was calculated.

3. Explain in detail how the amount you claim in Paragraph 437 of the Third Amended Complaint as "the invoiced amount" ($11,539,408.36) was calculated.

4. In Paragraph 443 of the Third Amended Complaint, you allege that "Circuitroinix failed to make full payment for such goods." With respect to this allegation, identify any invoice as to which BLD alleges partial payment was received.

5. State the key facts which, in your view, support your allegation in Paragraph 444 of the Third Amended Complaint that the "lead-time penalty" discussed was "unconsented-to," including the date, location and participants at any meeting and/or written communications evidencing your lack of consent to lead-time penalties.

5

6. To the extent you agree that you incurred any lead-time penalties as of the date that, as you allege in Paragraph 444 of the Third Amended Complaint, "Defendant Circuitronix alleged that … Benlida owed it a total of $6,561,044.21," state the amount of lead-time penalties that had accrued as of that date by your own calculations.

7. With respect to your allegation in Paragraph 455 of the Third Amended Complaint that "Defendant Circuitronix has failed to remit payment of the debt although it has been in possession of the invoices," identify whether the allegation refers to <u>all</u> of the invoices in the Third Amended Complaint or, if a subset of the invoices, the paragraph numbers of the Third Amended Complaint that comprise that subset.

8. Identify who served as the primary points of contact at Benlida and at Sinosure between those two companies, between January 1, 2016 and the present, concerning business with Circuitronix, LLC, and provide those individuals' mailing addresses, email addresses, and telephone numbers. For the Benlida employees, state whether they are still employed with Benlida (or ROK Printed Circuit Co. Ltd.), and if not, provide their last known contact information.

9. With respect to each contract or agreement that you had with Sinosure between January 1, 2016 to the present that applied or applies to your business with Circuitronix, LLC, identify the provision or provisions that you were relying upon when you insisted that Circuitronix, LLC make a 120% prepayment of the order value before you would release the orders.

10. Identify all communications you had with Sinosure between January 1, 2016 to the present in which you informed Sinosure that Circuitronix, LLC was indebted to you.

11. Identify all communications you had with any bank or other financial institution between January 1, 2016 to the present concerning the subject of any debt you owe or owed Circuitronix, LLC or any debt Circuitronix, LLC owed or owes you.

12. Identify all communications involving Huang Xiangjiang, Tracy Huang, Huang Hanchao, Yukun Wu, or Chen Zhanjiao, that you had with any of the following companies between January 1, 2016 and the present and the subject-matters of the communications:

    a. Shenzhen Kinwong Electronic Co., Ltd.;
    b. Kinwong Electronic (Hong Kong) Co., Ltd.
    c. Super Tech Circuit Board Co., Ltd.;
    d. Winglung
    e. Guangdong Kingshine

13. Identify all communications you had with any Circuitronix Customer (as defined in § 1.5 of the Manufacturing Agreement) between January 1, 2016 and the present (April 23, 2022), with the exception of communications related to Customers' coordinated and Circuitronix-authorized site visits to Benlida's factory.

14. From the date of the earliest invoice identified in your Third Amended Complaint to July 1, 2020, state how much money Benlida was paid by Circuitronix, LLC and the start date you use for calculating the figure in your answer.

15. For the payments you considered in your answer to Interrogatory No. 16, above, identify any communications from you to Circuitronix, LLC that explain how that money was credited by Benlida.

16. From January 1, 2016 to July 1, 2020, how much money was Benlida paid by Circuitronix, LLC?

17. For the payments you considered in your answer to Interrogatory No. 16, above, identify any communications from you to Circuitronix, LLC that explain how that money was credited by Benlida.

18. Who at Benlida has been responsible for credit insurance between January 1, 2016 and the present? Provide those individuals' mailing addresses, email addresses, and telephone numbers.

19. Identify all notices from the customs authority of China and tax department of China between January 1, 2016 and the present received by Benlida and/or ROK Printed Circuit Co. Ltd. stating that either company was in default.

20. For each claim Benlida made upon China Export & Credit Insurance Corporation (a/k/a Sinosure), between 2016 through 2021, for alleged losses arising from Benlida's business with Circuitronix, LLC, identify the amount of money Benlida sought.