**United States District Court**
**Southern District of Florida**

Case No. 21-60125-CIV-Scola/Goodman

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

        Plaintiff,

v.

CIRCUITRONIX, LLC,

        Defendant.

**Declaration of Wu Yukun**

I, Wu Yukun, state under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.    I am the chief financial officer of Jiangmen Benlida Printed Circuit Co., Ltd., and am familiar with the facts stated herein. In English, I am referred to as "Roger Wu."

2.    I submit this declaration in opposition to the motion for summary judgment submitted by defendant Circuitronix, LLC ("CTX-US").

3.    In support of its motion, CTX-US has submitted an audit confirmation request (DE 177-1, exhibit E to Martinez Decl.) The exhibit is incomplete and out of context, because – at the time the audit confirmation was sent – it was accompanied by a second audit confirmation showing an amount due by CTX-HK of $12,154,164.25, as of December 31, 2019. (The two audit confirmations, which were sent to CTX-US and CTX-HK simultaneously, are attached hereto as exhibit A.)

4.    In other words, CTX-US and CTX-HK collectively owed Benlida $12,078,479.42 (after deducting the $75,684.83 credit, noted in the CTX-US audit confirmation form), as of December 31, 2019.

1

5. The audit confirmations requested that CTX-US and CTX-HK confirm that these were the total amounts owed from each of the two companies, but this was an error, because the moneys were actually owed by CTX-US, and because CTX-HK's purchases were made for CTX-US's customers.

6. The error occurred because I treated the two companies as one and the same, and – from my standpoint as CFO of Benlida – the important issue was how much was owed in total, not the nuances of how the amounts should be divided up – or even if they should be divided up – as between the two companies.

7. That is, for convenience (and because from an auditing perspective it was irrelevant whether or to what extent the debt was owed by one or both of the two CTX entities), rather than dividing the numbers up into amounts then owed by CTX-HK and amounts then owed by CTX-US, the numbers were aggregated, and, inadvertently, CTX-HK was designated as the company that owed the $12,154,164.25.

8. The audit confirmation for CTX-US also showed a credit back due from Benlida of $75,684.83. So as of December 31, 2019, CTX-US and CTX-HK collectively owed $12,078,479.42, once the credit due from Benlida is applied to the amount that CTX-HK and CTX-US collectively owed Benlida.

9. As CTX-US is the company for which CTX-HK was making purchases, pursuant to the CTX-US exclusive customer list, the auditor, and I as CFO, should have designated CTX-US as the party ultimately responsible for the entirety of the debt.

10. Not having done so was an error – entirely inconsequential from the perspective of the audit, and also inconsequential because CTX-US is, as I understand, liable for the debts of

2

CTX-HK, inasmuch as all of CTX-HK's orders were for the benefit of customers on the CTX-US exclusive customer list.

11. I note that the documents request that the recipients – CTX-US and CTX-HK – confirm their accuracy, but – to my knowledge – they never did. That is CTX-HK declined to acknowledge the debt set forth in the audit confirmation.

12. Moreover, when Mr. Kukreja (as principal of CTX-HK and CTX-US did sign a 2017 audit confirmation, it noted that CTX-US customarily paid for CTX-HK orders, as Mr. Kukreja noted on the 2017 form for CTX-HK (which asked that CTX-HK confirm that it owed $4,501,874.69 to Benlida, that "Payments owed need to be offset with payments made by Circuitronix, USA on behalf of CTX-HKG /s/ Rishi Kukreja" (See exhibit "B" hereto).

13. CTX-US customarily paid for orders placed by CTX-HK. The audit confirmation that CTX-US relies on to show that it owed no money to Benlida as of December 31, 2019 is manifestly erroneous, as it does not represent the entirety of the debt due by virtue of the fact that CTX-HK made purchases for CTX-US as the agent for the principal, and by virtue of the fact they were always understood to be one and the same company controlled by Rishi Kukreja.

I declare under penalty of perjury under the laws of the United States of America, and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on June 25, 2023, Jiangmen, China

吴宇焜
_____
Wu Yukun