UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-60125-CIV-Scola/Goodman

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

        Plaintiff,

v.

CIRCUITRONIX, LLC,

        Defendant.

**Plaintiff Jiangmen Benlida Printed Circuit Co., Ltd.'s Response
to Defendant Circuitronix, LLC's Statement of Material Facts**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, plaintiff Benlida hereby files this statement in response to defendant Circuitronix, LLC's statement of material facts submitted in support of its motion for summary judgment.

1.    Admits that CTX-US[1] was formed in Florida as a limited liability company, with its principal office in Fort Lauderdale, and notes that CTX-US is not "incorporated," as stated in its statement of material facts, as it is not a corporation.

2.    Admits that CTX-HK is a related limited liability company (but not a corporation), formed in Hong Kong, and with its principal place of business in Hong Kong.

3.    Denies that CTX-US and CT-HK are corporate entities, and denies that they are independently run and operated. (See Benlida's memorandum of law in opposition to CTX-US's motion for summary judgment, pp. 7-10, and record references cited therein to Akshay Koul Dep., Mazzola Decl., exhibit "F," at pp. 11-12, 14, 50-51, 97, 106-108, 112, 114).

---

[1] Defined terms have the same meaning as set forth in the accompanying memorandum of law, filed in opposition to CTX-US's motion for summary judgment.

1

4. Admits.

5. Admits that ROK was a Chinese limited liability company engaged in the manufacture and sale of PCBs, but notes that it is no longer in operation.

6. Admits, but notes that the contract was executed on May 8, 2012.

7. Admits.

8. Admits.

9. Denies that the July 21, 2016 Letter Agreement added CTX-HK as a party to the 2012 Manufacturing Agreement. (See accompanying Huang Decl. at ¶¶ 21-23, and Benlida's accompanying memorandum of law submitted in opposition to CTX-US's motion for summary judgment, pp. 12-13).

10. Admits that the 2016 Letter Agreement states that the original Manufacturing Agreement would remain in full force and effect, except as expressly modified by the Letter Agreement, and with regard to the contention that the Manufacturing Agreement and Letter Agreement "supersede any and all prior agreements or understandings," Benlida notes that – as they are both governed by Florida law – CTX-US is responsible for orders placed by CTX-HK (as CTX-US's agent or *de facto* constituent part of CTX-US), and further notes that the 2016 Letter Agreement expressly provides that CTX-US (and not CTX-HK) would continue to make payments to Benlida. Thus, by virtue of Florida law, and by virtue of the 2016 Letter Agreement, CTX-US remained responsible to pay for orders placed by CTX-HK.

11. Admits, but denies that it is a material fact, for the reasons set forth in the accompanying Huang Decl., ¶29.

12. Admits, but denies the materiality of same, for the reasons stated in the Huang Decl., ¶29, and because CTX-US, as principal, was and remains responsible for purchase orders

submitted to Benlida by CTX-HK (CTX-US's agent or *de facto* constituent part), under both Florida common law, which is incorporated into the Manufacturing Agreement (at ¶13.4), and the 2016 Letter Agreement, pursuant to which CTX-US (but not CTX-HK) agreed to continue to make payments of moneys owed.

    13.    Denied. See accompanying declaration of Wu Yukun.

    14.    Admits.

    15.    Admits.

    16.    Denies that no explanation for the breakdown of the amounts owed by CTX-US has been provided, as the TAC itself (DE 26) provides the breakdown, invoice by invoice, of the amounts owed, and itself provides the calculation. Additionally, Benlida timely responded to CTX-US's interrogatory requests on the issue of FIFO accounting. (See Mazzola Decl. and exhibits "D," and "E" thereto). Finally, as demonstrated in Benlida's accompanying memorandum of law, Benlida properly applied payments received from CTX-US and CTX-HK to the oldest invoices on its books, in accordance with Florida law (see, *id.*, and discussion, *passim*, of *Randall v. Pettes*, 12 Fla. 517, 534, 1868 Fla. LEXIS 20, at **26 (Fl. Sup. Ct. 1868)), and thus the invoices that CTX-US itemizes in the TAC (DE 26, ¶¶ 13-431) that CTX-US claims have been paid off have not (in fact or in law) been paid off, save those identified in footnote 8, at p. 11 of Benlida's accompanying memorandum, which have been paid in part or in whole.

