**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-60125-CIV-SCOLA/GOODMAN**

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

      Plaintiff,

v.

CIRCUITRONIX LLC,

      Defendant.

_____/

## DECLARATION OF STEPHEN F. ROSENTHAL

1.      I am *sui juris* and serve as counsel to Circuitronix, LLC in this case.  I make the following declaration, in support of Circuitronix, LLC's Reply in Support of Its Motion for Summary Judgment, based upon my personal knowledge.

2.      With respect to Benlida's statements in its response to the summary-judgment motion that CTX "did not serve proper interrogatories on Benlida until May 4, 2023" (DE 188 at 18), and that CTX "delay[ed]" in propounding those interrogatories, I add the following factual background to place those assertions in context.

      a.    CTX served interrogatories on Benlida a year earlier, on April 23, 2022.  *See* DE 185-1 at pp. 2-3.  The date for Benlida to answer fell within the then-existing deadline of May 24, 2022 to complete fact discovery.  *See* DE 22 at 1.

      b.    Through those interrogatories, CTX sought to learn things such as what accounting methodology Benlida had been applying to the payments it had received from CTX over the years, when in time Benlida claimed that CTX's payments had fallen short of what Benlida claimed was owed, and what Benlida's rationale was

for not crediting the monies CTX had paid to the invoices listed in the complaint. *See* DE 185-1 (Interrogatories No. 1, 5(b), 8(c)).

c.   Benlida responded that it construed some of the interrogatories as containing discrete subparts that took them over the twenty-five permitted by the rules. *See* DE 185-2 (letter from counsel).  Based on that objection, Benlida refused to answer *any* of the interrogatories, not even the very first one, which asked about Benlida's accounting methodology. *Compare id. with* DE 185-1 (Interrogatory No. 1).

d.   The Court subsequently extended the fact-discovery deadline to June 24, 2022 at Benlida's request (DE 70 (Order) at 2-3), but on June 2, 2022, the parties reached an agreement to settle the case and asked to stay the case. *See* DE 80, 81.  The Court entered a stay the next day.  DE 83.

e.   The agreement to settle and resulting stay of the case obviated any need for CTX to engage Benlida's counsel about any discovery disputes.

f.   The case remained stayed for the next ten months, until April 5, 2023.  DE 152.

g.   The Court's order lifting the stay set a revised case schedule, which was modified slightly. *See* DE 151, 153 (orders).

h.   CTX's counsel promptly initiated a meet-and-confer process with Benlida's counsel to resume discussions regarding a host of discovery issues that had been shelved during the lengthy stay. *See* DE 185-3 at p. 7 (April 11, 2023 email from S. Rosenthal).

i.   Among the subjects discussed was Benlida's objection (from April 27, 2022) to CTX's first set of interrogatories.  I wrote opposing counsel as follows:

2

> To date, BLD has not answered a single interrogatory.  This is a
> problem.  An objection based on excessive numbers doesn't relieve
> a party from answering 25 interrogatories or discrete subparts.
> While I don't agree with the way your letter characterizes subparts,
> I'm willing to propose some accommodations to eliminate portions of
> questions that may resolve the dispute[.]

DE 185-3 at 3 (item 5(a)).

j.   During a subsequent discussion we had on May 4, 2023, counsel reached an

agreement as to certain modifications that would eliminate the need for CTX

to litigate Benlida's numerosity objection to CTX's first set of interrogatories.

As I wrote later that day, Benlida's counsel had "asked that we re-propound

CTX's interrogatories in the format that was stipulated during our meet and

confer Zoom call."  **Exhibit A** (a true and accurate copy of the email I sent to

Richard Lerner, and its attached "revised interrogatories," dated May 4, 2023).

k.   These are the interrogatories Mr. Mazzola attaches to his declaration as

Exhibit D.  *See* DE 185-4.

3.       Concerning Benlida's delay in producing its accounts receivable spreadsheet for

CTX, a true and accurate copy of the request for production of documents which CTX served on

Benlida on or about November 19, 2021 is attached as **Exhibit B**.  Request number 11 sought

"All documents showing how Benlida allocated payments from CTX to specific invoices."

4.       **Exhibit C** hereto consists of excerpts of the deposition transcript of Yukun

(Roger) Wu.  (These excerpts include but expand upon those previously filed as DE 177-5).

5.       **Exhibit D** hereto consists of excerpts of the deposition transcript of Huang

(Douglas) Hanchao.

6.       **Exhibit E** hereto consists of excerpts of the deposition transcript of Huang

(Tracy) Sulan.  (These excerpts include but expand upon those previously filed as DE 177-4).

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed on July 4, 2023 \_\_\_ _____

Stephen F. Rosenthal