# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Civil Action No. 21-60125-Civ-Scola/Snow**

**Jiangmen Benlida Printed Circuit**
**Co., Ltd.,**

**Plaintiff,**

**v.**

**Circuitronix, LLC,**

**Defendant.**

---

**ANALYSIS OF PAYABLES RECONCILIATION**

**PREPARED BY**

**BARRY MUKAMAL, CPA/PFS/ABV/CFE/CFF/CIRA/CGMA**

and

**MARK PARISI, CPA/CFE/CIRA/CTCE**

June 8, 2023

## **TABLE OF CONTENTS**

**Attachments**

    Attachment 1        Curriculum Vitae of Barry Mukamal
    Attachment 1.1     Testimony Record of Barry Mukamal

    Attachment 2        Curriculum Vitae of Mark Parisi
    Attachment 2.1     Testimony Record of Mark Parisi

**Exhibits**

    Exhibit 1           Documents Utilized



CPAs, Forensic and Insolvency Advisors

## Report

### I.   <u>INTRODUCTION</u>

1.   KapilaMukamal, LLP and Barry E. Mukamal, CPA ("KM" or "Mukamal"), and Citrin Cooperman, LLC and Mark Parisi ("Citrin" or "Parisi") have been retained by legal counsel for Circuitronix, LLC, Chauncey Cole, PA ("Counsel"), to:

- Analyze the accounts payable reconciliations prepared by Benlida[1] and CTX[2] as of July 31, 2019.
- Examine and summarize calculations prepared by CTX with respect to lead time penalties owed from Benlida.

2.   We[3] have not been requested to perform, nor have we performed, analysis beyond what was required for the analysis presented in this Report.[4] Our analysis was performed using records of CTX, including records extracted from the accounting system of CTX as listed in Exhibit 1 herein.   We were not engaged to, and did not, perform any attestation or audit procedures with respect to the summary analyses presented herein.   We relied on the records of CTX as produced, the CTX Recon,[5] and the Benlida Recon,[6]  and did not perform any additional procedures to provide assurance as to their reliability beyond the procedures enumerated herein.

3.   The information and analyses contained in this Report are based upon the specific facts and circumstances in this proceeding.   We reserve the right to supplement this Report as necessary, to the extent any other relevant information becomes available between the date of this Report and the date that we may testify in this proceeding.[7]

---

[1] Jiangmen Benlida Printed Circuit Co., Ltd.
[2] Circuitronix, LLC
[3] "We" refers collectively to KM, Mukamal, Citrin and Parisi.
[4] We have, however, also conducted a preliminary analysis of CTX's payments to ROK Printed Circuit Co., Ltd. ("ROK"), and Circuitronix (Hong Kong) Ltd.'s payments to Benlida and ROK to have available if necessary as a reference for a rebuttal to Benlida's forthcoming expert report.
[5] As defined in ¶13
[6] As defined in ¶14._
[7] To state just one example, we have not yet been provided any transcripts of depositions taken recently (late May into June 1 , 2023).

Page 3



II.        **PROFESSIONAL QUALIFICATIONS**

 **Barry Mukamal**

4.       I, Barry E. Mukamal, am Co-Managing Partner at KapilaMukamal, LLP.  I am a Certified Public Accountant ("CPA") licensed in Florida.  My *Curriculum Vitae* is attached hereto as **Attachment 1** and includes additional details of my professional qualifications and experience.

5.       I possess over 40 years of experience in the public accounting profession and financial services industry. I am accredited in business valuation ("ABV") and hold accreditation as a personal financial specialist ("PFS"), certified fraud examiner ("CFE"), and certified in financial forensics ("CFF") and am a Certified Insolvency and Restructuring Advisor ("CIRA").  Areas of expertise include financial accounting, business valuation, forensic (investigative) accounting in litigation proceedings, economic damages, bankruptcy and insolvency matters.  I have been appointed and currently serve as a Bankruptcy Panel Trustee in the Southern District of Florida.  My prior experience includes consulting and expert testimony in numerous arbitration and litigation matters.  A list of cases in which I have previously provided expert testimony is also included in **Attachment 1.1**. I expend approximately 50% of my billable hours for expert testimony work, of which approximately 60% pertains to plaintiff representation, and approximately 40% pertains to defense representation.

6.       Other professionals at KM have worked on this engagement under my supervision and direction. I have reviewed and am familiar with all such procedures performed and work product prepared.  Fees for professional services provided are based on hours actually expended by each assigned staff member extended by the standard hourly billing rate for that individual.  Hourly billing rates for professional staff working on this matter range from $160 to $650. Fees are not contingent on the outcome of this matter.



**Mark Parisi**[8]

7.    I, Mark Parisi, am a Director in Citrin Cooperman Advisors LLC's Forensic, Litigation & Valuation Services Group.  Citrin Cooperman Advisors LLC is an accounting and consulting firm that, among other things, provides business, economic, financial, and damages consulting services to clients in a variety of industries.  My *Curriculum Vitae* is attached hereto as **Attachment 2** and includes additional details of my professional qualifications and experience.

8.    I am a Certified Public Accountant in the state of Florida. I am also a Certified Fraud Examiner, Certified Insolvency and Restructuring Advisory, and Cryptocurrency Tracing Certified Examiner. Additionally, I have a Master of Business Administration degree with a specialization in Business Intelligence and Analytics from Nova Southeastern University. A list of cases in which I have previously provided expert testimony is also included in **Attachment 2.1.**

### III.    BACKGROUND AND INFORMATION FROM COUNSEL

9.    Benlida is an entity formed in, and maintains its principal place of business in, the People's Republic of China ("PRC"). Benlida is engaged in the manufacture and sale of printed circuit boards ("PCBs").

10.    Circuitronix LLC ("CTX") was incorporated in, and maintains its principal place of business in, the state of Florida in the USA.  CTX is engaged in the retail sale of PCBs.

11.    Benlida alleges that CTX has failed to make payments for certain PCBs that CTX purchased from Benlida in 2018, 2019 and 2020.  Benlida also claims additional amounts owed from CTX due to purported agreed-upon price increases.

12.    CTX alleges that Benlida has not properly credited all payments made by CTX (which CTX claims exceed $70 million) and further, that Benlida owes CTX significant amounts due to

---

[8] Mark Parisi was employed at KM until January 31, 2023.

Page 5



overpayments that have accumulated over the course of the Parties' relationship,[9] and late payment penalties owed from Benlida.

