**EXHIBIT 11**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-60125-CIV-SCOLA/SNOW**

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

Plaintiff

v.

CIRCUITRONIX, LLC,

Defendant
_____/

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION**

Defendant, Circuitronix, LLC ("CTX"), pursuant to Federal Rule of Civil Procedure 34, requests that Plaintiff, Jiangmen Benlida Printed Circuit Co., Ltd. ("Benlida"), produce the following documents at the offices of undersigned counsel:

**I.**
**INSTRUCTIONS AND DEFINITIONS**

A.  The words "Document" or "Documents" are used in their broadest and most liberal sense, and shall include electronically stored information and any and all information in written, printed, electronic, magnetic, digital, or other tangible form, including, without limitation: all letters, correspondence, emails, contracts, agreements, and memoranda; all mechanical, magnetic, electronic, and digital recordings and all information so stored or transcripts of such recordings; all calendar and diary entries, notes or memoranda of conversations (telephonic or otherwise) and of meetings or conferences; all studies, reports, recommendations, quotations, opinions, offers, inquiries, bulletins, summaries, newsletters, compilations, and specifications; all maps, charts, blueprints, diagrams, graphs, photographs, pictures, film, videotapes, microfilm, and digital

1

images; all propositions, articles, announcements, newspaper clippings and excerpts (physical and digital); all books, books of accounts, ledgers, vouchers, cancelled checks, invoices, bills, receipts, and certificates; all writings of any kind; and all other tangible things upon which any handwriting, typing, printing, drawings, representation, photostatic or other copy or other graphic matter, magnetic or electrical impulses, or other form of analog or digital communication is recorded or produced, including audio and video recordings and all computer stored and computer back up information, whether or not in printout form, all rough and revised drafts (including all handwritten notes or other marks on same); and all drafts and copies of documents as herein defined by whatever means made. If multiple copies of a document exist, each copy must be identified, produced, or identified as a privileged document. Also to be identified or produced are all documents clipped, stapled, or otherwise attached to all described or requested documents.

      B.    A "communication" shall mean every manner or means of disclosure, transfer, or exchange of information whether orally or face-to-face or by telephone, mail, personal delivery, documents, and otherwise.

      C.    The words "relate to" or "relating in any way to" shall include pertaining to, concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting, construing, and including in any way.

      D.    The terms "identification," "identify," or "identity," when used in reference to a natural person, shall mean to state the full name, the present or last known home and business address, home and business telephone numbers, their employer and job title and present whereabouts of each such person.

E.      The terms "identification," "identify," or "identity" when used in reference to a corporation or other entity or person, shall mean to state the full legal name, state of incorporation or organization, address of the home office, and of the principal place of business, and in the case of LLCs and other non-incorporated business entities, identify the majority owner(s) and the manager(s) of the business.

F.      The terms "identification," "identify," or "identity," when used in reference to a document or file, shall mean to state its author, the manner and date or time period in which it originated, was developed or kept, its original location, its present location, and all persons who have been custodians of the document or file. Such identification should be made with a sufficient level of particularity to enable you to respond to a request to produce same.

G.      The words "person" or "persons" shall mean all natural persons ("individual" or "individuals"), and all types of entities and organizational groups, including without limitation: corporations, companies, partnerships, limited partnerships, limited liability companies, joint ventures, trusts, estates, associations, public agencies, departments, bureaus, boards, and other entities.

H.      The words "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

I.      "Action" means the above-styled action.

J.      "Benlida" shall mean Jiangmen Benlida Printed Circuit Co., Ltd., as well as any predecessor, successor, affiliate, subsidiary, partner, agent, employee, representative or other individual or entity acting on behalf of Jiangmen Benlida Printed Circuit Co., Ltd.

3

K.     "You" or "Your" shall mean Benlida, as well as any predecessor, successor, affiliate, subsidiary, partner, agent, employee, representative or other individual or entity acting on their behalf.

L.     **Capitalized Terms**: Unless otherwise indicated, all other capitalized terms in the Request for Production are being used as defined in the *Defendant's Answer And Affirmative Defenses To Plaintiff's Third Amended Complaint And Defendant's Counterclaim* [DE 34].

M.     Each category of requested documents extends to all documents in the actual or constructive possession, custody, or control of Defendants, their agents, servants, attorneys, accountants, and/or any person acting or purporting to act for or on their behalf, and includes all documents created by or received from any source, person or entity. A document is deemed in your actual or constructive possession, custody or control if it is in your physical custody or if it is in the physical custody of any other person or entity, and you (a) own such documents in whole or in part, (b) have a right, by control, contract, statute or otherwise, to use, inspect, examine, or copy such document on any terms, (c) have an understanding, express or implied, that you may use, inspect, examine or copy such documents on any terms, and/or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

N.     **Privilege Log**: If you claim that any document is not subject to production because of any privilege, the attorney-work product doctrine, or some other permissible exclusion from discovery, then for each such document, please provide the following information: (a) the nature of the document (e.g., letter, memorandum, etc.); (b) the date of the document; (c) the author of the document; (d) the names and addresses of those to whom the document was given, shown, or sent; (e) the number of pages of the document, and an explanation and identification of any attachments thereto; (f) a full explanation of the privilege or exclusion claimed and the basis of

4

that claim, including a precise description of the material contained in the document which you claim to be privileged or excluded and an identification of the material contained therein, if any, for which you do not claim a privilege or exclusion from discovery; and (g) the paragraph of this Request to which the document relates.

