**1.1**
**General Preliminary Instruction**[1]

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

---

[1] **SOURCE**: Modified version 11th Cir. Instruction 1.1.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- · the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- · the witness's memory;

- · the witness's manner while testifying;

- · any interest the witness has in the outcome of the case;

- · any bias or prejudice the witness may have;

- · any other evidence that contradicts the witness's testimony;

- · the reasonableness of the witness's testimony in light of all the evidence; and

• any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Circuitronix, LLC, which may be referred to as "CTX-US," entered into a contract with the Defendant, Jiangmen Benlida Printed Circuit Company, Ltd., known as "Benlida," for Benlida to manufacture and supply CTX-US with printed circuit boards. CTX-US claims that it paid Benlida more than Benlida is owed under the contract and seeks to recover the overpayment from Benlida.

<u>Burden of proof</u>:

CTX-US has the burden of proving its case by what the law calls a "preponderance of the evidence." That means CTX-US must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring CTX-US and the evidence favoring Benlida on opposite sides of balancing scales, CTX-US needs to make the scales tip to its side. If CTX-US fails to meet this burden, you must find in favor of Benlida.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all

witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the

jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, CTX-US will present its witnesses and ask them questions. After CTX-US questions the witness, Benlida may ask the witness questions – this is called "cross-examining" the witness. Then Benlida will present its witnesses, and CTX-US may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**1.3**
**Official English Translation/Interpretation**[2]

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know [language], you must accept the English [interpretation/translation] provided and disregard any different meaning.

---

[2] **SOURCE**: 11th Cir. Instruction 1.3

## 1.4
## Jury Questions[3]

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

---

[3] **SOURCE**: 11th Cir. Instruction 1.4

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**1.5**
**Interim Statements**[4]

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

---

[4] **<u>SOURCE</u>**: 11th Cir. Instruction 1.5

## 2.1
## Stipulations[5]

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

---

[5] **SOURCE**: 11th Cir. Instruction 2.1

**2.2**
**Use of Depositions**[6]

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

---

[6] **SOURCE**: 11th Cir. Instruction 2.2.

**2.4**
**Interim Statements**[7]

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

---

[7] **SOURCE**: 11th Cir. Instruction 2.4

**2.5**
**Judicial Notice**[8]

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

---

[8] **SOURCE**: 11th Cir. Instruction 2.5

**2.6**
**Use of Interrogatories**[9]

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

---

[9] **SOURCE**: 11th Cir. Instruction 2.6.

**3.1**
**Introduction**[10]

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

---

[10] **SOURCE**: 11th Cir. Instruction 3.1.

### 3.2.2
### The Duty to Follow Instructions – Corporate Party Involved[11]

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

---

[11] **SOURCE**: 11th Cir. Instruction 3.2.2.

### 3.3
### Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court[12]

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

---

[12] **SOURCE**: 11th Cir. Instruction 3.3.

19

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## 3.4
## Credibility of Witnesses[13]

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

---

[13] **SOURCE:** 11th Cir. Instruction 3.4.

### 3.5.1
### Impeachment of Witnesses Because of Inconsistent Statements[14]

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

---

[14] **SOURCE**: 11th Cir. Instruction 3.5.1.

### 3.6.1
### Expert Witness[15]

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

---

[15] **SOURCE**: 11th Cir. Instruction 3.6.1.

### 3.6.2
### Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income[16]

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

---

[16] **SOURCE**: 11th Cir. Instruction 3.6.2.

### 3.7.1
### Responsibility for Proof – Plaintiff's Claim –
### Preponderance of the Evidence[17]

In this case it is the responsibility of the party bringing any claim to prove every essential part of its claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a party's claim by a preponderance of the evidence, you should find for the opposing party as to that claim.

---

[17] **SOURCE**: 11th Cir. Instruction 3.7.1.

### 3.8.2
### Duty to Deliberate When Both Plaintiff and Defendant
### Claim Damages or When Damages are not an Issue[18]

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

[18] **SOURCE:** 11th Cir. Instruction 3.8.2.

**416.1**
**BREACH OF CONTRACT — INTRODUCTION**[19]

CTX-US claims that it and Benlida entered into a contract for the manufacturing and sale of printed circuit boards.

CTX-US claims that Benlida breached this contract by not returning or crediting amounts that CTX-US overpaid during the parties' relationship.

---

[19] **SOURCE**: Modified version Florida Standard Jury Instructions—Contract and Business Cases—416.1.

**416.3**
## CONTRACT FORMATION — ESSENTIAL FACTUAL ELEMENTS[20]

CTX-US claims that the parties entered into a contract. To prove that a contract was created, CTX-US must prove all of the following:

1. The essential contract terms were clear enough that the parties could understand what each was required to do;

2. The parties agreed to give each other something of value; and

3. The parties agreed to the essential terms of the contract. When you examine whether the parties agreed to the essential terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. The making of a contract depends only on what the parties said or did. You may not consider the parties' thoughts or unspoken intentions.

