UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/GOODMAN

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

Plaintiff,

v.

CIRCUITRONIX, LLC,

Defendant,

_____/

**JOINT REPORT IDENTIFYING ASPECTS OF THE PARTIES' MOTIONS IN LIMINE AND MOTIONS TO STRIKE WHICH HAVE BEEN OBVIATED BY THE ORDER GRANTING CTX'S MOTION FOR SUMMARY JUDGMENT**

In accordance with the Court's Order Granting CTX's Motion for Summary Judgment (ECF No. 221) (the "Order"), Counter-Plaintiff Circuitronix, LLC ("CTX" or "CTX-US") and Counter-Defendant Jiangmen Benlida Printed Circuit Co., Ltd. ("Benlida") hereby submit their Joint Report advising which aspects of the parties' motions *in limine* or to strike (ECF Nos. 196, 197, 198) have been obviated by the Court's Order.

**I. BENLIDA'S MOTION *IN LIMINE* (D.E. 196)**

Benlida's Motion *in Limine* sought to preclude (a) CTX's expert on Chinese law and testimony related thereto and (b) testimony regarding trade-credit insurance. The Court's Order does not obviate the need for a ruling on any aspect of this motion.

**II. CTX'S MOTION TO EXCLUDE PAULIKENS' TESTIMONY (ECF No. 197)**

The parties disagree whether the Order obviates the need for the Court to decide CTX's Motion to Exclude or Limit Testimony of [Benlida's] Rebuttal Expert, Randall Paulikens. CTX's Motion sought to exclude or limit Mr. Paulikens's testimony regarding (a) Benlida's affirmative damages figure, based in part on its consideration of transactions between Benlida and Circuitronix (Hong Kong) Ltd., ("CTX-HK"); (b) criticism of CTX's accounting experts for failing to take CTX-HK into account in assessing CTX's counterclaim; and (c) CTX's supposed control over or lack of corporate separation from CTX-HK.

**CTX's Position**

CTX maintains that, following the Order, Mr. Paulikens's proffered testimony is irrelevant and inadmissible. Mr. Paulikens's opinions regarding CTX-HK are inconsistent with the Court's reasoning that Benlida failed to plead any theory by which CTX could be made liable for the debts of CTX-HK, which was "fatal to Benlida's ability to ward off summary judgment." ECF No. 221 at 5. In addition, such opinions are irrelevant to CTX's counterclaim, because Benlida did not assert any affirmative defenses or plead any allegations regarding CTX-HK in response to CTX's counterclaim.

CTX also disagrees with Benlida's new position, expressed below, that a mere reference to "FIFO" in its answer to CTX's counterclaim somehow permits it to use the debts of another company, CTX-HK, to set-off its liability to CTX-US. Benlida's new advancement of this unpled and heretofore unmentioned affirmative defense also violates this Court's clear instruction that the parties may not, "without prior leave of Court," use this report or the amended pretrial stipulation "as an opportunity to expand on any of their presentations or briefing" (ECF No. 221 at 13). Mindful of the Court's instruction, CTX will refrain from providing a more detailed response in this report, but respectfully requests the opportunity to submit additional briefing or present argument at the Calendar Call on October 3, 2023, or at the pretrial conference CTX previously requested, on this important issue, which will significantly impact the scope of evidence at trial as well as the length of trial.

**Benlida's Position**

Benlida disagrees with CTX's position and maintains that Mr. Paulikens's proffered testimony is relevant to its defense against CTX's counterclaim, for the reasons set forth more fully in the Amended Joint Pre-Trial Stipulation. In sum, it is Benlida's position that its defense to the counterclaim may be properly advanced through demonstrating, inter alia, the decade-long course of dealing, FIFO, and that orders placed by CTX-HK were for CTX-US's exclusive customers, which washes away the claim that Benlida owes CTX-US money. FIFO was expressly alleged as a defense to the counterclaim, and under Florida's Uniform Commercial Code, Benlida is entitled to demonstrate course of dealing, FIFO, and that orders placed by CTX-HK for CTX-US's exclusive customers bound CTX-US to make payment, such term being incorporated into the agreement pursuant to § 671.103. The parties' course of dealing will be demonstrated through emails, purchase orders, invoices, testimony, spreadsheets, etc. The jury

cannot understand the course of dealing, nor decide the rights and obligations of the parties, unless they see and hear how business has been conducted for the past decade.

