**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-60125-CIV-SCOLA/GOODMAN**

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

Plaintiff,

v.

CIRCUITRONIX, LLC,

Defendant,
_____/

**CIRCUITRONIX, LLC'S NOTICE OF FILING IN COMPLIANCE WITH**
**ORDER REGARDING DEPOSITION DESIGNATIONS**

Defendant/counter-claimant, Circuitronix, LLC ("CTX"), files this notice in compliance with the Court's September 26, 2023 Order (ECF No. 222).  In light of the Court's clarification that the parties may not present deposition designations as substantive evidence at trial if the witness appears live, and of the Order Granting Motion for Summary Judgment, the recent order instructed CTX to: (1) inform the Court which depositions it still intends to present at trial as substantive evidence; (2) certify that such deponent will definitely not be testifying live at trial; and (3) clarify which designations it still intends to offer as substantive evidence.

**1.**     CTX still intends to play video-deposition designations of the following three Benlida-employee witnesses, none of whom Benlida listed on its witness list:  Huang "Douglas" Hanchao, Huang Xianjiang ("Mr. Huang"), and Chen Zhanjiao ("Ms. Chen").

In addition, although Benlida has confirmed that it will still list its expert, Randall Paulikens, as a "will call" witness, because CTX's motion to exclude substantial portions of his testimony remains pending (ECF No. 197), CTX designates, in an abundance of caution and to

1

provide maximum notice to the Court and Benlida, a small portion of Paulikens' deposition testimony which CTX would read in the event Benlida decides, after the ruling on CTX's motion, *not* to call him live at trial.[1]

2.    In reliance upon Benlida's initial witness list and its counsel's recent confirmation that they will not be calling Douglas Huang, Mr. Huang, or Ms. Chen to testify live at trial, the undersigned can certify that they "will definitely *not* be testifying live at trial," as the order requires.

3.    CTX has streamlined the testimony it seeks to present from these three remaining witnesses based on the Court's order granting summary judgment. That order *should* obviate any testimony about Circuitronix (Hong Kong), Ltd. ("CTX-HK") or its business with Benlida.

However, in the wake of the summary judgment ruling, Benlida's counsel has advised CTX's counsel by email that "in defending against your counterclaims, we do intend to show that payments were applied to the CTX-HK and CTX-US invoices on a FIFO basis, and that CTX-US is therefore not entitled recoupment of alleged overpayments." CTX has communicated its objection to Benlida advancing this affirmative defense.[2]

---

[1] CTX had designated excerpts of the depositions of two Benlida witnesses whom Benlida subsequently listed as "will call" witnesses: Sulan "Tracy" Huang and Yukun "Roger" Wu. *Compare* ECF No. 206 (CTX's deposition designations), *with* ECF No. 216-2 (Benlida's witness list). In reliance upon Benlida's confirmation of its intention to call them both live at trial, CTX withdraws the designations of their deposition testimony.

[2] Specifically, CTX objects to Benlida defending on this new ground because nothing in Benlida's answer to CTX's counter-claims even hints at it. *See* ECF No. 43. The answer does not mention CTX-HK, does not assert that CTX was somehow legally responsible for CTX-HK's debts (let alone identify any theory for such an obligation), does not assert any affirmative defense, nor divulge a commingled-first-in-first-out accounting practice (lumping both CTX and CTX-HK's debts together and paying off the oldest using money from either company) through which CTX's overpayments could ostensibly be set off against CTX-HK's debts. Thus, the same logic the Court embraced to preclude Benlida from belatedly relying on this theory to avoid

Benlida's decision to raise this new defense at the last minute prevents CTX from being able to submit a revised chart of deposition designations that voluntarily eliminates testimony on a host of subjects that CTX would—if Benlida is permitted to rely on that new affirmative defense—want to present at trial to push back on that line of defense (*e.g.*, about CTX-HK, Benlida's use of the commingled FIFO issue, its failure to have shared with CTX that it was using that internal accounting methodology to track what it told CTX it owed). The best CTX can do under these circumstances to comply with the Court's order is to identify those designations in its otherwise streamlined list that it would jettison *if* the Court rules that Benlida cannot raise that new, unpled affirmative defense.

