UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/GOODMAN

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD., *et al.*

    Plaintiffs/Counter-Defendant,

v.

CIRCUITRONIX, LLC,

    Defendant/Counter-Plaintiff.

_____/

**CIRCUITRONIX, LLC'S NOTICE OF FILING OBJECTIONS
TO BENLIDA'S AMENDED TRIAL EXHIBIT LIST**

Counter-Plaintiff, Circuitronix, LLC ("CTX"), hereby gives notice of filing objections to Benlida's amended exhibit list containing further exhibits in defense against CTX's counterclaim. ECF No. 229. Benlida has frustrated CTX's ability to state specific evidentiary objections to its trial exhibits by having repeatedly failed to prepare a numbered list of exhibits, or to serve CTX with a set of corresponding (or even easily identifiable) exhibits. The best CTX can do is identify the shortcomings of Benlida's exhibit list (below) and request the Court to fashion appropriate relief for Benlida's failure to comply with the applicable rules and Court orders.

Benlida has not produced a proper exhibit list beyond the initial jointly filed list of 168 exhibits that were marked during depositions. *See* ECF. No. 216. When the Court afforded the parties an extra three days to file additional exhibits beyond the initial 168 exhibits [ECF No. 214], the problem began when Benlida served its additional exhibits in a disorganized format that failed to comply with Federal Rule 26(a)(3) (and the Court's Third Amended Scheduling

Order [ECF No. 153], which invoked that rule). Benlida did not number its exhibits, served them as electronic files with folders nested within folders nested within more folders, and did not even use Bates-numbered versions. And it did so after hours on the Friday that amended exhibit lists and objections thereto were due. *See* Exhibit 1 at 3. CTX protested that disorganized production the next business day. *Id*. at 2. Despite that request, fully two weeks ago, Benlida did not comply. Indeed, just as CTX was preparing to file this notice late Sunday night, October 1, Benlida coincidentally served a set of numbered trial exhibits.

When Benlida filed its amended exhibit list, it failed to identify each exhibit and, like its service of the exhibits upon CTX, merely listed general categories. ECF No. 219-1 at 33. That exhibit list violated Rule 26(a)(3)(A)(iii) in that it failed to "identif[y] each document or other exhibit, including summaries or other evidence." *See also* S.D. Fla. Local R. 16.1(e)(9). A few listed exhibits clearly refer to individual documents, but because Benlida did not even provide CTX with a copy of the document identified by that number (or even list a Bates-stamped version), CTX would have had to rummage through the attic of Benlida's production of its electronic exhibit folders just to attempt to locate them. That was unreasonable and placed an unfair burden on an opponent on the eve of trial that the rules are designed to prevent.

After the Court issued its summary judgment order on September 25, which "substantially narrowed the scope of the trial," the Court ordered the parties each to file amended exhibit lists emphasizing that "each exhibit must be individually listed, not consolidated with other exhibits." ECF No. 221 at 13. Benlida abjectly failed to comply with that order, remarkably still listing its exhibits in consolidated groups in a way that made it impossible for CTX to lodge specific objections to individual exhibits. ECF No. 229. Benlida's continued failure to serve individually numbered exhibits upon CTX—until an hour before this

notice was filed—has further hampered CTX's ability to perform the kind of document-by-document review necessary to state objections.

Moreover, Benlida apparently viewed the Court's order as license to belatedly add *new* previously undisclosed exhibits to its exhibit list. It now lists three summaries which were not on the previous list. *Compare* ECF No. 219-1 at 33, *with* ECF No. 229 (adding exhibits P1A, P1B and P1C). That move is plainly inconsistent with the Court's order, as well as the deadlines in the prior scheduling order. Moreover, Benlida never served those summaries on CTX; they had to have been served when exhibit lists were due (as CTX did with its summaries), and the underlying materials made available for inspection. See Fed. R. Evid. 1006.

Accordingly, CTX now states the following objections to Benlida's trial exhibits:

- "Consolidated," which means that Benlida has impermissibly listed a consolidated, group of exhibits, in violation of both Local Rule 16.1(e)(9) and the Court's recent Order [ECF No. 221] at 13, which expressly forbade this practice; and

- "Unidentifiable," which means that CTX cannot without undue effort identify what specific document(s) are intended and therefore reserves the right to assert more specific objections once Benlida serves CTX with specifically identifiable exhibits matching its exhibit list (provided the Court even allows Benlida to use these improperly listed documents).

