UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/GOODMAN

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

Counter-Defendant,

v.

CIRCUITRONIX, LLC,

Counter-Plaintiff.

_____/

**BENLIDA'S MEMORANDUM IN RESPONSE TO THE
COURT'S ORDER [DE 250] REGARDING DEPOSITION
DESIGNATIONS AS TO AKSHAY KOUL**

Counter-Defendant Jiangmen Benlida Printed Circuit Co., Ltd. submits this memorandum in response to the Court's order [DE 250] that Benlida explain the relevance of Akshay Koul's testimony that Benlida seeks to introduce. While the Court has precluded evidence of CTX-HK's debts and CTX-US's responsibility therefor, there has been no motion nor any order precluding evidence of the existence of CTX-HK. Likewise, there has been no motion nor any order precluding evidence regarding how Benlida and CTX-US performed under the Manufacturing Agreement.

There will certainly be testimony in this case as to what the parties understood the terms of the contract to mean. It is inconceivable that there would be no mention made of Hong Kong, and likewise CTX-HK. Because of the deep interconnectedness of CTX-US and CTX-HK, it would impossible to try this case without mention of CTX-HK.

Although it is expected that there will be testimony regarding lead-time penalties claimed by CTX-US, CTX-US has objected to any such testimony from Mr. Koul regarding the same. (See its objection to read-in of portions of page 92). CTX-US states that testimony regarding

1

CTX-HK purchase orders has been precluded. This is not correct. The Court has precluded testimony regarding the *debts* of CTX-HK, not testimony regarding the circumstances and procedures regarding the issuance of purchase orders and the fulfillment of orders placed for CTX-US's customers, whether such orders were placed by CTX-US itself or by CTX-HK.

Further with respect to CTX-US's claim for lead-time penalties, Benlida's defense thereto, cannot fairly be understood without taking into consideration the placement of orders and the procedures practiced by the parties in accordance with the Manufacturing Agreement for determining and calculating lead-time penalties. To determine whether lead-time penalties are appropriate, all purchase orders must be considered, whether placed by CTX-US or CTX-HK. Hence, CTX-HK is by no means "irrelevant" to the issues in this case.

There will also be testimony that Benlida delivered the PCBs to Hong Kong warehouse facilities, and that the logistics for receipt of every delivery from Benlida was managed by staff of CTX-HK. Because the dates when the PCBs were received is a key factor in calculating lead time penalties, how and by whom those calculations were done is key to Benlida's defense. There will be testimony showing the back-and-forth, if you will, as to how business was conducted, including that all logistics – which is absolutely germane to the issue of lead-time penalties – are, of course, run out of Hong Kong and by CTX-HK.

Some of the designations for Mr. Koul may be obviated by testimony from CTX-US's other witnesses, through cross-examination and perhaps direct testimony. Benlida respectfully submits that the relevance of the designations proposed by it will become more evident, and even more relevant, during the trial, if the relevance is not yet clear to the Court. Accordingly, in the event of any doubt as to the relevance, Benlida submits that the Court should reserve decision until it hears further testimony. Finally, Benlida also notes that there are passages from Mr.

Koul's testimony that CTX has not objected to. Therefore, Benlida submits that such testimony has already been acknowledged to be relevant.

Dated: October 12, 2023        Respectfully submitted,

**Mazzola Lindstrom LLP**
1350 Avenue of the Americas, Second Floor
New York, New York 10019
Tel.: (646) 216-8300
/s/  Richard E. Lerner
/s/ Jean-Claude Mazzola
Richard E. Lerner
Jean-Claude Mazzola
Bar No.: 73466
richard@mazzolalindstrom.com
jeanclaude@mazzolalindstrom.com

*Counsel for Jiangmen Benlida
Printed Circuit Co., Ltd.*

**Service Via ECF**