UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/GOODMAN

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

    Counter-Defendant,

v.

CIRCUITRONIX, LLC,

    Counter-Plaintiff,
_____/

## CIRCUITRONIX, LLC'S SUPPLEMENTAL MEMORANDUM REGARDING TESTIMONY OF AKSHAY KOUL

Pursuant to this Court's Paperless Order (ECF No. 250), Counter-Plaintiff Circuitronix, LLC ("CTX-US") files this supplemental memorandum explaining why almost all of the testimony of Akshay Koul which Benlida has designated to read at trial is ***not*** relevant given the Court's pretrial rulings.

Akshay Koul is the General Manager at non-party, Circuitronix (Hong Kong) Ltd. ("CTX-HK"). In that role, he supervises sales and operations for CTX-HK. He does not handle sales for CTX. When the Court entered its Order Granting Summary Judgment (ECF No. 221)—which "grant[ed] summary judgment in Circuitronix's favor as to the invoices identified in the complaint which the parties agree were all issued to CTX-HK," *id.* at 9—Mr. Koul's testimony became almost entirely irrelevant to the case that remained: CTX-US's counterclaims. Indeed, CTX-US advised, when filing its amended witness list following the summary-judgment ruling, that it would have dropped Mr. Koul from its witness list altogether "if Benlida had not announced, after the summary-judgment ruling, an intention to rely on an unpled affirmative

1

defense seeking to set-off moneys owed to CTX against debts owed by CTX-HK." ECF No. 225-2 at 1 n.1.

Then the Court granted CTX's Omnibus Motion *in Limine* by ruling that "Benlida is precluded from presenting evidence of CTX-HK's debts or Circuitronix's responsibility therefor." ECF No. 237 at 1, § 2. That ruling made clear that these subjects are not relevant to the issues to be tried. Consequently, CTX-US determined there was no longer any need to call Mr. Koul as a live witness and certified that it would not be calling him. Benlida used that certification as an opportunity to submit, for the first time, deposition designations of Mr. Koul to be played at trial. *See* ECF No. 239 at 8-13 (A. Koul deposition designations); ECF No. 242 (supplemental deposition designations for Akshay Koul).

With few exceptions, the deposition testimony designated by Benlida touches on subjects foreclosed by this Court's Omnibus Order, or is otherwise irrelevant. CTX-US noted as much in its objections to the designations. *See, e.g.*, ECF No. 239 at 9 (objecting that designated testimony about CTX-HK's sales department and sales "are not probative of any issue in the case and veers into testimony foreclosed by Omnibus Order (ECF No. 237, # 2) regarding exclusion of debts CTX-HK allegedly owes Benlida"). Even where designated testimony does not directly reference CTX-HK or its sales, it is wholly irrelevant to the issues in this case—as with testimony regarding Mr. Koul's personal relationship with CTX-US CEO, Rishi Kukreja (*id.* at 8), or Mr. Koul's responsibility over certain operations in Shenzhen, China (*id.* at 9).

The only portions of the designated testimony that could *arguably* be relevant to CTX's counterclaim are those that relate to the aspect of CTX-US's operation that involves its use of a warehouse in Hong Kong owned by CTX-HK, or third-party warehouse, to receive Benlida's products and from which products are shipped to CTX-US's customers. A small aspect of that

warehouse operation is relevant to CTX-US's counterclaim involving a breach of the contractual provisions concerning lead-time penalties (monies CTX-US was entitled to deduct from the amount it owed to Benlida, which Benlida disputes, and which affect the amount of money CTX-US has overpaid and seeks as damages).  Specifically, the narrow aspect of the Hong Kong warehouses that is relevant to CTX-US's claim is how CTX-US tracks the data about the date Benlida's products are received at the warehouse.  Benlida, for its part, has never articulated any defense to CTX-US's counterclaims that broadens the zone of relevance of testimony about the operation of the warehouses in Hong Kong, so it is doubtful that even this testimony is relevant.

Against that narrow background, and the relevance boundaries drawn by the Court's prior orders, virtually all of Benlida's designations of Mr. Koul's deposition testimony are irrelevant, for the reasons stated here as well as in CTX-US's objections to the designations.  See ECF No. 239 at 8-13.  To assist the Court, CTX-US believes that the following designations (copied and pasted from ECF No. 239) are the only ones that are *arguably relevant* (irrespective of the other bases for objection CTX-US previously raised):

| Page(s) and line(s) | Party Objecting | Objections/Cross-Designation | Ruling |
|---|---|---|---|
| 21:19-25 | CTX | Designation should include Mr. Koul's response to the question at 22:1-2. | |
| 51:1-8 | CTX | Designation should include 49:3-50:25 and 51:9-11 for completeness. | |
| 71:19-73:18[1] | CTX | Designation should also include 49:3-50:25 and 51:9-11 for completeness. | |
| 113:24-114:11 | CTX | FRE 401 (relevance as to 114:10-11, identification of an exhibit regarding which Benlida does not designate any testimony). | |

---

[1] This was Benlida's supplemental designation filed in ECF No. 242.

| 127:1-10 | CTX | Designation should include 126:5-127:1 for completeness. | |

DATED October 12, 2023

Respectfully submitted,

**PODHURST ORSECK, P.A.**
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Tel.: 305-358-2800

/s/ *Stephen F. Rosenthal*
Stephen F. Rosenthal
Florida Bar No. 0131458
srosenthal@podhurst.com
Matthew P. Weinshall
Florida Bar No. 84783
mweinshall@podhurst.com
Christina H. Martinez
Florida Bar No. 1029432
cmartinez@podhurst.com

*Counsel for Circuitronix, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on October 12, 2023 as filed with the Clerk of the Court using CM/ECF.

By: /s/ *Stephen F. Rosenthal*
Stephen F. Rosenthal
