UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/GOODMAN

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

    Counter-Defendant,

v.

CIRCUITRONIX, LLC,

    Counter-Plaintiff,
_____/

### CIRCUITRONIX, LLC'S MOTION TO ENFORCE PRE-TRIAL RULING EXCLUDING EVIDENCE REGARDING CIRCUITRONIX (HONG KONG) LTD.

    Counter-Plaintiff Circuitronix, LLC ("CTX-US") respectfully requests that the Court enter an Order enforcing its pre-trial ruling that "Benlida is precluded from presenting evidence of CTX-HK's debts or Circuitronix's responsibility therefor." ECF No. 237, 1 § 2. Such an Order is necessary because Benlida is unwilling to comply with this Court's unequivocal ruling.

    The Court's Orders granting CTX-US's motion for summary judgment (ECF No. 221) and motion *in limine* (ECF No. 237) made clear that this case—by virtue of Benlida's own strategic choices—is exclusively between Benlida and CTX-US. Evidence regarding CTX-HK's debts is irrelevant and has therefore been excluded. (ECF No. 237, 1 § 2.)

    Benlida, however, has telegraphed in meet-and-confer discussions that it will attempt to circumvent this Court's Orders by introducing documents and testimony regarding CTX-HK's debts—as well as documents concerning the transactions giving rise to those debts or related financial data, such as purchase orders, invoices, and balances—and by arguing that CTX-US is responsible for certain orders placed by CTX-HK. Such evidence is plainly irrelevant and

unduly prejudicial.  For the reasons explained below, this Court should enter an Order precluding Benlida from introducing and developing evidence and arguments that run afoul of this Court's prior ruling regarding CTX-HK.

1. **Benlida should not be allowed to introduce documents or testimony about CTX-HK's debts, orders, invoices, or balances.**

Numerous documents on the parties' exhibit lists explicitly reference CTX-HK debts, purchase orders, invoices, or balances; include amounts or calculations that encompass such CTX-HK financial data; or, in the case of some of Benlida's brand new, untimely exhibits, relate exclusively to CTX-HK orders.  These exhibits should be redacted before being admitted into evidence, or Benlida should be prohibited from introducing them altogether.  Likewise, Benlida should be precluded from eliciting testimony from its witnesses concerning CTX-HK debts, orders, invoices, and balances, either by itself or embedded in collective, undifferentiated financial data of Circuitronix entities.

After the Court granted CTX-US's motion for summary judgment and motion *in limine*, clarifying that evidence regarding CTX-HK would be excluded, CTX-US endeavored to remove all exhibits from the joint exhibit list and its own additional exhibit list that relate *solely* to CTX-HK.  *Compare* ECF No. 225 (CTX's 9/29/2023 exhibit list prior to the Court's Omnibus Order, highlighting exhibits requiring removal or redaction due to, among other things, reference to CTX-HK), *with* ECF No. 246 (CTX's 10/10/2023 exhibit list following the Court's Omnibus Order and removing exhibits based on, among other things, reference to CTX-HK).  CTX-US also painstakingly redacted portions of other exhibits that reference or incorporate CTX-HK debts, orders, invoices, or balances to preserve the relevant, non-CTX-HK portions.

For example, the following excerpt from Exhibit 78, an email dated July 30, 2019, references both balances between CTX-US and Benlida, which are admissible, and balances between CTX-HK and Benlida, which are inadmissible:

> As per our conversation please find attached payment details for July 1, 2019 ( April invoices):
>
> a) Benlida for CTX, HKG : We owe Benlida us $8,843,225.69
>
> b) Benlida for CTX, USA : Benlida owes us $(5,723,591.60)
>
> c) ROK for CTX, USA/CTX HKG : ROK comes $(3,375,978.22)

CTX has redacted the parts of the excerpt that are highlighted in the red boxes above. Similarly, in another part of Exhibit 78, an email dated August 1, 2019, undifferentiated shipment values and payments are listed that include both CTX-US and CTX-HK amounts:

> 3. We think the reconciliation that CTX provided is not accurate, so we suppose it is necessary to look back to the shipment and payment record before 2015. We provide our records as follow, please check it with your records and give us feedback.

|  | BLD | | ROK | |
| --- | --- | --- | --- | --- |
|  | Shipment value | Payment | Shipment value | Payment |
| 2011 | $ - | | $ 1,703,960.22 | $ 1,070,274.64 |
| 2012 | $ 1,803,969.11 | $ 1,065,791.39 | $ 4,350,783.67 | $ 3,290,270.40 |
| 2013 | $ 4,993,096.93 | $ 3,698,771.59 | $ 6,319,223.54 | $ 5,341,964.00 |
| 2014 | $ 10,275,233.76 | $ 8,960,305.40 | $ 6,772,430.57 | $ 5,872,531.31 |

CTX has redacted these figures as well, since they contain excluded CTX-HK amounts.

In contrast, Benlida has made no effort to redact excluded data from exhibits and has affirmatively represented that it has no intention to do so. Instead, it remarkably and belatedly has *added* documents to its exhibit list that relate solely to CTX-HK—such as a CTX-HK spreadsheet with shipment and payment details (Ex. P257) and several CTX-HK purchase orders (*e.g.*, Ex. P260)—or that reference CTX-HK data among other data or aggregate amounts that include CTX-HK data, *see, e.g.*, Ex. P.295 (payment reconciliation spreadsheet dated July 7,

3

2019 and containing CTX-HK data); Ex. P291 (2015 Benlida monthly invoice statements containing CTX-HK data).

