UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/GOODMAN

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

    Counter-Defendant,

v.

CIRCUITRONIX, LLC,

    Counter-Plaintiff,
_____/

### CIRCUITRONIX, LLC'S MOTION TO PRECLUDE EVIDENCE OR ARGUENT CONCERNING BENLIDA'S NEW UNPLED AFFIRMATIVE DEFENSES

    Counter-Plaintiff, Circuitronix, LLC ("CTX-US") respectfully requests that the Court enter an Order precluding Benlida from advancing arguments or introducing evidence in support of several new affirmative-defense theories that Benlida failed to allege in its Answer to the counter-claim. CTX-US raised one of these issues toward the end of the pre-trial conference, and the Court said it would not take that up at the time and instead invited CTX to file a motion related to it. Based on that instruction, rather than try to raise the remaining issues as the hearing was concluding, CTX-US raises all three in this motion. Specifically, Benlida failed to allege (1) a statutory affirmative defense regarding output capacity in response to CTX-US's lead-time-penalty damages claim, (2) a new affirmative defense regarding the supposed untimeliness of CTX's transmission of lead-time penalties, (3) a new affirmative defense seeking a set-off based on allegedly unpaid price increases. *See* Answer to the Counterclaim (ECF No. 43). That deficiency dooms Benlida's ability to raise these theories at the eleventh hour, in the two weeks before trial.

Benlida filed an Answer to CTX's Counterclaim that did not reference, much less explicitly assert *any* affirmative defenses, including the three discussed in this motion. It similarly failed to raise in the original Joint Pre-Trial Stipulation (ECF No. 216) these affirmative defenses that it now seeks to inject into the trial.[1]

## BACKGROUND

1. **Statutory defense to lead-time penalties**

Benlida actually raised for the first time *at the October 3 pretrial conference* a statutory defense to lead-time penalties, under a Florida Commercial Code provision governing seller output requirements. *See* § 672.306, Fla. Stat. Benlida's Answer mentions capacity only with respect to what "had been contractually agreed to" between the parties, ECF No. 43, ¶¶ 21, 23; it is silent about any statutory output limitations. Likewise, Benlida's Statement of the Case in the parties' original Joint Pretrial Stipulation indicated at most that "the lead time penalties claimed by CTX[-US] far exceed what is permissible *under the agreement*, as they do not account for Benlida's capacity." ECF No. 216 at 3 (emphasis added). The *contractual* capacity issue itself does not even come up in the issues-to-be-litigated sections of the original Stipulation. There is absolutely no mention in any of these filings of Benlida's reliance on the Florida Commercial

---

[1] Benlida's improper attempt to develop these defenses in the Amended Pretrial Stipulation (ECF No. 226) and a separately filed statement of issues of law (ECF No. 230) should be wholly ignored. Recognizing that the Court's summary-judgment order "substantially narrowed the scope of the upcoming trial," the Court instructed the parties to file an amended joint pre-trial stipulation. ECF No. 221 at 13. The Court specified that the amended pre-trial stipulation should "excis[e] those aspects of the stipulation that have been mooted by this order" and it warned that the parties were not to use the amended filing "as an opportunity to expand on any of their presentations or briefing." *Id.* Heedless of the Court's pointed warning, Benlida instead took the opportunity to *add* new arguments and defenses it had failed to raise in its Answer and the original Stipulation. It should not be allowed to point to the *Amended* Pretrial Stipulation as evidence of having preserved the affirmative defenses discussed in this motion.

Code output provision—or by extension any notice that Benlida intends to impose a new or different capacity obligation on the parties beyond what they may have agreed.

2. **Timeliness defense to lead-time penalties**

Benlida is also poised to raise a defense that CTX-US's "claims for such lead time penalties" were not "timely assert[ed]" based on a passing reference to timeliness in its statement of the case in the original Joint Pretrial Stipulation. *Id.* As with its statutory output defense, Benlida did not allege in its Answer or in the remainder of the pretrial stipulation that CTX-US's claims for lead-time penalties were untimely. Nor did it (because it couldn't) pinpoint any provision of the Manufacturing Agreement requiring penalties to be claimed within a particular time frame.

