UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-60125-Civ-Scola/Goodman

---------------------------------------------------------x
JIANGMEN BENLIDA
PRINTED CIRCUIT CO., LTD.,

Plaintiff,

v.

CIRCUITRONIX, LLC,

Defendant.
---------------------------------------------------------x

**Plaintiff Jiangmen Benlida Circuit Co., Ltd.'s Motion for Reconsideration
of Order Granting Partial Summary Judgment [DE 221]**

**MAZZOLA LINDSTROM LLP**
Richard E. Lerner
Jean-Claude Mazzola
*Counsel for Jiangmen Benlida Printed Circuit Co., Ltd.*
1350 Avenue of the Americas, Second Floor
New York, New York 10019
646.216.8300
richard@mazzolalindstrom.com
jeanclaude@mazzolalindstrom.com

October 23, 2023

Plaintiff Benlida respectfully requests that this Court reconsider its order of September 25, 2023 [DE 221] that granted defendant Circuitronix, LLC's motion for partial summary judgment, and, upon reconsideration, now deny the motion. In support of this motion, Benlida states as follows:

**Applicable Standard of Review**

"'[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Z.K. Marine v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)); see also *ABB Power T&D v. Gothaer Versicherungsbank*, 939 F. Supp. 1568, 1572 (S.D. Fla. 1996). For example, a motion for reconsideration may be appropriate where "'the Court has patently misunderstood a party, or … has made an error not of reasoning but of apprehension.'" *Id.* (quoting *Above the Belt v. Mel Bohannan Roofing*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "[T]here are three major grounds which justify reconsideration 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice." *In Re: Managed Care Litigation*, 2002 U.S. Dist. LEXIS 11809, (S.D. Fla. 2002); see also *Ramos v. Boehringer Manheim Corp.*, 896 F. Supp. 1213, 1214 (S.D. Fla. 1994). Benlida seeks reconsideration on the third ground – to correct a clear error and thereby prevent a manifest injustice.

**Argument**

**Point I:** **The Third Amended Complaint Put CTX-US on Notice that Benlida was Seeking Recovery from it for the PCB's Ordered for CTX-US's Customers by CTX-HK.**

Benlida respectfully submits that the Court's erroneous ruling arises out of the misapprehension that CTX-US simply did not understand from reading the TAC – the third amended complaint [DE 26] – that Benlida was seeking recovery from it for the invoices issued by Benlida for orders placed by CTX-HK for CTX-US's exclusive customers. To the contrary, however, CTX-US's principal Rishi Kukreja testified at deposition that he did understand that Benlida was suing CTX-US for payment of the CTX-HK invoices. Referring to deposition exhibit 62 – the TAC – CTX-US's principal Rishi Kukreja testified as follows: (Kureja Dep., pp. 194-196) (Exhibit A hereto)

    Q. You read the Complaint, right?
    A. I read the Complaint.
    Q. It's Exhibit 62. Let's look at it. Let's go to Page 37.
    A. I have gone through it.
    Q. It's long, but let's go to Page 37.
    A. Yes.
    Q. There are invoice numbers referenced there, right?
    A. Yes.

1

> Q. They say HK on them, right?
> A. Yes.
> Q. That means these are invoices from purchase orders out of the Hong Kong office, right?
> A. Yes.
> Q. So why do you say you don't know anything about a claim for Hong Kong unpaid invoices?
> MR. ROSENTHAL: Objection. Misstates testimony.
> THE WITNESS: So as I said, following this -- following this Complaint we filed a motion to dismiss -- we filed our response, and in our response we basically objected to this being the proper venue for any claims against Hong Kong invoices.
> And we in our response to your -- in your request we did advise that we would provide all information related to Circuitronix US transactions. So we did communicate what we believed our position generally is.
> Q. But you do know based upon this document that Benlida is suing you here in the US --
> A. Yes.
> Q. -- CTX LLC for payment of these Hong Kong invoices? You know that, right?
> MR. ROSENTHAL: Objection to suing you.
> MR. MAZZOLA: CTX.
> THE WITNESS: I do.

