UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/GOODMAN

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

Plaintiff/Counter-Defendant,

v.

CIRCUITRONIX, LLC,

Defendant/Counter-Plaintiff.
_____/

**CIRCUITRONIX, LLC'S RESPONSE IN OPPOSITION
TO BENLIDA'S MOTION FOR RECONSIDERATION**

Circuitronix, LLC ("CTX-US") opposes Benlida's motion requesting the Court reconsider its order granting summary judgment in CTX-US's favor on Benlida's affirmative claims. *See* ECF No. 267 ("Motion").

Benlida waived or forfeited the relief it seeks, having taken action inconsistent with the motion by, among other things, delaying in filing the motion until trial had already begun (and nearly ended). The motion otherwise insists the Court committed numerous clear errors of law, but Benlida largely rehashes the same arguments it made at summary judgment or else merely voices disagreement with the Court's findings and conclusions. Because Benlida has not met its burden of demonstrating that reconsideration is appropriate and because the Court's summary-judgment ruling anyway stands on solid legal footing, Benlida's motion should be denied.

**STANDARD OF REVIEW**

A motion for reconsideration "is an extraordinary remedy to be employed sparingly." *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007) (citation omitted). The last

of the three major grounds justifying reconsideration and the one which Benlida invokes in its motion—the need to correct clear error or prevent manifest injustice—requires the movant to "do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (quoting *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003)) (internal quotation marks omitted).  Instead, clear error or manifest injustice occurs where the Court "'has patently misunderstood a party, or … has made an error not of reasoning but of apprehension.'" *Campero*, 916 F. Supp. 2d. at 1292-93 (citation omitted).  These problems "rarely arise and the motion to reconsider should be equally rare." *Id.* at 1293.[1]

## ARGUMENT

Both based on a fatal procedural deficiency and on its merits, the motion should be denied.  The motion warrants denial on procedural grounds alone because Benlida abandoned the relief it now seeks by waiting five days into trial to file its motion and otherwise acting inconsistently with its intent to seek the relief noted therein.  Once trial had commenced, it mooted for practical purposes Benlida's ability to challenge the summary-judgment ruling before this Court, and it was incumbent upon Benlida to file its motion before then.

The Court should separately reject on the merits each of Benlida's five arguments urging reconsideration of that ruling.  The motion advances points Benlida made, or should have made but did not, in response to CTX-US's motion for summary judgment.  It otherwise insists that the

---

[1] The Motion does not specify whether Benlida is moving for reconsideration under Rule 59 or Rule 60.  Regardless, motions brought under either rule are generally evaluated under the same high standard. *See City of Fort Lauderdale v. Scott*, No. 10-61122-CIV, 2011 WL 1085327, at *1 (S.D. Fla. Mar. 21, 2011).

Court erred in misapprehending facts, evidence, and law pertinent to that decision. The Court's ruling, however, carefully considered the pleadings and the parties' arguments, and was firmly rooted in the governing law. There is no basis for the Court to reverse its well-reasoned and legally supported prior ruling.

### I. Benlida Waived or Forfeited the Relief It Seeks by Waiting Until After the Trial Began—and Mooted Its Arguments—to File the Motion

By filing its motion for reconsideration of the SJ Order after trial had commenced, Benlida waived or alternatively forfeited the relief it now seeks.

"[W]aiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (citation and internal quotation marks omitted). Forfeiture occurs when a party fails "to make timely assertion of [a] right before a tribunal having jurisdiction to determine it." *Clement v. U.S. Att'y Gen.*, 75 F.4th 1193, 1202 (11th Cir. 2023) (citation and internal quotation marks omitted). Waiver and forfeiture can be implied by conduct, and parties can waive or forfeit rights by taking actions inconsistent with their subsequent litigation positions. *See, e.g.*, *id.* at 1201–03 (holding that litigation conduct in an immigration proceeding, where the petitioner raised a citizenship claim before the immigration judge, appealed to the Board of Immigration Appeals, then asked that his appeal be withdrawn so that he could be deported was "sufficient to forfeit a constitutional or statutory right to judicial review" of his citizenship claim); *Brown v. Ncl (Bahamas), Ltd.*, No. 1521732, 2015 WL 6673700, at *2 (S.D. Fla. Oct. 30, 2015) (Goodman, J.) (concluding defendant had either abandoned or waived its invocation of work-product protection by initially claiming the protection over a piece of evidence but then agreeing to turn over the evidence after a deposition); *Reynolds v. Ala. Dep't of Transp.*, No. 2:85-CV-665-WKW, 2014 WL 3517773, at *8 (M.D. Ala. July 16, 2014) (determining defendants had abandoned right to pursue a § 1927

