UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/GOODMAN

JIANGMEN BENLIDA PRNTED
CIRCUIT CO., LTD.,

    Counter-Defendant,

CIRCUITRONIX LLC,

    Counter-Plaintiff,
_____/

### Benlida's Opposition to Circuitronix's Motion for a Directed Verdict

Counter-defendant Jiangmen Benlida Printed Circuit Co., Ltd. respectfully submits this memorandum in opposition to Circuitronix's motion for a directed verdict. As Circuitronix has acknowledged via an email exchange that certain portions of the motion have been rendered moot by the jury's verdict herein, Benlida will address only Point III of the motion.

### Email Exchange with Circuitronix's Counsel

In response to Benlida's inquiry whether, in light of the jury's verdict, Circuitronix would withdraw the motion for a directed verdict, Circuitronix's counsel wrote:

> We are not withdrawing the motion because we believe that the Court should add the price increase damages ($317,539) to the judgment. That argument implicates multiple parts of the Rule 50(a) motion, and since we don't know yet which aspects of it Benlida will contest (versus concede), it's not easy to say in advance which parts could be withdrawn. I do think that the verdict moots certain aspects of Part I, and probably all of Part II, of the motion, but we must reserve our right to respond to your arguments on those issues.

In light of the jury's verdict, Benlida submits that the motion is entirely moot; however, as Circuitronix maintains that they're entitled to additional damages of $317,539, Benlida responds to

1

only that portion of the motion. In Point III of the motion, Circuitronix argues that "for the first time at trial, Benlida asserted that CTX-US owed it $1.5 million in unpaid price increases," and that the calculation of such increases was not previously disclosed. However, Circuitronix did not request a specific jury interrogatory on the issue of whether or not there was a meeting of the minds as to the price increase. The Court will recall that the burden or proof in this case was entirely on Circuitronix, and if the jury declined to believe Circuitronix in any respect, they were entirely within their rights to discount any portion of its evidence.

      A court cannot set aside a jury's determination "[w]hen there is some support for a jury's verdict, it is irrelevant what [the Court] would have concluded." See *Redd v. City of Phenix*, 934 F.2d 1211 (11th Cir. 1991). From the evidence presented, and from the verdict, it cannot either be deduced nor inferred what portion of Circuitronix's evidence the jury disbelieved, as Circuitronix claimed damages of $10.5 million and the jury awarded only $7.5 million. One cannot say whether the jury accepted that some portion of payments made by Circuitronix to Benlida were properly given FIFO treatment, or found that some or all of Circuitronix's witnesses were not entirely credible and that it was therefore not entitled to every dime that it sought. As it is impossible to look into the minds of the jurors to try to ascertain why they didn't award Circuitronix $10.5 million, but only $7.5 million, there is no basis for tacking another $317,539 onto the verdict.

      While Circuitronix may feel aggrieved that it has not obtained all that it sought, we observe, as has the Supreme Court in *McDonough Power v. Greenwood*, 464 U.S. 548, 553 (1984):

> This Court has long held that "'[a litigant] is entitled to a fair trial but not a perfect one,' for there are no perfect trials." *Brown v. United States*, 411 U. S. 223, 231-232 (1973), quoting *Bruton v. United States*, 391 U. S. 123, 135 (1968), and *Lutwak v. United States*, 344 U. S. 604, 619 (1953). Trials are costly, not only for the parties, but also for the jurors performing their civic duty and for society which pays the judges and support personnel who manage the trials. It seems doubtful that our judicial system would have the resources to provide litigants with perfect trials, were they possible, and still keep abreast of its constantly increasing caseload.

## Conclusion

Counter-defendant Jiangmen Benlida Printed Circuit Co., Ltd., respectfully submits that the motion for a directed verdict, as apparently limited by Circuitronix to the $317,539 that it believes it should have also been awarded by the jury, should be denied.

Dated: November 7, 2023

Respectfully submitted,

**MAZZOLA LINDSTROM LLP**
*Attorneys for Plaintiff Benlida*

By: */s/ Jean-Claude Mazzola*
Jean-Claude Mazzola
1350 Avenue of the Americas, 2nd Floor
New York, NY 10019
646.250.6666
jeanclaude@mazzolalindstrom.com

**Service via ECF**