United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Jiangmen Benlida Printed Circuit Co., Ltd., Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 21-60125-Civ-Scola |
| Circuitronix, LLC, Defendant. | ) ) | |

### Order Denying Both Benlida's Motion for Reconsideration and Circuitronix's Motion for Judgment as a Matter of Law

The dispute in this case centers around tens of millions of dollars' worth of printed circuit boards, manufactured by Plaintiff and Counter-Defendant Jiangmen Benlida Printed Circuit Co., Ltd. ("Benlida") which it sold and distributed to Defendant and Counter-Plaintiff Circuitronix, LLC. Benlida complains that Circuitronix owes it over $13 million for unpaid invoices for printed circuit boards which Benlida delivered. (3rd Am. Compl. ("Compl." or the "complaint"), ECF No. 26.) Circuitronix, however, in its counterclaim, maintains, to the contrary, that it overpaid Benlida, by over $10 million, and seeks to recover that overpayment. (Ans. and Countercl., ECF No. 34.) The Court granted summary judgment in Circuitronix's favor with respect to the entirety of Benlida's complaint (SJ Order, ECF No. 221) and thereafter held a six-day jury trial on Circuitronix's claims against Benlida. After deliberating, the jury unanimously found that Benlida had breached the parties' contract, awarding $7,585,847 in damages to Circuitronix. (Verdict, ECF No. 273.) Five days into the trial, Benlida moved for reconsideration of the Court's order granting summary judgment. (Benlida's Mot., ECF No. 267.) At the close of all the evidence, Circuitronix moved orally for partial judgment as a matter of law, also filing a written motion (Circuitronix's Mot., ECF No. 269), which the Court reserved ruling on. Both motions have now been fully briefed and are ripe for the Court's determination (Circuitronix's Resp., ECF No. 288; Benlida's Reply, ECF No. 291; Benlida's Resp., ECF No. 290; Circuitronix's Reply, ECF No. 292.) After a careful review of the record, the briefing, and the relevant legal authorities, the Court **denies** Benlida's motion for reconsideration (**ECF No. 267**) and **denies in part and denies as moot in part** Circuitronix's motion for judgment as a matter of law (**ECF No. 269**).

### 1. Benlida fails to establish that reconsideration is warranted.

"[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563. Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, as here, however, a motion to reconsider is not ordinarily warranted.

Benlida submits that reconsideration is warranted in order "to correct a clear error and thereby prevent a manifest injustice." (Benlida's Mot. at 2.) According to Benlida, the Court's clear error manifested in several ways: (1) by the Court's failure to apprehend that Benlida's complaint put Circuitronix on notice that Benlida sought recovery from Circuitronix for circuit boards ordered by another company, Circuitronix (Hong Kong) Ltd. ("CTX-HK") (*id.* at 2–3); (2) by the Court's improperly requiring Benlida to plead its agency theory (*id.* at 3–8); (3) by the Court's not affording Benlida an opportunity to cure its violation of Local Rule 56.1(b)(1)(B) (*id.* at 8–9); (4) by the Court's disregarding the declaration of one of Benlida's witnesses (*id.* at 9–10); and (5) by the Court's improperly focusing on Benlida's allegation that Circuitronix "expressly agreed to pay the amounts specified in the invoices" (*id.* at 12–13). While Benlida has made its disagreement with the Court's order granting Circuitronix's motion for summary judgment abundantly clear, it has nonetheless failed to satisfy its heavy burden of establishing that reconsideration is warranted.

As an initial matter, Benlida's grievances either rehash arguments that have already been raised and addressed or present new arguments or facts that could have been presented in response to the motion for summary judgment but weren't. Neither avenue paves a path towards reconsideration. *See Z.K. Marine*, 808 F. Supp. at 1563 ("A motion for reconsideration should

not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made.").

Furthermore, Benlida's arguments all fail on their merits as well. First, Benlida appears to misapprehend the distinction between presenting "enough facts to state a claim to relief that is plausible on its face," on the one hand, and a merely "wholly conclusory statement of claim," on the other. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561, 570 (2007). Thus, Benlida's reliance on Circuitronix's principal's deposition testimony indicating his awareness that Benlida sought to recoup payment from Circuitronix for orders placed by CTX-HK misses the point. Simply setting forth "the mere possibility of loss causation," does not come even close to providing a defendant with "fair notice of the *grounds* for entitlement to relief." *Id.* at 557, 561 (emphasis added). Accordingly, Circuitronix's awareness that Benlida was suing it for orders placed by CTX-HK does nothing to remedy Benlida's pleading deficiency.

