**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-60125-CIV-SCOLA/GOODMAN**

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

    Plaintiff/Counter-Defendant,

v.

CIRCUITRONIX LLC,

    Defendant/Counter-Plaintiff,
_____/

## CIRCUITRONIX, LLC'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS

Defendant/Counter-Plaintiff Circuitronix, LLC ("CTX-US"), by and through undersigned counsel, hereby files its Memorandum of Law in Support of its Bill of Costs pursuant to Local Rule 7.3(c), and in support states as follows:

### INTRODUCTION

This case involves breach-of-contract and account-stated claims by Jiangmen Benlida Printed Circuit Co., Ltd. ("Benlida") and a counterclaim for breach of contract by CTX-US. This Court granted CTX-US's summary judgment motion, which disposed of Benlida's affirmative claims (ECF No. 221), and presided over a six-day jury trial on CTX-US's sole breach-of-contract counterclaim, ECF Nos. 257, 259, 263, 264, 265, 276 (minute entries). The trial culminated in a verdict of $7,585,847 for CTX-US. ECF No. 273. CTX-US now seeks to recover from Benlida certain costs incurred in this litigation, which are set forth in the Bill of Costs being filed contemporaneously herewith, and to have those costs taxed against Benlida.

## **ARGUMENT**

### I. CTX-US IS ENTITLED TO RECOVER ITS LITIGATION COSTS

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should be allowed to a prevailing party." Costs that are taxable against the non-prevailing party in a federal case are governed by 28 U.S.C. § 1920. Such taxable costs comprise the following items:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The costs that CTX-US seeks to tax are divided into four categories, all of which are specifically authorized under 28 U.S.C. § 1920, and are therefore taxable against Benlida: (1) fees associated with video-recording and transcripts of depositions necessarily obtained for use in the case; (2) fees for printing, (3) fees for witnesses, (4) and compensation for interpreters at depositions of Benlida witnesses.

In addition, CTX-US is entitled to interest on these costs from the date of judgment.

### A. *Trial Transcripts and Deposition Video Recording and Transcripts*

The costs for transcripts are specifically authorized under 28 U.S.C. § 1920(2), and are therefore taxable to the losing party. *See, e.g.*, *EEOC v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000).

A prevailing party is entitled to recover costs for any deposition that appeared reasonably necessary in light of the particular situation existing at the time that the deposition was taken. *See, e.g.*, *Kawa Orthodontics, LLP v. Depositors Ins. Co.*, No. 21-CV-81884, 2023 WL 8310771, at *2 (S.D. Fla. Nov. 8, 2023). Moreover, a prevailing party is entitled to the costs of taking the deposition of any witness listed on the opposing party's witness list. *See EEOC*, 213 F.3d at 621; *Murphy v. City of Flagler Beach*, 761 F.2d 622, 631 (11th Cir. 1985).

During the course of this litigation, CTX-US incurred costs for the depositions of the following individuals:

(1) Huang ("Douglas") Hanchao (Benlida's General Manager);

(2) Wu ("Roger") Yukun (Benlida's CFO), at depositions on May 24, 2023 and July 12, 2023;

(3) Chen Zhanjiao ("Ms. Chen") (bookkeeper in Benlida finance department)

(4) Huang ("Tracy") Sulan (Benlida's Sales Director), at depositions on May 26, 2023 and July 12, 2023;

(5) Huang Xiangjiang (Benlida's founder and part-owner);

(6) Randall Paulikens (Benlida's accounting expert);

(7) Nicole Donaldson (Circuitronix's former accounting clerk);

(8) Lina Ochoa (Circuitronix's Operations Manager);

(9) Sourabh Sharma (Circuitronix India employee); and

(10) Akshay Koul (Circuitronix Hong Kong's General Manger).

All of these witnesses had personal knowledge of the matter and were disclosed by Benlida as individuals with knowledge of the matter in initial disclosures. Accordingly, all the deposition transcripts were reasonably necessary for use in the case.

Additionally, costs connected with obtaining the transcript of Tracy Huang's deposition on an expedited basis are also recoverable because the "expedited rate was necessary" for CTX-US to craft a compelling and adequately supported summary judgment motion. *Marmol v. Kalonymus Dev. Partners, LLC*, No. 22-20703-CIV, 2023 WL 8720148, at *2 (S.D. Fla. Dec. 18, 2023) (Scola, J.).

