**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-60125-CIV-SCOLA/GOODMAN**

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

    Plaintiff/Counter-Defendant,

v.

CIRCUITRONIX LLC,

    Defendant/Counter-Plaintiff.

_____/

**CIRCUITRONIX'S MOTION FOR RELIEF FROM JUDGMENT
TO INCLUDE PRE-JUDGMENT INTEREST AND SET POST-JUDGMENT INTEREST**

Circuitronix, LLC ("CTX") respectfully requests, pursuant to Federal Rules of Civil Procedure 60(b)(1) and 62.1(a), that the Court excuse its attorneys' error in filing—one business day late—CTX's motion to add pre-judgment interest to the judgment, and to set the post-judgment interest rate. CTX's counsel mistakenly calendared the deadline for the motion regarding interest for today, Tuesday, January 2, 2024 (the same deadline that the bill of costs is due), and only today realized that the motion relating to interest should have been calendared for one business day earlier, on Friday, December 29, 2023. The undersigned counsel respectfully submit that their timing error should be deemed excusable under the circumstances, that Jiangmen Benlida Printed Circuit Co., Ltd. ("Benlida") has suffered no prejudice thereby, and that CTX should be permitted to seek the pre-judgment interest that it is entitled to under Florida law.

But for counsel's calendaring error, and delayed discovery thereof due to vacations around the holiday period, CTX would have timely filed last week its motion to determine

1

interest on the final judgment. This Rule 60(b)(1) motion also incorporates that motion to determine interest.

Because Benlida already filed its notice of appeal of the final judgment, back on December 18 (ECF No. 295), the Court likely lacks jurisdiction to rule on this motion except as an indicative ruling. Thus, CTX respectfully requests that the Court approach this motion, as necessary, through the prism of an indicative motion pursuant to Rule 62.1(a).

## BACKGROUND

### A. Facts Bearing on the Motion for Relief from Judgment

After the Court entered judgment in this case in CTX's favor on December 1, 2023 (ECF No. 294), CTX's counsel internally calendared various deadlines. We calendared the 28-day deadline under Rule 59 in which to file CTX's motion for renewed judgment as a matter of law (December 29, 2023), the deadline under the local rules to serve CTX's draft motion for attorney's fees (December 31, 2023), and the deadline for filing CTX's bill of costs and memorandum in support thereof (January 2, 2024). CTX's counsel mistakenly calendared the deadline to seek pre-judgment interest along with the deadline to file the bill of costs (today, January 2, 2024, the first day after the New Year's holiday weekend).

The undersigned counsel for CTX, Stephen Rosenthal and Christina Martinez, are the two attorneys handling these particular responsibilities. Both counsel took holiday vacations around the holidays in December 2023: Ms. Martinez was out of the country from December 11 to 20, and Mr. Rosenthal was in California on a family vacation from December 24 to January 1. Despite those holidays, CTX's counsel timely filed CTX's Rule 50(b) motion, on December 28 (ECF No. 297), timely served a draft motion for attorneys' fees on Benlida's counsel on December 29, and has timely filed CTX's bill of costs today, on January 2 (ECF Nos. 298, 299).

2

It was only today, January 2, the day that Mr. Rosenthal returned to the office from vacation after the New Year (after returning home from California the night before), that he discovered the calendaring error relating to the issue of pre-judgment interest. A motion to add pre-judgment interest generally, though not always, requires a motion to alter or amend the judgment, and so is governed by the 28-day deadline in Rule 59(e). That deadline fell one business day ago, on Friday, December 29, 2023.

Once the undersigned recognized this calendaring error, upon return from vacation, only this afternoon, that deadline had already passed. Consequently, CTX's counsel have repackaged their draft motion to determine fees within this Rule 60(b)(1) motion, which is the proper procedural avenue under these circumstances. And given that Benlida has already appealed the unamended judgment, CTX is filing this motion as one seeking an indicative ruling.

