UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/GOODMAN

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

Plaintiff,
v.
CIRCUITRONIX, LLC,
Defendant.
_____/

**Benlida's Opposition to Circuitronix's Untimely Motion
for Pre-Judgment Interest**

 

**MAZZOLA LINDSTROM LLP**
Richard E. Lerner
Jean-Claude Mazzola
*Counsel for Jiangmen Benlida Printed
Circuit Co., Ltd.*
1350 Avenue of the Americas, Second Floor
New York, New York 10019
646.216.8300
richard@mazzolalindstrom.com
jeanclaude@mazzolalindstrom.com

January 12, 2024

Plaintiff Benlida hereby opposes defendant Circuitronix LLC's untimely motion for pre-judgment interest.

## Argument

Final judgment was entered on the docket in this case on December 1, 2023. Under FRCP 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The due date of such a motion was therefore December 29, 2023, which was a regular business day. Under FRCP 6(b)(2), the court cannot, even if it wants to, extend the deadline for filing a 59(e) motion. As Circuitronix failed to file its motion for pre-judgment interest before midnight on December 29th, it forfeited its ability to file a 59(e) motion, as the court lacks the FRCP 6(b)(1)(B) discretion to relieve Circuitronix of its failure to timely file such a motion.

Circuitronix's motion, albeit denominated a 60(b)(1) motion, is intended to accomplish what a 59(e) motion would accomplish, as it requests that:

- "III. The Court Should Ultimately <u>Amend the Judgment</u> to Specify the Interest CTX Is Due" (Motion, p. 8).
- "**CONCLUSION** For the foregoing reasons, CTX respectfully requests that the Court enter an order indicating that it would grant CTX's Rule 60(b)(1) motion if the Court of Appeals returns jurisdiction to the Court to <u>amend the final judgment</u> to add pre-judgment interest, and to specify the post-judgment interest rate. Alternatively, CTX requests that the Court state in a ruling that CTX's Rule 60(b)(1) motion at least raises a substantial issue, such that CTX can ask the Eleventh Circuit to remand the case to this Court to address the motion." (Motion, p. 11.)

Because of its error, and the lack of a jurisdictional basis to grant relief under FRCP 59(e), it filed its motion on January 2, 2024, calling it an FRCP 60(b)(1) motion. Such a motion under 60(b)(1) must be made within a reasonable time but not more than a year after entry of a final judgment. Circuitronix's counsel argues: (p. 3)

> Once the undersigned recognized this calendaring error, upon return from vacation, only this afternoon, that [59(e)] deadline had already passed. Consequently, CTX's counsel

2

have repackaged their draft [59(e)] motion to determine fees within this Rule 60(b)(1) motion, which is the proper procedural avenue under these circumstances.

A claim for pre-judgment interest, however, isn't a recognized basis for an FRCP 60(b)(1) motion. The rule provides: "*(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.* On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]" Circuitronix's motion – inasmuch as it requests amendment of the final judgment in order to add pre-judgment interest – is not a 60(b)(1) motion, as Circuitronix is not seeking "relief" from the final judgment. Indeed, a party cannot use an FRCP 60(b) motion to obtain additional, affirmative relief beyond that contained in the final order or judgment (*Delay v. Gordon*, 475 F.3d 1039, 1044-45 (9th Cir. 2007)), or to avoid otherwise applicable … time bars. *Aikens v. Ingram*, 652 F.3d 496 (4th Cir. 2011).

That is, Rule 60(b) isn't a loophole to be employed by a party who mis-calendars the due date of a Rule 59 filing, as the *Aikens* court made clear:

> Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). While this catchall reason includes few textual limitations, its context requires that it may be invoked in only "extraordinary circumstances" when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5). *See Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 n. 11, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). As Chief Justice Rehnquist noted in his separate opinion in *Liljeberg:*
>
>> Rule 60(b) authorizes a district court, on motion and upon such terms as are just, to relieve a party from a final judgment, order, or proceeding for any "reason justifying relief from the operation of the judgment." However, we have repeatedly instructed that only truly "extraordinary circumstances" will permit a party successfully to invoke the "any other reason" clause of § 60(b). This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.
>
> 486 U.S. at 873, 108 S.Ct. 2194 (Rehnquist, C.J., dissenting) (citations omitted). To give Rule 60(b)(6) broad application would undermine numerous other rules that favor the finality of judgments, such as Rule 59 (requiring that motions for new trial or to alter or amend a judgment be filed no later than 28 days after the entry of judgment); Rule

3

6(b)(2) (providing that a court may not extend the time to file motions under Rules 50(b), 50(d), 52(b), 59(b), 59(d), 59(e), and 60(b)); and Federal Rule of Appellate Procedure 4(a) (requiring generally that appeals be filed within 30 days after judgment).

