UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60125-CIV-SCOLA/GOODMAN

JIANGMEN BENLIDA PRINTED
CIRCUIT CO., LTD.,

    Plaintiff/Counter-Defendant,

v.

CIRCUITRONIX LLC,

    Defendant/Counter-Plaintiff.
_____/

**CIRCUITRONIX'S REPLY IN SUPPORT OF ITS MOTION FOR RELIEF FROM JUDGMENT TO INCLUDE PREJUDGMENT INTEREST AND SET POST-JUDGMENT INTEREST**

    Jiangmen Benlida Printed Circuit Co, Ltd.'s ("Benlida's") response is limited to the argument that Circuitronix, LLC's ("CTX's") motion is legally deficient under Rule 60(b)(1). *See* ECF 303 ("Response"). That argument is unpersuasive, since Rule 60(b)(1) is an available procedural avenue through which to replace a judgment with a new one that specifies the amount of prejudgment interest. Benlida's argument that the prejudgment interest can only be added via a timely motion under Rule 59(e) prompts closer inspection of both this complex area of law and the terms of the existing judgment, which reveals yet another procedural avenue through which the Court may specify the prejudgment interest: Rule 60(a). This reply explains why both avenues are available and exposes the flaws in Benlida's arguments. Before doing so, we first note a jurisdictional point brought into focus by a notice the Eleventh Circuit has issued in Benlida's appeal.

    **I.    The Eleventh Circuit Has Since Clarified That This Court Retains Jurisdiction, So It Is Free to Address CTX's Motion**

    At the time CTX filed this motion, the fact of Benlida's appeal appeared to have divested this Court of jurisdiction to rule on it except by way of indicative ruling, pursuant to Rule 62.1. *See* ECF No. 300 ("Motion") at 5. Between the date of Benlida's response and this reply, however, the Eleventh Circuit issued a notice clarifying that the pendency in this Court of CTX's renewed motion for judgment as a matter of law (ECF No. 297)—which seeks to augment the

judgment with the addition of premium payments the jury should have added—had the effect of tolling Benlida's appeal of the judgment. *See* Exhibit A (January 16, 2024 notice). The Court of Appeals' notice makes clear that Benlida's notice of appeal has not yet become effective and shall not until this Court rules on that motion. *Id*. (citing Fed. R. App. P. 4(a)(4)(A)). The notice also cites *Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988), which explained that the filing of an authorized motion under Appellate Rule 4(a) renders a notice of appeal "a nullity" for jurisdictional purposes. In other words, during the pendency in the district court of a timely filed motion listed under Rule 4(a)(4)(A)—here, CTX's Rule 50(b) motion, filed on December 28, 2023 (ECF No. 297)—"the notice of appeal is not effective, and until the notice of appeal is effective, the appellate court can exercise no jurisdiction over the case." Charles Alan Wright & Arther R. Miller, et al., 16A FEDERAL PRACTICE & PROCEDURE, § 3950.4 (5th ed.). That means that plenary jurisdiction still resides in *this* Court. *See, e.g.*, *Ross v. Marshall*, 426 F.3d 745, 752 (5th Cir. 2005) (cited in Wright & Miller, *supra*, at n.157).

    This jurisdictional insight yields two significant consequences. First, it points up that **CTX has not missed any deadline after all**. The court's "Final Judgment" was not actually *final*, since a final judgment is, by definition, one "from which an appeal lies." Fed. R. Civ. P. 54(a). Because CTX had timely filed a Rule 50(b) motion, the judgment was non-final, and thus non-appealable. *See Finch*, 845 F.2d at 258; Fed. R. App. P. 4(a)(4)(A)(i); *Wright v. Preferred Research, Inc.*, 891 F.2d 886, 887 (11th Cir. 1990) ("The finality of the judgment was suspended, however, and the appeal period was tolled, when Preferred filed motions for j.n.o.v. and for a new trial."); *Weyant v. Okst*, 198 F.3d 311, 314-15 (2d Cir. 1999) (explaining that timely motions pursuant to Federal Rules 50(b), 52(b), or 59 are the "types of postjudgment motions [that] interrupt the judgment's finality," and holding an attorney's fees motion is timely if filed within the prescribed period after the resolution of such a Rule 50(b), 52(b), or 59 motion").[1]

