**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**CASE NO. 21-60125-CIV-SCOLA/GOODMAN**

JIANGMEN BENLIDA PRINTED CIRCUIT
CO., LTD.,

      Plaintiff/Counter-Defendant,

v.

CIRCUITRONIX, LLC,

      Defendant/Counter-Plaintiff.

_____/

**REPORT AND RECOMMENDATIONS ON CTX-US'S *RENEWED*[1]**
**UNOPPOSED BILL OF COSTS AND SUPPORTING MEMORANDUM**

This lawsuit involves claims for breach-of-contract and account-stated by

Jiangmen Benlida Printed Circuit Co., Ltd. ("Benlida") and a counterclaim for breach of

contract by Circuitronix, LLC ("CTX-US"). [ECF Nos. 26; 34]. United States District Judge

Robert N. Scola, Jr. granted CTX-US's summary judgment motion on both counts of

Benlida's Complaint. [ECF No. 221]. Additionally, the jury returned a $7,585,847.00

---

[1]     This is CTX-US's *renewed* request for taxable costs. The Undersigned struck without prejudice and with leave to renew CTX-US's first bill of costs and supporting memorandum for failure to comply with Local Rule 7.1's conferral requirement. [ECF Nos. 298; 299; 310].

verdict in CTX-US's favor. [ECF No. 273]. CTX-US successfully defended against Benlida's claims and prevailed on its breach of contract counterclaim. Thus, CTX-US is the prevailing party.

CTX-US now seeks to recover $53,970.69 in costs pursuant to 28 U.S.C. § 1920 and has filed an unopposed bill of costs and supporting memorandum of law. [ECF Nos. 312; 313]. CTX-US's certificate of conferral states that:

> [CTX-US's] counsel certifies that she has conferred with counsel for Benlida regarding the relief sought in the bill of costs and this memorandum, under the procedure identified in Rules 7.1(a)(3) and 7.3(c), and has been authorized to represent that **Benlida does not oppose the requested relief.** Counsel for both parties initially conferred about CTX[-US]'s bill of costs during a January 16, 2024 video conference beginning at 2:00 PM, and **counsel for Benlida again confirmed their non-opposition to the relief sought in the bill of costs** via email on February 2, 2024 at 10:51 AM.

[ECF No. 313, p. 9 (emphasis added)].

Judge Scola referred to the Undersigned CTX-US's bill of costs "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 309]. For the reasons stated below, the Undersigned respectfully **recommends** that the District Court **grant in part and deny in part** CTX-US's bill of costs and award CTX-US **$43,635.01** in taxable costs ($10,335.68 less than the requested amount).

## I.      Legal Standard

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party

2

must file a bill of costs that adheres to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the Court may still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citations omitted). Still, the Court is limited to taxing the costs specifically authorized by

statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

## II.   Analysis

CTX-US is the prevailing party in this case because it prevailed both at the summary judgment stage and at trial. [ECF Nos. 221; 273]. CTX-US is therefore entitled to an award of all costs recoverable under 28 U.S.C. § 1920.

CTX-US seeks to recover the following costs: $44,271.25 for obtaining trial transcripts, deposition transcripts, and videos; $8,825.00 for interpreters; $15.00 in photocopies; and $859.44 in witness fees (including travel). [ECF No. 312].

Although Benlida does not contest the bill of costs, [ECF No. 313, p. 9], the Undersigned has nonetheless independently reviewed the costs sought to determine whether they are both reasonable and recoverable under § 1920. *See Monelus*, 609 F. Supp. 2d at 1333 ("Although [the] [p]laintiff has failed to object to the costs set forth in [the] [d]efendant's [m]otion, the Court nonetheless reviews each category of the items sought in the [the] [d]efendant's [m]otion, and whether [the] [d]efendant can properly receive monies for these categories of costs under the statute."); *Greer v. Ivey*, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2841377, at *1 (M.D. Fla. Apr. 28, 2020) ("Although the Court could treat the [movant's] motion as unopposed and award all of the costs sought[,] I believe the better approach is to analyze each part of the application and rule accordingly."), *report and recommendation adopted*, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2838843 (M.D.

