United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jiangmen Benlida Printed Circuit Co., Ltd., Plaintiff, <br><br> v. <br><br> Circuitronix, LLC, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 21-60125-Civ-Scola <br> ) <br> ) |

## Order Granting Motion to Amend Judgment to Specify Pre- and Post-Judgment Interest

Following the jury's verdict awarding Defendant and Counter-Plaintiff Circuitronix, LLC ("Circuitronix" or, sometimes, "CTX-US") $7,585,847 in breach-of-contract damages (Verdict, ECF No. 273) against Plaintiff and Counter-Defendant Jiangmen Benlida Printed Circuit Co., Ltd. ("Benlida"), the Court entered its final judgment on December 1, 2023 (J., ECF No. 294). On December 28, 2023, Circuitronix timely renewed its motion for partial judgment as a matter of law (Rule 50(b) Mot., ECF No. 297), under Federal Rule of Civil Procedure 50(b), with the Court's extending the briefing schedule to allow time for the preparation of the trial transcript. The Court has since denied that Rule 50(b) motion and now turns to Circuitronix's motion to amend the judgment to include prejudgment interest and to set the post-judgment interest rate. (Circuitronix's Mot., ECF No. 300.) Benlida opposes the motion (Benlida's Resp., ECF No. 303) and Circuitronix has timely filed its reply (Circuitronix's Reply, ECF No. 304). The motion is now ripe for review. After considering the briefing, the record, and the relevant legal authorities, the Court **grants** the motion (**ECF No. 300**) and orders Circuitronix to submit a proposed amended judgment on or before **April 19, 2024**.

In its response, Benlida complains that Circuitronix's motion is untimely. Deeming Circuitronix's request a motion to amend the judgment under Rule 59(e), Benlida maintains it was due "no later than 28 days after the entry of the judgment," making it due by December 29, 2023. (Benlida's Resp. at 2 (quoting Fed. R. Civ. P. 59(e)).) But, says Benlida, since Circuitronix did not file it until January 2, 2024, and because the Court is powerless to extend the Rule 59(e) deadline, Circuitronix has forfeited its right to add interest to the judgment. (Benlida's Resp. at 2.) The Court disagrees. While the Court agrees with Benlida that Circuitronix's motion regarding interest should be deemed as arising under Rule 59(e), the Court finds Circuitronix's earlier filed Rule 50(b) motion suspended the finality of the judgment entered on December 1. *See Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1525 (11th Cir. 1987)

(noting that "a motion for discretionary prejudgment interest must be filed pursuant to Rule 59(e)"), *aff'd sub nom. Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989); *Wright v. Preferred Research, Inc.*, 891 F.2d 886, 888 (11th Cir. 1990) ("The finality of the judgment was suspended . . . when [the Defendant] filed motions for j.n.o.v. and for a new trial."). Accordingly, the Court finds the earliest the judgment could be considered final was April 12, 2024, when the Court denied Circuitronix's Rule 50(b) motion. As such, the Court finds Circuitronix's Rule 59(e) motion, filed well before April 12, 2024, timely.

Turning to the substance of the motion, Circuitronix submits it is entitled to prejudgment interest on the jury's award under Florida law. As Circuitronix points out, under Florida law, "when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985). Indeed, "[o]nce a verdict has liquidated the damages as of a date certain, computation of prejudgment interest is merely a mathematical computation." *Id.* Or, "even if the jury did not specify a particular date of loss," "[p]reverdict interest may be awarded . . . so long as a date is clear from the record." *SEB S.A. v. Sunbeam Corp.*, 148 Fed. Appx. 774, 794 (11th Cir. 2005).

Notably, although Benlida objects to the timeliness of Circuitronix of request, Benlida does not challenge the merits of Circuitronix's entitlement to prejudgment interest. Unchallenged, then, is that the jury awarded Circuitronix, to the dollar, the amounts Circuitronix sought for uncredited overpayments of $4,760,847 plus payments of $2,825,000 Circuitronix diverted to another company, at Benlida's request. Nor does Benlida express any disagreement that those amounts were owed no later than January 1, 2020. And, as Circuitronix points out, choosing this date is not only conservative, in Benlida's favor, but also simplifies the interest calculation. Finally, Benlida leaves Circuitronix's interested calculations, running from January 1, 2020, through November 20, 2023, uncontested.

As determined by Circuitronix, and uncontroverted by Benlida, the accrued interest can be calculated as follows:

| Rate period begin | Interest rate | Daily rate as decimal | Days in rate period | As Applied to Judgment ($7,585,847) |
|---|---|---|---|---|
| 1/1/2020 | 6.83% | .000186612 | 91 | $128,820.51 |
| 4/1/2020 | 6.66% | .000181967 | 91 | $125,614.01 |
| 7/1/2020 | 6.03% | .000164754 | 92 | $113,731.67 |
| 10/1/2020 | 5.37% | .000146721 | 92 | $102,396.28 |
| 1/1/2021 | 4.81% | .000131781 | 90 | $89,970.34 |

| 4/1/2021 | 4.31% | .000118082 | 91 | $81,513.43 |
| 7/1/2021 | 4.25% | .000116438 | 92 | $81,261.83 |
| 10/1/2021 | 4.25% | .000116438 | 92 | $81,261.83 |
| 1/1/2022 | 4.25% | .000116438 | 90 | $79,495.27 |
| 4/1/2022 | 4.25% | .000116438 | 91 | $80,378.55 |
| 7/1/2022 | 4.34% | .000118904 | 92 | $82,982.85 |
| 10/1/2022 | 4.75% | .000130137 | 92 | $90,822.34 |
| 1/1/2023 | 5.52% | .000151233 | 90 | $103,250.73 |
| 4/1/2023 | 6.58% | .000180274 | 91 | $124,445.31 |
| 7/1/2023 | 7.69% | .000210685 | 92 | $147,036.62 |
| 10/1/2023 | 8.54% | .000233973 | 61 | $108,267.88 |
| | | | **TOTAL:** | **$1,621,249.45** |

Under Florida law, then, the Court finds Circuitronix entitled to prejudgment interest to compensate it for its liquidated loss of $7,585,847, as found by the jury, as of January 1, 2020, in the reasonable amount of **$1,621,249.45**.

Lastly, Circuitronix asks the Court to specify, in an amended judgment, the post-judgment interest rate. According to Circuitronix, the applicable rate, as published by the Board of Governors of the Federal Reserve System, is 5.05%. Benlida does not object to specifying the rate in the amended judgment nor does Benlida dispute that 5.05% is the correct rate.

In sum, as set forth above, the Court **grants** Circuitronix's motion to amend the judgment (**ECF No. 300**). Consistent with the Court's findings, the Court orders Circuitronix to file a proposed amended judgment, submitting a Word.doc version to scola@flsd.uscourts.gov, on or before **April 19, 2024**.

**Done and ordered** in Miami, Florida, on April 16, 2024.

_____
Robert N. Scola, Jr.
United States District Judge