    17.    Admits.

    18.    Admits that about 170 of the invoices identified in the TAC were issued to CTX-HK, but notes that CTX-US (as principal) is obligated, under Florida law and under the terms of the 2012 Manufacturing Agreement and the 2016 Letter Agreement to pay for orders placed by CTX-HK.

19. Admits that invoices identified in paragraphs 261 to 431 of the TAC were issued to CTX-HK, but notes that CTX-US (as principal) is obligated, under Florida law and under the terms of the 2012 Manufacturing Agreement and the 2016 Letter Agreement to pay for orders placed by CTX-HK.

20. Admits.

21. Admits.

22. Admits.

23. Denies that the payments made by CTX-US paid off invoices identified in the TAC, such denial being based upon Benlida's having properly applied payments received from CTX-US and CTX-HK to the oldest invoices on its books, in accordance with Florida law (see, *id.*, and discussion, *passim*, of *Randall v. Pettes*, 12 Fla. 517, 534, 1868 Fla. LEXIS 20, at **26 (Fl. Sup. Ct. 1868)), and thus the invoices that CTX-US itemizes in the TAC (DE 26, ¶¶ 13-431) that CTX-US claims have been paid off have not (in fact or in law) been paid off, save those identified in footnote 8, at p. 11 of Benlida's accompanying memorandum, which have been paid in part or in whole. (See also Mazzola Decl., exhibit "G" (deposition of Benlida bookkeeper Chen Zhanjiao, and exhibits thereto). Under Florida law, CTX-US's belated memorialization that certain payments were to be attributed to invoices had no force or effect. (*Randall v. Pettes*, supra).

24. Denies that Benlida's sales director Huang Sulan "admitted" that payments made by CTX-US were to pay off specific invoices, but rather Ms. Huang testified that she understood that that is what CTX-US wanted. However, as the "Payment Details" were not sent simultaneously with the funds wired to Benlida, they were of no force or effect (see Benlida's accompanying memorandum, and discussion, *passim*, of *Randall v. Pettes*, supra), and thus the

4

invoices that CTX-US itemizes in the TAC (DE 26, ¶¶ 13-431) that CTX-US claims have been paid off have not (in fact or in law) been paid off, save those identified in footnote 8, at p. 11 of Benlida's accompanying memorandum of law, which have been paid in part or in whole.

25. Admits that Benlida did not inform CTX-US that its belated "Payment Details" were of no legal force or effect, under Florida law, pursuant to *Randall v. Pettes*, supra, as CTX-US, being a Florida company, was presumed to understand Florida law.

26. Denies that CTX-US first learned that FIFO principles were being applied upon receipt of the interrogatory responses on May 18, 2023 (which were, in any event, timely served in response to CTX-US's May 4, 2023 interrogatory request; see Mazzola Decl., and exhibits "D" and "E" thereto). Rather, by virtue of the fact that the TAC alleges that the hundreds of identified invoices were unpaid, CTX-US was on notice that FIFO was being applied. CTX-US was also on notice that FIFO principles were applied by virtue of having received monthly statements from Benlida showing a running total balance due.

Admits that payments received from CTX-US and CTX-HK were applied to the oldest invoices, whether they were CTX-US invoices or CTX-HK invoices, and that Benlida combined accounts receivable, because (a) CTX-HK was an agent for CTX-US (or was a *de facto* constituent part of CTX-US), and (b) CTX-US expressly (by virtue of the 2012 Manufacturing Agreement and the 2016 Letter Agreement) agreed to pay for orders placed by CTX-HK, or implicitly did so, by operation of Florida's principal-agency law, holding that the principal is

liable for the acts of its agent in furtherance of the principal's business. (See Benlida's accompanying memorandum of law, pp. 5, et seq., and *Goldschmidt v. Holman*, 571 So. 2d 422, 424 n.5 (Fla. Sup. Ct. 1990); and *Tampa Sand & Material Co. v. Davis*, 125 So. 2d 126, 127 (Fla. Dist. Ct. App. 1960).

Dated: June 26, 2023
      New York, New York

Respectfully submitted,

**MAZZOLA LINDSTROM LLP**

By: Jean-Claude Mazzola
1350 Avenue of the Americas, 2nd FL
New York, New York 10019
646.250.6666
jeanclaude@mazzolalindstrom.com

*Attorneys for plaintiff Jiangmen Benlida Printed Circuit Co., Ltd.*

**Service via ECF**