## IV.    WORK PERFORMED AND ANALYSIS

### A.   Summary of Transactions between CTX and Benlida

### *The Reconciliation Period (April 2012 through July 31, 2019)*

13.    On November 1, 2019, CTX sent Benlida an email including its reconciliation of Transactions[10] between CTX and Benlida through July 31, 2019 (the "CTX Recon").[11] The CTX Recon included the following:

- Annual totals of Transactions between CTX and Benlida from 2012 through July 2019, i.e., the Reconciliation Period.
- For each month in the Reconciliation Period, CTX provided a detail of Transactions including invoices, payments and debit memos ("DMs") processed during such month.
- In the aggregate, CTX claimed that Benlida owed $5.3 million through July 31, 2019.[12]

14.    In response, on November 14, 2019, Benlida sent its own payables reconciliation to CTX including details of Transactions with CTX (the "Benlida Recon").[13]  In the aggregate, Benlida claimed that it owed $4.07 million to CTX as of July 31, 2019.

15.    From the Transaction detail included in the CTX Recon and the Benlida Recon, we compiled a detailed database and identified Transaction level discrepancies between the two reconciliations, which are summarized below:

---

[9] Counterclaim, ¶1.
[10] Transactions herein refers to individual invoices, payments and debit memos.
[11] Benlida Payment Details CTX-US_2012-2019.xls
[12] Not including Lead Time Penalties claimed by CTX after January 2016.
[13] 2012-2019reconciliation analysis-2019.11.15 CCT.  The Benlida Recon included CTX's Transactions with both Benlida and ROK.  The analysis herein is limited to CTX's Transactions with Benlida.



CPAs, Forensic and Insolvency Advisors

*Table 1: Summary of the CTX Recon and the Benlida Recon*[14]

|  | CTX Recon | Benlida Recon | Difference |
|---|---|---|---|
| Payments | $ 67,728,456 | $ 67,636,070 | 92,386 |
| Invoices | (65,176,316) | (65,839,234) | 662,918 |
| Debit Memos | 2,762,729 | 2,275,790 | 486,939 |
| Owed to CTX USA through July 2019 | $ 5,314,869 | $ 4,072,625 | $ 1,242,243 |

*Payments*

16. In the aggregate, CTX's payments to Benlida exceeded $67 million during the Reconciliation Period.  There is concurrence between the Parties as to over 99% of these payments, leaving only a difference of $92,386.  Our analysis reveals that the payment difference of $92,386 is attributable to (i) payments made by CTX which were not listed in the CTX Recon, (ii) payments made by CTX which were not listed in the Benlida Recon and (iii) certain payments disallowed by Benlida because they were due to OSP payments, investment in Imm tin line etc.[15]

17. Records provided to us include an email from Benlida on March 21, 2017, wherein Benlida directed CTX to make payments for OSP chemicals to ROK.[16]  We are advised by CTX that the OSP payment that was disallowed in the Benlida Recon was actually paid by CTX to ROK (not Benlida), and therefore,  the CTX Recon did not include OSP payments to Benlida.

18. Based on the foregoing, our analysis of Payments during the Reconciliation Period is summarized in Table 2 below:

---

[14] Does not include Transactions between CTX and ROK, which have been separately analyzed in case they are necessary for a rebuttal opinion but are not pertinent to this Report.
[15] See Table 2 below.
[16] Email dated March 21, 2017 from tracy@benlida.com to Rishi Kukreja.

**Kapila/Mukamal**

CPAs, Forensic and Insolvency Advisors

***Table 2: Analysis of Payments -Reconciliation Period***

| | CTX Recon | | BLD Recon | | Difference | |
|---|---:|---|---:|---|---:|---|
| Concurring Payments | $ | 65,158,530 | $ | 65,158,530 | | |
| CTX Payments claimed in CTX Recon not in Benlida records | | 2,229,926 | | | | |
| CTX Payments not included in CTX Recon per Benlida records | | | $ | 2,477,539 | | |
| *CTX Payments disallowed by Benlida* | | | | | | |
| OSP Payment [1] | | 235,000 | | | | |
| Decoration Fee[2] | | 25,000 | | | | |
| Imm tin line[2] | | 80,000 | | | | |
| **Totals per Recon (Table 1)** | **$** | **67,728,456** | **$** | **67,636,070** | **$** | **92,386** |
| | | | | | | |
| ***Adjustments:*** | | | | | | |
| Decoration Fee[2] | | (25,000) | | | | |
| Imm tin line[2] | | (80,000) | | | | |
| **Totals per Recon, as Adjusted** | | **67,623,456** | | **67,636,070** | **$** | **(12,614)** |

*(1)  As discussed in the Report, CTX payments for OSP charges were made to ROK (not Benlida). Therefore, OSP payments are not included in total payments to Benlida as listed in the CTX Recon, and cannot be disallowed herein.*
*(2)  Per discussion with CTX, CTX's payments for the Decoration fee and Imm tin line are excluded from this analysis.*

*Invoices*

19.    The Benlida Recon claims that Benlida remitted invoices totaling almost $66 million to CTX during the Reconciliation Period.  There is concurrence between the Parties as to almost 99% of these invoiced amounts, leaving a difference of $662,918.  Our analysis reveals that the aggregate invoice difference of $662,918 is comprised of the following:



CPAs, Forensic and Insolvency Advisors

**Table 3: Analysis of Invoice Discrepancy – Reconciliation Period**

|  |  | CTX Recon | | BLD Recon | | Difference | |
|---|---|---|---|---|---|---|---|
| A | Concurring Invoices | $ 29,274,934 | 44.9% | $ 29,274,934 | 44.5% | $ - | 0.0% |
| B | Invoices with amount discrepancies between the Benlida Recon and the CTX Recon | $ 35,901,382 | 55.1% | $ 36,320,055 | 55.2% | $ (418,673) | -0.6% |
| C | Invoices in Benlida Recon not listed in CTX Recon | - | 0.0% | 244,245 | 0.4% | (244,245) | -0.4% |
| D = A+B+C |  | $ 65,176,316 | 100.0% | $ 65,839,234 | 100.0% | $ (662,918) | -1.0% |

20. As discussed below, CTX informs that the invoice amount discrepancies totaling $418,673 ("B" above) result from CTX's adjustments to Benlida's invoice amounts due to differences in (i) unit price and (ii) purchase volume.

21. We are informed that Benlida's invoices to CTX generally include multiple items, and each item thereon is associated with a unit price and quantity billed. CTX advises that on occasion, the unit price billed in Benlida's invoice diverged from the unit price reflected on CTX's corresponding PO[17] for such item. Similarly, on occasion, the quantity billed in Benlida's invoice diverged from the quantity received by CTX. CTX contends that these variances in price and quantity have resulted in the aggregate discrepancy of $662,918 above.

22. No further procedures were performed with respect to Invoice differences between CTX and Benlida.

_Debit Memos_

23. In comparing the CTX Recon and the Benlida Recon, we identified debit memos ("DMs") issued by CTX to Benlida totaling $486,939, which DMs were listed in the CTX Recon but are not included in the Benlida Recon.