O. If any of the requests is claimed to be objectionable, then (1) the portion of such document production request claimed to be objectionable shall be identified, and the nature and basis of the objection shall be stated in sufficient fashion to permit the Court to rule on the validity of the objection; (2) any document withheld from production pursuant to such objection shall be identified with sufficient particularity and in sufficient detail to permit the Court to determine that such document falls within the scope of such objection; and (3) documents shall be produced in response to any portion of such document production request that is not claimed to be objectionable.

P. If any responsive document was in Your possession, custody or control, but is now in the possession, custody or control of any other person or entity to which You have no affiliation, or has been disposed of, lost, discarded, or destroyed, please identify each such document, specifying its author, addressee, date, subject matter, and all persons to whom copies were furnished, describe the contents of the document, stating when the document was in your possession or control; and state its current location or the date of disposition and the person responsible therefor, and the reason for the loss, destruction or discarding.

Q. **Time**: Unless otherwise specified, these Requests seek Documents from January 1, 2016, to the present.

R.   Any documents that are produced should be organized and labelled to correspond to the categories in this request, and should be produced as they are kept in the ordinary course of business or in bates stamped, searchable, PDF files organized chronologically.

## II.
## REQUESTS FOR DOCUMENTS

1.   All documents or other evidence that Benlida may use to support its claims or defenses.

2.   All documents or communications where Benlida communicated to CTX that the invoices identified in the Third Amended Complaint [DE 26] ("TAC") were not paid.

3.   All documents or communications with China Export & Credit Insurance Corporation ("Sinosure") about CTX or the invoices identified in the TAC.

4.   All documents supporting the allegation found in paragraph 433 of the TAC, that "on December 13th and 14th of 2016, the parties agreed to price increases of 4% and 5% with respect to the foregoing invoices, based upon certain specifications."

5.   All documents supporting the allegation found in paragraph 434 of the TAC, that "The agreement was memorialized in meeting minutes, mutually consented to by the parties."

6.   All documents supporting the allegation found in paragraph 435 of the TAC, that "Such consent was memorialized on October 20, 2017."

7.   All documents supporting the allegation found in paragraph 436 of the TAC, that "Pursuant to the agreement, as to which there was due consideration, there is an additional $2,115,927.57 owed."

8.   All documents supporting the allegation found in paragraph 444 of the TAC, that "Defendant Circuitronix alleged that plaintiffs owed it a total of $6,561,044.21, citing an extra-

contractual and unconsented-to lead-time penalty and citing an Excel spreadsheet of purported itemizations, in an attempt to circumvent payments due to plaintiffs, thereby demonstrating a lack of good faith and fair dealing on the part of Circuitronix."

9. Documents, including bank records, sufficient to show all payments received by either Benlida or ROK, from CTX.

10. All documents or communications with CTX where Benlida communicated that a wire transfer or other payment identified by CTX had not been received by Benlida or ROK.

11. All documents showing how Benlida allocated payments from CTX to specific invoices.

12. All documents and communications with CTX where Benlida disputed a payment detail or reconciliation statement, including invoice and payment allocation, provided by CTX (for example, DE 15-4).

13. All documents and communications with any third-parties concerning debts allegedly owed by CTX to Benlida, or debts owed by Benlida or ROK to CTX or CTX-HK.

14. All documents and communications, including but not limited to internal company emails or memos, regarding debts allegedly owed by CTX to Benlida, or debts owed by Benlida or ROK to CTX or CTX-HK.

15. All documents and communications, including but not limited to internal company emails or memos, regarding CTX's purported failure to pay Benlida or ROK in full.

16. All documents and communications, including but not limited to internal company emails or memos, regarding payments received from CTX.

17. All documents or communications with CTX where Benlida requested a price increase, prepayment, advance payment, or a payment premium.

7

18. All documents and communications with other Printed Circuit Board suppliers and manufacturers in China about CTX.

19. All documents and communications, including but not limited to internal company emails or memos, regarding lead-time penalties owed by Benlida or ROK.

20. Documents sufficient to show the corporate structure and ownership of Benlida and ROK, and the relationship between Benlida and ROK.

21. Copies of any contracts or insurance agreements with Sinosure that provide credit insurance related to Benlida's business with CTX.

Dated: November 19, 2021                             Respectfully submitted

**CHAUNCEY COLE, PA**
*Counsel for Circuitronix, LLC*
9100 South Dadeland Blvd., Suite 1553
Miami, Florida 33156
Tel.:   (786) 497-7053

By: /s/ *Chauncey D. Cole IV*
Chauncey D. Cole, IV, Esq.
Florida Bar No. 102184
chauncey.cole@coletrial.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served via electronic mail on a registered CM/ECF user on November 19, 2021.

By:  /s/ *Chauncey D. Cole IV*
Chauncey D. Cole IV