If CTX-US did not prove all of the above, then a contract was not created.

---

[20] **SOURCE**:  Modified version Florida Standard Jury Instructions—Contract and Business Cases—416.3.

**416.4**
# BREACH OF CONTRACT — ESSENTIAL FACTUAL ELEMENTS[21]

To recover damages from Benlida for breach of contract, CTX-US must prove all of the following:

1.     Benlida and CTX-US entered into a contract;

2.     CTX-US did all, or substantially all, of the essential things which the contract required it to do;

3.     All conditions required by the contract for Benlida's performance had occurred;

4.     Benlida failed to do something essential which the contract required it to do, or Benlida did something which the contract prohibited it from doing and that prohibition was essential to the contract; and

5.     CTX-US was damaged by that failure or conduct.

---

[21] **SOURCE**:  Modified version Florida Standard Jury Instructions—Contract and Business Cases—416.4.

### 416.13
### MODIFICATION[22]

Benlida claims that the original contract was modified, or changed, with respect to the calculation of lead-time penalties in or about October 2017.  CTX-US denies that the contract was modified in or about October 2017. Therefore, Benlida must prove that the parties agreed to the modification.

The parties to a contract may agree to modify its terms.  You must decide whether a reasonable person would conclude from the words and conduct of Benlida and CTX-US that they agreed to modify the contract.  You cannot consider the parties' hidden intentions.

A contract in writing may be modified by a contract in writing, by a subsequent oral agreement between the parties, or by the parties' subsequent conduct, if the modified agreement has been accepted and acted upon by the parties in such a manner as would work a fraud on either party to refuse to enforce it.

---

[22] **SOURCE**:  Modified version Florida Standard Jury Instructions—Contract and Business Cases—416.13.

**504.1/504.2**
**INTRODUCTION TO CONTRACT DAMAGES**[23]

If you find for Benlida on CTX-US-US's claim, you will not consider the matter of damages as to CTX-US.  But, if you find for CTX-US, you should award CTX-US an amount of money that the greater weight of the evidence shows will fairly and adequately compensate CTX-US for its damages.

You shall consider the following type(s) of damages:

a.    *Compensatory damages:*   Compensatory damages is that amount of money which will put a party in as good a position as it would have been if the opposing party had not breached the contract and which naturally result from the breach.

b.    *Restitution*:  Restitution allows a party to recover money which the opposing party erroneously receives in circumstances where it would be unjust for the opposing party to retain the money.

---

[23] **SOURCE**:  Modified version Florida Standard Jury Instructions—Contract and Business Cases—504.1, 504.2; *Ocean Commc'ns, Inc. v. Bubeck*, 956 So. 2d 1222, 1226 (Fla. Dist. Ct. App. 2007) ("[T]he injured party is entitled to restitution for any benefit that he has conferred on the other party by way of part performance or reliance.") (quoting Restatement (Second) of Contracts § 373); *Sharp v. Bowling*, 511 So.2d 363, 364-65 (Fla. Dist. Ct. App. 1987) (holding that plaintiff may "recover money erroneously paid or received by a defendant when to permit the defendant to keep the money would unjustly deprive the plaintiff of his ownership of the money").

**3.9**

**Election of Foreperson Explanation of Verdict Form[s]**[24]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

---

[24] **SOURCE**:  11th Cir. Instruction 3.9.

**Charge Based Upon *Randall v. Pettes*, 12 Fla. 517 (1868); *Frieslander v. Mahon*, 400 So. 2d 41 (Fla. 2d Dist. 1981); *Winchester v. Florida Electric Supply, Inc.*, 161 So.2d 668 (Fla. 2d DCA 1964)**[25]

Benlida contends that payments made by Circuitronix were attributed by it to invoices for goods ordered by it and by its Hong Kong affiliate Circuitronix (Hong Kong) Ltd., which Benlida contends had placed orders for Circuitronix's exclusive customers both as an agent of Circuitronix and as a co-signer of the contract. Benlida contends that it had the right to apply those payments to the earliest invoices because at the time of payment, Circuitronix did not designate specific invoices to which the payments were to be attributed.

When there is no direction for payment to a specific debt by a debtor (here Circuitronix), the creditor (here Benlida) may apply the funds as it deems appropriate. A debtor's belated application of payments to specific invoices is not effective. The right of a creditor such as Circuitronix to apply a payment to a specific invoice must be exercised at the time of payment, or is otherwise lost.

---

[25] **Circuitronix objects to this proposed instruction as, among other things, inconsistent with the logic of the Order Granting Motion for Summary Judgment (ECF No. 221). If the Court permits it, however, Circuitronix reserves the right to offer a competing version consistent with its understanding of the applicable law. *See* ECF No. 193 at 8-10.**