### III. CTX'S OMNIBUS MOTION *IN LIMINE* (ECF No. 198)

The parties agree that the Court's Order obviates the following aspects of CTX's Omnibus Motion *in Limine* (tracking the numbered items within that motion):

1. Any damages computation beyond that pled in the complaint (because the Court has granted summary judgment to CTX on Benlida's claims, and thus Benlida will not be presenting a damages computation).

For the reasons explained in section II above, the parties disagree whether the Order obviates the need for the Court to decide the following aspects of CTX's Omnibus Motion *in Limine*:

2. Debts CTX-HK a non-party, allegedly owes to Benlida
3. Debts barred by the statute of limitations.
4. Records of CTX's account that Benlida did not produce during discovery;
5. CTX's experts' testimony regarding "related party" status;
6. Assertions contradicting Benlida's judicial admissions; and
9. Benlida's (or ROK's) entire print-run of invoices. (**CTX's position:** CTX maintains that Benlida's additional argument violates the Court's clear directive that the parties may not, "without prior leave of Court," use this report or the amended pretrial stipulation "as an opportunity to expand on any of their presentations or briefing" (ECF No. 221 at 13). Benlida did not previously argue for the admission of a (still-undefined) subset of the invoices or contend that the invoices were relevant to CTX's counterclaim. Nor does its threadbare answer to the counterclaim permit its new argument. Should the Court consider Benlida's new position, CTX requests an opportunity to brief or present oral argument on the issue. **Benlida's position:** This issue is moot, as Benlida now acknowledges that it will not introduce the entire print-run of invoices from the inception of the relationship between CTX and Benlida. However, Benlida does intend to use invoices (and purchase orders) in support of its FIFO defense against the counterclaim, and will demonstrate that CTX-US is not entitled to recover from Benlida because such invoices remain unpaid, and thus there is an overall balance due Benlida, which negates

3

CTX-US's counterclaim. Benlida's position is explained more expansively in the Amended Joint Pre-Trial Stipulation.)

Finally, the following aspects of CTX's Omnibus Motion *in Limine* were not determined by the Court's Order but do not require a ruling given the parties' agreement that they would not seek to introduce evidence or testimony on those subjects:

7. References to the parties' other lawsuits or alleged litigiousness; and
8. The 2022 settlement agreement and CTX's termination thereof.

Dated: September 29, 2023

Respectfully submitted,

**MAZZOLA LINDSTROM LLP**
1350 Avenue of the Americas, Second Floor
New York, New York 10019
Tel.: (646) 216-8300

*/s/ Richard E. Lerner*
Richard E. Lerner
Jean-Claude Mazzola
Counsel for Jiangmen Benlida Printed Circuit Co., Ltd.
richard@mazzolalindstrom.com
jeanclaude@mazzolalindstrom.com

*Counsel for Jiangmen Benlida Printed Circuit Co., Ltd.*

**PODHURST ORSECK, P.A.**
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Tel.: 305-358-2800

*/s/ Stephen F. Rosenthal*
Stephen F. Rosenthal
Florida Bar No. 0131458
srosenthal@podhurst.com
Matthew P. Weinshall
Florida Bar No. 84783
mweinshall@podhurst.com
Christina H. Martinez
Florida Bar No. 1029432
cmartinez@podhurst.com

*Counsel for Circuitronix, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on September 29, 2023 as filed with the Clerk of the Court using CM/ECF.

By: /s/ *Stephen F. Rosenthal*   .
      Stephen F. Rosenthal