To do so, on the following pages, CTX has modified the chart it previously filed (ECF No. 217 (showing its designations, Benlida's counter-designations, and CTX's objections[3]) to remove: (1) the designations of Ms. Huang and Mr. Wu's testimony, (2) the previously withdrawn designations as to Mr. Huang, and (3) testimony unrelated to Benlida's newly stated defense that have been obviated by the summary judgment ruling. The revised chart highlights in yellow those designations that CTX would eliminate if Benlida were not permitted to rely on its newly stated and unpled affirmative defense at trial.

---

summary judgment on its affirmative claims equally bars Benlida from pivoting to this theory now as an unpled affirmative defense against CTX's counterclaims.

[3] CTX is not eliminating the two right-most columns from the chart showing Benlida's counter-designations and CTX's objections/comments thereto since CTX does not interpret the Court's order as having ruled that Benlida has forfeited its right to counter-designate or object because it failed to file its positions. *See* ECF No. 222. If that was the Court's intention, CTX would nonetheless keep those of Benlida's counter-designations CTX did not object to, since they provide useful or unobjectionable context.

| **Huang "Douglas" Hanchao** |||
|---|---|---|
| **CTX's Designations** | **Benlida's Cross-Designations ["--" = N/A]** | **CTX's Objections to Benlida's Cross-Designation (and/or comment on Benlida's objections) ["--" = N/A]** |
| 8:20-9:8 | -- | -- |
| 12:12-24 | -- | -- |
| 16:18-17:25 | -- | -- |
| 23:12-24:2 | 23:12-24:17 | -- |
| 29:13-30:14 | 29:13-33:2 | FRE 403 (waste of time) as to 30:15-33:2 |
| 33:3-21 | -- | -- |
| 34:1-4 | -- | -- |
| 36:5-12 | -- | -- |
| 37:9-38:6 | 37:9-38:10 | -- |
| 44:15-45:13 | -- | -- |
| 46:3-18 | -- | -- |
| 50:4-51:2 | 50:4-51:23 | FRE 602 ("Rishi's purpose") as to 51:13-18 |
| 53:3-4 | -- | [4] |
| 54:1-4 | 53:16-54:4 | *See* n.4 |
| 59:6-61:8 | -- | -- |
| 63:9-16 | -- | -- |
| 72:6-11 | 71:22-72:11 | -- |
| 72:15-73:1 | -- | -- |
| 75:12-76:1 | -- | -- |

---

[4] This testimony relates to the 2014 Business Authorization letter which Benlida has argued gives rise to an agency theory.

| | | |
|---|---|---|
| 130:8-11 | -- | -- |
| 130:15-131:16 | -- | -- |
| 131:22-132:3 | -- | -- |
| 132:10-15 | -- | -- |
| 134:8-13 | -- | -- |
| 153:25-154:11 | -- | -- |
| 157:5-9 | -- | -- |
| 166:5-6 | -- | -- |
| 166:18-21 | -- | -- |
| 172:24-175:4 | -- | -- |
| 194:2-11 | -- | -- |
| 195:5-6 | -- | -- |
| 195:11-198:4 | -- | -- |
| 198:14-200:15 | -- | -- |
| 201:19-21 | 201:18-21 | -- |
| 202:1-203:13 | -- | -- |
| 204:11-19 | [objection] 204:11-16 | *Benlida fails to state any basis for its objection.* |
| 204:21-205:3 | [objection] | *Benlida fails to state any basis for its objection.* |
| 205:5-207:13 | [objection] 205:6-207:13 | *Benlida fails to state any basis for its objection.* |
| 207:14-208:12 | -- | -- |
| 210:18-212:19 | 210:18-213:9 | -- |
| 235:5-16 | 235:5-18 | -- |
| 235:19-20 | -- | -- |
| 235:25-236:7 | 235:22-236:14 | -- |
| 236:15-19 | 236:15-25 | -- |