After this Notice was prepared, and just before CTX was going to file it (close to midnight on Sunday, October 1), Benlida emailed a Dropbox containing its revised exhibit production, several weeks after the deadline to do so. CTX has now, for the first time, some visibility into the actual exhibits Benlida has listed. Counsel has only been able to undertake an

initial, cursory review, and will state more specific objections where possible. But CTX does wish to delay this filing since the calendar call and (requested) pre-trial conference will take place on the morning of October 3, and respectfully reserves the right to state more specific objections once it has had an opportunity to review these exhibits more carefully.

|  | Description | Expect vs. May | CTX's Objections |
|---|---|---|---|
| P1 | Invoices from Third Amended Complaint, with sub-exhibit tabs P1-1 through P1-431 | May | Consolidated; R, UP (as to CTX-HK invoices. P1-249 through P1-431) |
| P1A | Summary Exhibit of Above, in Excel format | May | Unidentifiable; improper summary (Fed. R. Evid. 1006) |
| P1B | Summary Exhibit of Above in PDF format | May | Unidentifiable (listed as "removed" from dropbox) |
| P1C | Sample back-up PDF of above | May | Unidentifiable (listed as "removed" from dropbox) |
| P2 | Meeting Minutes, with sub-exhibit tabs | May | Consolidated; R, UP (as to CTX-HK references); documents appear in different format from other versions of minutes marked during depositions, so requires further inspection |
| P3 | Emails in reference to adding customers to the Exclusive List, with sub-exhibit tabs P3-1 through P3-102 | May | Unidentifiable; Consolidated (333-pages, most without Bates numbers) |
| P4 | 2-16-22 Email from Rishi to Tracy re: Exclusive customer list with up to date exclusive customer list | May | R, UP |
| P5 | 12-19-2019 Email Re: Circuitronix, USA payment reconciliation from 1st of April, 2012 until present for Benlida and ROK | May | R, UP (as to CTX-HK references) |
| P6 | Copy of Benlida Shipment and Payment Details CTX-HK 2012- 2019 | May | R, UP |
| P7 | CTX HK POs referencing Exclusive List Clients, with sub-exhibit tabs P7-1 through P7-79 | May | Consolidated; R, UP |
| P8 | 8-1-2019 Email From Tracy to Rishi Re: Final Payment Reconciliation | May | R, UP (as to CTX-HK references) |
| P9 | Invoices and Purchase orders from 2012-2017 | May | Unidentifiable (still not produced); Consolidated |

| P10 | 2015 BLD Monthly Invoice Statement | May | Consolidated; R, UP (as to CTX-HK references) |
|---|---|---|---|
| P11 | 2016 BLD Monthly Invoice Statement | May | R, UP (as to CTX-HK references) |

Dated:  October 2, 2023

Respectfully submitted,

PODHURST ORSECK, P.A.
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Tel.: 305-358-2800

*/s/  Stephen F. Rosenthal*
Stephen F. Rosenthal
Florida Bar No. 0131458
srosenthal@podhurst.com
Matthew Weinshall
Florida Bar No. 84783
mweishall@podhurst.com
Christina H. Martinez
Florida Bar No. 1029432
cmartinez@podhurst.com

*Counsel for Circuitronix, LLC*


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on October 2, 2023 as filed with the Clerk of the Court using CM/ECF.

By: */s/ Stephen F. Rosenthal*
Stephen F. Rosenthal

# Exhibit 1

| | |
|---|---|
| **From:** | Christina H. Martinez |
| **To:** | Richard Lerner |
| **Cc:** | Steven Prifti; JESSICA MILLER; STEPHEN F. ROSENTHAL; MATT P. WEINSHALL; Adam Wiener; Eric Toll; Jean-Claude Mazzola |
| **Subject:** | RE: Joint Exhibit List and Link to Exhibits |
| **Date:** | Friday, September 22, 2023 5:06:57 PM |

Hi JC and Rich,

When can we expect a revised exhibit list with your itemized list of trial exhibits? You'd indicated earlier this week that you might be providing a more user-friendly version but I haven't heard from you since then, except for Rich's Tuesday email about the 4000-page exhibit. Even if that consolidated PDF is derived entirely from our production as Rich said, we are entitled under the Rules to provide individualized objections "to each exhibit" and "the basis of all objections to each document" (L.R. 16.1(e)(9)), including the documents that make up that PDF. We are unable to do so, however, because of the format in which you provided and listed your exhibits. Note that the Local Rules also required us to have "[e]xamine[d] all trial exhibits" by Tuesday (L.R. 16.1(d)(4)), and while we filed a revised list with objections and sent you an updated link with all our additional exhibits, renamed to match the exhibit numbers, we have not received a similar list and production from you.

We need you to provide us with a revised itemized list and a link to correspondingly named/identified exhibits that complies with the Local Rules. Please advise when you will do so.