Benlida's apparent plan to introduce exhibits concerning CTX-HK debts, purchase orders, invoices, and balances—whether in the form of its new documents or unredacted versions of documents from prior exhibit lists—contravenes this Court's clear Order precluding Benlida "from presenting evidence of CTX-HK's debts." ECF No. 237, § 2. In the same vein, any attempt to elicit testimony from Benlida witnesses regarding such CTX-HK data would violate the Court's *in limine* ruling.

The risk of undue prejudice and confusion from this evidence is substantial and incurable. Introducing such evidence regarding CTX-HK will provide the jury with the misleading impression that CTX-HK's alleged debts to Benlida may be considered when evaluating Benlida's liability to CTX-US and will invite the jury to impermissibly reduce CTX-US's damages by the amount of CTX-HK's alleged debts—precisely the theory of liability that this Court twice rejected in granting CTX-US's motion for summary judgment and motion *in limine*. As this Court has repeatedly made clear, this lawsuit only concerns CTX-US and Benlida, so evidence concerning CTX-HK's financial dealings with Benlida, including its debts, purchase orders, invoices, and balances, is entirely irrelevant and will only serve to confuse the jury and unfairly prejudice CTX-US.

Accordingly, Benlida should be prohibited from introducing exhibits that reference or reflect CTX-HK debts, purchase orders, invoices, and balances, unless such CTX-HK data is redacted. Likewise, Benlida's counsel and witnesses should be instructed to refrain from eliciting or providing testimony pertaining to such CTX-HK financial data.

## 2. Benlida should be prohibited from attempting to hold CTX responsible for CTX-HK orders and debts

Relatedly, Benlida has added several documents to its exhibit list regarding CTX's exclusive customer list, in an apparent effort to make an end-run around the Court's ruling prohibiting it from presenting evidence not just of CTX-HK's debts, but also of CTX-US's "*responsibility therefor*," ECF No. 237, § 2 (emphasis added). Benlida's most recent exhibit list contains an appendix exchanged by the parties in discovery reflecting CTX's exclusive customer list, emails about the list, and 30 "exemplar" exhibits containing CTX-US and CTX-HK purchase orders. *See* ECF No. 248 (P255 containing appendix with exclusive customer list, transmitted with CTX's first set of interrogatories o Benlida, P258 emails about the exclusive customer list, P260-P289 containing purchase orders). CTX can only assume that the inclusion of these exhibits is in service of an argument that CTX-US is somehow responsible for CTX-HK purchase orders related to customers on CTX-US's exclusive customer list or that Benlida should be permitted to apply payments from CTX-US to debts arising from purchase orders placed by CTX-HK for customers on the list.

If this argument sounds familiar, that's because the Court reviewed but rejected it as "improperly raised" at the motion-for-summary-judgment stage, where Benlida premiered it. ECF No. 221 (Order Granting Summary Judgment) at 6; *see also* ECF No. 188 (Benlida's Opposition to CTX-US' Motion for Summary Judgment) at 1 ("Every customer on the list created by the Manufacturing Agreement was an "Exclusive Customer" of CTX-US. CTX-HK never had its own customer list. Thus, CTX-HK could not have purchased circuit boards from Benlida for the customers on the CTX-US "exclusive" list without CTX-HK's being an agent of CTX-US or a de facto constituent part of CTX-US."); *id.* at 2-5 (developing this exclusive-customer-list argument). "Since Benlida's complaint supplies neither any notice nor factual

5

allegations that could be construed as advancing its vicarious liability theories"—among them, the theory relying on CTX-HK's orders involving the exclusive customer list—"the Court reject[ed] those theories." ECF No. 221 at 9.

Benlida persisted in advancing its exclusive-customer-list argument in response to CTX-US's motions *in limine*. *See* ECF No. 201 at 2-7, 9-10, 12, 16; ECF No. 203 at 4-5. The Court again rejected that ploy by unequivocally granting CTX-US's motion on this point. ECF No. 237, Item 1, § 2; *id.* at Item 3 (granting in part CTX-US' motion to exclude portions of Benlida's rebuttal expert testimony "for the same reasons that the Court has excluded evidence related to CTX-HK's debts or Circuitronix's liability for those debts," and ruling that "Benlida may not introduce its rebuttal expert's testimony to the extent he opines on Circuitronix's experts' failures to account for CTX-HK's debts and on the relationship between Circuitronix and CTX-HK").

Because Benlida remains unwilling to adhere to the Court's prior ruling, the Court should, yet again, reject Benlida's effort to advance the argument that CTX-US is responsible for CTX-HK debts. Benlida may not circumvent the Court's rulings by relying on this twice-rejected exclusive-customer-list argument.

## CERTIFICATE OF RULE 7.1(a)(3) CONFERENCE

Undersigned counsel for CTX has conferred with counsel for Benlida in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

DATED October 15, 2023

Respectfully submitted,

**PODHURST ORSECK, P.A.**
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Tel.: 305-358-2800

*/s/  Matthew P. Weinshall*
Stephen F. Rosenthal
Florida Bar No. 0131458
srosenthal@podhurst.com
Matthew P. Weinshall
Florida Bar No. 84783
mweinshall@podhurst.com
Christina H. Martinez
Florida Bar No. 1029432
cmartinez@podhurst.com

*Counsel for Circuitronix, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on October 15, 2023 as filed with the Clerk of the Court using CM/ECF.

By: */s/ Matthew P. Weinshall*
      Matthew P. Weinshall