3. **Setoff defense against price increases**

Finally, Benlida's Answer also did not give notice of its intent to raise what is essentially an affirmative defense for setoff based on CTX's alleged nonpayment of Benlida price increases. The Answer references "increases in prices" solely in response CTX's allegations about how Benlida could validly raise prices under the Manufacturing Agreement. ECF No. 34, ¶¶ 23-24; *see also* ECF No. 43, ¶¶ 23-24. The original Joint Pretrial Stipulation similarly discusses price increase solely in the context of Benlida's *entitlement* to apply price increases under the Manufacturing Agreement, in service of its then-existing affirmative claims—not Benlida's ability to *set off* CTX-US's counter-claimed damages with increased prices of products as part of an affirmative defense to the counter-claim. *See id.* at 12, ¶¶ 7-8. All references to price increases were actually *removed* from the Amended Joint Pre-Trial Stipulation (and also not raised in Benlida's separate, additional Statement of Issues of Law (ECF No. 230) filed contemporaneously with the Amended Stipulation). Neither Benlida's Answer nor the Pretrial

3

Stipulation allege the existence of any agreement or cite any other facts regarding Benlida's ability to claim price increases.

## ARGUMENT

### I. Benlida's Failure to Plead These Affirmative Defenses Bars It from Raising Them At Trial

Governing law requires that parties plead affirmative defenses. *See* Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense …."). Failure to plead an affirmative defense generally results in waiver. *See Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010); *KMS Rest. v. Wendy's Int'l,* 194 F. App'x 591, 598 (11th Cir. 2006) ("Under Florida law, a contractual claim for setoff … is an affirmative defense that must be pled or it will be waived."); *First Nat'l Bank of Oneida v. Brandt*, 851 F. App'x 904, 907 (11th Cir. 2021). Benlida failed to plead its three newly minted affirmative defenses related to statutory output limits in connection with CTX-US's claimed lead-time penalties, the untimeliness of CTX-US's claims for lead-time penalties, and setoff based on price increases. It has thus waived these defenses.

Benlida's omission of these defenses from its Answer also prejudiced and will continue to prejudice CTX-US. *Brandt*, 851 F. App'x at 907 (indicating a court "ha[s] discretion to excuse waiver when there has been no prejudice due to the omission"). CTX-US could have raised these legal issues in a summary judgment motion or motions *in limine*, but was deprived that opportunity. A ruling on those issues would have narrowed or at least given the parties clear guidance on the scope of issues to be addressed at trial. Had CTX-US been aware of Benlida's new defenses, it also could have had its accounting experts opine on the issues to strengthen its counterclaim, but was deprived of the opportunity to do so. Benlida's late-stage capacity statutory defense in particular also forces CTX-US to consider—in the days between when the

4

defense was raised at the pretrial conference and the start of trial—the potentially different scope of obligations derived from the parties' contractual arrangements versus the Florida Commercial Code.

## II. Benlida Abandoned These (Unpled) Defenses by Failing to Include Them in the Joint Pretrial Stipulation

Even if Benlida asserts that it did not waive these affirmative defenses by failing to plead them in its Answer, preclusion of evidence on these new defenses is separately appropriate given that Benlida abandoned them when it failed to list them in the original Joint Pretrial Stipulation. *See G.I.C. Corp., Inc. v. U.S.*, 121 F.3d 1447, 1450 (11th Cir. 1997) ("Parties are bound by their stipulations and a pretrial stipulation frames the issues for trial."); *Kallberg Indus. v. Auto. Experts*, No. 8-62703-CIV, 2019 WL 13277465, at *2 (S.D. Fla. Dec. 4, 2019) (observing "the affirmative defenses were pled and later effectively waived by Plaintiff's failure to assert their application in its pre-trial stipulation") (Dimitrouleas, J.), *aff'd* 861 F. App'x 321 (11th Cir. 2021). Benlida's own oversight in failing to include these defenses in the stipulation does not justify an implicit, (further) modification of the Amended Stipulation "to prevent manifest injustice." S.D. Fla. Local R. 16.1(g).

For the foregoing reasons, the Court should reject Benlida's improper, belated attempts to raise these three unpled affirmative defenses and preclude the introduction of evidence and arguments regarding the same.

### Local Rule 7.1(a)(3) Certification

Counsel for CTX-US has conferred with Benlida in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

DATED October 15, 2023

        Respectfully submitted,

**PODHURST ORSECK, P.A.**
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Tel.: 305-358-2800

*/s/ Christina H. Martinez*
Stephen F. Rosenthal
Florida Bar No. 0131458
srosenthal@podhurst.com
Matthew P. Weinshall
Florida Bar No. 84783
mweinshall@podhurst.com
Christina H. Martinez
Florida Bar No. 1029432
cmartinez@podhurst.com

*Counsel for Circuitronix, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on October 15, 2023 as filed with the Clerk of the Court using CM/ECF.

        By: */s/ Christina H. Martinez*
            Christina H. Martinez