Although this testimony was not brought to the Court's attention in opposition to CTX-US's motion for summary judgment, reconsideration – taking into consideration Mr. Kukreja's own testimony – is warranted to correct a manifest injustice, which injustice arises out of CTX-US's feigned position that CTX-US simply did not understand from reading the complaint that it was being sued for invoices for PCB's ordered by CTX-HK for CTX-US's exclusive customers.[1]

**Point II:   Notice Pleading Does Not Require that Legal Theories be Pled. Legal Theories Get Developed and Refined During Discovery, and Such Theories, After Development, May be Interposed in Opposition to a Motion for Summary Judgment or at Trial.**

In the case at bar, the Court's order granting summary judgment was clearly erroneous because (a) the legal theory that a principal is responsible for the orders placed for it by its agent need not be pled; and (b) Rule 8(f) provides that pleadings shall be so construed as to do substantial justice, which this Court's ruling failed to do. As the Supreme Court held in *Johnson v. City of Shelby*, 574 U.S. 10

---

[1] CTX-US's two experts, Mark Parisi and Barry Mukamal, also testified that they understood, from having read the TAC that Benlida was looking to CTX-US to pay the CTX-HK invoices. See Parisi Dep. [DE 201-1, p. 127] ("Q. Well, my question was, are you aware that the plaintiffs are alleging that those CTX Hong Kong invoices are owed by the – by CTX U.S. Do you know that to be the case? A. From the complaint. Yes."); Mukamal Dep. [DE 201-2, p. 131 (Q. … And you know that in the complaint, Benlida is looking to … CTX U.S. to pay those debts to [sic, should read "of"] the Hong Kong entity. You know that as well. Right? MS. MARTINEZ: Objection. A. I assume that from the tenor of the complaint.")

(2014), when a complaint alleges facts which, if proved, would support a legal theory for recovery, it is error to grant summary judgment on the basis that such theory had not been pled, which is exactly what this Court did in this case, thereby contravening Supreme Court precedent. Because the *Johnson* case makes this so manifestly clear, and does so quite succinctly, we quote the decision in its entirety: (emphasis added)

> Plaintiffs below, petitioners here, worked as police officers for the city of Shelby, Mississippi. They allege that they were fired by the city's board of aldermen, not for deficient performance, but because they brought to light criminal activities of one of the aldermen. Charging violations of their Fourteenth Amendment due process rights, they sought compensatory relief from the city. ***Summary judgment was entered against them in the District Court, and affirmed on appeal, for failure to invoke Rev. Stat. § 1979, 42 U.S.C. § 1983, in their complaint.***
>
> ***We summarily reverse.*** Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. Rule Civ. Proc. 8(a)(2); ***they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.*** See Advisory Committee Report of October 1955, reprinted in 12A C. Wright, A. Miller, M. Kane, R. Marcus, & A. Steinman, Federal Practice and Procedure 644 (2014) (Federal Rules of Civil Procedure "are designed to discourage battles over mere form of statement"); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1215, p. 172 (3d ed. 2004) ***(Rule 8(a)(2) "indicates that a basic objective of the rules is to avoid civil cases turning on technicalities").*** In particular, no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim. See *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (a federal court may not apply a standard "more stringent than the usual pleading requirements of Rule 8(a)" in "civil rights cases alleging municipal liability"); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (imposing a "heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2)").
>
> The Fifth Circuit defended its requirement that complaints expressly invoke § 1983 as "not a mere pleading formality." 743 F.3d 59, 62 (2013) (internal quotation marks omitted). The requirement serves a notice function, the Fifth Circuit said, because "[c]ertain consequences flow from claims under § 1983, such as the unavailability of respondeat superior liability, which bears on the qualified immunity analysis." *Ibid.* This statement displays some confusion in the Fifth Circuit's perception of petitioners' suit. No "qualified immunity analysis" is implicated here, as petitioners asserted a constitutional claim against the city only, not against any municipal officer. See *Owen v. Independence*, 445 U.S. 622, 638, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) (a "municipality may not assert the good faith of its officers or agents as a defense to liability under § 1983").
>
> Our decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), ***are not in point, for they concern the factual allegations a complaint must contain to survive a motion to dismiss***. A plaintiff, they instruct, must plead facts sufficient to show that her claim has substantive plausibility. Petitioners' complaint was not deficient in that regard. Petitioners stated simply, concisely, and directly events that, they alleged, entitled them to damages from