sanctions issue, in part, by taking an action inconsistent with that position in the Eleventh Circuit).

In this case, the commencement of trial essentially mooted the relief Benlida now seeks: denial of CTX-US's motion for summary judgment, and with it the resuscitation of Benlida's affirmative claims for trial. Benlida waived or forfeited the arguments it advances in the motion by nevertheless belatedly filing the motion five days into trial and by otherwise taking action inconsistent with its intent to pursue that relief prior to filing. The Order Granting Motion for Summary Judgment, entered on September 25, 2023, fully disposed of Benlida's affirmative claims, leaving only the resolution of CTX-US's counterclaim for trial. ECF No. 221 ("SJ Order") at 13. In the three weeks that passed between the entry of the SJ Order and the start of trial on October 16, 2023, Benlida did not once indicate it planned to challenge the ruling apart from the ordinary appellate process. Far from moving for reconsideration during that period, Benlida instead filed a joint pre-trial stipulation with CTX-US that not only removed all reference to its affirmative claims, but also failed to presage any intent or reservation of rights to challenge the SJ Order through reconsideration. Nor did Benlida challenge the ruling during the pretrial conference on October 3, 2023, where the Court took up other pre-trial matters including the parties' motions *in limine*. Instead, Benlida waited until a jury had been impaneled, CTX-US had rested its affirmative case, and Benlida had nearly finished its own defensive case to file the present motion.

This conduct is plainly incompatible with the presumptive object of Benlida's motion—to have its affirmative claims resurrected after summary judgment and tried before a jury. Benlida's failure to raise these issues in the pretrial stipulation plainly abandoned them. It could not subsequently file a valid motion for reconsideration because "parties *are bound by their*

*stipulations*" and the stipulation "*frames the issues for trial.*" *Jaffe v. Bank of Am., N.A.*, 395 F. App'x 583, 592 (11th Cir. 2010) (quoting *G.I.C. Corp., Inc. v. United States*, 121 F.3d 1447, 1450 (11th Cir. 1997)) (emphasis added; internal quotation marks omitted). Moreover, by the time Benlida filed its belated motion for reconsideration, in the midst of trial, the Court could not practicably entertain or grant the relief Benlida seeks without upending the entire process and starting anew, causing a considerable waste of time and resources. For this grave procedural defect alone, the motion should be denied.

    **II.**    **The Court Need Not Reconsider Its Summary-Judgment Decision Regarding Benlida's Deficient Pleading as to CTX-US'S Liability for Debts of Circuitronix (Hong Kong) Ltd. (Response to Motion's Points I and II)**

Turning to the merits of Benlida's motion, there was no manifest error of law or fact warranting reconsideration of the Court's summary-judgment ruling based on the Third Amended Complaint's ("TAC") failure to provide any "hint that Benlida's theory of relief rest[ed] on Circuitronix's liability through some form of vicarious liability for debts incurred by CTX-HK." ECF No. 221 ("SJ Order") at 7-9.