Second, and relatedly, Benlida's repeated insistence that the Court improperly required Benlida to plead a specific theory is misplaced. That is a mischaracterization of the Court's order. As the Court explained, Benlida's complaint is deficient because it "supplies neither any notice nor factual allegations that could be construed as advancing its vicarious liability theories." (SJ Order at 9.) This is not a hyper-technical application of the law or the imposition of a heightened pleading standard, as Benlida protests. Rather, it is a straightforward and unremarkable application of basic federal pleading standards: "While legal conclusions can provide the framework of a complaint, they must be supported by *factual allegations.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis added).[1]

Next, Benlida complains about the Court's assessment of an affidavit submitted by one of its auditors. First, Benlida takes issue with the Court's "excessively formalistic" (Benlida's Mot. at 9) insistence that Benlida comply with the Court's local rule requiring parties to supply "specific, pinpoint references to particular parts of record material," L. R. 56.1(b)(1)(B)), when disputing an opposing party's statement of fact. Second, Benlida complains the Court improperly made a credibility determination when it disregarded the affidavit. The Court is not persuaded as to either point. To begin with, Benlida cites no legal authority, and the Court is aware of none, that allows for an exception to Rule 56.1 where "there is no mystery as to where in the docket the . . . declaration was." (Benlida's Mot. at 8.) Nor does Benlida cite to any authority supporting its theory that a Court is required to afford a

---

[1] Perhaps muddying the waters here, Benlida's complaint not only lacks factual allegations, but it also fails to even include any conclusory allegations regarding the vicarious-liability theories it advanced in response to Circuitronix's motion for summary judgment.

noncompliant party the opportunity to cure its defective statement of material facts. Further, the Court did not make a credibility determination as to the declaration. Instead, it disregarded the auditor's statement to the extent his statement encompassed a legal conclusion—that Circuitronix was responsible for CTX-HK's debt. *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991) ("The evidence presented [in opposing a motion for summary judgment] cannot consist of conclusory allegations or legal conclusions.").

Finally, Benlida's position that it was clear error for the Court to focus on Benlida's allegation that Circuitronix "expressly agreed" to pay the amounts specified in the invoices is meritless. To begin with, Benlida itself highlighted that allegation in its response to Circuitronix's motion. (ECF No. 188, 11.) Further, Benlida highlighted that allegation in an effort to support its newly advanced theory of vicarious liability. The Court's analysis merely pointed out that Benlida's own reliance on an alleged express agreement actually undercut its contention that Circuitronix was responsible for CTX-HK's debts based on principles of vicarious liability.

In short, Benlida's arguments on reconsideration are improperly raised and, in any event, fail on their merits.

### 2. Aside from those aspects of Circuitronix's motion for judgment as a matter of law that were mooted by the verdict, Circuitronix fails to carry its heavy burden as to the remainder.

As acknowledged by the parties, the only aspect of Circuitronix's motion for judgment as a matter of law that was not mooted is Circuitronix's position that it should be awarded $317,539 in damages for improper premium charges, in addition to the verdict amount. In support, Circuitronix points to "substantial evidence," not disproved by Benlida, that Circuitronix submitted payment for these premiums that it was not required to pay. While this may be true, the Court finds this is not enough to warrant judgment as a matter of law.

Ordinarily, "[a] motion for judgment as a matter of law is . . . made against the party asserting a claim on the basis that the party failed to meet its burden of proof to establish its claim." *Handley v. Werner Enterprises, Inc.*, 655 F. Supp. 3d 1348 (M.D. Ga. 2023), *aff'd*, 23-10587, 2023 WL 6628921 (11th Cir. Oct. 11, 2023). In such a case, courts should grant judgment as a matter of law only "if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict." *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1246 (11th Cir. 2001). Here, however, the proponent of the claim, bearing the burden of proof, seeks the judgment as a matter of law. In that case, "granting judgment as a matter of law in favor of a

party bearing the burden of proof," is considered "an extreme step which can be done only when the evidence favoring the claimant is so one-sided as to be of overwhelming effect." *Handley v. Werner Enterprises Inc.*, 23-10587, 2023 WL 6628921, at *3 (11th Cir. Oct. 11, 2023). Courts consider this a more exacting standard, requiring a showing that the movant "has established his case by evidence that the jury would not be at liberty to disbelieve." *Weese v. Schukman*, 98 F.3d 542, 547 (10th Cir. 1996) (cleaned up). "As a result of this heavy burden, courts rarely grant judgment as a matter of law in favor of the party having the burden of proof." *OneSource Facility Services, Inc. v. Mosbach*, 205CV525FTM34DNF, 2008 WL 11430040, at *4 (M.D. Fla. Nov. 18, 2008) (cleaned up). Circuitronix fails to convince the Court it has met this demanding standard—indeed it does not even direct any argument towards it.

Instead, Circuitronix paints its argument with broad strokes, contending in mostly summary fashion that it "put forth substantial evidence" in support of its claim, pointing to its principal's testimony, by way of an "example," as well as "undisputed documents." (Circuitronix's Mot. at 3–4.) Without more, the Court finds this is not enough to support taking the "extreme step" of granting judgment as a matter of law in Circuitronix's favor, especially where the testimony relied on issues from Circuitronix's own principal. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000) ("[T]he court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.").

### 3. Conclusion

For the reasons set forth above, the Court **denies** Benlida's motion for reconsideration (**ECF No. 267**) and **denies in part and denies as moot in part** Circuitronix's motion for judgment as a matter of law (**ECF No. 269**). Because a jury verdict has been rendered and it appears no further issues remain for resolution, the Court directs the Clerk to **close** this case. A separate judgment will follow. Any pending motions are denied as moot.

**Done and ordered** in Miami, Florida, on November 30, 2023.

Robert N. Scola, Jr.
United States District Judge