The deadline to submit dispositive summary-judgment motions in the case was June 9, 2023, *the day after* the deadline to complete fact discovery and to submit expert witness reports. *See* ECF No. 153 1-2. The depositions of *all of* Benlida's lay witnesses took place in the two weeks prior to that of the discovery, expert report, and summary judgment deadlines. CTX-US's jam-packed deposition schedule in the last month of the case owed in part to the fact that, before the nearly year-long stay in the case, CTX-US had tried but been stymied from taking a single deposition of a Benlida witness—although Benlida had already taken four of the five fact-witness depositions it would take in the case. *See* ECF No. 66 (CTX-US's motion to compel Benlida's witnesses to appear for depositions in the Southern District of Florida); ECF No. 152 (CTX-US's motion for limited reconsideration of part of the amended scheduling order). After the case was reopened on April 5, 2023, CTX-US was forced to cram five Benlida lay witness depositions within the same period of time that it was re-familiarizing itself with the case, conducting written discovery, ensuring it had produced all documents responsive to Benlida's

4

written discovery, assisting with the preparation of the reports of its accounting experts and Chinese regulatory law expert, *and* preparing its motion for summary judgment.

Given the impending summary-judgment deadline, and all its other competing obligations *in this case*, CTX-US needed Ms. Huang's deposition transcript on an expedited basis in order to have sufficient time to review it and determine how to deploy it to support its summary-judgment motion. Courts in this district have previously indicated that these circumstances warrant the taxation of fees associated with expediting a transcript. *See, e.g.*, *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016) (collecting cases indicating that awarding costs of expedited transcripts is appropriate where litigation is fast-paced or a deposition took place shortly before a deadline or motion); *Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320-1 (S.D. Fla. 2012) (declining to award expedited rates for transcripts since counsel had sufficient time to wait the normal delivery time for the transcript before the summary judgment deadline in that case, particularly since counsel acknowledged that the expedited transcripts were "solely for the convenience of their counsel" given the press of "other obligations" and since most of their work on the summary-judgment motion was completed and therefore "presumably counsel was merely waiting to plug citations to the transcript … [in]to the motion").

The costs for videotaping depositions are likewise recoverable under § 1920 where no objection is made to the videotaping by the opposing party (as in this case). *See, e.g.*, *Procaps*, 2016 WL 411017, at *3 ("The costs of a videographer may be taxed if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party.") (citing *Morrison v. Reichold Chem., Inc.*, 97 F. 3d 460, 464-65 (11th Cir. 1996)); *Bostic v. Bodie*, No.

22-60661-CIV, 2023 WL 8701841, at *2 (S.D. Fla. Dec. 15, 2023); *Zendejas v Redman*, No. 15-81229, 2018 WL 5808706, at *4 (S.D. Fla. Nov. 6, 2018); *PODS Enterprises v. U-Haul*, No. 8:12-cv-01479, 2015 WL 5021668, at *1 (M.D. Fla. Aug. 24, 2015).  Videos of the depositions of Benlida's lay witnesses were obtained for use in the case, and CTX-US actually played at trial selected portions of the videos of those Benlida witnesses who did not testify in person at trial. Accordingly, the costs for videography are recoverable.

Finally, "'[t]rial transcript costs are also recoverable if they are necessarily obtained for use in the case, such as for post-trial motion practice.'"  *Gulf Bldg., LLC v. Philadelphia Indem. Ins. Co.*, No. 22-CV-60573, 2023 WL 8438465, at *8 (S.D. Fla. Nov. 2, 2023) (citation omitted), *report and recommendation adopted,* No. 22-CV-60573-RAR, 2023 WL 8433693 (S.D. Fla. Dec. 4, 2023).  As CTX's recent renewed motion for judgment as a matter of law makes plain, the trial transcript is necessary to provide added detail regarding the evidence adduced at trial regarding premium payments in the event the Court deems CTX's discussion of the evidence is insufficiently specific.  *See* ECF No. 297 at 7-10 (alternatively seeking leave to amend the memorandum to add trial transcript references ).

As the video recordings and transcripts of the depositions and trial were reasonably necessary in light of the circumstances of this litigation, CTX-US is entitled to recover all of its transcript costs—a total of $44,271.25—$32,447.58 for trial and deposition transcripts, $1,969.92 additional expenditure for a single expedited transcript, and $9,853.75 for video recording of depositions, not including any costs associated with interpretation services discussed below.