**B.     Facts Bearing on the Motion to Determine Interest**

The only factual background necessary on the motion at the heart of this filing—the motion to determine interest—bears on the date that the loss the jury awarded CTX-US damages for occurred. That can be readily identified. The jury's verdict awarding $7,585,847 in damages (ECF No. 278) corresponds—to the dollar—to the damages CTX-US requested for two distinct categories of breaches of the parties' contract: (1) the amount the 2019 reconciliation between the parties showed CTX-US was owed ($4,760,847), plus (2) the amount of the payments that Benlida had instructed CTX-US to divert to ROK ($2,825,000). *See* ECF No. 281-61 (Trial Ex. D-N9, "Summary of Payable Reconciliation Between CTX and Benlida," showing $4,760,847 figure); ECF No. 281-66 (Trial Ex. D-Q13, "Summary of Payments CTX Made to ROK at Benlida's Direction," showing ($2,825,000 figure).

3

Each of those figures was associated with specific timeframes. The payments diverted to ROK occurred between March 14, 2017 and June 29, 2018. ECF No. 281-66 (showing dates of payments). And the 2019 reconciliation figure was calculated using the parties' data "through July 2019." ECF No. 281-61. Because the pecuniary losses these amounts represent occurred before January 1, 2020, pre-judgment interest can cleanly and conservatively be set to run from that date forward.

## **ARGUMENT**

A jury found that CTX was damaged by Benlida's breach of the parties' contract, which occurred at a specified time period several years before entry of the judgment. As a further remedy for its loss, Florida law, which applies, provides that CTX should be awarded pre-judgment interest on the amount of its loss the jury determined. Since CTX's loss of nearly $7.6 million relates to breaches that occurred prior to January 1, 2020, the pre-judgment interest is a substantial sum: over $1.6 million. But for the deadlines following the Court's entry of judgment on December 1, 2023 being intermixed with the end-of-year holiday season, and CTX's counsel mistakenly calendaring the deadline for its motion related to interest one business day off, CTX would not have had to resort to the expediency of Rule 60(b) to seek relief. But CTX's counsel take responsibility for the timing error and respectfully submit that this circumstance satisfies the criteria for excusable neglect under Rule 60(b)(1). This motion is being filed one business day beyond the Friday, December 29, 2023 deadline, and Benlida will suffer no prejudice thereby.

As to the merits of the underlying motion, which CTX files now, within the deadline it had erroneously calendared (the same deadline as its bill of costs), pre-judgment interest is clearly warranted and appropriate, and the amount CTX seeks is conservative and reasonable.

Once the Court has jurisdiction to do so, it should specify the applicable interest in accordance with the law set forth below. In the Final Judgment, the Court provided that "[i]nterest shall accrue as provided for under the appropriate legal authorities." ECF No. 294. The motion provides those authorities so that the Court can fix the appropriate interest on the judgment.

**I. The Court Should Indicate That It Would Grant the Rule 60(b) Motion If the Eleventh Circuit Remands for That Purpose**

The fact that this case is already on appeal, albeit at the inception of that process, adds a procedural wrinkle to CTX's Rule 60(b)(1) motion. When a case is on appeal, it divests the district court of jurisdiction to enter relief on a Rule 60(b) motion. *See Madura v. BAC Home Loans Servicing, LP*, 655 F. App'x 717, 723-24 (11th Cir. 2016). The procedure for indicative rulings under Rule 62.1, however, "expressly grants district judges the authority to consider [Rule 60(b)] motions during the pendency of an appeal." *Id.* at 724. Under that procedure, the district court can indicate how it would rule on the motion if the Court of Appeals were to remand for that purpose, and the movant can also petition the Court of Appeals to remand the case for entry of such an order. *See* Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1.

CTX's Rule 60(b)(1) motion is timely, because it is being made well within the one-year time frame for such motions. Fed. R. Civ. P. 60(c)(1). CTX respectfully requests that the Court enter an order stating that it would grant CTX's Rule 60(b) motion if the Eleventh Circuit remands for that purpose, or at least stating that the Rule 60(b) motion raises a substantial issue. CTX will promptly advise the Court of Appeals of this Court's ruling. *See* Fed. R. App. P. 12.1(a). If this Court were to follow that procedure, it would create the most efficient posture for the Court of Appeals as well, since it could facilitate any review of this Court's ruling on the

5

underlying request to add pre-judgment interest and to specify the post-judgment interest rate in consolidated fashion on appeal with Benlida's very early-stage appeal of the merits of the case.