Moreover, the Eleventh Circuit considered the issue in *Advanced Estimating System v. Riney*, 130 F. 3d 996, 997-998: "This appeal requires us to determine whether a lawyer's misunderstanding of unambiguous procedural rules can constitute 'excusable neglect' under the standard set out by the Supreme Court in *Pioneer Investment Services v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Guided by the decision in *Pioneer* and decisions in this circuit, we hold that, as a matter of law, the lawyer's failure to understand clear law cannot constitute excusable neglect. So, this appeal, which was not timely filed, is dismissed." The Eleventh Circuit further stated: (130 F.3d at 998-999)

> Soon after *Pioneer*, it was established in this circuit that attorney error based on a misunderstanding of the law was an insufficient basis for excusing a failure to comply with a deadline. See, *e.g.*, *Cavaliere v. Allstate Ins. Co*., 996 F.2d 1111, 1115 (11th Cir.1993). And, no circuit that has considered the issue after Pioneer has held that an attorney's failure to grasp the relevant procedural law is "excusable neglect."
> See *Committee v. Yost*, 92 F.3d 814, 825 (9th Cir.1996) (ignorance of procedural rule not excusable neglect); *Prizevoits v. Indiana Bell Telephone Co*., 76 F.3d 132, 133 (7th Cir.1996) ("Rule 6(b) makes plain both that the 10-day limit on filing a Rule 59(e) motion cannot be extended, no matter how new the party's lawyer is, and that there was nothing to wait for, since the district court had no power to grant the motion.... 'The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules'"); *Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir.1994) (misunderstanding of law not excusable neglect); *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir.1994) (appellant's "mistake cannot be considered `plausible misconstruction' of Rule 4(a)(4); it must be regarded as a failure to follow the plain terms of the Rule"). See also *United States v. Clark*, 51 F.3d 42 (5th Cir.1995) (dicta) (incorrect application of rules in calculating time to file appeal might not be excusable neglect).
> Today, we follow the other circuits and hold, as a matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline. Nothing in *Pioneer* indicates otherwise, and we believe that the law in this area remains as it was before *Pioneer*.
> ***
> *Cheney [v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir.1996)], was a miscommunication case or a clerical-error case: a mistake of fact was made about whether a message was delivered. This case, however, is a mistake-of-law case; the

4

reason for Riney's failure to file timely a notice of appeal was an apparent failure to review or to appreciate the relevant rules, which clearly indicate that a party has ten days from the entry of judgment to file the kind of post-trial motions that will toll the filing period for a notice of appeal. The ancient legal maxim continues to apply: ignorance of fact may excuse; ignorance of law does not excuse. Accordingly, Riney's counsel's misunderstanding of the law cannot constitute excusable neglect."

Here, the reasons given by Circuitronix for the failure to timely file their motion point to a mistake of law: "CTX's counsel mistakenly calendared the deadline to seek pre-judgment interest along with the [1/2/2024] deadline to file the bill of costs[.]" (Motion, p. 2). "CTX's counsel's misjudgment of the applicable Friday, December 29, 2023 deadline constitutes neglect that should be excusable and which warrants relief under Rule 60(b)(1)." (Motion, p. 6). Circuitronix's mistake was one of law, a failure to recognize that the motion had to be brought pursuant to, and in accordance with, Rule 59. In *Riney*, the Eleventh Circuit deemed such mistakes of law to be fatal. Under *Riney*, the error is not excusable because Rule 59's filing deadline is unambiguous.

## Conclusion

As the request for prejudgment interest had to be filed pursuant to Rule 59, rather than pursuant to Rule 60, and because it was not timely filed, Circuitronix LLC's motion for prejudgment interest must be denied.

Dated: New York, New York
January 12, 2024

Respectfully submitted,

**MAZZOLA LINDSTROM LLP**

Richard E. Lerner
Jean-Claude Mazzola
*Counsel for appellant / plaintiff / counterclaim defendant Jiangmen Benlida Printed Circuit Co., Ltd.*
1350 Avenue of the Americas, Second Floor
New York, New York 10019
917.584.4864
646.216.8300
richard@mazzolalindstrom.com
jeanclaude@mazzolalindstrom.com

**Service via ECF**

5