---

[1] *Cf. Members First Fed. Credit Union v. Members First Credit Union of Fla.*, 244 F.3d 806, 807 (11th Cir. 2001) ("Because the finality of a judgment is effectively postponed by the timely filing of a motion under Rule 59, we conclude that MFFCU's motion [for attorney's fees], filed within 30 days of the entry of final judgment [upon the district court's denial of that same party's Rule 59 motion] … was timely."); *Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 313, 316-17 (6th Cir. 2015) (explaining that the filing of a Rule 52(b) motion, one of the post-judgment motions listed in Federal Rule of Appellate Procedure 4 that renders a notice of appeal

The non-finality of the judgment means that the twenty-eight day deadline to file a motion to alter or amend a judgment under Rule 59(e)—which would have run after December 29, 2023 if the judgment were final—was suspended by CTX having timely filed its Rule 50(b) motion on December 28, 2023. "The strictures of Rule 59(e) remain dormant … until a final judgment has been entered." *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1132 (11th Cir. 1994); *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719 (11th Cir. 2020) (discussing *Hertz* and summarizing that it "explained that the time to move to amend a judgment under Rule 59(e) begins to run upon the entry of a final judgment"); *Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 n.2 (8th Cir. 2021) (determining that a motion for reconsideration directed at a non-final order and filed more than 28 days after the district court granted summary judgment was "was not a motion under Rule 59(e), which has a 28-day time limit and is reserved for final judgments"). No final judgment having yet been entered, the clock for filing a Rule 59(e) motion to alter or amend the judgment had not run when CTX filed this motion on January 2, 2024. (Indeed, it has *still* not yet run.) A motion denominated as one for relief from judgment under Rule 60(b)(1) filed within twenty-eight days of a final judgment may be treated as a motion to alter or amend under Rule 59(e). *Livernois v. Medical Disposables, Inc.*, 837 F.2d 1018, 1020-21 (11th Cir. 1988). But here, since no *final* judgment has yet been entered, CTX's motion can proceed simply as an unadorned motion to determine interest.

The second insight the Eleventh Circuit's notice affords is that until this Court resolves CTX's renewed motion for judgment as a matter of law, it unquestionably retains jurisdiction to decide CTX's present motion on its merits, not just to issue an indicative ruling. Judicial efficiency counsels deciding this fully briefed motion first, while the Court retains jurisdiction to do so, so that a single revised judgment can go up on appeal. The briefing on the Rule 50(b) motion, which the Court extended to allow for the preparation of the trial transcript, is scheduled to be complete on February 26, 2024. *See* ECF No. 302 (Order).

---

ineffective until its disposition, means "the original judgment is not a final 'judgment' under Rule 54 until the post-judgment motion is resolved").

## II. The Court Has the Authority to Specify the Prejudgment Interest Which CTX Is Due and Should Exercise Its Discretion to Do So

Benlida argues that CTX's motion "had to be brought pursuant to, and in accordance with, Rule 59." Response at 5. The above insight demonstrates that this is incorrect. Nonetheless, CTX addresses Benlida's argument on the merits, treating the judgment as final for the sake of argument. While Rule 59(e) is certainly an ideal way to amend a judgment to include prejudgment interest, it is not the only way, as Benlida contends. Further research occasioned by Benlida's position demonstrates that not only is Rule 60(b)(1) a viable avenue through which prejudgment interest can be added to a judgment, but so too is Rule 60(a), and which of these two alternative routes is proper depends in large part on what the judgment says about interest.