Fla. June 1, 2020).[2] For the reasons discussed below, some reductions to CTX-US's bill of costs are warranted.

### A.    Trial Transcripts, Deposition Transcripts, and Videos

CTX-US seeks to recover $44,271.25 for obtaining trial transcripts, deposition transcripts, and videos. [ECF No. 313, pp. 3–7]. Specifically, CTX-US seeks to recover $32,447.58 for trial and deposition transcripts, a $1,969.92 expedited transcript fee for a single deposition, and $9,853.75 for videos of some depositions. *Id.* at 6–7.

Costs for transcripts are authorized by § 1920(2) insofar as such transcripts are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). However, "where the deposition costs were merely incurred [for] convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *5 (S.D. Fla. Jan. 2, 2014) (quoting *W&O*, 213 F.3d at 620); *see also Shire Dev., LLC v. Mylan Pharms., Inc.*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018) ("[C]ourt-reporter fees, shipment

---

[2]    *See also Hamilton v. Sheridan Healthcare., Inc.*, No. 13-62008-CIV, 2015 WL 13541032, at *2 (S.D. Fla. Jan. 21, 2015) ("Although [the] [p]laintiff has not opposed an award of costs, the undersigned finds that some of the costs sought by [the] [d]efendants are either not taxable under § 1920, or they exceed the permissible statutory amount. The undersigned, therefore, will consider the [m]otion on its merits."), *report and recommendation adopted sub nom. Hamilton v. Sheridan Healthcorp, Inc.*, No. 13-62008-CIV, 2015 WL 13540998 (S.D. Fla. Mar. 25, 2015); *Hernandez v. Gregory Land Dev. II, LLC*, No. 09-61173-CIV, 2010 WL 2846218, at *2 (S.D. Fla. July 19, 2010) ("Despite the fact that no opposition has been filed, this Court does not have the authority to award costs outside of the statutory limitations.").

of depositions, costs for binders, tab, technical labor, and realtime expenses, which are incurred for the convenience and not necessity of counsel, are not taxable."), *report and recommendation adopted in part*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6304868 (M.D. Fla. Dec. 3, 2018).

CTX-US states that "all the deposition transcripts were reasonably necessary for use in the case" because the "witnesses had personal knowledge of the matter and were disclosed by Benlida as individuals with knowledge of the matter in initial disclosures." [ECF No. 313, p. 4]. It further explains that "obtaining the transcript of Tracy Huang's deposition on an expedited basis [is] also recoverable because the 'expedited rate was necessary' for CTX-US to craft a compelling and adequately supported summary judgment motion." *Id*.

CTX-US further states that it is entitled to recover costs associated with videotaped depositions because: (1) Benlida made no objections to the videotaping and (2) "CTX-US actually played at trial selected portions of the videos of those Benlida witnesses who did not testify in person at trial." *Id.* at 6.

Lastly, CTX-US states that obtaining copies of the trial transcripts was necessary "to provide added detail regarding the evidence adduced at trial" in connection with CTX-US's renewed motion for judgment as a matter of law. *Id*.

The Undersigned finds that CTX-US has shown that the deposition and trial transcripts were reasonably obtained for use in the case and that the video depositions

are taxable. However, CTX-US does not address any of the "convenience fees" included in the itemized invoices attached to its bill of costs or the reasonableness of the per-page rates reflected in the invoices. [ECF No. 312-1, pp. 3–16; 25–30]. The Undersigned will address these costs below.

### 1.      Per-Page Rates

The invoices submitted by CTX-US reflect per-page trial and deposition transcript rates of $3.50, $4.40, $4.80, and $6.15. *Id*. at 3–16. *For the most part*, the per-page transcript rates sought by CTX-US are reasonable and should be awarded. *See, e.g., Harrell v. City of Opa-Locka*, No. 20-CV-21927, 2022 WL 1609090, at *5 (S.D. Fla. May 3, 2022), *report and recommendation adopted*, No. 20-21927-CIV, 2022 WL 1605333 (S.D. Fla. May 20, 2022) (finding deposition transcript rate of $4.50 per-page to be reasonable); *Stephen v. H. Lee Moffitt Cancer Ctr. & Rsch. Inst. Lifetime Cancer Screening Ctr., Inc.*, No. 8:15-CV-556-T-36AAS, 2017 WL 5712902, at *2 (M.D. Fla. Oct. 30, 2017), *report and recommendation adopted*, No. 8:15-CV-556-T-36AAS, 2017 WL 5705504 (M.D. Fla. Nov. 27, 2017) (awarding per-page rate of $4.60 for non-expedited deposition transcript).