---

[17] Purchase Order


Kapila Mukamal
CPAs, Forensic and Insolvency Advisors

24.    To investigate further, we judgmentally selected DMs with an amount in excess of $10,000,[18]  which were claimed only in the CTX Recon. In each instance, the date and amount of the debit memo were consistent with the date/amount listed in the CTX Recon. Of these 11 DMs, 9 DMs were due to lead-time exceedances, one DMs was due to late delivery charges, and one DMs was due to product quality.

25.    We observed that until January 2016, CTX issued DMs to Benlida for reasons including lead-time exceedances/lead-time penalties ("LTP").  From February 2016 forward, CTX ceased issuing DMs for LTPs.  Instead, CTX's issuance of debit memos to Benlida were for reasons other than LTP, such as product quality or late delivery charges etc.

26.    LTPs for the period subsequent to January 2016 are discussed in a subsequent section of this Report.

27.    Records provided to us include an email from Benlida to CTX on July 28, 2016 (the "July 2016 Email").[19] This email includes as attachments (i) minutes of a meeting between CTX and Benlida on July 25, 2016, (ii) a spreadsheet "cancel amount and payment.xls"[20] which lists penalties canceled by CTX or charges to be paid by CTX, and (iii) multiple supporting spreadsheets.

*Table 4: "Cancel amount and payment" spreadsheet enclosed with the July 2016 Email[21]*

| Item | Detail | Amount | Related docs |
|---|---|---|---|
| 1 | cut down half amount on Jan~July 2015 orders penalty | 591,017.00 | Copy of All ROK and BLD penalties-1.xlsx |
| 2 | wave PQ26 and Imm Tin transation penalty on Aug~Nov 2015 orders | 75,191.55 | LT Penalty waving details.xls |
| 3 | cancel penalty on Dec 2015 and Jan 2016 orders | 388,279.74 | Copy of All ROK and BLD penalties-1.xlsx |
| 4 | Imm Tin production investment | 200,000.00 | |
| 5 | OSP chemical charge (03/2014~02/2016) | 204,779.50 | OSP update.xls |
| | | 1,459,267.79 | |

---

[18] Which yielded a sample of 11 DMs with an aggregate amount of $322,581.
[19] Email from tracy@benlida.org to Rishi Kukreja at CTX on July 28, 2016.
[20] Reproduced as Table 4 below.
[21] Reproduced in its original form.

Page 10


Kapila|Mukamal

CPAs, Forensic and Insolvency Advisors

28.     The penalty waivers/cancellations (Items 1-3 in Table 4 above) refer to waivers on LTPs claimed by CTX in DMs issued to Benlida prior to February 2016.  These "LTP Waivers" were supported by spreadsheets ("Related docs" in Table 4 above) which listed specific DMs issued by CTX and the associated waiver for each.

29.     In our analysis, we traced the specific DMs identified in Related docs and associated waivers to the CTX Recon and the Benlida Recon.  We noted that LTP Waivers pursuant to the July 2016 Email were not recorded both in the CTX Recon and the Belinda Recon. Based on our analysis, we adjusted aggregate DMs in the CTX Recon and the Belinda Recon by the LTP Waiver, as summarized below.

*Table 5: LTP Waivers through January 2016 per the July 2016 Email*

|  |  | CTX Recon | Benlida Recon |
|---|---|---|---|
| **#1:  Jan15-Jul15** |  |  |  |
| Gross Penalty per DM (1) |  | $       505,746 | $       505,746 |
| Waiver @ 50% (2) | A | (252,873) | (252,873) |
| **#2:  Aug15-Nov15** |  |  |  |
| Gross Penalty per DM (1) |  | $       192,916 | $       76,395 |
| Waiver @ 14.2% (2,3) | B | (27,394) | (10,848) |
| **#3:  Dec15-Jan16** |  |  |  |
| Gross Penalty per DM (1) |  | $       168,755 | $       168,755 |
| Waiver @ 100% (2,3) | C | (168,755) | (168,755) |
| Total Waivers not in the Recon | A+B+C | $       (449,022) | $       (432,476) |
| Aggregate Debit Memos per Recon | Table 1 | $       2,762,729 | $       2,275,790 |
| **Debit Memos, as adjusted** |  | **$       2,313,707** | **$       1,843,314** |

*(1) Represents gross amount of penalty per specific DMs for Item #1,2 and 3 as listed in the July 2016 Email*

*(2) Waivers per the July 2016 Email.  Our review revealed that these waivers were not already included in the CTX Recon and the Benlida Recon*

*(3) For Item #2, the waiver amount of $75,191.55 (see Table 4) approximated 14.2% the underlying gross penalty per the specific DMs listed for Item #2.*



Kapila**Mukamal**

CPAs, Forensic and Insolvency Advisors

### _Lead Time Penalties after January 2016_

30.    As previously discussed, until January 2016 CTX issued DMs to Benlida for reasons including lead-time exceedances/lead-time penalties ("LTP").  The LTPs through January 2016 and associated waivers are summarized in Table 5 above.

31.    From February 2016 forward, CTX computed LTPs on a monthly basis; however, CTX did not issue DMs to Benlida for these LTPs.

32.    During each month from February 2016 through July 2021, CTX prepared a spreadsheet listing each item that was received from Benlida during the month (the "LTP Spreadsheet").  For each received item, the LTP Spreadsheet was populated with details such as PO Date/No/Quantity, Layer Count, Unit Price, Amount, and Item Receipt Date.  Based on this information, CTX computed the LTP for each item, if applicable, as follows:

- Step 1: Calculate Vendor Ship Date based on PO Date and the Layer Count in "DATA" Table included in each LTP Spreadsheet. For example, the DATA Table informs that the Vendor Ship Date is 21 days after the PO Date for Layer Count of 1, 28 days after the PO Date for Layer Count of 2 etc.
- Step 2: An item was categorized as "Late" if the Item Receipt Date was subsequent to the Vendor Ship Date (Step 1 above), and "Days Late" was computed as the difference between the two dates.
- Step 3: the LTP for "Late" items was computed as the product of the Amount, Days Late (Step 2) and an applicable penalty rate per the "Discount Matrix" tab in each LTP Spreadsheet.

33.    We selected a judgmental sample of 8 LTP Spreadsheets, and confirmed the accuracy of CTX's computations of LTP per Steps 1-3 above, based on the inputs in the LTP Spreadsheets.[22]   No exceptions were noted.

---

[22] KM Citrin did not validate the inputs used to compute LTPs.



34.     CTX Records provided to us include "Meeting Minutes" of a meeting between CTX and Benlida on 10/20/17.[23]  These minutes inform that:

- CTX agreed to waive the LTP for shipments made from March 2017 through October 2017.

- From November 2017, the activation period of the lead time penalty clause would be extended if Benlida failed to meet conditions as to both the weekly volume of shipments and production.