| | | |
|---|---|---|
| 237:4-9 | -- | -- |
| 253:10-254:19 | -- | -- |
| 262:4-23 | 262:4-21 | FRE 106: lines 22-23 should be included for clarity/completeness |
| 272:20-24 | [objection] | 5 |
| 273:5-7 | [objection] 275:2-7 | *See* n.5 |
| 273:8-21 | -- | -- |
| 274:20-275:1 | -- | -- |
| 275:8-15 | 275:2-15 | -- |
| 276:4-21 | -- | -- |
| 277:7-25 | 276:22-277:25 | -- |
| 278:24-279:15 | [objection] 278:24-279:6 | *Benlida fails to state any basis for its objection.* |
| 279:17 | -- | -- |
| 284:12-14 | [objection] | *Benlida fails to state any basis for its objection.* |
| 284:21-24 | [objection] | 6 |
| 285:25-286:3 | [objection] | *See* n.6 |
| 286:10-287:8 | [objection] | 7 |
| 288:9-290:13 | [objection] | 8 |
| 294:13-295:11 | [objection] | *See* n.8 |

---

[5] Objection waived based on Benlida's cross-designation of 275:2-15.

[6] For CTX's position on the evidence about Sinosure, *see* ECF No. 202 at 13-20.

[7] This testimony is relevant to CTX's counterclaim involving monies Benlida asked CTX to pay ROK.

[8] For CTX's position on the evidence about Chinese regulatory oversight of Benlida, *see* ECF No. 202 at 1-12.

| | | |
|---|---|---|
| 295:25-296:21 | [objection] | *See* n.8 |
| 297:16-298:12 | [objection] | *See* n.8 |

| Chen Zhanjiao ("Ms. Chen") |||
|---|---|---|
| **CTX's Designations** | **Benlida's Cross-Designations** ["--" = N/A] | **CTX's Objections to Benlida's Cross-Designation (and/or comment on Benlida's objections) ["--" = N/A]** |
| 34:22-36:18 | [objection] 34:1-21 | The material Benlida objects to is part of their own cross-designation; the proper context Benlida wants starts at 34:14 |
| 38:12-39:7 | -- | -- |
| 46:13-24 | -- | -- |
| 72:5-14 | [objection] | *See* note 6. |
| 90:13-95:15 | [objection] | *Benlida fails to state any basis for its objection.* |
| 99:3-15 | -- | -- |
| 114:9-116:23 | -- | -- |
| 118:14-22 | 118:5-9 | Not helpful for context (under FRE 106) because would lack necessary context of prior questions |
| 120:14-121:25 | [objection] | *Benlida fails to state any basis for its objection.* |
| 122:15-123:8 | -- | -- |
| 123:15-127:23 | -- | -- |
| 128:9-129:20 | 128:3-8 | -- |
| 130:6-131:4 | 131:5-14, 20-25; 132:1-2, 12-18 | Not helpful for context (FRE 106) because concerns different subject, and confusing (FRE 403) because cross-designation omits some orienting lines (*e.g.*, 131:17-19). |
| 134:3-9 | 134:10-11, 24-25 | -- |
| 140:9-144:4 | -- | -- |
| 168:14-23 | -- | -- |

8

| 169:12-182:17[9] | [objection]<br><br>165:9-20; 166:11-13, 15, 17-18, 20-21, 23-24; 185:4-186:6 | FRE 802 (hearsay because Benlida was questioning its own witness, whom it can bring to trial to testify); vague and leading as to 166:11-13, 15; leading as to 166:17-24; FRE 403 as to 185:4-186:6 (confusing because questioning is about Ex. 85 and prior testimony on 182 is about different exhibits (92 and 93)) |

---

[9] To avoid waste of time, the changing of the videotape time (171:8-19) should be omitted.