Regards,
Christina

Christina H. Martinez ǀ Podhurst Orseck, P.A. ǀ Miami, FL ǀ 305-358-2800 ǀ www.podhurst.com

**From:** Richard Lerner <Richard@mazzolalindstrom.com>
**Sent:** Tuesday, September 19, 2023 3:49 PM
**To:** Christina H. Martinez <cmartinez@podhurst.com>
**Cc:** Steven Prifti <steven@mazzolalindstrom.com>; JESSICA MILLER <JMILLER@PODHURST.COM>; STEPHEN F. ROSENTHAL <SROSENTHAL@podhurst.com>; MATT P. WEINSHALL <MWeinshall@PODHURST.com>; Adam Wiener <adam@mazzolalindstrom.com>; Eric Toll <Eric@mazzolalindstrom.com>; Jean-Claude Mazzola <jeanclaude@mazzolalindstrom.com>; Richard Lerner <Richard@mazzolalindstrom.com>
**Subject:** RE: Joint Exhibit List and Link to Exhibits

Christina,

The 4029-page document labeled "POs and Invoices contained in TAC" is derived entirely from your production.

Apparently, for the most part when they were downloaded by us and compiled into the merged exhibit, your CTX Bates numbers aren't tagged onto the documents. And where there are the CTX-

designated Bates numbers in the documents, they are not necessarily in sequence.

The 4029-page document was organized by us in sequence of the invoices identified in the third amended complaint. Apparently, there are about 5 that are not included in 4029-page document. We'll get that sorted quickly.

Richard E. Lerner

Mazzola Lindstrom LLP

1350 Avenue of the Americas, 2nd Floor, New York, NY 10019

1999 Avenue of the Stars, Ste. 1100, Los Angeles, CA 90067

D: 646.813.4345 | M: 917.584.4864 |

richard@mazzolalindstrom.com | http://www.mazzolalindstrom.com

NEW YORK * LOS ANGELES

---

**From:** Christina H. Martinez <cmartinez@podhurst.com>
**Sent:** Monday, September 18, 2023 5:00 PM
**To:** Steven Prifti <steven@mazzolalindstrom.com>; JESSICA MILLER <JMILLER@PODHURST.COM>; STEPHEN F. ROSENTHAL <SROSENTHAL@podhurst.com>; MATT P. WEINSHALL <MWeinshall@PODHURST.com>
**Cc:** Adam Wiener <adam@mazzolalindstrom.com>; Eric Toll <Eric@mazzolalindstrom.com>; Richard Lerner <Richard@mazzolalindstrom.com>; Jean-Claude Mazzola <jeanclaude@mazzolalindstrom.com>
**Subject:** RE: Joint Exhibit List and Link to Exhibits

Thank you, Steven.

JC and Rich,

Our team is going through the exhibit list you circulated last week in order to submit our objections to the Court.  Your list and the accompanying dropbox of documents, however, makes it near impossible for us to provide individual objections to "each exhibit" as required under the Local Rules given that you provide only general descriptions of the composite exhibits on your list, do not provide Bates numbers on the list, and/or do not provide documents bearing Bates numbers. When JC and I spoke last week, I asked for and understood that you were going to at least provide Bates numbers for the documents within each general category you were listing, even if you did not list each of the underlying invoices or purchase orders as individual exhibits in separate rows. Without this information, we can't verify the documents in our system and cannot meet our obligation to the Court.

When will you be able to provide a revised list that supplies Bates numbers and/or a list that individually identifies/describes these exhibits?

Regards,
Christina

Christina H. Martinez l Podhurst Orseck, P.A. l Miami, FL l 305-358-2800 l www.podhurst.com

---

**From:** Steven Prifti <steven@mazzolalindstrom.com>
**Sent:** Friday, September 15, 2023 7:28 PM
**To:** JESSICA MILLER <JMILLER@PODHURST.COM>; Christina H. Martinez <cmartinez@podhurst.com>; STEPHEN F. ROSENTHAL <SROSENTHAL@podhurst.com>; MATT P. WEINSHALL <MWeinshall@PODHURST.com>
**Cc:** Adam Wiener <adam@mazzolalindstrom.com>; Eric Toll <Eric@mazzolalindstrom.com>; Richard Lerner <Richard@mazzolalindstrom.com>; Jean-Claude Mazzola <jeanclaude@mazzolalindstrom.com>
**Subject:** Joint Exhibit List and Link to Exhibits

Mr. Rosenthal and Weinshall, and Ms. Martinez,

Please find attached Benlida's final exhibit list, and please also find the link to all documents referred to in the exhibit list.

Please let me know If you have any issues accessing the link provided below.

Warm wishes for a wonderful holiday for those of you who celebrate.

Best regards,
Steve

Additional Exhibits - Disclosure

**Steven Prifti, Paralegal**
**Mazzola Lindstrom LLP**
1350 Avenue of the Americas, 2nd Floor, New York, NY 10019
O +1 646.216.8300
Steven@mazzolalindstrom.com  www.mazzolalindstrom.com

**Disclaimer –** The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation to the contents of this information is strictly prohibited and may be unlawful.