3

the city. Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim. See Fed. Rules Civ. Proc. 8(a)(2) and (3), (d)(1), (e). For clarification and to ward off further insistence on a punctiliously stated "theory of the pleadings," petitioners, on remand, should be accorded an opportunity to add to their complaint a citation to § 1983. See 5 Wright & Miller, supra, § 1219, at 277-278 (***"The federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief"*** (footnotes omitted)); Fed. Rule Civ. Proc. 15(a)(2) ("The court should freely give leave [to amend a pleading] when justice so requires").

For the reasons stated, the petition for certiorari is granted, the judgment of the United States Court of Appeals for the Fifth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

It is so ordered.

As there is no obligation under Rule 8 to plead a legal theory in a complaint, the decision of the District Court in *Baemmert v. Credit One Bank*, 271 F. Supp. 3d 1043, 1049 (WD Wis. 2017), is clearly correct, as it aligns with the reasoning of *Johnson*. In *Baemmert* the District Court stated: (emphasis added)

> Credit One contends that Baemmert did not allege agency theory or vicarious liability in the complaint so the court should disregard Baemmert's theory that Credit One's vendors called Baemmert. But plaintiffs need not "plead specific legal theories" in their complaints. *Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 783 (7th Cir. 2015).… So Baemmert's ***failure to plead an agency theory*** or vicarious liability ***in his complaint is no basis for summary judgment***.

Following *Johnson*, the Eleventh Circuit held in *PBT Real Est. v. Town of Palm Beach*, 988 F.3d 1274, 1286 (11th Cir. 2021), that Rule 8 does "not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[2] Also, in line with – albeit preceding the Supreme Court's *Johnson* decision – the Seventh Circuit stated in *Bennett v. Schmidt*, 153 F.3d 516, 518-519 (7th Cir. 1998): (citations omitted; emphasis added)

> Complaints need not plead law or match facts to every element of a legal theory. But "[a]ll pleadings shall be so construed as to do substantial justice." Fed.R.Civ.P. 8(f). … Bennett's complaint could be improved, but it is intelligible and gives the defendants notice of the claim for relief.
>
> As for Rule 12(b)(6): a requirement that complaints contain all of the evidence needed to prevail at trial, or at least all the facts that would have been required under the pre-1938 system of code pleading, would induce plaintiffs to violate Rule 8(e) ("Each averment of a pleading shall be simple, concise, and direct") by larding their complaints with facts and legal theories. The Rules of Civil Procedure make a complaint just the starting point. Instead of lavishing

---

[2] In *Fuerst v. Housing Authority of the City of Atlanta*, 38 F.4th 860, 875 (11th Cir. 2022), the Eleventh Circuit, albeit in dictum, noted that "the district court's omission" of a legal theory raised in response to a dispositive motion "was clearly erroneous."

attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving[,] if the claim is unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but implausible, by inviting a motion for summary judgment.

\*\*\*

To the extent the district court required plaintiff to include in the complaint allegations sufficient (if proved) to prevail at trial, the court imposed a requirement of fact-pleading. But … a complaint is not required to allege all, or any, of the facts logically entailed by the claim.... A plaintiff does not have to plead evidence.... [A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing.