First and most importantly, Benlida's criticism of the Court's ruling betrays its own misunderstanding of that decision and of governing law. Contrary to Benlida's characterizations (Mot. 2-7), the Court did not require Benlida to plead a specific legal theory in the TAC. Indeed, the Court acknowledged that "a complaint need not set forth 'the precise theory advanced by the plaintiff.'" SJ Order at 9. The Court explained, however, that "'the federal notice pleading standard' requires that [Benlida] at least provide 'allegations as to every material point necessary to sustain a claim on any legal theory' the plaintiff seeks to pursue." *Id.* (quoting *Ray v. Comm'r, Ala. Dep't of Corr.*, 915 F. 3d 689, 697 n.3 (11th Cir. 2019)). And the Court rightly determined that merely including allegations with the "codes Benlida uses to identify [CTX-HK] invoices" fell far short of supplying "any notice []or factual allegations that could be construed

5

as advancing [Benlida's] vicarious liability theories." *Id.* The Court's decision did not turn on a formalistic insistence that Benlida use talismanic words to plead the agency or alter-ego liability on which its claims may have depended. That decision is in line with governing law requiring that the plaintiff's "short and plain statement of the claim" give the defendant fair notice not just "of what the claim is," but also "*the grounds upon which [that claim] rests*." *Winther v. U.S. Steel Corp.*, 852 F. App'x 482, 484 (11th Cir. 2021) (emphasis added).

The authorities that Benlida relies upon in its motion do not hold otherwise. *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) and *PBT Real Estate, LLC v. Town of Palm Beach*, 988 F. 3d 1274, 1286 (11th Cir. 2021), for example, rejected district courts' overly rigid dismissals of claims for failure to *expressly* invoke the statutes or constitutional provisions under which the plaintiffs were suing. In both cases—unlike here—the plaintiffs had pled underlying facts and had "stated simply, concisely, and directly events that … entitled them to" relief. *Johnson*, 574 U.S. at 12; *see PBT Real Estate*, 988 F. 3d at 1286 (noting the dismissed count had incorporated "general allegations" in the complaint, which in turn cited relevant constitutional provisions and statutes). In contrast, here, the Court did not insist Benlida must explicitly cite codes and legal theories. Benlida's pleading failure lay not in its omission of hyper-specific allegations expressly referencing CTX-US's supposed "agency," "alter-ego," or other "vicarious" liability, but primarily in its glaring omission of "the *facts* upon which its agency and alter-ego theories are based." SJ Order at 8 (emphasis added).[2]

---

[2] Although the court in *Fuerst v. Housing Authority of Atlanta*, 38 F.4th 860, 875 (11th Cir. 2022) addressed the adequacy of one of the claims in dicta, it likewise observed that the complaint had satisfied Rule 8(a)(2) based on clear allegations in support. The district court's failure to discuss those allegations at all in deciding a motion to dismiss was "clearly erroneous." Benlida's suggestion that the clear error lay in the district court's rejection of a legal theory raised in response to a dispositive motion is inaccurate. *See* Mot. at 4 n.2.

The three Seventh Circuit cases Benlida cites also do not compel a different result. *See* Mot. at 5-6 (citing *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998); *Whitaker v. Milwaukee County*, 772 F.3d 802 (7th Cir. 2014); *Vincent v. City Colleges of Chicago*, 485 F.3d 919 (7th Cir. 2007)). As each of the panels in those cases observed, the plaintiffs in each case alleged specific facts supporting their claims—even if their articulation of the legal theories accompanying their allegations was imperfect. *See Bennett*, 153 F.3d at 517 (citing allegations concerning racial discrimination claims, including about the plaintiff's qualifications, that she was turned down for teaching jobs, and that she was not allowed to interview for positions because of her race); *Whitaker*, 772 F.3d at 808 (noting that the plaintiff in an action for discrimination under the Americans with Disabilities Act had alleged, "from the beginning, that the relationship of the County and Wisconsin DHS is such that the County is liable for the actions of the DHS supervisors" in the suit); *Vincent*, 485 F.3d at 921 (relaying the complaint's narrative of defendants' violation of federal copyright and trademark laws and faulting the district court for dismissing the complaint for failure to contain particular facts such as patent and trademark numbers). Benlida's TAC would have still proved inadequate under these cases even to the extent the Seventh Circuit espouses a slightly different or more forgiving pleading standard than the governing standard in the Eleventh Circuit.