### B. Deposition Interpreters

CTX-US incurred a total of $8,825.00 in obtaining an interpreter's services at the depositions of (1) Douglas Hanchao, (2) Roger Wu, (3) Ms. Chen, and (4) Mr. Huang Xiangjiang. CTX-US incurred these costs based upon Benlida's counsel's representation that these witnesses either required or preferred to testify through a Mandarin or Cantonese interpreter.

Compensation for services of interpreters is specifically included among the authorized taxable costs under 28 U.S.C. § 1920(6), and those costs are therefore recoverable. *See, e.g.*, *Marble Care Int'l, Inc.*, 862 F. Supp. 2d at 1321 ("As the interpreter fees are recoverable under the plain language of § 1920(6) and Plaintiffs make no objections to Defendants' request, I respectfully recommend that the District Court award Defendants **$255.00** for interpreter fees, the full amount requested.").

### C. Copying Costs

CTX-US incurred a total of $15.00 in copying costs during the course of the litigation. These costs are specifically included among the authorized taxable costs under 28 U.S.C. § 1920(4), and therefore are recoverable.

### D. Fees for Witnesses

CTX-US incurred a total of $859.44 in costs associated with its witnesses' attendance at court or in depositions, witnesses' travel to and accommodations for trial or depositions, and related fees during the course of the litigation.

Specifically, CTX-US seeks taxation of costs for (1) five trial witnesses ($320 at $40 per attendance per witness); (2) overnight lodging for Sourabh Sharma's attendance at trial ($338 for

7

two nights' stay at the $169 rate) and (3) CTX-US's other witnesses' travel within South Florida to attend depositions and trial ($202.53).[1]

These costs are specifically recoverable under 28 U.S.C. § 1920(3) and § 1821(a)(1), (b), (c)(1) and (c)(2). *See, e.g.*, *Onemata Corp. v. Rahman*, No. 20-CV-62002, 2023 WL 6534501, at *14-15 (S.D. Fla. Aug. 23, 2023) (determining that §1920 and § 1821 "provide that no more than $40 a day could be charged as cost of attendance, and that the statute also authorized taxation of costs incurred for travel, hotel, and subsistence), *report and recommendation adopted,* No. 0:20-CV-62002-WPD, 2023 WL 5992139 (S.D. Fla. Sept. 15, 2023). They are therefore recoverable.

### E. Interest

In addition to the costs themselves, CTX-US is also entitled to interest on the amount of the costs from the date of judgment (December 1, 2023). *See BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) ("When a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment") (citation and internal quotation marks omitted). The post-judgment interest is governed by 28 U.S.C § 1961, and the rate as of the date of the final judgment is 5.05%. *See* https://www.federalreserve.gov/releases/h15/data.htm.

---

[1] In accordance with 28 U.S.C. § 1821(d)(2), the per diem rates for daily lodging in Miami, Florida during October 2023 were determined by reference to the rates posted on the U.S. General Services Administration website. *See https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results?action=perdiems_report&fiscal_year=2024&state=FL&city=miami&zip=.*

The privately owned vehicle mileage reimbursement rates necessary to calculate travel expenses for witnesses local to South Florida were likewise obtained on the U.S. General Services Administration website, in accordance with 28 U.S.C. § 1821(c)(2). *See https://www.gsa.gov/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-pov-mileage-reimbursement.*

## CONCLUSION

For the foregoing reasons, the Court should tax the above referenced costs in the manner outlined in CTX-US's contemporaneously filed Bill of Costs.

## CERTIFICATE OF RULE 7.1(a)(3) CONFERENCE

Undersigned counsel certifies that she has made a reasonable effort to confer over email with counsel for Benlida regarding the relief sought in the bill of costs and this memorandum, under the procedure identified in Rules 7.1(a)(3) and 7.3(c), but has been unable to do so.

Dated: January 2, 2024

Respectfully submitted,

*/s/ Christina H. Martinez*
Stephen F. Rosenthal
Florida Bar No. 0131458
srosenthal@podhurst.com
Matthew P. Weinshall
Florida Bar No. 84783
mweinshall@podhurst.com
Christina H. Martinez
Florida Bar No. 1029432
cmartinez@podhurst.com
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Tel.: 305-358-2800

*Counsel for Circuitronix, LLC*

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on January 2, 2024 as filed with the Clerk of the Court using CM/ECF.

By: /s/ *Christina H. Martinez*
Christina H. Martinez