## II.     The Court Should Grant CTX's Motion for Relief from Judgment

Rule 60(b)(1) provides that a court can provide relief from a final judgment, order, or proceeding due to a party's "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Courts consider four factors to guide their determination of excusable neglect: "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Walter v. Blue Cross & Blue Shield United of Wisconsin*, 181 F.3d 1198, 1201 (11th Cir. 1999) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (alteration in original; internal quotation marks omitted). The excusable-neglect determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (quoting *Pioneer Inv.*, 507 U.S. at 395) (internal quotation marks omitted); *Keane v. HSBC Bank USA for Ellington Tr., Series 2007-2*, 874 F.3d 763, 767 (1st Cir. 2017). The decision of whether to grant or deny relief under Rule 60(b)(1) is within the sound discretion of the trial court. *Vela v. Western Elec. Co.,* 709 F.2d 375, 376 (5th Cir. 1983).

Under all the relevant circumstances, CTX's counsel's misjudgment of the applicable Friday, December 29, 2023 deadline constitutes neglect that should be excusable and which warrants relief under Rule 60(b)(1). The four *Pioneer* factors all weigh in favor of granting the requested relief.

*First*, counsel's one-business-day delay in filing a motion for interest on judgment does not prejudice Benlida. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir.

6

1996) (recognizing *Pioneer* had "accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial," and determining that the non-moving party could not show it had suffered any prejudice from a six-day delay in filing a demand for trial *de novo* following an arbitration award).

*Second*, the one-day delay is unlikely to have any impact on judicial proceedings. *See Walter*, 181 F.3d at 1202 (finding "there is no reason to believe" a one-month delay in filing an untimely response to a motion to dismiss "would have an adverse impact on the district court or its resources"); *Cheney*, 71 F.3d at 850 (determining a six-day delay produced "no adverse impact on the district court or its resources by permitting the case to be tried as it would have been" had the movant complied with the Local Rules). Indeed, Benlida had already appealed on December 18, well before the twenty-eight day deadline for filing a Rule 59(e) motion, such that the Court would have had to proceed through an indicative route regardless of whether CTX had filed its motion one business day ago.

*Third*, the short delay is entirely attributable to undersigned counsel's inadvertent mis-calendaring of the deadline for Tuesday, January 2, 2024 instead of January 29, 2023. Although the reason for the error was "obviously within counsel's control," the untimeliness of the filing was "simply an innocent oversight by counsel." *Cheney*, 71 F.3d at 850; *see also Walter*, 181 F.3d at 1202 (determining that a secretary's failure to record the applicable deadline was the same "type of 'innocent oversight' involved in *Cheney*"). That oversight was exacerbated by CTX's counsel's back-to-back vacations during December holidays, including lead counsel's absence during the week between Christmas and New Year's Day.

*Fourth*, and relatedly, undersigned counsel has acted in good faith. They notified opposing counsel and filed this motion immediately upon realizing their error and just a single

7

business day from the actual due date. As discussed above, CTX did not deliberately disregard the rules governing the deadline for filing a motion for interest on the judgment. Its one-day-late filing was certainly not intended to cause delay or to obtain any unfair advantage. *See Cheney*, 71 F.3d at 850 (concluding there was no bad faith as moving party had not intentionally disregarded the local rules and non-movant had not argued the movant had "intended to delay the trial" or "sought an advantage by filing late"). Nor is this a case where CTX's counsel is guilty of repetitively flouting court orders or applicable rules. *See Keane v. HSBC Bank USA for Ellington Trust, Series 2007-2*, 874 F.3d 763, 766-67 (1st Cir. 2017) (reversing denial of motion to vacate dismissal, finding that "counsel's behavior, though neglectful, was not intentional, egregious, or repetitive," and distinguishing counsel's first-time offense in that case from a case involving "repeated offenses over the course of three months").