Where, as here, a judgment provides generally for an award of interest but omits to specify its terms, such as the starting date for interest to run, or the applicable rate, the district court retains the power to specify the prejudgment interest amount under Rule 60(a). *Aldon Indus., Inc. v. Don Myers & Assocs., Inc.*, 547 F.2d 924, 928 (5th Cir. 1977); Fed. R. Civ. P. 60(a) (allowing court to correct an "oversight or omission" in a judgment, whether on a motion or on its own).[2] If a judgment employs generic phraseology like "interest thereon as provided by law," it shall be regarded as "sufficiently vague to constitute an omission which could be corrected by an amendment to the judgment," under Rule 60(a). *Id.* (citing *Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976)). Indeed, such a vague statement about "interest" in a judgment is typically construed as contemplating an award of prejudgment interest, since a reference to post-judgment interest would be "superfluous" given the existence of a federal statute automatically entitling a prevailing party to post-judgment interest. *U.S. Securities & Exchange Comm'n v. Carrillo*, 325 F.3d 1268, 1271 (11th Cir. 2003); *see* 28 U.S.C. § 1961(a). And where a judgment contemplates an award of prejudgment interest but does not specify the rate or date from which interest accrues, it is not even a final judgment for purposes of appeal. *Carrillo*, 325 F.3d at 1274.

In this case, the Court plainly contemplated an award of interest to CTX, but simply did not specify it. All the judgment says on the subject is: "Interest shall accrue as provided for under the appropriate legal authorities." ECF No. 294; *see* Motion at 5 (noting this provision).

---

[2] *Aldon* is binding authority within the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

Under *Carrillo*, that language is to be interpreted as referring to prejudgment interest, something that makes sense given that CTX prevailed on a breach-of-contract claim. And even though Florida law does not require the pleading of prejudgment interest, CTX did so in its counterclaim. *See Leila Corp. of St. Pete v. Ossi*, 230 So. 3d 488, 492 (Fla. Dist. Ct. App. 2017); *Tillman v. Howell*, 634 So. 2d 268, 270 (Fla. Dist. Ct. App. 1994); ECF No. 34 at 16-17.

Under the law of this Circuit, it is clear that this Court retains the power to include the calculation of prejudgment interest it omitted from the judgment. *Aldon Indus., Inc.*, 547 F.2d at 928; *see also Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, 388 (6th Cir. 1998) (where method of calculating prejudgment interest was not disputed by the parties, Rule 60(a) applied to allow court to supply the missing amount in the judgment); *Kosnoski v. Howley*, 33 F.3d 376, 379 (4th Cir. 1994) (cited in *Carrillo*, 325 F.3d at 1272, and citing *Aldon Indus., Inc.*).[3] CTX's motion provided the necessary details to calculate prejudgment interest, and Benlida has not contested them. In other words, there is no dispute about the proper calculation of prejudgment interest. Under these circumstances, the Court's incorporation of those details into the judgment would be a ministerial act that the Court can and should do under Rule 60(a). *See Wells Fargo Bank, N.A. v. Cox*, No. 5:17-CV-116-OC-40PRL, 2018 WL 11482220, at *1 (M.D. Fla. June 7, 2018) (correcting omission of prejudgment interest from the judgment pursuant to Rule 60(a)).[4]

While Rule 60(a) provides the most direct route to the relief CTX seeks, if it were necessary to proceed via Rule 60(b)(1), that would also afford a means to the same end. Benlida is mistaken to assert that "[a] claim for pre-judgment interest … isn't a recognized basis for an FRCP 60(b)(1) motion." Response at 3. In the case of a judgment (unlike this one) that prescribes the interest by setting the date it runs from and the rate, an amendment of those terms is not considered clerical in nature, and relief sought more than twenty-eight days after entry may

---

[3] And because the Eleventh Circuit has since clarified that this Court presently retains jurisdiction, the restriction in Rule 60(a) concerning the pendency of an appeal is inapplicable.