However, the Court should reduce the $6.15 per-page rate for the deposition of Randall M. Paulikens. This does not appear to be an expedited rate.[3] Additionally, CTX-

---

[3]      CTX-US's memorandum states that it seeks to tax an "additional expenditure for a *single* expedited transcript" [ECF No. 313, p. 6 (emphasis added)] for the deposition of Tracy Huang.

US does not explain why the per-page rate for Mr. Paulikens' deposition exceeds the per-page rates charged for the other witnesses.

The Undersigned notes that the same court reporting company (U.S. Legal Support) that billed the $6.15 per-page rate for Mr. Paulikens' deposition billed a per-page rate of $4.80 for other depositions. *See, e.g.*, [ECF No. 312-1, pp. 7, 9–12]. In the absence of any explanation for the discrepancy in these per-page rates, the Undersigned **respectfully recommends** that the District Court **reduce the per-page rate** for Mr. Paulikens' deposition to the same **$4.80 per-page rate** charged for other deposition transcripts.

### 2.      Court Reporter Attendance Fees

"[C]ourts in this District are split on whether [court reporter] appearance fees are taxable costs." *Club Madonna, Inc. v. City of Miami Beach*, No. 16-25378-CIV, 2022 WL 16701244, at *3 (S.D. Fla. Oct. 12, 2022), *report and recommendation adopted*, No. 16-25378-CIV, 2022 WL 16701615 (S.D. Fla. Nov. 3, 2022). Nonetheless, "[t]he majority of courts in this district and the appellate courts which have addressed the issue have found that court reporter attendance fees are generally recoverable under § 1920(2)." *Rakip*, 2014 WL 12737632, at *6.

The court reporter attendance fees in this case range from $95.00 to $105.00. [ECF No. 312-1, pp. 3–16]. The amounts sought are reasonable. *See Banuchi v. City of Homestead*, No. 20-CV-25133, 2023 WL 2587389, at *9 (S.D. Fla. Feb. 7, 2023), *report and recommendation*

*adopted*, No. 20-25133-CIV, 2023 WL 2585061 (S.D. Fla. Mar. 21, 2023) (finding court reporter attendance fees ranging from $65.00 to $365.00 to be reasonable).

However, the Undersigned notes that the invoice for the deposition of Mr. Paulikens includes an item described as "In-Person Fee." [ECF No. 312-1, p. 5]. CTX-US seeks to recover $200.00 for this item but provides no explanation for what this cost is or why it was necessary (or otherwise taxable). This cost does not appear to be a court reporter attendance fee because the invoice reflects that the court reporter billed "Appearance Fee -- Per Session." *Id.* Because CTX-US has not supported this $200.00 "In-Person Fee," the District Court should disallow it.

### 3.    Cancellation Fee

CTX-US also seeks to recover a total of $230.00 for the cancellation of Chen Zhanjiao's May 10, 2022 deposition. [ECF No. 312-1, p. 6]. This amount is comprised of a $200.00 cancellation fee and a $30.00 finance charge/late fee. *Id.* CTX-US provides no details concerning the circumstances which lead to the cancellation, nor does it provide any legal authority to support the taxing of this fee.