35.     CTX advised that in order to qualify for an extended lead time November 2017 forward, Benlida was required to provide weekly reports of volume produced/shipped to CTX. These weekly reports were intended to provide assurance to CTX that the volume launched into production/shipped by Benlida was sufficient to allow Benlida to qualify for extended lead times after November 2017. CTX contends that because Benlida failed to provide these weekly reports as required, Benlida is disqualified from obtaining an extended time period before incurring LTPs after November 2017.

36.     We compiled CTX's monthly LTP Spreadsheets, applied waivers as discussed in ¶31-35 above, and summarized CTX's claim for LTP as tabulated below.

*Table 6 – CTX's claim for LTP after January 2016*

| LTP Period | Total per LTP Spreadsheets | Waivers Per Meeting Minutes | LTP, net of Waivers |
|---|---|---|---|
| Feb16 through Feb17 | $      832,383 | None | $     832,383 |
| Mar17 through Oct17 | 822,309 | (822,309) | - |
| Nov17 through Jul19 | 1,911,356 | (1) | 1,911,356 |
| Aug19 through Jul21 | 364,039 | (1) | 364,039 |
| | $   3,930,086 | $   (822,309) | $ 3,107,778 |

*(1) CTX contends that, after November 2017, Benlida does not qualify for obtaining an extended time period before incurring LTPs.*

---

[23] BLD_00000582 and BLD_00000073.

Page 13



***CTX and Benlida: Summary of Amounts Due***:

37.     Based on the foregoing, the payables reconciliation between CTX and Benlida is summarized in Table 7 below:


*Table 7: Summary of Payables Reconciliation between CTX and Benlida[24]*

|  |  | Per CTX | Per Benlida | Difference |
|---|---|---|---|---|
| **Reconciliation Period through July 2019** | | | | |
| Payments | Table 2 | $  67,623,456 | $   67,636,070 | (12,614) |
| Invoices | Table 3 | (65,176,316) | (65,839,234) | 662,918 |
| Debit Memos | Table 5 | 2,313,707 | 1,843,314 | 97,284 |
|  |  | $   4,760,847 | $   3,640,149 | $   747,588 |
|  |  |  |  |  |
| **Lead Time Penalties after January 2016** | | | | |
| Lead Time Penalties, net of Waivers | Table 6 | 3,107,778 | N/A |  |
|  |  | | | |
| **OWED BY BENLIDA TO CTX** | | $   7,868,625 | | |


## ASSUMPTIONS, LIMITATIONS, AND WORK NOT PERFORMED


38.     We are informed that Benlida seeks a claim for Price Increases after February 2016. Counsel has advised us that it is CTX's position that Benlida failed to satisfy the conditions necessary to claim Price Increases. Accordingly, Counsel has directed us to not undertake any procedures with respect to the claim for Price Increases.


39.     Our analysis was performed using records produced by CTX, including records extracted from the accounting system of CTX as listed in Exhibit 1 herein.   We relied on the records of CTX, the CTX Recon and the Benlida Recon as produced, and did not perform any attestation or audit procedures to provide assurance as to their reliability beyond the procedures enumerated herein.

---

[24] In addition to the amounts in Table 7, we have been advised that CTX may be claiming additional amounts for (i) payments made to ROK on behalf of Benlida, (ii) premium payments by CTX after July 2019, and (iii) additional payments recorded by CTX during the Reconciliation Period not included herein.  We have not evaluated the propriety or quantification of these claims as of the date of this Report.  If additional information is provided concerning these items, we reserve the right to supplement this Report.



40. We relied on CTX's representations that Benlida failed to satisfy necessary requirements (such as production volume and shipments) to quality for extensions of the lead-time periods after October 2017, without performing additional procedures.

41. We have not performed procedures with respect to the invoice discrepancies between the Parties noted herein.

Respectfully submitted,

_____

Barry Mukamal, CPA/PFS/ABV/CFE/CFF/CIRA/CGMA
Partner
Kapila Mukamal, LLP

_____

Mark Parisi, CPA/CFE/CIRA/CTCE
Director
Citrin Cooperman, LLC

**Kapila/Mukamal**

CPAs, Forensic and Insolvency Advisors

Exhibit 1

**JIANGMEN BENLINDA PRINTED CIRCUIT CO., LTD.,**
**V.**
**CIRCUITRONIX, LLC**
**CASE NO. 0:21-cv-60125-RNS**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

## Documents Utilized

| No. | Document Description |
|-----|---------------------|
| 1 | Third Amended Complaint filed June 1, 2021 (*Case 21-cv-60125-RNS - DE 26*) |
| 2 | Defendants Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint and Defendants Counterclaim filed on October 15, 2021 (*Case 21-cv-60125-RNS - DE 34*) |
| 3 | Benlida Payment Details CTX-US_2012-2019.xls |
| 4 | 2012-2019reconciliation analysis-2019.11.15 CCT |
| 5 | Email dated March 21, 2017 from tracy@benlida.com to Rishi Kukreja. |
| 6 | Email from tracy@benlida.org to Rishi Kukreja at CTX on July 28, 2016 and its attachments including the "cancel amount and payment.xls" spreadsheet. |
| 7 | Debit Memos (BEN-DM20131020, BEN-DM20131203, BEN-DM20140120, BEN-DM20140520, BEN-DM20140620, BEN-DM20140720, BEN-DM20140820, BEN-DM20140919, BEN-DM20140920, BEN-DM20150310, BEN-DM20160321, BEN-DM20171128-2) |
| 8 | Benlida Payment Details CTX-US_2012-2021_v5.xls |
| 9 | JiangMen Belinda Printed Circuit Co., Ltd Commercial Invoice to Circuitronix dated April 12, 2019 (*Invoice No. CCT-BLD-190412001*) |
| 10 | JiangMen Belinda Printed Circuit Co., Ltd Commercial Invoice to Circuitronix dated August 30, 2019 (*Invoice No. CCT-BLD-190830001*) |
| 11 | JiangMen Belinda Printed Circuit Co., Ltd Commercial Invoice to Circuitronix dated September 3, 2019 (*Invoice No. CCT-BLD-190903002*) |
| 12 | Lead Time Penalty Spreadsheets from February 2016 to March 2021. |
| 13 | "Meeting Minutes" of a meeting between CTX and Benlida on 10/20/17 (BLD_00000582 and BLD_00000073) |
| 14 | Circuitronix, LLC Citibank N.A. Account ending in 2698 Bank Statements for the period from May 1, 2012 through February 28, 2021 |
| 15 | Email from Rishi Kukreja dated November 11, 2019 subject:Circuitronix, USA payment reconciliation from 1st of April, 2012 until present for Benlida and ROK and its attachements which include "Benlinda Payment Details CTX-US_2012-2019.xlsx" and "ROK Payment Details CTX-US-HK_2012-2019.xlsx" |
| 16 | Responding email from accounting@belinda dated November 14, 2019 re:Circuitronix, USA payment reconciliation from 1st of April, 2012 until present for Benlida and ROK and its attachment "2012-2019reconciliation analysis-2019.11.15 CCT.xlsx" |
| 17 | Follow up email from accounting@belinda dated November 22, 2016 re:Circuitronix, USA payment reconciliation from 1st of April, 2012 until present for Benlida and ROK and its attachements "CTX missing inv. Details.xlsx", "Payment Descirpancy(1).xlsx" and "Belinda Shipment and Payment Details CTX-HK_2012-2019.xlsx" |
| 18 | Payments from Circuitronix, LLC to Jiangmen Belinda details for the period August 2019 through July 2020 |
| 19 | Belinda Complaint Invoices |