| Huang Xiangjiang ("Mr. Huang") |||
|---|---|---|
| **CTX's Designations** | **Benlida's Cross-Designations ["--" = N/A]** | **CTX's Objections to Benlida's Cross-Designation (and/or comment on Benlida's objections) ["--" = N/A]** |
| 5:6-11 | | |
| 11:3-8 | | |
| 17:18-20 | -- | -- |
| 18:3-12 | -- | -- |
| 20:4-11 | -- | -- |
| 20:15-18 | -- | -- |
| 20:22-21:7 | -- | -- |
| 23:24-24:3 | -- | -- |
| 24:11-19 | -- | -- |
| 30:18-21 | -- | -- |
| 49:10-50:11 | [objection] | *See* note 8.[10] |
| 50:13-18 | [objection] | *See* notes 8, 10. |
| 50:20-22 | [objection] | *See* notes 8, 10. |
| 51:2-15 | [objection] | *See* notes 8, 10. |
| 98:4-7 | -- | -- |
| 107:21-108:2 | [objection] | *Benlida fails to state any basis for its objection.* |
| 108:4-8 | [objection] | *Benlida fails to state any basis for its objection.* |
| 108:10-21 | -- | -- |
| 110:13-111:2 | [objection] | *Benlida fails to state any basis for its objection.* |

---

[10] Also, the presumed basis of Benlida's objection ("asking about audits/taxes") fails to state any basis, and the passage does not reference taxes. Further, the reference to the Chinese Customs Authority and VAT taxes is relevant to Benlida's record-keeping system of CTX payments, which is of central importance to certain of CTX's counter-claims. For CTX's position on the evidence about Chinese regulatory oversight of Benlida, *see* ECF No. 202 at 1-12.

| | | |
|---|---|---|
| 111:9 | [objection] | *Benlida fails to state any basis for its objection.* |
| 113:21-114:15 | [objection] | *See* notes 8, 01. |
| 114:22-115:3 | [objection] | *See* notes 8, 10. |
| 115:5-12 | [objection] | *See* notes 8, 10. |
| 116:3-6 | [objection] | *See* notes 8, 10. |
| 116:21-117:4 | [objection] | *See* notes 8, 10. |
| 117:6-7 | [objection] | *See* notes 8, 10. |
| 118:1-5 | [objection] | *See* notes 8, 10. |
| 118:7-10 | [objection] | *See* notes 8, 10. |
| 118:19-20 | [objection] | *See* notes 8, 10. |
| 118:22-119:7 | [objection] | *See* notes 8, 10. |
| 135:22-137:6 | [objection] | *See* notes 6, 8, 10. |
| 137:8-14 | [objection] | *See* note 6. |
| 137:16-17 | [objection] | *See* note 6. |

| Randall Paulikens | | |
|---|---|---|
| **CTX's Designations** | **Benlida's Cross-Designations ["--" = N/A]** | **CTX's Objections to Benlida's Cross-Designation (and/or comment on Benlida's objections) ["--" = N/A]** |
| 4:2-21 | | |
| 35:4-25 | | |
| 40:2-15 | | |
| 44:18-46:22 | | |
| 47:13-47:24 | | |
| 53:12-54:16 | | |
| 86:5-87:10 | | |
| 138:4-142:6[11] | | |
| 142:21-143:15 | | |
| 149:17-151:14 | | |
| 182:7-183:13 | | |

Dated: September 29, 2023    Respectfully submitted,

PODHURST ORSECK, P.A.
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Tel.: 305-358-2800

*/s/ Stephen F. Rosenthal*
Stephen F. Rosenthal
Florida Bar No. 0131458

---

[11] Minus the following two statements: "[i]t's the underlying implication that it is the only piece, that is why I can't fully agree or disagree" (at 139:4-6) and "[b]ut there's more than one piece" (at 140:20). Paulikens's reference to another "piece" refers to CTX-HK, which is now irrelevant based on the summary-judgment ruling.

        srosenthal@podhurst.com
        Matthew P. Weinshall
        Florida Bar No. 84783
        mweinshall@podhurst.com
        Christina H. Martinez
        Florida Bar No. 1029432
        cmartinez@podhurst.com

*Counsel for Circuitronix, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on September 29, 2023 as filed with the Clerk of the Court using CM/ECF.

        By: /s/ *Stephen F. Rosenthal*
            Stephen F. Rosenthal