Defendants urge on us another supposed defect in the complaint. They observe that the complaint seeks relief under state as well as federal law but that it does not identify any "state causes of action." ***This is a defect, however, only if a complaint must identify legal theories. It need not.*** This is the difference between notice pleading and code pleading; abandonment of code pleading is the fundamental choice behind Rule 8, the reason why it does not contain the phrase "cause of action," a term of art in code-pleading days.… Defendants received notice that Bennett believed that their refusal to hire her was racial discrimination; that is all the notice a complaint has to convey. A general reference to state law would not support, say, a claim that Bennett slipped on ice and was injured while applying for a job, for the complaint does not give notice about any claim other than employment discrimination; but having stated a discrimination claim the complaint need not offer specifics about which rules of law, state or federal, racial discrimination offends.

It is Federal Rule of Civil Procedure 9 ("Pleading Special Matters") that states which particular facts *must* be pled; ***principal/agency is not on the list***. FRCP 8 merely requires a pleading that would suffice to put the defendant on notice of the general nature of the claim. And, as the Court can see from Mr. Kukreja's testimony above, as well as CTX's own experts' testimony (see fn. 1, supra), the TAC *did* give CTX-US notice that Benlida was suing it for non-payment of invoices for orders placed for CTX-US's exclusive customers by CTX-HK.

Fair notice is supplied where the legal theory is supported by facts alleged in the complaint. *Whitaker v. Milwaukee County*, 772 F.3d 802, 808 (7th Cir. 2014). And inasmuch as legal theories need not be pled, the idea that one cannot oppose a motion for summary judgment with a "new" legal theory – when there was no duty to plead a legal theory in the first place – both misstates the law, and invites gamesmanship through feigned ignorance of what was actually being alleged. After all, it would only be in opposition to a motion for summary judgment (if there has been no prior motion to dismiss on the pleadings) that the opponent would raise the legal theories, and thus any argument made in opposition to a motion for summary judgment could be claimed to be "new."

Judge Easterbrook was on the panel that decided *Whitaker*. In *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923-925 (7th Cir. 2007), writing for the majority, Judge Easterbrook was far more pointed in his criticism of decisions like the one herein: (emphasis added; citations omitted)

5

> [A] judicial order dismissing a complaint because the plaintiff did not plead facts has a short half-life. Any decision declaring "this complaint is deficient because it does not allege X" is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b). Civil Rule 8 calls for a short and plain statement; the plaintiff pleads claims, not facts or legal theories. Factual detail comes later – … ***perhaps in response to a motion for summary judgment.*** Until then, the possibility that facts to be adduced later, and consistent with the complaint, could prove the claim, is enough for the litigation to move forward."
>
> Facts that substantiate the claim ultimately must be put into evidence, but the rule "plaintiff needs to prove Fact Y" does not imply "plaintiff must allege Fact Y at the outset." ….
>
> Rule 8 was adopted in 1938, and *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), stressed that it does not require fact pleading. ***It is disappointing to see a federal district judge dismiss a complaint for failure to adhere to a fact-pleading model that federal practice abrogated almost 70 years ago.*** …
>
> "Any district judge … tempted to write 'this complaint is deficient because it does not contain...' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). That question should have been asked in this case but wasn't. Take, for example, Vincent's contention that "Smart Foreclosure Buying" is a service mark, so that only she may teach a course under that banner. The district judge found the complaint defective because it "failed to state [Vincent's] registered U.S. Patent and Trademark number or provide any [similar] information". What rule requires that information to be in a complaint? None that we know of. If registration is essential to prevail, then Vincent must prove it eventually, but it need not be alleged; only the *claim* – which is to say, enough to alert the defendant to the nature of the grievance – need be pleaded.