Even *Baemmert v. Credit One Bank*, 271 F. Supp. 3d 1043, 1049 (W.D. Wis. 2017)—which Benlida cites to say that "the failure to plead an agency theory or vicarious liability in his complaint is no basis for summary judgment," Mot. at 5—is of no avail for its reconsideration motion. The complaint there alleged a defendant-bank had violated anti-robocall provisions of the Telephone Consumer Protection Act, including through calls made on the bank's behalf by

7

third-party vendors.[3] The court rejected the bank's demand for a specific articulation of agency and vicarious liability theories in the complaint at summary judgment. *Baemmert*, 271 F. Supp. 3d at 1049. But again, the situation in *Baemmert* is a far cry from Benlida's, where the TAC did not merely lack any recitation of a legal theory (e.g., agency), but also, as the Court correctly observed, lacked even "a single allegation about CTX-HK—never mind about CTX-HK's status as an agent or alter ego." SJ Order at 8.

For all Benlida's quotation of case law, from the Supreme Court to a district court in Wisconsin, it has not exposed any clear error in the Court's reasoning. Quite the contrary, all its cited authorities are consistent with the Court's decision and with binding law in this Circuit requiring that a complaint give some notice of a plaintiff's *basis* for relief. *See, e.g.*, *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006) (rejecting plaintiff's attempt to assert additional facts in support of "an additional, separate statutory basis for entitlement to leave" under the Family and Medical Leave Act in response to a summary-judgment motion). The Court acted in accordance with this precedent in denying Benlida's move to backdoor unpled additional facts and theories through its opposition to the summary-judgment motion. *See, e.g.*, *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1258 & n.27 (11th Cir. 2012) ("It is well-settled in this circuit that a plaintiff may not amend the complaint through argument at the summary judgment phase of proceedings.").

---

[3] *See, e.g.*, Compl. ¶ 12, *in Baemmert v. Credit One Bank, N.A.*, No. 3:16-cv-00540, Aug. 1, 2016, ECF No. 1 (alleging "Defendant *and its agents* used an automatic telephone dialing system to call Plaintiff's cellular telephone number in an effort to collect a debt …."); *id.* ¶ 23 (alleging "Defendant *and its agents* knowingly … call[ed] Plaintiff's cell phone in an effort to collect a debt…."); *id.* ¶ 44 (referring to "repeated autodialed collection calls of Defendant *and its agents*"); *id.* ¶ 68 (referencing "illegal collection conduct" by "Defendant *and its agents*") (emphases added).

Nor was it clear error to have disallowed Benlida to amend its complaint at the summary-judgment stage. *But see* Mot. at 8-9 (Benlida arguing that the Court should have *sua sponte* afforded Benlida the opportunity to amend its Third Amended Complaint). Benlida did not seek leave to amend its complaint and lay out why it should be entitled to do so under Rule 15(a). Having proceeded through discovery without amending or seeking to amend the complaint—likely "to avoid the jurisdictional implications of including or joining CTX-HK in the case," SJ Order at 8—Benlida was not entitled to raise the additional allegations regarding CTX-US's supposed liability for CTX-HK's debts in the midst of summary judgment.

Benlida's citation to deposition testimony from CTX-US's CEO Rishi Kukreja and its accounting experts, Barry Mukamal and Mark Parisi (*see* Mot. at 1-2 & n.1 (Motion Point I)), does not get around the pleading deficiency. That Mr. Kukreja, Mr. Mukamal, and Mr. Parisi were generally aware that the TAC contained references to CTX-HK invoices and that Benlida sought to hold CTX-US responsible for those invoices does not demonstrate that CTX-US was on notice of the factual *grounds* on which Benlida sought to do so. *See Viamontes v. Scottsdale Ins. Co.*, No. 20-22532-CIV, 2020 WL 5981680, at *2 (S.D. Fla. Oct. 8, 2020) (Scola, J.) (dismissing a complaint for failing to give the defendants notice by, among other things, "failing to describe the factual basis of the damages claim").[4]

It is worth noting, moreover, that this testimony as well as all the cases Benlida now cites were available to it at the time of its June 26, 2023 summary-judgment response. Indeed, Benlida admits that the deposition testimony "was not brought to the Court's attention in opposition to CTX-US's motion for summary judgment." Mot. at 3. As the Court noted,

---

[4] Parisi and Mukamal were deposed on July 31 and August 1, respectively. Benlida filed its opposition to the summary-judgment motion (ECF No. 188), on June 26. It's no wonder the experts were aware of Benlida's argument.