For these reasons, CTX's Rule 60(b)(1) motion is meritorious, and the Court should relieve CTX of the timing error. The Court can do that without prejudging the underlying motion related to amending the judgment to add prejudgment interest and to specify the post-judgment interest rate. At this time, CTX respectfully asks the Court simply to indicate in a ruling that it would grant CTX's Rule 60(b)(1) motion, or at least to state in a ruling that CTX's Rule 60(b)(1) motion raises a substantial issue, so that CTX can petition the Eleventh Circuit to remand Benlida's fledgling appeal to return jurisdiction to this Court so that it can decide the merits of the motion to amend the judgment related to interest issues.

### III. The Court Should Ultimately Amend the Judgment to Specify the Interest CTX Is Due

Even though the Court likely lacks jurisdiction to address this merits issue because of the pending appeal in this case, CTX includes this portion of the argument, for three reasons. First, by filing this portion of the motion today, CTX demonstrates that its calendaring error was genuine:

it was prepared to file (and indeed now has filed) the motion related to interest by the (one-day-off) deadline it had calendared.  Second, CTX does not seek any unfair advantage against Benlida, and by showing Benlida the merits of its argument now, Benlida will have ample opportunity to respond on the merits when that time comes.  And third, the Court can see from the argument that follows that CTX has a strong basis for entitlement to the pre-judgment interest it seeks.

### A. Pre-judgment interest should be set to run as of January 1, 2020

CTX-US is entitled to pre-judgment interest on the jury's award because Florida law regards "prejudgment interest [a]s merely another element of pecuniary damages" and provides that a "[p]laintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and defendant's liability therefor." *Argonaut Ins. Co. v. May Plumbing Co*., 474 So. 2d 212, 215 (Fla. 1985).  The Florida Supreme Court elaborated:

> Once a verdict has liquidated the damages as of a date certain, computation of prejudgment interest is merely a mathematical computation.  There is no "finding of fact" needed.  Thus, it is a purely ministerial duty of he trial judge or clerk of the court to add the appropriate amount of interest to the principal amount of damages awarded in the verdict.

*Id*.  "In short," the Court continued, "when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." *Id.*

This case fits neatly within the *Argonaut* framework.  First, Florida law governs both because this is a diversity case and because the parties' contract specifies that Florida law governs.  ECF No. 281-2 (Manufacturing Agreement), § 13.4.  Second, the jury award clearly qualifies as pecuniary in nature since the amounts reflect compensatory damages arising from CTX-US's breach of contract claims.  Third, the date of these losses can readily be ascertained.  It is mathematically clear that the jury awarded CTX-US the amounts it sought for two

9

categories of damages: the 2019 reconciliation figure and the payments Benlida requested to be diverted to ROK. The dates that those amounts were owed by Benlida to CTX-US were readily ascertainable from the evidence at trial. *See, e.g.*, ECF No. 281-66; ECF No. 281-61.[1]

To avoid any dispute over the appropriate date of the occurrence of these losses for which the jury awarded it damages, CTX-US seeks pre-judgment interest from a point in time that unquestionably post-dates them: January, 1, 2020. That approach is fully consistent with Florida law, which permits awarding prejudgment interest from the latest possible date of loss. *SEB S.A. v. Sunbeam Corp.*, 148 F. App'x 774, 795 (11th Cir. 2005).