[4] Although CTX's motion did not reference Rule 60(a), "nomenclature does not control the legal status of a post-trial motion." *Burnam v. Amoco Container Co.*, 738 F.2d 1230, 1231 (11th Cir. 1984); *Livernois*, 837 F.2d at 1020. A post-trial motion must be construed based on the type of relief sought, "regardless of how the motion is styled by the movant." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). Because the judgment already contains a generic award of interest, the relief sought in CTX's motion likely falls more appropriately under Rule 60(a).

only be pursued through Rule 60(b)(1).  *See Warner*, 526 F.2d at 1212 (stating that where a judgment specifies an incorrect interest rate, and the party "desires to seek an amendment to the judgment pursuant to Rule 60(b), *he, of course, may do so*") (emphasis added);[5] *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir. 1994) ("A party may move for the addition of pre-decision interest to a judgment for a full year under Rule 60(b)(1)[.]"); *Schwarz v. ThinkStrategy Cap. Mgmt. LLC*, No. 09 CIV. 9346 PAE, 2012 WL 4122812, at *1 (S.D.N.Y. Sept. 19, 2012) (following *Paddington*); *Merit Ins. Co. v. Leatherby Ins. Co.*, 728 F.2d 943, 944 (7th Cir. 1984) (suggesting Rule 60(b)(1) is an appropriate mechanism for seeking to amend a judgment to add prejudgment interest).

Neither of the two cases Benlida cites precludes resorting to Rule 60(b)(1) to excuse missing a deadline to file a motion to determine prejudgment interest.  Neither *Delay v. Gordon*, 475 F.3d 1039 (9th Cir. 2007), nor *Aiken v. Ingram*, 652 F.3d 496 (4th Cir. 2011) (en banc), involved motions seeking to add prejudgment interest to a judgment nor even addressed Rule 60(b)(1).  *Delay* involved a highly unusual case in which the movant sought to use Rule 60(b)(6) "to gain an amended judgment on a new legal claim against a separate party that was not responsible for, or a party to, the initial judgment."  475 F.3d at 1045; *see id.* at 1042 (rejecting use of Rule 60(b) to change the judgment from an award of relief against defunct government commission to one against the United States).  A substantive change of that nature would be an impermissible use of Rule 60(b).  And *Aiken* also involved a Rule 60(b)(6) motion seeking to reopen a judgment.  652 F.3d at 500.  Neither that case nor the passage Benlida quotes from it has anything to do with the issues presented by CTX's very different motion under Rule 60(b)(1) relating to prejudgment interest.  Unlike *Delay* or *Aiken*, CTX's Rule 60(b)(1) motion seeks relief that CTX is already entitled to under the law, against the same defendant.  That use of Rule 60(b)(1) would be both permissible, *Warner*, 526 F.2d at 1212; *Paddington Partners*, 34 F.3d at 1144, and, for the reasons discussed below, appropriate.

Benlida also argues that CTX cannot satisfy the excusable neglect standard of Rule 60(b)(1) under *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996 (11th Cir. 1997).  Response at 4-5.  That case is not only factually distinguishable, but the law-versus-fact distinction it drew does not appear to be good law in light of an intervening Supreme Court

---

[5] *Warner* is also binding authority.  *See Bonner*, 661 F.2d at 1209.

decision. In *Riney*, a lawyer missed a jurisdictional appellate filing deadline based on his mistaken (substantive) belief that the deadline to file post-trial motions ran from *receipt of notice* of entry of judgment, rather than the date of entry of judgment. *Id*. at 997. He failed to file timely post-trial motions as a result of that error in legal judgment; those untimely motions in turn did not toll the time for filing a notice of appeal. As a result, he missed that mandatory, jurisdictional deadline to file an appeal. *Id*. at 997, 999 n.3. The Eleventh Circuit explained that this misunderstanding of how the deadline worked involved a mistake of law: "an apparent failure to review or to appreciate the relevant rules." *Id*. at 999. The Court distinguished that circumstance from the one in *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996), which "was a miscommunication case or a clerical-error case: a mistake of fact was made about whether a message was delivered." *Riney*, 130 F.3d at 999. The Court ruled that the former mistake of law is not excusable, whereas a clerical-type error can be. Further, the *Riney* Court explained, missing an appellate jurisdictional deadline further distinguishes that error of law from the excusable neglect in *Anchor*. *Id*. at 999 n.3.