CTX-US should not be permitted to recover the cancellation fee. *See Sarabeth Witbart v. Mandara Spa Haw., LLC*, No. 18-CV-21768, 2022 WL 1241439, at *6 (S.D. Fla. Apr. 12, 2022), *report and recommendation adopted sub nom. Witbar v. Mandara Spa (Hawaii), LLC*, No. 1:18-CV-21768, 2022 WL 1239232 (S.D. Fla. Apr. 27, 2022) ("Because cancelation fees are not recoverable under [s]ection 1920, [the [d]efendant may not recover any witness

fess [sic] for Dr. Young."); *see also Henry v. Celebrity Cruises, Inc.*, No. 21-20148-CIV, 2022 WL 17994276, at *8 (S.D. Fla. Nov. 21, 2022), *report and recommendation adopted*, No. 21-20148-CV, 2022 WL 17986794 (S.D. Fla. Dec. 28, 2022) (excluding cancellation fees from the costs award); *George v. Chipotle Mexican Grill Serv. Co.*, No. 6:12-CV-845-ORL, 2014 WL 5426519, at *4 (M.D. Fla. Oct. 24, 2014) ("The record reflects that both parties noticed Ms. Reyes' deposition, and that neither party was responsible for Ms. Reyes' failure to appear for her first scheduled deposition. . . . In light of the foregoing, the undersigned finds that [the] [d]efendants are not entitled to recover the cancelation fee.").

The finance charge/late fee should also not be taxed against Benlida. *See Venerio v. Fed. Express Corp.*, No. 17-22624-CIV, 2018 WL 9367858, at *4 (S.D. Fla. Dec. 27, 2018), *report and recommendation adopted*, No. CV 17-22624-CIV, 2019 WL 3841902 (S.D. Fla. Jan. 14, 2019) (excluding finance charge where movant "failed to provide support as to his recovery of the finance charge").

Accordingly, the Undersigned **respectfully recommends** that the District Court **deny in its entirety** the costs **($230.00)** associated with the cancellation of Chen Zhanjiao's deposition.

### 4.    Convenience Fees

As noted above, "where the deposition costs were merely incurred [for] convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Rakip*, 2014 WL 12737632, at *5 (S.D. Fla. Jan. 2, 2014) (quoting

*W&O*, 213 F.3d at 620); *see also Shire Dev., LLC*, 2018 WL 6311472, at *5 (noting that "shipment of depositions, costs for binders, tab, technical labor, and realtime expenses, which are incurred for the convenience and not necessity of counsel, are not taxable"); *Suarez v. Tremont Towing, Inc.*, No. 07-21430-CIV, 2008 WL 2955123, at *3 (S.D. Fla. Aug. 1, 2008) (disallowing "courier, handling and delivery charges, charges for exhibits and charges for ASCII discs" as not taxable costs).

Here, the invoices submitted by CTX-US include the following convenience charges: condensed transcript, litigation tech and support, transcript handling and processing, expert/technical pages, realtime feed connectivity, realtime feed streaming, exhibits (both black-and-white and color pages), video pages, and interpreter pages. [ECF No. 312-1, pp. 3–16]. Because CTX-US provides no explanation for why these charges were necessarily incurred or why they are taxable under § 1920, the Undersigned **respectfully recommends** that the District Court **disallow in their entirety** these convenience charges (delineated in more detail in the chart below).

### 5.    Video Fees

CTX-US should be permitted to recover the cost of obtaining video depositions for the reasons discussed above. However, *some* of the invoices submitted by CTX-US include video convenience fees which should not be taxed against Benlida. *See Andre v. Biro*, No. 19-62181-CIV, 2022 WL 889970, at *3 (S.D. Fla. Feb. 18, 2022), *report and recommendation adopted*, No. 19-62181-CIV, 2022 WL 888363 (S.D. Fla. Mar. 25, 2022) ("[T]he undersigned

finds the video technology package and the shipping associated with the [p]laintiff's deposition to be for the convenience of the party and not recoverable."); *Bucklew v. Charter Commc'ns, LLC*, No. 8:19-CV-2029-TPB-AAS, 2021 WL 3621892, at *3 (M.D. Fla. July 16, 2021), *report and recommendation adopted*, No. 8:19-CV-2029-TPB-AAS, 2021 WL 3617404 (M.D. Fla. Aug. 16, 2021) (declining to award remote video platform fees for videoconference deposition taken during the COVID-19 pandemic). The video convenience fees incurred in the instant case consist of media stock, video handling and processing, video tech package, and "Zoom setup/tech support/loaner laptop." [ECF No. 312-1, pp. 25–30]. The Undersigned **respectfully recommends** that the District Court **disallow in their entirety** these video convenience charges (delineated in more detail in the chart below).