**Kapila|Mukamal**
CPAs, Forensic and Insolvency Advisors



 **Barry E. Mukamal, CPA, CIRA, PFS, ABV, CFE, CFF**

bmukamal@kapilamukamal.com



Mr. Mukamal's career spans more than forty years.  He has developed a national bankruptcy, insolvency and advisory practice of highly trained professionals specializing in a complex array of services in the accounting and advisory industry.  These services include:  (i) forensic and investigative accounting of sophisticated white collar crime, occupational fraud and abuse; (ii) expert witness reporting and testimony involving complex business litigation and the quantification of economic damages; and (iii) matrimonial services to high net worth individuals with significant domestic and international assets and business interests.

In addition to spearheading a practice combining the three disciplines described above, Mr. Mukamal has grown to be one of the most reliable and recognizable fiduciaries serving both Federal and State Courts located in the Southeastern United States.  In his capacity as a Chapter 7 Panel Trustee, Mr. Mukamal has overseen and continues to oversee hundreds of cases annually with a significant number of those cases involving a multitude of asset types and business concerns across nearly every industry.  He has been appointed Liquidating Trustee and/or Plan Administrator in numerous complex cases requiring administration and resolution of multiple Ponzi schemes including fraud investigations, quantification of economic damages and resolution of claims.  Mr. Mukamal has managed and marketed the completion of construction projects including resolving related creditor claims and construction contractor claims.  He has been involved in Accountant and Auditor Standard of Care and compliance with Professional Standards, accounting and tax engagements and commercial and contract damage analysis ranging from small closely-held entities to SEC clients in various industries including insurance, manufacturing, distribution, real estate, health care, publishing, agriculture, timeshare developers, seafood and aviation.

Mr. Mukamal's fiduciary assignments include those as operating Chapter 11/Liquidating Trustee, State Court Receiverships, Court Examiner and Financial Advisor to various creditor committees.  While performing his duties in each of these capacities, Mr. Mukamal has been successful in marshaling distressed assets, securing both operating and non-operating businesses, preserving their value and realizing recoveries consistently exceeding expectations.  While advising the Court as an Examiner or as Financial Advisor, Mr. Mukamal has been instrumental in providing even-handed, clear and concise consultation resulting in the ability of the Court and creditor committees to exercise business judgment and decisions affecting significant interests and hundreds of millions of dollars of monetary recoveries and asset preservation.

Mr. Mukamal's extensive litigation support experience includes matrimonial dissolution, fraud investigations, accounting malpractice and business valuations.  He has been involved in numerous high profile, high-net-worth divorces involving assets in the U.S. and abroad, equitable distribution, opinions on income and lifestyle and asset and business valuations.  In addition, he has been retained in investigations and embezzlement issues associated with financial fraud schemes such as Ponzi schemes and occupational fraud.  His experience also extends to lost profits litigation, damages in relation to breach of contract, personal injury and wrongful death actions.  Mr. Mukamal's testimony for the plaintiff in a patent damage action facilitated a multi-million dollar award for the client.

Mr. Mukamal has represented debtors, creditors and creditors' committees in matters of insolvency fraud and abuse and assisted trustees in their asset recovery efforts.  He has served as Court appointed Receiver and Mediator and has testified as an expert witness at the state, local and federal levels.

As a Receiver, Mr. Mukamal has utilized his technical skills, abilities and experience on a "hands-on" basis which allows him to quickly assess and analyze the current environment of the business.  He is well skilled in negotiating and positioning. He has participated in both in-court and out-of-court workouts in a variety of industries.  He has performed forensic investigations to trace flows of funds, investigated fraudulent transfers to insiders and related parties and filed lawsuits to recover preferential payments for the estate.





### Barry E. Mukamal, CPA, CIRA, PFS, ABV, CFE, CFF

bmukamal@kapilamukamal.com

---

*AREAS OF EXPERTISE*

Bankruptcy and Insolvency
Solvency Opinions
Business Valuations
Commercial and Contract Damage Analysis
Contract Disputes
Investigation of Commercial Fraud
Marital Dissolution and Forensic Analysis
Succession Planning
Accountant and Auditor Standard of Care and
    Compliance with Professional Standards

---

*ACCOMPLISHMENTS*

- **South Florida Legal Guide—**
    **Top CPA in Litigation Support – multiple years**
- **South Florida Business Journal—**
    **Litigation Key Partner Award Winner**

---

*EDUCATION / QUALIFICATIONS / ACCREDITATIONS*

CPA  - Certified Public Accountant
CIRA - Certified Insolvency and Restructuring
          Advisor
CFE  - Certified Fraud Examiner
ABV  - Accredited in Business Valuation
PFS  - Personal Financial Specialist
CFF  - Certified in Financial Forensics

Chapter 7 Panel Trustee

**University of Buffalo, New York —**
M.B.A., Accounting and Business Administration,
B.S., Accounting—Magna Cum Laude

---

*PROFESSIONAL AND CIVIC ASSOCIATIONS*

American Institute of Certified Public Accountants
(AICPA)
Florida Institute of Certified Public Accountants
(FICPA)
Association of Insolvency and Restructuring Advisors
(AIRA)
Association of Certified Fraud Examiners (ACFE)
American Bankruptcy Institute (ABI)
National Association of Bankruptcy Trustees (NABT)

---

*Industries Served as Trustee and Professional*

Real Estate and Construction Companies
Insurance Providers
Distributors
Aviation Companies
Agricultural Companies
Homeowner Associations
Condo Hotels and Hotels
Franchise Operations and Franchisors
Auditor Standard of Care
Probate Estates and Trusts
Hospitals and Health Care Providers
Timeshare Developers

---

*ARTICLES, SEMINARS AND PRESENTATIONS*

"Fiduciary Responsibilities of Professionals in
Bankruptcy" - 2011 Central Florida Bankruptcy Law Association
Annual Seminar