Were he analyzing the case at bar, Judge Easterbrook would ask, "What rule of law requires that a complaint allege that CTX-US is liable, *as principal*, for orders placed by CTX-HK, *as agent*, for CTX-US's exclusive customers?" Benlida submits that there is no such rule, and thus – as Judge Easterbrook and the Supreme Court in *Johnson* confirm – this Court clearly erred. All that was required was that it be plausible that CTX-US *could* be liable for the "CCT-HK"-denominated invoices, inasmuch as (a) the Supreme Court reads Rule 8 to require that factual allegations meet a threshold "plausibility standard," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and (b) there is no requirement that the complaint state "a precise legal theory." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

Finally, even if this Court still believes that there was a pleading deficiency (notwithstanding case law such as *Baemmert* which is indisputably correct in light of the Supreme Court's decision in *Johnson*), we note that in *Johnson* the Supreme Court directed that the lower court simply allow the complaint to be amended to cure the perceived pleading deficiency, while recognizing that such would not even be necessary. ("For clarification and to ward off further insistence on a punctiliously stated 'theory of the pleadings,' petitioners, on remand, should be accorded an opportunity to add to their complaint a citation to § 1983.") In light of *Johnson*, this Court should have – at the very least –

accorded Benlida an opportunity to amend the complaint to add an allegation of principal/agent liability. Dismissing half of Benlida's claims on a technicality – the captious code-pleading rules of yore having been abrogated – and where CTX-US was aware that it was being sued on the CTX-HK invoices, warrants reconsideration, and denial of the motion.

**Point III:   The Court Erred in Relying Upon *Jones v. Unity Behavioral Health* in Holding that the Statement of Undisputed Facts was Not Properly Rebutted with Pincites.**

The Court erred in interpreting the appellate-level decision of *Jones v. Unity Behavioral Health*, 2021 WL 5495578 (11th Cir. 2021), as a basis for disregarding Benlida's denial of the claim that CTX-US owed no money to Benlida. The Court erred in deeming it undisputed that Benlida's own records showed that CTX-US owed no money to Benlida, and in stating that there was no indication of where on the docket the Wu declaration could be found. The declaration [DE 187] was submitted with the opposition memorandum of law [DE 188] and the document denying CTX-US's statement of undisputed facts. [DE 189]. In *Jones*, a party had submitted to the court a document with no pincites at all *and did not remedy this failure by a certain date specified by the court*. That is, the court had given the party an opportunity to cure the perceived defect. Here, the Court gave Benlida no opportunity to cure what it believed to have been a failure to specifically set forth pincite references to the paragraph numbers of the Wu declaration. The *Jones* case is also inapplicable because here it was clear where in the record the accompanying Wu declaration was. After all, the Court reviewed it.

The Wu declaration responded to and denied the statement in defendant Circuitronix's statement of undisputed facts that Circuitronix owed no money to Benlida and that Benlida owed money to Circuitronix – see paragraphs 3-13. [DE 187]. This Court, however, rejected Mr. Wu's explanation, thereby taking away from the jury the duty to decide whether the explanation was credible. The Court erred because Mr. Wu provided a sworn explanation that CTX-HK's orders were placed for CTX-US's exclusive customers, that such orders were always treated as the debts of CTX-US, and that CTX-US actually owed Benlida $12,078,479.42 on December 31, 2019. Moreover, exhibit "B" to the Wu declaration [see DE 187-2] showed that Mr. Kukreja himself acknowledged that CTX-US had in fact made payments of the CTX-HK invoices.

Thus, the Court erred in stating – in reliance upon *Jones* – that CTX-US's assertion of facts was unopposed by Benlida. In this regard, the Court clearly misapprehended the *Jones* decision, and reconsideration is warranted, particularly since the Court did not give Benlida an opportunity to cure the perceived defect, as the *Jones* court had done. And here, in contrast to the *Jones* case, there was no mystery as to where in the docket the Wu Yukun declaration was. Again, the Court did review it.