9

Benlida largely failed to "address Circuitronix's argument [regarding deficient pleading of agency or alter-ego theories] head on" at the summary-judgment stage. SJ Order at 7. It may not use this motion as "a vehicle to present authorities available at the time of the first decision …." *Ass'n For Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)) (internal quotation marks omitted).

### III. The Court's Assessment of the Wu Declaration Did Not Constitute Clear Error (Response to Motion's Points III and IV)

Benlida focuses two-fifths of its motion on criticizing the Court's alternative bases for concluding that one of CTX-US's "material facts" was "undisputed" by a sworn declaration about an audit form from Benlida's CFO, Roger Wu. *See* ECF No. 267 at 8-9. Benlida must demonstrate that *both* the Court's bases for its decision warrant reconsideration since a compelling argument as to only one would fail to present "facts or law of a strongly convincing nature that would induce a court to reverse its prior decision" if the Court's other basis remained. *1550 Brickell Assoc. v. QBE Ins. Corp.*, No. 07–22283, 2010 WL 2775064, *1 (S.D. Fla. July 13, 2010). Benlida fails to persuade that either, much less both, of these supposed grounds for reconsideration merit granting the motion.

Benlida's criticism of the Court's first basis for concluding the Wu declaration failed to dispute a CTX-US statement of fact—that Benlida failed to comply with the Local Rules in citing it (*see* Mot. at 7 (Point III))—ignores the Court's "inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). Benlida attempts to factually distinguish the case the Court relied upon, *Jones v. Unity Behavioral Health, LLC*, No. 20-14265, 2021 WL 5495578 (11th Cir. Nov. 23, 2021), but fails

10

to grapple with its principle authorizing the Court to enforce the Local Rules in evaluating statements of fact. Benlida cites no authority (because none exists) to support its view that compliance with the Local Rules was "excessively formalistic" here, and that the Court erred in not affording it an opportunity to cure its deficient statement of material facts. *See* Mot. at 9. Regardless, the Court went on to discuss the substance of the Wu declaration, underscoring the absence of any clear error.

Benlida's second criticism of the Court's evaluation of the Wu declaration—that it did actually deny the information contained in the audit form—"presents nothing more than [Benlida's] disagreement with the Court's Order." *Isabel Fernandez v. United States*, No. 19-CV-24073, 2021 WL 199699, at *5 (S.D. Fla. Jan. 20, 2021) (citation omitted). The Court did not "misunderst[and]" the Wu declaration or weigh Mr. Wu's credibility as Benlida contends. *See* Mot. at 8-9. Rather, it recognized that Mr. Wu's explanation for "how and why he made the mistake," *id.*, in confirming the audit form's numbers *was* based on his legal conclusion about the relationship between CTX-US and CTX-HK. In Mr. Wu's view, CTX-US was essentially responsible for CTX-HK's purchases supposedly reflected in a separate CTX-HK audit form. But that legal conclusion and Mr. Wu's resulting interpretation of the numbers could not contradict the plain, standalone fact reflected in the CTX-US audit form, showing Benlida owed CTX-US over $75,000—no matter what Benlida might separately contend CTX-US owed on CTX-HK purchases. SJ Order at 3 n.3. Benlida's attack, essentially arguing that the Court "got it wrong" in evaluating the Wu declaration, is improper in a motion for reconsideration. *Isabel Fernandez*, 2021 WL 199699, at *3-4 (citations and internal quotation marks omitted); *see also id.* at 5 ("It is an improper use of the motion to reconsider to ask the Court to rethink what the

11

Court already thought through—rightly or wrongly.") (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).