That conservative approach also simplifies the calculation. *See Argonaut*, 474 So. 2d at 215 (prescribing that the statutory interest rate controls prejudgment interest, citing § 687.01, Fla. Stat., which provides that unless a contract provides otherwise, prejudgment interest accrues at the rate provided by § 55.03, Fla. Stat.); § 55.03, Fla. Stat. (providing that the interest rate shall be set by Florida's Chief Financial Officer on a quarterly basis). The applicable interest rates in Florida are shown on the CFO's website.[2] As applied to the judgment in thus case, running from January 1, 2020 through November 30, 2023, the prejudgment interest accrues as follows:

| Rate period begin | Interest rate | Daily rate as decimal | Days in rate period | As Applied to Judgment ($7,585,847) |
|---|---|---|---|---|
| 1/1/2020 | 6.83% | .000186612 | 91 | $128,820.51 |
| 4/1/2020 | 6.66% | .000181967 | 91 | $125,614.01 |
| 7/1/2020 | 6.03% | .000164754 | 92 | $113,731.67 |
| 10/1/2020 | 5.37% | .000146721 | 92 | $102,396.28 |
| 1/1/2021 | 4.81% | .000131781 | 90 | $89,970.34 |
| 4/1/2021 | 4.31% | .000118082 | 91 | $81,513.43 |
| 7/1/2021 | 4.25% | .000116438 | 92 | $81,261.83 |
| 10/1/2021 | 4.25% | .000116438 | 92 | $81,261.83 |

---

[1] Should the Court desire greater specificity in the evidence on this point, CTX-US respectfully requests leave to supplement this motion once the trial transcript has been prepared.
[2] https://www.myfloridacfo.com/division/aa/local-governments/judgement-interest-rates

| | | | | | |
|---|---|---|---|---|---|
| 1/1/2022 | 4.25% | .000116438 | 90 | | $79,495.27 |
| 4/1/2022 | 4.25% | .000116438 | 91 | | $80,378.55 |
| 7/1/2022 | 4.34% | .000118904 | 92 | | $82,982.85 |
| 10/1/2022 | 4.75% | .000130137 | 92 | | $90,822.34 |
| 1/1/2023 | 5.52% | .000151233 | 90 | | $103,250.73 |
| 4/1/2023 | 6.58% | .000180274 | 91 | | $124,445.31 |
| 7/1/2023 | 7.69% | .000210685 | 92 | | $147,036.62 |
| 10/1/2023 | 8.54% | .000233973 | 61 | | $108,267.88 |
| | | | | TOTAL: | $1,621,249.45 |

For these reasons, CTX-US should be awarded $1,621,249.45 in pre-judgment interest.

### B. Post-judgment interest should be set to accrue at 5.05%

Post-judgment interest is established by statute. It provides:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court…. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961(a). The applicable interest rate, as of December 1, 2023—the date that the Court entered judgment—was 5.05%.[3]

### CONCLUSION

For the foregoing reasons, CTX respectfully requests that the Court enter an order indicating that it would grant CTX's Rule 60(b)(1) motion if the Court of Appeals returns jurisdiction to the Court to amend the final judgment to add pre-judgment interest, and to specify the post-judgment interest rate. Alternatively, CTX requests that the Court state in a ruling that CTX's Rule 60(b)(1) motion at least raises a substantial issue, such that CTX can ask the Eleventh Circuit to remand the case to this Court to address the motion.

---

[3] *See* https://www.federalreserve.gov/releases/h15/data.htm.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)**

I hereby certify that counsel for CTX attempted to confer with opposing counsel before filing this motion. First, before CTX's counsel recognized that the deadline for filing CTX's motion related to interest was due earlier, CTX's counsel emailed opposing counsel in connection with CTX's bill of costs and mentioned that CTX would be seeking interest in connection with that motion. Second, upon belatedly discovering this afternoon that CTX's motion related to interest should have been filed last Friday, December 29, 2023, the undersigned candidly attempted to bring that fact to opposing counsel's attention by way of email and text message, including specifying that CTX would instead be filing a Rule 60(b)(1) motion. As of the time of this filing, CTX has not heard back from Benlida's counsel.

Respectfully submitted,

*/s/ Stephen F. Rosenthal*
Stephen F. Rosenthal
Florida Bar No. 0131458
srosenthal@podhurst.com
Christina H. Martinez
Florida Bar No. 1029432
cmartinez@podhurst.com
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Tel.: 305-358-2800

*Counsel for Circuitronix, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on January 2, 2024 as filed with the Clerk of the Court using CM/ECF.

By: /s/ *Stephen F. Rosenthal*
Stephen F. Rosenthal