      CTX's motion does not raise any mistake of law, but, as represented, a simple calendaring error (which turns out not to have been an error after all). Counsel's putative error was clerical in nature: "mistakenly *calendar[ing]* the deadline to seek pre-judgment interest *along with the deadline to file the bill of costs [on] January 2, 2024*," instead of along with the deadline to file the renewed motion for judgment as a matter of law on December 29, 2023, and then not discovering the mistake in timely fashion due to holiday travel. ECF No. 300 (Motion) at 2 (emphasis added). Benlida does not challenge the veracity of CTX's counsels' representation as to how this calendaring error happened.[6] Instead, Benlida speculates that it really "point[s] to a mistake of law." Response at 3. But CTX's counsel have represented that the error resulted from an error of fact in the listing of deadlines: in creating an internal list of multiple post-judgment deadlines for calendaring purposes (i.e., renewed motion for judgment as a matter of law and filings for interest, attorney's fees, and costs), CTX's counsel mistakenly combined the interest deadline with the costs deadline. It is not as though CTX's counsel

---

[6] And the Court may, of course, credit such representations. *See, e.g.*, *Gen. Lending Corp. v. Cancio*, No. 10-CV-23903, 2011 WL 4424427, *2-3 (S.D. Fla. Sept. 22, 2011) (court has discretion to base Rule 60(b)(1) finding of excusable neglect on representations of counsel as officers of the court).

committed a substantive legal error like the lawyer in *Riney*, misunderstanding the legal rule governing the filing deadline. Nor did CTX's one-day-late filing transgress any jurisdictional deadline.[7] So, this situation is not governed by *Riney*.

Even if it were, *Riney* is inconsistent with the Supreme Court's latest pronouncement on Rule 60(b)(1). Just last term in *Kemp v. United States*, 596 U.S. 528 (2022), the Supreme Court considered whether a judge's error of law qualifies as a "mistake" under the rule. One party argued that "mistake" only covered *non-legal* errors, and "that the other grounds for relief in Rule 60(b)(1)—'inadvertence,' 'surprise,' and 'excusable neglect'—involve exclusively non-legal, non-judicial errors, and the word 'mistake' should be similarly limited." *Id*. at 536. The Supreme Court rejected this distinction. In so doing, it also rejected the notion that "excusable neglect" under Rule 60(b)(1) is confined to factual errors, explaining that

> courts have long found that excusable neglect may involve legal error. *See, e.g.*, *Lenaghan v. Pepsico, Inc.*, 961 F.2d 1250, 1254-1255 (C.A.6 1992) (*per curiam*) ("understandable, albeit mistaken, reading of" a local rule); *A.F. Dormeyer Co. v. M.J. Sales & Distributing Co.*, 461 F.2d 40, 42-43 (C.A.7 1972) (misunderstanding of summons and relevant local rules); *Provident Security Life Ins. Co. v. Gorsuch*, 323 F.2d 839, 843 (C.A.9 1963) (erroneous understanding of Federal Rule of Civil Procedure 12).

*Kemp*, 596 U.S. at 537. The Supreme Court's pronouncement cannot be squared with the rule from *Riney* that a mistake of law involving "an apparent failure to review or to appreciate the relevant rules," 130 F.3d at 999, may not constitute excusable neglect under Rule 60(b)(1). The ordinary meaning of the word "neglect" includes errors of law. *Kemp*, 596 U.S. at 537; *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (examining ordinary meaning of "neglect").