### 6. Non-Itemized Invoice

Lastly, the invoice (totaling $4,846.53) for the depositions of Nicole Donaldson, Lina Ochoa, Sourabh Sharma, and Akshay Koul contains no details such as the number of pages, the price per-page, whether the amounts billed include any convenience charges or late fees, etc. [ECF No. 312, p. 14]. Without these details, the Court cannot determine whether the $4,846.53 billed for the four depositions was reasonable. Accordingly, the Undersigned **respectfully recommends** that the District Court **disallow the entire amount ($4,846.53)**.

In sum, the Undersigned **respectfully recommends** the following transcript and video allowances and disallowances (grouped per invoice and in the order the invoices appear in ECF No. 312-1):

| Deponent | Amount Requested | Amount Allowed | Amount Disallowed | Nature of the Disallowances |
|---|---|---|---|---|
| Rishi Kukreja (Con't) | $351.00 | $231.00 | $120.00 | $20.00 (condensed transcript); $55.00 (litigation tech & support; $45.00 (transcript handling and processing) |
| Randall M. Paulikens | $3,153.20 | $2,005.20 | $1,148.00 | excessive per-page rate reduced from $6.15 to $4.80 ($504.90); in-person fee ($200.00); condensed transcript ($30.00); expert/technical pages ($292.60); litigation tech, etc. ($55.00); transcript handling and processing ($65.50) |
| Chen Zhanjiao | $230.00 | $0.00 | $230.00 | failure to explain cancellation and finance charge |
| Tracy Hung and Roger Woo (Con't) | $1,630.50 | $885.75 | $744.75 | realtime connectivity fee ($150.00); exhibits ($13.65); color exhibits ($36.25); video pages |

| | | | | ($32.25); condensed transcript ($20.00); litigation tech and support ($55.00); transcript handling and processing ($45.00); realtime feed streaming ($111.80); video pages ($36.00); condensed transcript ($20.00); litigation tech and support ($55.00); transcript handling and processing ($45.00); realtime feed streaming ($124.80) |
| Rishi Kukreja | $1,248.90[4] | $1,053.50 | $195.40 | exhibits ($75.40); condensed transcript ($20.00); transcript |

---

[4]     The total reflected in the invoice for Mr. Kukreja's deposition is $1,248.90. [ECF No. 312-1, p. 8]. However, the invoice also shows a $100.00 payment/credit. *Id.* Thus, the *actual* amount CTX-US seeks to recover is $1,**1**48.90. In other words, the total amount reflected in the bill of costs [ECF No. 312, p. 1] for this category ($44,271.25) is already reduced by the $100.00 payment/credit in Mr. Kukreja's invoice [ECF No. 312-1, p. 8].

To reflect this payment/credit on the chart, the Undersigned used the original total listed in Mr. Kukreja's invoice ($1,248.90) and then reduced the total amount reflected at the bottom of the chart ($44,371.25) by $100.00 to account for the payment/credit reflected in this invoice. However, the $100.00 payment/credit is not a true "disallowance." CTX-US did not even include this amount in its bill of costs. Thus, it should not be included in the costs awarded to it.

| | | | | |
|---|---|---|---|---|
| | | | | handling and processing ($45.00); litigation tech and support ($55.00) |
| Huang Xiangjiang | $2,577.75 | $2,215.15 | $362.60 | exhibits ($5.85); color exhibits ($1.25); interpreter pages ($117.75); video pages ($117.75); condensed transcript ($20.00); litigation tech and support ($55.00); transcript handling and processing ($45.00) |
| Huang Sulan (aka "Tracy") 30(b)(6) | $5,988.17 | $5,447.47 | $540.70 | exhibits ($34.45); color exhibits ($93.75); video pages ($292.50); condensed transcript ($20.00); litigation tech and support ($55.00); transcript handling and processing ($45.00) |
| Chen Zhanjiao | $3,105.70 | $2,609.25 | $496.45 | exhibits ($18.20); color exhibits ($68.75); interpreter pages ($144.75); video pages ($144.75); condensed transcript ($20.00); |