"Taxation Issues Facing the Domestic Relations Practitioner" - Palm
Beach County Bar Association Family Law CLE Committee Seminar

"Privacy and Security Issues in a Trustee's Office and ECF Environ-
ment" - National Association of Bankruptcy Trustees

"Keep Your Client From Drowning:  How to Deal With Bankruptcies
and Foreclosures—American Academy of Matrimonial Lawyers

"The Financial Distressed Client:  Positioning the    Client for Modi-
fication, Bankruptcy and/or Foreclosure—FICPA Ethics Presenta-
tion, Florida Fiduciary    Forum, 2011

"Recovering Value: Effective Strategies to Recover Assets (Once
Found)" - The Offshore Alert Conference, April, 2018

"Bankruptcy Estate Taxation under the Tax Cuts and Jobs Act" -
National Association of Bankruptcy Trustees (NABT) Annual Confer-
ence, August 2018

"Commercial Fraud Issues:  Don't Confuse a Financial Audit with a
Fraud Audit" - American Bankruptcy Institute Newsletter, 2019

"Strategies in Bankruptcy Court" - Dade Legal Aid Seminar—
Moderator—January 2020

"Valuation Testimony" - American Bankruptcy Institute - 2020
Spring Southeast Virtual Bankruptcy Workshop.

"Identification of Assets and Impact of Divorce and Separation on
Recoverable Assets" - CV Region 21 U.S. Trustee Training—
November 2020

---

*KapilaMukamal, LLP*
The Kapila Building
1000 S. Federal Highway, Suite 200
Fort Lauderdale, Florida 33316
Main   786-517-5771
Direct  786-517-5730
www.kapilamukamal.com



CPAs, Forensic and Insolvency Advisors

## BARRY E. MUKAMAL - RECENT TESTIMONY HISTORY

| ID | Case Name | Court | Case Number | Judge | Type of Testimony | Year |
|---|---|---|---|---|---|---|
| 1 | DAVID C ARNOLD<br>V<br>ASSOCIATION LAW GROUP, ET AL | MIAMI-DADE | 12-13962 ca 40 | | DEPOSITION/TESTIMONY | 2014 |
| 2 | TODD LARY/STARBRIGHT<br>V<br>BOSTON SCIENTIFIC CORPORATION | SOUTHERN DISTRICT OF FLORIDA | 1:11 CV 23820 | | TRIAL TESTIMONY | 2014 |
| 3 | AMERICAN EDUCATIONAL ENTERPRISES, LLC<br>v<br>THE BOARD OF TRUSTEES OF THE INTERNAL IMPROVEMENT TRUST FUND | MIAMI-DADE COUNTY | CASE #02-23922 CA 09 | | DEPOSITION | 2014 |
| 4 | P & S ASSOCIATES GENERAL PARTNERSHIP<br>& S & P ASSOCIATES GENERAL PARTNERSHIP<br>V<br>ROBERTA P. ALVES, ET AL | BROWARD COUNTY | CASE #12-028324(07) | | TRIAL TESTIMONY | 2014 |
| 5 | IRONSHORE INDEMNITY INC. et al<br>v<br>BANYON 1030-32 LLC ET AL, ROBERT FURR TRUSTEE | BANKRUPTCY COURT SOUTHERN DISTRICT OF FLORIDA | 12-CV-61678-MGC<br>12-CV-61753-WJZ<br>12-CV-61813-KMW | | DEPOSITION | 2014 |
| 6 | PATRICIA MONTES DE OCA<br>v<br>JOSE JUAN RENTERIA | CIRCUIT COURT - MIAMI-DADE COUNTY, FLORIDA | 2012-021622-FC-04 | | TESTIMONY | 2014 |
| 7 | BANNING LARY, MD, ET AL.<br>V.<br>BOSTON SCIENTIFIC CORPORATION | US DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA | 1:11-cv-23820-O'SULLIVAN | O'SULLIVAN | DEPOSITION & TRIAL | 2014 |
| 8 | TELTRONICS, INC. | BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA | 8:11-BK-12150-KRM | KRM | DEPOSITION & TRIAL | 2015 |
| 9 | ARAZOZA BROTHERS CORP. | CIRCUIT COURT MIAMI-DADE COUNTY, FLORIDA | 13-1908 CA 25 | | DEPOSITION | 2015 |
| 10 | DYADIC INTERNATIONAL, INC.<br>v.<br>ERNST & YOUNG, LP, et al. | CIRCUIT COURT PALM BEACH COUNTY, FLORIDA | 50 2009 CA010680 XXXX MB AA | | DEPOSITION | 2015 |
| 11 | TELTRONICS, INC. | BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA | 8:11-BK-12150-KRM | KRM | DEPOSITION & TRIAL | 2015 |
| 12 | RONALD DEMASI | BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA | 8:13-BK-08406-MGW | MGW | DEPOSITION & TRIAL | 2015 |
| 13 | XTEC, INC. | CIRCUIT COURT MIAMI-DADE COUNTY, FLORIDA | 13-38362 CA 09 | | DEPOSITION & TRIAL | 2015 |