The purpose of Local Rule 56.1(b)(1)(B) is obviously to aid the Court, to spare it from having to pore through voluminous materials to find a specific point in rebuttal. Here, however, the 2½ page Wu declaration responded *in its entirety* to the statement that CTX-US owed no money to Benlida. Save for introductory paragraphs 1 and 2, the entire document was *the* pincite; the Court didn't have to comb through it to find where there was a denial of the claim that CTX-US owed no money to Benlida. It was submitted at the same time as, and alongside, Benlida's opposition to CTX-US's proposed statement of undisputed material facts. And the Wu declaration needed to be read in its entirety to understand why the claim that CTX-US owed no money to Benlida was false, and clearly a disputed material fact. To insist upon a specific pincite and docket number – when the two documents were filed contemporaneously – is excessively formalistic, and it is respectfully submitted (in light of the *Jones* decision) without legal basis, where Benlida was accorded no opportunity to cure.

**Point IV:   The Court Erred Deciding the Wu Declaration Did Not Say Exactly What It Did Say.**

This Court erred in finding that Mr. Wu failed to deny that the audit confirmation confirmed that CTX-US owed no money to Benlida:

> Wu's declaration does not … controvert that Benlida's own accounting form showed that, if anything, Benlida owed Circuitronix in excess of $75,000 as of the end of 2019. Wu's declaration instead provides only that this Audit Form was accompanied by another form, showing that CTX-HK owed $12,154,164.25. (Wu Decl. ¶ 3, 187, 1.) But Wu's explanation, as Benlida's chief financial officer, that the Circuitronix Audit Form was "an error" because he viewed "the two companies as one and the same" does nothing to controvert either the existence or authenticity of the Audit Form or the information conveyed by it. (Id. ¶¶ 5–6.) In other words, Wu's legal conclusion, about the relationship between Circuitronix and CTX-HK, has no bearing on the facts conveyed by the Audit Form." (DE 221, p. 3, footnote 3).

But Mr. Wu *did* deny the information contained in the form. Paragraph 5 states, "The audit confirmations requested that CTX-US and CTX-HK confirm that these [*i.e.*, the $12,078,479.42 referred to in the preceding ¶4] were the total amounts owed from each of the two companies, but this was error because the moneys [again referring to the antecedent $12,078,479.42 in ¶4] ***were actually owed by CTX-US***, and because CTX-HK's purchases were made for CTX-US's customers." (Emphasis added.)

The Court misunderstood the Wu declaration, erring when it said: "Wu's explanation ... that the Circuitronix Audit Form was 'an error' ... does nothing to controvert ... the information conveyed by it." Wu's explanation was not an ex-post-facto ad-hoc conclusory legal argument. He said quite literally, and clearly, that he made a mistake **at the time he confirmed the audit**, and he explained

8

how and why he made the mistake. [DE 187 ¶5]. It is for a jury to decide whether he is credible. The Court erred in treating it as a binding judicial admission.

**Point V:    The Court Erred in Focusing on the Phrase "Expressly Agreed," Which Does Not Appear in the Claim for Breach of Contract, but for Account Stated.**

The Court also erred in finding that Benlida's allegation that CTX-US "expressly agreed" to pay the amounts specified in the invoices vitiates the claim of liability of the principal, CTX-US, for orders placed for CTX-US's exclusive customers by CTX-HK as agent. The phrase "expressly agreed" appears only in Count 2, the cause of action for account stated, at paragraphs 447 and 448. However, Count 1 does not use the phrase, and as we demonstrate above, there was no need for the complaint to plead that CTX-US was liable for the orders placed by CTX-HK because that would be alleging a legal theory, where notice pleading sufficed: After all Mr. Kukreja admitted that he knew that Benlida was suing CTX-US for the orders placed for its exclusive customers by CTX-HK. (See pp. 1-2, supra).

But if it is alleged that a party expressly agreed to pay money, and it turns out at trial that, no, he actually did so implicitly, by – for example – having accepted the benefit of the goods ordered, having derived a further benefit by getting another two years of exclusivity for that customer, by adding to the overall discount that CTX-US can get for volume purchases, does that mean the claim must be dismissed? Of course not. We are no longer living in the days of code-pleading, where an incorrect or unstated word gets a claim dismissed. Whether the agreement to pay was express or implied does not alter Benlida's right to recovery.