For these reasons, Benlida's Points III and IV of the motion do not justify reconsideration.

IV. **The Court's Reference to the Allegation That CTX-US "Expressly Agreed to Pay the Amounts Specified in the [CTX-HK] Invoices" Does Not Constitute Clear Error (Response to Motion's Point V)**

Benlida's argument on its final ground for reconsideration is not entirely clear. It appears to fault the Court for "focusing" on the TAC's allegation that CTX-US "expressly agreed to pay the amounts specified in the invoices" (*see* Mot. at 10), despite that the Court gave the phrase no more importance than others Benlida cited in its opposition. *See* SJ Order at 7 (quoting that allegation alongside another stating "Circuitronix ordered circuit boards from plaintiffs"). Benlida also notes somewhat irrelevantly that the "expressly agreed" phrase appears only in the portion of the complaint related to Count II for account stated. Mot. at 10. To the extent Benlida suggests that the Court wrongly attributed the allegation to Count I, the order itself dispels that notion, correctly stating that the allegation appears "[i]n support of [Benlida's] other cause of action—account stated." SJ Order at 4. Benlida additionally stresses that "[w]hether the agreement to pay was express or implied does not alter Benlida's right to recovery" (Mot. at 10), despite that the Court did not draw any conclusions based on the distinction between express and implied agreements or Benlida's failure to specify that CTX-US *implicitly* agreed to pay for the TAC invoices. Rather, the Court found that Benlida had failed to provide "a *single allegation* in the complaint indicating that Circuitronix assumed any of CTX-HK's debts or that CTX-HK was acting as Circuitronix's agent or alter ego." SJ Order at 9 (emphasis added).

Where the first part of Benlida's Point V argument seemingly criticizes the Court for errors it did not commit, the remainder merely disagrees with the Court's determinations that,

12

among other things, Benlida made "no mention of CTX-HK" in the TAC or that the pleading "*did* allege that CTX-US was responsible for all of the invoices, some of which were designated to 'CCT-HK.'" Mot. at 9. As discussed above, because Benlida's request for reconsideration "merely urge[s] the Court to rethink its prior legal analysis, [it is] not [a] proper subject[] for a motion to reconsider." *Gen. Prop. Constr. Co. v. Empire Off., Inc.*, No. 18-23688-CIV, 2019 WL 4010334, at *2 (S.D. Fla. Aug. 26, 2019) (Scola, J.) (citing *Z.K. Marine Inc.*, 808 F. Supp. at 1563). Benlida's insistence that it had no duty "to plead that CTX-US was liable for the orders placed by CTX-HK" misses that the Court did not fault Benlida for failing to adhere to an excessively formalistic code-pleading standard, but rather for failing to plead *any* facts or basis that would support its theory that CTX-US was liable for supposed CTX-HK debts.

## CONCLUSION

The Court should not even entertain this motion on its merits because the relief it seeks was so plainly waived or abandoned by the time trial began. Regardless, because the motion variously misunderstands the Court's order, misinterprets case law, and urges the Court to rethink arguments it has already considered and rejected, reconsideration would be inappropriate. This motion is not among those extraordinary cases warranting relief, and the Court's summary-judgment ruling should remain undisturbed. Either way, the motion should be denied.

Dated: November 6, 2023

Respectfully submitted,

**PODHURST ORSECK, P.A.**
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Tel.: 305-358-2800
Fax: 305-358-2382

*By: /s/ Christina H. Martinez*
Stephen F. Rosenthal
Florida Bar No. 0131458
srosenthal@podhurst.com

13

Matthew Weinshall  
Florida Bar No. 84783  
mweinshall@podhurst.com  
Christina H. Martinez  
Florida Bar No. 1029432  
cmartinez@podhurst.com  

*Counsel for Circuitronix, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on November 6, 2023 as filed with the Clerk of the Court using CM/ECF.

By: /s/ *Christina H. Martinez*  
Christina H. Martinez