Benlida's response urges an unduly narrow focus on CTX's motion. The Rule 60(b)(1) inquiry requires the Court to consider "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 394. "Excusable neglect is generally an 'equitable inquiry' based upon the particular circumstances of the case." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009) (quoting *Pioneer Inv. Servs. Co*, 507 U.S. at 395). Those considerations, as discussed in the motion and

---

[7] The deadline to file a Rule 59(e) motion to alter or amend a judgment is not jurisdictional, but merely a claims-processing rule. 12 MOORE'S FEDERAL PRACTICE § 59.31[2], [4] (3d ed. 2023) (collecting cases).

uncontested by Benlida, would strongly militate in favor of a finding excusable neglect and granting the motion.[8]

Thus, even if the judgment had been final, the Court has two procedural avenues through which it can grant the relief CTX is seeking: under Rule 60(a) and under Rule 60(b)(1). It should do so because it is the correct and equitable result.

### III.     The Uncontested Amount of Prejudgment Interest Is Reasonable

Benlida has not contested CTX's explanation of how prejudgment interest should be calculated. *See* Motion at 3-4, 9-11. That omission from Benlida's response is testimony to the reasonableness, reliability, and defensibility of the conservative approach CTX has utilized.

To the extent the Court might desire further assurance of the reasonableness of CTX's request, consider the amount sought ($1,621,249.45) against a more aggressive approach that the evidence presented at trial might support. The date for calculating each component of CTX's loss could be started before January 1, 2020, the date CTX's request utilizes. The component for the loss identified in the "2019 reconciliation" damages could have started four months earlier (on August 1, 2019). *See* Motion at 4. And the loss for each diverted ROK payment could have been set on the date after each diversion, which occurred during 2017 and 2018. *See id.* CTX has performed those itemized calculations. They would result in *additional* prejudgment interest of $449,178.66 (comprised of $136,544.82 on the "2019 reconciliation" loss and $362,633.84 on the sum of the losses from ROK-diverted payments), for a grand total of $2,070,428.11. By calculating the loss more conservatively, as having occurred by January 1, 2020, CTX's request of $1,621,249.45 represents just 78% of the prejudgment interest it may be owed.

### IV.     The Request to Specify the Post-Judgment Interest Rate Is Uncontested

Finally, Benlida has not disputed that the post-judgment interest rate should be pegged at 5.05%. Clarifying that figure in the judgment itself will avoid confusion.

---

[8] *See, e.g.*, *Connecticut State Dental Ass'n*, 591 F.3d at 1355-57 (finding excusable neglect for clerical error that led to missed deadline); *Walter v. Blue Cross & Blue Shield United of Wisc.*, 181 F.3d 1198, 1200-02 (11th Cir. 1999) (same); *Cheney*, 71 F.3d at 850 (same); *Bhogte v. Phoenix Mgmt. Servs., Inc.*, No. 21-CV-62564, 2022 WL 1469389, at *2 (S.D. Fla. May 10, 2022) (same); *Mitsubishi HC Cap. Am., Inc. v. Aerospace Asset Trading, LLC*, No. 22-20074-CIV, 2022 WL 1215297, at *2 (S.D. Fla. Mar. 1, 2022) (same), *report and rec. adopted*, No. 22-20074-CIV, 2022 WL 1211381 (S.D. Fla. Apr. 25, 2022); *cf. Ayala v. Dermaforce Partners, LLC*, No. 22-23000-Civ-Scola, 2023 WL 3674127, *2 (S.D. Fla. May 26, 2023) (Scola, J.) (commenting that a party's failure to acknowledge the lateness of their filing generally cuts against an exercise of discretion to excuse missing a deadline).

## CONCLUSION

For the foregoing reasons, and those set forth in CTX's motion, the Court should issue a new judgment clarifying the amount of interest the Court has awarded to CTX.

Respectfully submitted,

*/s/  Stephen F. Rosenthal*
Stephen F. Rosenthal
Florida Bar No. 0131458
srosenthal@podhurst.com
Christina H. Martinez
Florida Bar No. 1029432
cmartinez@podhurst.com
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Tel.: 305-358-2800

*Counsel for Circuitronix, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on January 19, 2024 as filed with the Clerk of the Court using CM/ECF.

By:  */s/ Stephen F. Rosenthal*
Stephen F. Rosenthal