| | | | | |
|---|---|---|---|---|
| | | | | litigation tech and support ($55.00); transcript handling and processing ($45.00) |
| Yukun Wu, aka "Roger" or "Kunny Woo" | $3,415.40 | $2,757.55 | $657.85 | exhibits ($70.85); color exhibits ($87.50); interpreter pages ($189.75); video pages ($189.75); condensed transcript ($20.00); litigation tech and support ($55.00); transcript handling and processing ($45.00) |
| Huang Hanchao | $3,785.35 | $3,011.95 | $773.40 | exhibits ($120.90); color exhibits ($75.00); interpreter pages ($228.75); video pages ($228.75); condensed transcript ($20.00); litigation tech and support ($55.00); transcript handling and processing ($45.00) |
| Nicole Donaldson | $1,000.20 | $0.00 | $1,000.20 | failure to itemize |
| Lina Ochoa | $1,022.10 | $0.00 | $1,022.10 | failure to itemize |
| Sourabh Sharma | $1,397.45 | $0.00 | $1,397.45 | failure to itemize |
| Akshay Koul | $1,426.78 | $0.00 | $1,426.78 | failure to itemize |
| Trial Transcript | $4,185.00 | $4,185.00 | $0.00 | N/A |

| | | | | |
|---|---|---|---|---|
| (Video) Huang Sulan (Con't) and (Video) Yukun Wu aka Roger Woo (Con't) | $1,110.00 | $990.00 | $120.00 | media stock ($25.00); video handling and processing ($25.00); video tech package -- Huang ($35.00); video tech -- Wu package ($35.00) |
| (Video) Huang Xiangjiang | $1,797.50 | $1,697.50 | $100.00 | Zoom setup/tech support/loaner laptop ($100.00) |
| (Video) Huang Sulan | $1,697.50 | $1,697.50 | $0.00 | N/A |
| (Video) Huang Hanchao | $1,666.25 | $1,666.25 | $0.00 | N/A |
| (Video) Yukun Wu | $1,760.00 | $1,760.00 | $0.00 | N/A |
| (Video) Chen Zhanjiao | $1,882.50 | $1,882.50 | $0.00 | N/A |
| Subtotal Amount | $44,371.25 | $34,035.57 | $10,335.68 | |
| Payment/Credit from the Kukreja invoice [ECF No. 312-1, p. 8] | ($100.00) | ($100.00) | | |
| **Total Amount** | $44,271.25 | **$33,935.57** | $10,335.68 | |

The Undersigned **respectfully recommends** that the District Court **grant in part and deny in part** CTX-US's request to recover the costs of obtaining trial transcripts, deposition transcripts, and videos. The Court should award CTX-US **$33,935.57** ($44,271.25 minus $10,335.68) in costs for this category.

### B.    Deposition Interpreters

CTX-US further seeks to recover $8,825.00 for interpretation services used during the depositions of: (1) Douglas Hanchao, (2) Roger Wu, (3) Chen Zhanjiao, and (4) Huang Xiangjiang. [ECF No. 313, p. 7]. CTX-US states that it retained the services of interpreters for these depositions "based upon Benlida's counsel's representation that these witnesses either required or preferred to testify through a Mandarin or Cantonese interpreter." *Id.*

Section 1920(6) allows for the recovery of costs for "[c]ompensation of court appointed experts, **compensation of interpreters**, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920(6) (emphasis added). Interpreter fees are therefore recoverable. *See Crespo Rivero v. Carolina Godoy*, No. 18-23087-CIV, 2019 WL 1178472, at *5 (S.D. Fla. Feb. 26, 2019), *report and recommendation adopted sub nom. Crespo Rivero v. Godoy*, No. 18-23087-CIV, 2019 WL 2245416 (S.D. Fla. Apr. 11, 2019) (awarding costs for interpreter fees under § 1920(6)).