## BARRY E. MUKAMAL - RECENT TESTIMONY HISTORY

| ID | Case Name | Court | Case Number | Judge | Type of Testimony | Year |
|----|-----------|-------|-------------|-------|-------------------|------|
| 14 | LINDA S. ORTIZ V. HECTOR P. ORTIZ | CIRCUIT COURT 11TH JUDICIAL CIRCUIT MIAMI-DADE COUNTY, FL | 2014-8076-FC04 (39) 2014-022865-FC04 (39) | | TRIAL | 2015 |
| 15 | FUTURESELECT PORTFOLIO MANAGEMENT, INC. V. TREMONT GROUP HOLDINGS, INC. | SUPERIOR COURT OF THE STATE OF WASHINGTON | 10-2-30732-0 SEA | | DEPOSITION & TRIAL | 2015/2016 |
| 16 | TAYLOR, BEAN & WHITAKER PLAN TRUST V. PRICEWATERHOUSECOOPERS, LLP | 11TH JUDICIAL CIRCUIT MIAMI-DADE COUNTY | 13-33964 (40) | | DEPOSITION | 2015/2016 |
| 17 | AGRO SUPPLY, S.A. V. AGRITRADE, LP | 11TH JUDICIAL CIRCUIT MIAMI-DADE COUNTY | 13-15713 CA 01 | | DEPOSITION & TRIAL | 2015/2016 |
| 18 | DISABILITY LAW CLAIMS, PA, ET AL. V. IM SOLUTIONS, LLC | DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA | 14-6177-CIV-DIMITROULEAS /SNOW | | DEPOSITION | 2015/2016 |
| 19 | MAJORCA ISLES MASTER ASSOCIATION | BANKRUPTCY COURT SOUTHERN DISTRICT OF FLORIDA | 12-19056 BKC AJC | AJC | TRIAL | 2015/2016 |
| 20 | CITY NATIONAL BANK OF FLORIDA V MAC-ACCESS, CORP | CIRCUIT COURT 11TH JUDICIAL CIRCUIT MIAMI-DADE COUNTY, FL | 2015-029121-CA-01(22) | HANZMAN | FORENSIC EXAMINATION | 2016 |
| 21 | LAPCIUC V. LAPCIUC | CIRCUIT COURT 11TH JUDICIAL CIRCUIT MIAMI-DADE COUNTY, FL | | | TRIAL | 2016/2017 |
| 22 | LAMINGTON RESOURCES, INC. V. BURGER KING CORPORATION, V. BK CENTROAMERICA CAYMAN LTD, ET AL. | INTERNATIONAL CHAMBER OF COMMERCE INTERNATIONAL COURT OF ARBITRATION | CASE NO. 20786/RD | | DEPOSITION | 2016/2017 |
| 23 | PEDRO A. TORRES V. ASTOR PROPERTY HOLDINGS, LLC, ET AL. | CIRCUIT COURT 11TH JUDICIAL CIRCUIT MIAMI-DADE COUNTY, FL | 2015-014693-CA(20) | | DEPOSITION & TRIAL | 2016/2017 |
| 24 | S.R. KALB AND ASSOCIATES, INC. V. 2250 & 2233 NW 77 TER, LLC AND MICHAEL I. ROSE | CIRCUIT COURT 11TH JUDICIAL CIRCUIT MIAMI-DADE COUNTY, FL | 2016-001586-CA-01 | | RECEIVER | 2016/2017 |
| 25 | REMOS BUILDING & DEVELOPMENT CORPORATION V. CHAPEL TRAIL ASSOCIATES, LTD | CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FL | 05-05212 (02) | | DEPOSITION | 2017 |
| 26 | LARRY V. GORDON V. ROBERT FISHMAN | IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA | 2014-CA-008927 (AD) | BARKDULL | DEPOSITION | 2017 |

## BARRY E. MUKAMAL - RECENT TESTIMONY HISTORY

| ID | Case Name | Court | Case Number | Judge | Type of Testimony | Year |
|----|-----------|-------|-------------|-------|-------------------|------|
| 27 | GARY DEAR, as Class Representative<br>V.<br>Q-CLUB HOTEL, LLC | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA | 15-60474-CIV-COHN/SELTZER | COHN | TRIAL | 2017 |
| 28 | BAHAMIAN VILLAGE, LLC<br>V.<br>FPL | CIRCUIT COURT 11TH JUDICIAL CIRCUIT MIAMI-DADE COUNTY, FL | 13-34551-CA-09 | | DEPOSITION | 2017 |
| 29 | DAVID L. CLARKE, ET AL.<br>V.<br>TWO ISLANDS DVELOPMENT CORP. AND PRIVE DEVELOPERS LLC AND TRUST 75 LT21 | CIRCUIT COURT 11TH JUDICIAL CIRCUIT MIAMI-DADE COUNTY, FL | 14-21513-CA-09 | BAGLEY | DEPOSITION | 2018 |
| 30 | PHILIP VON KAHLE, CURATOR<br>V.<br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND | CIRCUIT COURT 11TH JUDICIAL CIRCUIT MIAMI-DADE COUNTY, FL | 16-021099-CA-01 | THORNTON | DEPOSITION | 2018 |
| 31 | HAROUT SAMRA<br>V.<br>VICKEN BEDOYAN, WPM MIAMI, INC, et al. | CIRCUIT COURT 11TH JUDICIAL CIRCUIT MIAMI-DADE COUNTY, FL | 14-22854-CA-40 | THOMAS | TRIAL | 2018 |
| 32 | JOEL BETH NAVRATIK, et al.<br>V.<br>JON J. RAPPAPORT AND PET MEDICAL CENTERS, LLC | CIRCUIT COURT 11TH JUDICIAL CIRCUIT MIAMI-DADE COUNTY, FL | 17-019695-CA-01(44) | Thomas | DEPOSITION & TRIAL | 2018 |
| 33 | STORATI<br>V.<br>TOTAL GSM, LLC | CIRCUIT COURT 11TH JUDICIAL CIRCUIT MIAMI-DADE COUNTY, FL | 14-27987 | Butchko | DEPOSITION | 2018 |
| 34 | CONTRAZZA INTERNATIONAL CONSTRUCTION, INC.<br>V.<br>UNIVERSAL TOWERS CONSTRUCTION, INC. | CIRCUIT COURT 9TH JUDICIAL CIRCUIT FOR ORANGE COUNTY, FLORIDA | 2015-CA-008342 | | DEPOSITION & TRIAL | 2018 |
| 35 | SHOW ME HOSPITALITY, LLC<br>V.<br>TIM HORTONS USA INC. | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA | 17-22679-CIV | Martinez-Otazo-Reyes | DEPOSITION | 2019 |
| 36 | WAVE LENGTHS HAIR SALON OF FLORIDA, INC<br>V.<br>CBL & ASSOCIATES PROPERTIES, INC. | UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA | 2:16-cv-00206-SPC-MRM | | DEPOSITION | 2019 |
| 37 | BOUDKO, POLINA<br>V.<br>BUYANOV, DMITRIY | CIRCUIT COURT 11TH JUDICIAL CIRCUIT MIAMI-DADE COUNTY, FL | 17-04537-FC-04 | Young | DEPOSITION | 2019 |
| 38 | STEVEN R. SCHAFER, ET AL.<br>V.<br>ROBERT A. DICRISCI, ET AL. | CIRCUIT COURT 11TH JUDICIAL CIRCUIT MIAMI-DADE COUNTY, FL | 17-021621-CA-43 | Butchco | DEPOSITION | 2019 |
| 39 | SCHECHTER OPERATING CAPITAL LLP<br>V.<br>BAINBRIDGE INVESTOR, LLC | CIRCUIT COURT 15TH JUDICIAL CIRCUIT PALM BEACH COUNTY, FL | 50-2016-CA-8692 | | DEPOSITION | 2019 |
| 40 | IRONSHORE INDEMNITY INC. et al<br>v<br>BANYON 1030-32 LLC ET AL, ROBERT FURR TRUSTEE | BANKRUPTCY COURT SOUTHERN DISTRICT OF FLORIDA | 12-CV-61678-MGC<br>12-CV-61753-WJZ<br>12-CV-61813-KMW | Ray | TRIAL | 2019 |