The Court further erred in stating that there was no mention of CTX-HK in Benlida's complaint, when "CCT-HK" – the alternate abbreviation for CTX-HK – is mentioned throughout, hundreds of times, and CTX-US was aware that it was being sued for the orders placed for its exclusive customers by CTX-HK, based upon invoices that had the "CCT-HK" designation, as Mr. Kukreja testified. (See pp. 1-2, supra). In Count 1, it was alleged that CTX-US had "agreed" to pay for them, and whether the "agreement" is express or implicit need not be pled, per binding Supreme Court precedent. The Court stated that there is not a single allegation by Benlida in its complaint that CTX-US assumed CTX-HK's debts or that CTX-HK was acting as CTX's agent, but – as the Supreme Court made clear in *Johnson* – this was not necessary. The complaint *did* allege that CTX-US was responsible for all of the invoices, some of which were designated "CCT-HK," which happened to have been for PCB's ordered by CTX-HK for CTX-US's exclusive customers. So the complaint *did* allege that CTX-US was responsible to pay *those* invoices, and CTX-US was thereby put on notice that Benlida was

9

seeking to recover from it for orders placed by CTX-HK for CTX-US's customers. Mr. Kukreja admitted this. (See pp. 1-2, supra).

There was no need to plead that CTX-US was liable for the orders placed by CTX-HK, just as there is no need for a plaintiff, for example, to allege vicarious liability of a restaurant because a porter left a soapy film after mopping up. As the *Baemmert* court stated, a plaintiff's "failure to plead an agency theory or vicarious liability in his complaint is no basis for summary judgment." *Baemmert*, supra, 271 F. Supp. 3d at 1049. Under Rule 8, it is enough to allege that the restaurant floor was slippery, that the plaintiff slipped and fell, and was injured. Upon this Court's reasoning herein, however, that complaint would be dismissed if it is not also alleged that the porter left a soapy mess, and that the restaurant is liable therefor under the legal theory of *respondeat superior*. And the Court's decision would, under *Johnson*, be unsustainable: Just as the hypothetical restaurant would understand that it was being sued for the act of its employee, Mr. Kukreja would and *did* understand that he was being sued for orders placed by CTX-HK for CTX-US's exclusive customers. This understanding was not only confirmed by him under oath, but it was also understood by CTX-US's experts.[3] And Benlida submits that it is fair to assume that if Mr. Kukreja understood that CTX-US was being sued for orders by CTX-HK, and its experts knew it, so too did its attorneys.

The Supreme Court has repeatedly held that complaints need only plead facts, not legal theories. Under Rule 8, plaintiffs need only inform defendants of "the factual basis for their complaint" to "stave off threshold dismissal." *Johnson*, 574 U.S. at 12. A complaint "need not pin plaintiff's claim for relief to a precise legal theory." *Skinner*, 562 U.S. at 530. It follows that a failure to plead a legal theory – such as principal/agent liability – does not bar a plaintiff from invoking that legal theory in defense to a motion for summary judgment or at trial. Thus, this Court clearly erred, and it should therefore vacate its decision granting summary judgment, and now deny Circuitronix LLC's motion for summary judgment.

\*\*\*

WHEREFORE, plaintiff Jiangmen Benlida Printed Circuit Co., Ltd, respectfully requests that this Court reconsider its decision and order of September 25, and now deny defendant Circuitronix LLC's motion for summary judgment.

---

[3] See fn. 1, supra.

## Certification of Counsel

Our office has conferred with Stephen Rosenthal, counsel for defendant Circuitronix, who advises that Circuitronix will submit opposition to this motion.

Dated:  October 23, 2023
       Miami, Florida

                                                     Richard E. Lerner

                                                    */s/ Jean-Claude-Mazzola*
                                                    Counsel for Benlida

**Service via ECF**