The hourly rates charged by the interpreters in this case were $175.00 and in one instance, $262.50 for "overtime hours." The Undersigned finds both rates are reasonable. *See Direct Niche, LLC v. Via Varejo S/A*, No. 15-CV-62344, 2018 WL 1830794, at *3 (S.D. Fla. Jan. 30, 2018), *report and recommendation adopted in part*, No. 15-CV-62344, 2018 WL 3672227 (S.D. Fla. May 8, 2018) (approving trial interpreter fees of $1,440.00 for eight hours and $360.00 for two hours, i.e., $180 per hour; *Occeant v. Wizquip, Inc.*, No. 12-60064-CIV, 2013 WL 12149586, at *3 (S.D. Fla. Aug. 21, 2013), *report and recommendation*

*adopted*, No. 12-60064-CIV, 2013 WL 12149094 (S.D. Fla. Sept. 10, 2013) (approving interpreter fee of $180 per hour); *Farstone Tech., Inc. v. Apple Inc.*, No. 8:13-CV-1537-ODW (JEMx), 2016 WL 5799290, at *3 (C.D. Cal. Sept. 30, 2016) (permitting interpreter overtime costs of $225 per hour).

The invoices also reflect a flat fee of $50.00 for an "interpreting administrative fee (exotic/rare)." [ECF No. 312-1, pp. 18–23]. This charge is both taxable and reasonable. *See Apple Inc. v. Samsung Elecs. Co.*, No. 5:12-CV-00630-LHK, 2015 WL 4967769, at *14 (N.D. Cal. Aug. 20, 2015) ("The Court finds that Apple has met its burden of providing appropriate documentation to support the assertion that the charges for 'exotic interpreting services' are taxable.").

Finally, the interpreter's travel expenses are also reasonable and compensable. *See Suppa v. Costa Crociere, S.p.A.*, No. 07-60526-CIV, 2008 WL 4629078, at *3 (S.D. Fla. Oct. 17, 2008) ("The Court finds that the travel and parking expenses totaling $259.00 were included in the "compensation" of the interpreter and, therefore, such expenses will be included in the amount awarded to [the] [d]efendants.").

The Undersigned **respectfully recommends** that the District Court **grant** CTX-US's request for costs associated with obtaining interpreter services. The Court should award CTX-US the full **$8,825.00** requested.

C.      **Copying Costs**

CTX-US seeks to recover $15.00 in copying costs. [ECF No. 313, p. 7]. CTX-US's counsel represents to the Court that this is not the full amount of copying costs incurred in the litigation. [ECF No. 312-1, ¶ 5 ("This modest sum represents a significant downward departure from the total costs of copying incurred over the course of the litigation by CTX[-US]'s counsel, for which we did not charge CTX[-US].")]. She also states that these costs were for materials used in the case and included exhibits used at trial and during depositions.

Insofar as the prevailing party demonstrates that the printing of exhibits was necessarily obtained for use in the case, "trial exhibits . . . are expressly taxable." *Voudy v. Israel*, No. 15-60129-CV, 2018 WL 4462196, at *2 (S.D. Fla. June 28, 2018), *report and recommendation adopted sub nom., Voudy v. Sheriff of Broward Cty. Fla.*, No. 15-60129-CIV-WPD, 2018 WL 4409842 (S.D. Fla. July 31, 2018) (citing *Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 813 (11th Cir. 2014)).

CTX-US has carried its burden of demonstrating that the copying costs sought are more than reasonable and were necessarily incurred for use in the case. The Undersigned **respectfully recommends** that the District Court **grant** CTX-US the requested $15.00 in copying costs.

### D.      Fees for Witnesses

CTX-US also seeks to recover $859.44 to secure the attendance of witnesses at deposition or trial. [ECF No. 313, p. 7–8]. This amount consists of: (1) attendance fees for five trial witnesses ($320.00 at $40.00 per day, per witness); (2) overnight lodging for Sourabh Sharma's attendance at trial ($338 for two nights' stay at a $169 rate); and (3) mileage costs for other witnesses. *Id.* at 8; [ECF No. 312, p. 2].

Generally, a witness' travel costs are recoverable provided the party requesting travel costs supplies detailed documentation of the expenses incurred. *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 651 (S.D. Fla. 2007). Although recoverable, taxation of these costs is limited by the parameters of 28 U.S.C. § 1821. Section 1821 permits the taxation of airfare by common carrier, mileage costs as prescribed by the Administrator of General Services, miscellaneous fees for tolls or taxicab fares between carrier terminals and places of lodging, and a subsistence allowance at the government rate for witnesses for whom an overnight stay is required. 28 U.S.C. § 1821(c)–(d).