| BARRY E. MUKAMAL - RECENT TESTIMONY HISTORY |
|---|

| ID | Case Name | Court | Case Number | Judge | Type of Testimony | Year |
|---|---|---|---|---|---|---|
| 41 | BOYWIC FARMS, LTD<br>V.<br>BRITT L. WEAVER | AMERICAN ARBITRATION ASSOCIATION | 01-18-0001-9008 | | DEPOSITION | 2019 |
| 42 | MANDARIN LAKES NEIGHBORHOOD HOMEOWNERS' ASSOCIATION, INC.<br>V.<br>RAFAEL ROCA, AMALIA PAPADIMITRIOU, ROBERT BENWARE, RAUL SANCHEZ AND D.R. HORTON, INC. | CIRCUIT COURT<br>11TH JUDICIAL CIRCUIT<br>MIAMI-DADE COUNTY, FL | 18-039950-CA-01 | | DEPOSITION | 2019 |
| 43 | HADAD CONSULTING, LLC<br>V.<br>URBAN FARMERS, INC | CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FL | 17-019215 | | TRIAL | 2020 |
| 44 | IMC GROUP, LLC, ET AL.<br>V.<br>COMVEST IMC HOLDINGS, LLC ET AL. | CIRCUIT COURT<br>11TH JUDICIAL CIRCUIT<br>MIAMI-DADE COUNTY, FL | 18-3297-CA-01 (43) | | DEPOSITION | 2020 |
| 45 | HAROUT SAMRA<br>V.<br>VICKEN BEDOYAN, WPM MIAMI, INC, et al. | CIRCUIT COURT<br>11TH JUDICIAL CIRCUIT<br>MIAMI-DADE COUNTY, FL | 14-22854-CA-40 | THOMAS | TRIAL | 2020 |
| 46 | PAYCARGO, LLC<br>V.<br>CARGOSPRINT LLC and JOSHUA WOLF | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA | 1:19-CV-22995-LFL | | DEPOSITION & TRIAL | 2021 |
| 47 | EDWARD KESSLER<br>V.<br>JAMES BLACKBURN, KERRY KENWRIGHT, CITYLIFE SOCIAL, LLC, et al. | CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FL | CACE20004101 | | DEPOSITION | 2021 |

Attachment 2

**CURRICULUM VITAE OF**
**MARK PARISI**

Mark Parisi is a director in the firm's Advisory Services Practice.  He has over 10 years' experience providing litigation support, expert witness, financial modeling, data analytics and forensic investigation services.

## PROFESSIONAL EXPERIENCE

- Financial specialist with expertise in forensic accounting and financial analysis, specializing in bankruptcy, litigation support, and expert consulting services. Provided expert witness, litigation support, financial modeling, data analytics, and forensic investigation services for over one hundred civil and criminal cases.

- Delivered damage calculation services involving economic damages, shareholder disputes, solvency analyses (ability to pay, fraudulent conveyance, solvency), class actions, Ponzi schemes, receiverships, lost profits, preferential payments, hedge fund compliance with net asset value calculations, personal injury, fraud, bankruptcy, digital marketing, and Lanham Act damages.

- Collaborated effectively with the Federal Bureau of Investigation (FBI), United States Attorneys' Offices, Federal Trade Commission (FTC), Commodity Futures Trading Commission (CFTC), and the Securities and Exchange Commission (SEC) on complex cases.

- Identified critical areas for improvement and assessed the impact of current business processes using skills in business analytics, Python, SQL, Advanced MS Excel, PowerQuery, PowerPivot, Power BI, database management, and project management.

## EDUCATIONAL BACKGROUND AND CREDENTIALS

Certifications:

- Certified Public Accountant (CPA)
- Certified Insolvency and Restructuring Advisor (CIRA)
- Certified Fraud Examiner (CFE)
- Cryptocurrency Tracing Certified Examiner (CTCE)

Education:

- Nova Southeastern University, Davie, Florida
  Masters of Business Administration in Business Intelligence and Analytics
- Florida State University, Tallahassee, Florida
  Bachelors of Science in Accounting and Finance

**CITRIN**COOPERMAN®

**PROFESSIONAL MEMBERSHIPS**

- Association of Insolvency and Restructuring Advisors (AIRA)
- Association of Certified Fraud Examiners (ACFE)
- Florida Institute of Certified Public Accountants (FICPA)

**ARTICLES**

- Cryptocurrency Investment Schemes: Red Flags and Evaluating Potential Risk, November 29, 2022

| MARK PARISI - RECENT TESTIMONY HISTORY | | | | | |
|---|---|---|---|---|---|
| **Case Name** | **Court** | **Case Number** | **Attorney** | **Type of Testimony** | **Year** |
| VINCENT GERARDI ET AL.<br>V.<br>JOE SETA ET AL. | CIRCUIT COURT<br>15TH JUDICIAL CIRCUIT<br>PALM BEACH COUNTY, FL | | Herbert M. Stettin, Esq.<br>Herbert Stettin PA | Deposition | 2017 |
| LEWIS GOPHER JR.; NANCY JIMMIE,<br>PARENT TO MINORS M.J., M.J., M.J.; AND<br>QUENTIN TOMMIE,<br>V.<br>WELLS FARGO BANK, N.A. ET. AL. | CIRCUIT COURT<br>17TH JUDICIAL CIRCUIT<br>BROWARD COUNTY, FLORIDA | CACE 16-000592 (19) | Irwin Gilbert, Esq.<br>Conrad and Scherer | Deposition | 2019 |
| JILL HARRISON CURRINGTON A/K/A, BRENDA JILL CURRINGTON; and<br>JOAN HARRISON NOSS A/K/A, MARGARET JOAN NOSS,<br>V.<br>CAROLYN KALAGHER F/K/A CAROLYN, MAINES HARRISON, as Trustee<br>under the BENJAMIN F. HARRISON, JR. REVOCABLE TRUST<br>AGREEMENT, DATED MARCH 26, 1999; CAROLYN KALAGHER F/K/A<br>CAROLYN MAINES HARRISON A/K/A CAROL MAINES HARRISON,<br>INDIVIDUALLY; BECKY YOUNG IRVINE; SCOTT YOUNG HARRISON;<br>MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION;<br>ROGERS, MORRIS & ZIEGLER, LLC, a Florida limited liability company;<br>AND PHILLIP R. SEMENICK | CIRCUIT COURT<br>17TH JUDICIAL CIRCUIT<br>BROWARD COUNTY, FLORIDA | CACE-19-015251 Division: 21 | Irwin Gilbert, Esq.<br>Conrad and Scherer | Deposition | 2022 |
| COLE-PARMER INSTRUMENT<br>COMPANY, LLC,<br>V.<br>PROFESSIONAL LABORATORIES, INC., | DISTRICT COURT FOR THE<br>SOUTHERN DISTRICT OF<br>FLORIDA | 0:21-cv-61756-GOODMAN | Jorge Espinosa, Esq.<br>GrayRobinson, PA | Deposition | 2023 |