Here, CTX-US includes a breakdown of the requested witness fees. *See* [ECF No. 312, p. 2]. CTX-US is entitled to recover the $40.00 per day, per witness attendance fee. "Section 1821 provides that '[a] witness shall be paid an attendance fee of $40 per day for each day's attendance' at deposition or trial. *Lopez v. Zoll Servs., LLC*, No. 21-CV-22433, 2024 WL 264142, at *3 (S.D. Fla. Jan. 8, 2024), *report and recommendation adopted*, No. 21-22433-CIV, 2024 WL 262698 (S.D. Fla. Jan. 24, 2024) (quoting 28 U.S.C. § 1821(2)(b)).

CTX-US is also entitled to recover the requested mileage expenses. The Undersigned notes that at the time of trial (October 2023), the government mileage rate for privately owned vehicles was $0.655. *See* https://www.gsa.gov/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-pov-mileage-reimbursement (last visited Feb. 13, 2024). The mileage fees sought by CTX-US conform with this rate (and in one instance is slightly below the rate, $0.650). Therefore, the mileage costs sought by CTX-US are both taxable and reasonable.

Lastly, CTX-US seeks to recover $338.00 (two nights) in lodging expenses for one witness. "Under § 1821, [a prevailing party] may recover testifying witness fees that include actual expenses of a common carrier (i.e., flights, taxis, rental cars, etc.), and a subsistence allowance which includes the cost of hotels and food." *Integrity Factoring Grp. Inc. v. Powerhouse Fresh Holdings, LLC*, No. 17-81314-CIV, 2018 WL 7954547, at *2 (S.D. Fla. Sept. 28, 2018) (citing 28 U.S.C. § 1821). This "per diem subsistence allowance may not exceed the maximum per diem allowance set by the General Services Administration . . . for federal employees." *Wilshire Ins. Co. v. Casablanca on the Bay, Inc.*, No. 15-21644-CIV, 2018 WL 4829215, at *5 (S.D. Fla. July 20, 2018). The applicable per diem rate for Miami in October 2023 was $169 per day (excluding taxes). *See* https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results?fiscal_year=2024&state=FL&perdiemSearch VO_city=Miami&action=perdiems_report&zip=&op=Find+Rates&form_build_id=form-EyoIj49KmD5YhsZIGs8Hzd4kpM-A7nonZjeo_pepXhQ&form_id=perdiem_form (last

visited Feb. 13, 2024). The amount CTX-US seeks to recover, $338.00 for two nights (or $169.00 per night), is consistent with the allowable per diem rate. Therefore, CTX-US should be permitted to recover the full $338.00 sought.

In sum, the Undersigned **respectfully recommends** that the District Court **grant** CTX-US the requested $859.44 in witness fees.

### E.    Post-Judgment Interest

Finally, CTX-US argues that it is "entitled to interest on the amount of the costs from the date of judgment (December 1, 2023)." [ECF No. 313, p. 8]. The Undersigned agrees. "[P]ost-judgment interest automatically accrues under 28 U.S.C. § 1961." *Landi v. Home Depot USA, Inc.*, No. 2:17-CV-701-FtM-38MRM, 2020 WL 10465289, at *1 (M.D. Fla. July 22, 2020); *see also BP Prod. N. Am., Inc. v. Youssef*, 296 F. Supp. 2d 1351, 1355 (M.D. Fla. 2004) ("By force of Section 1961, a judgment bears interest at the statutory rate, even without a demand by the plaintiff or an order of the court.").

Accordingly, the Undersigned **respectfully recommends** that the District Court **grant** CTX-US's request for post-judgment interest.

## III.    Conclusion

For the reasons stated above, the Undersigned respectfully recommends that the District Court **grant in part and deny in part** CTX-US's bill of costs and award it **$43,635.01** in taxable costs ($33,935.57 for trial transcripts, deposition transcripts, and videos; $8,825.00 for deposition interpreters; $15.00 in copying costs; and $859.44 for

securing the attendance of witnesses, plus interest from the date of the final judgment (December 1, 2023).

## IV.    Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on February 13, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record

24