**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**CASE NO. 21-60125-CIV-SCOLA/GOODMAN**

JIANGMEN BENLIDA PRINTED CIRCUIT
CO., LTD.,

      Plaintiff/Counter-Defendant,

v.

CIRCUITRONIX, LLC,

      Defendant/Counter-Plaintiff.

_____/

**REPORT AND RECOMMENDATIONS ON CTX-US'S UNOPPOSED**
**MOTION FOR ATTORNEYS' FEES AND COSTS**

George Berkeley (1685–1753) was an Anglo-Irish philosopher known for tackling issues surrounding perception and for promoting the view that "reality consists exclusively of minds and their ideas."[1] He is sometimes credited (perhaps incorrectly) with the famous question about perception and reality: "If a tree falls in a forest and no one is around to hear it, does it make a sound?" If that question were to be modified to apply to the question at issue in this ruling, then it could well be converted to the following query: "If a prevailing

_____

[1]     Downing, Lisa, "George Berkeley", The Stanford Encyclopedia of Philosophy (Fall 2021 Edition), Edward N. Zalta (ed.), available at https://plato.stanford.edu/archives/fall2021/entries/berkeley/ (last visited Apr. 21, 2024).

party files a motion for attorney's fees and costs and the opposing party is substantively not around because it chose to not object, does the motion lead to the sound of complete victory?"

The answer, as we shall discuss in detail below, is "no" -- because the Court still has an independent duty to determine the applicable legal reality forged by the motion. That means it must assess the filing and see if all the requests are worthy of full reimbursement, despite the motion's no-objection status.

When we do that, we conclude that most, but not all, of the requested fees and costs should be awarded. Some fees are problematic because they are included only in impermissible block billings, while some costs are not reimbursable because they are insufficiently documented.

So the bottom line is that the Undersigned **respectfully recommends** that the Court award **$1,786,565.25** in attorney's fees and **$638,102.14** in costs. But the recommendation provides leeway for a supplemental submission to cure the deficiencies.

This lawsuit involves claims for breach of contract and account stated by Jiangmen Benlida Printed Circuit Co., Ltd. ("Benlida") and a counterclaim for breach of contract by Circuitronix, LLC ("CTX-US"). [ECF Nos. 26; 34]. United States District Judge Robert N. Scola, Jr. granted CTX-US's summary judgment motion on both counts of Benlida's Complaint. [ECF No. 221]. Additionally, the jury returned a $7,585,847.00 verdict in CTX-

US's favor. [ECF No. 273]. CTX-US successfully defended against Benlida's claims and prevailed on its breach of contract counterclaim. Thus, CTX-US is the prevailing party.

CTX-US now seeks to recover $2,529,290.77 in fees and costs pursuant to Fed. R. Civ. P. 54(d) and S.D. Fla. L. R. 7.3. [ECF No. 311]. CTX-US's Motion for Attorneys' Fees and Costs (the "Motion") is unopposed and its certificate of conferral states that:

> Undersigned counsel for CTX hereby certifies that, pursuant to Local Rule 7.3(b), counsel for the movant has conferred with counsel for Benlida in a good faith effort to resolve by agreement the issues raised in this motion. CTX served a draft of this motion on Benlida, on December 29, 2023. Counsel for the parties then met and conferred via videoconference on January 16, 2024, in a good faith effort to resolve by agreement the issues raised in this motion. **CTX's counsel is authorized to represent that Benlida does not oppose the fees and costs sought in this motion with the exception of costs associated with computerized legal research**.

*Id*. at 21 (emphasis added).

Judge Scola referred CTX-US's Motion to the Undersigned "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 315].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part and deny in part** (at least for now) CTX-US's Motion.

## I.      Legal Standards and Analysis

### i.  Attorney's Fees

#### Entitlement

The party seeking attorney's fees bears the burden of establishing entitlement. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also A.C.L.U. of Ga. v. Barnes*, 168 F.3d 423,

427 (11th Cir. 1999) ("[F]ee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). Where, as here, the Court's jurisdiction is based on diversity of citizenship, state law governs a party's entitlement to attorney's fees. *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001); *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008) (noting that the Eleventh Circuit has "consistently recognized that in diversity cases a party's right to attorney's fees is determined by reference to state law").

"Florida courts follow the 'American Rule' that attorney's fees may only be awarded pursuant to an entitling statute or agreement among the parties." *Am. Family Mut. Ins. Co. v. Alvis*, 72 So. 3d 314, 317 (Fla. 2d DCA 2011) (citing *Dade Cnty v. Pena*, 664 So. 2d 959, 960 (Fla. 1995)). Thus, "[u]nder Florida law, attorney's fees may be awarded to the prevailing party pursuant to a contractual agreement authorizing their recovery." *Hendershott v. Ostuw*, No. 20-CV-80006, 2021 WL 4049305, at *2 (S.D. Fla. Aug. 31, 2021) (citing *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004)), appeal dismissed, No. 21-13021-GG, 2021 WL 7286953 (11th Cir. Oct. 19, 2021).

"Florida courts apply a strict construction to agreements providing for the award of attorney's fees." *Dade Sav. & Loan Ass'n v. Broks Ctr., Ltd.*, 529 So. 2d 775, 777 (Fla. 3d DCA 1988) (citation and internal quotation marks omitted). Moreover, "[t]he Court does not have discretion to decline to enforce a contractual provision awarding attorney's fees as such

provisions are mandatory." *Krauser v. Biohorizons, Inc.*, No. 10-80454-CIV, 2013 WL 12095204, at *1 (S.D. Fla. Feb. 15, 2013) (citing *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005)).

Here, the parties entered into a standard manufacturing and representation Agreement ("Agreement"). [ECF No. 14, p. 1]. Paragraph 13.5 of the Agreement states, in pertinent part, as follows: "[i]n any action to enforce this Agreement, the prevailing party **shall be awarded all court costs and reasonable attorney fees incurred**." [ECF No. 15-1, p. 9 (emphasis added)].

CTX-US argues that it is entitled to attorneys' fees and costs because: (1) it is the prevailing party in this case, and (2) this action falls within the scope of the Agreement. The Undersigned agrees and notes that Benlida does not object (nor filed a Response) to this point. CTX-US is indeed the prevailing party because it prevailed both at the summary judgment stage and at trial. [ECF Nos. 221; 273]. CTX-US is therefore entitled to an award of attorneys' fees pursuant to the Agreement.

## Reasonableness of Hourly Rates

The Court must then evaluate the reasonableness of counsels' hourly rates. The Eleventh Circuit defines a "reasonable hourly rate" as "the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984)). "The applicant bears the burden of producing satisfactory evidence

that the requested rate is in line with prevailing market rates." *Id.* at 1302 (internal citation omitted).

In determining the prevailing market rate, the Court should consider several factors, including: "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (discussing factors set out in *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717–18 (5th Cir. 1974)).

Here, the hourly rates sought by CTX-US range from $825.00 to $295.00 for six attorneys and $315.00 to $295.00 for two clerks, a legal assistant, and a paralegal. Local Rule 7.3(a)(5)(A) requires the party moving for fees to state "the identity, experience, and qualifications for each timekeeper for whom fees are sought." S.D. Fla. L.R. 7.3(a)(5)(A). CTX-US filed two declarations from its lead attorneys, Chauncey Cole and Stephen Rosenthal. In each declaration, the attorneys provide the relevant background information for each of the timekeepers. [ECF Nos. 311-1; 311-2].

Benlida does not challenge the reasonableness of the hourly rates sought in this case. Nonetheless, the Court must still ensure that the fees it awards are reasonable. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) ("[T]he Court has an independent obligation to review fee motions and bills of costs to independently determine whether the

hourly rates sought are reasonable, the number of attorney hours sought are reasonable, and that the costs sought to be taxed are properly taxable pursuant to the cost statute."); *see also Kelly v. Lee Cnty. R.V. Sales Co.*, No. 8:18-CV-424-T-27JSS, 2021 WL 3111553, at *2 (M.D. Fla. July 22, 2021) (reducing hourly rates of two timekeepers despite no challenge to the hourly rates by the opposing party).

Based on the Undersigned's own experience concerning reasonable hourly rates in this legal community, the Undersigned finds the hourly rates for the timekeepers to be within the range of rates charged for similar services by attorneys and staff of reasonably comparable skill, experience, and reputation.

## Reasonable Hours Expended

The Court must next evaluate the reasonableness of the total hours expended by CTX-US's counsel. The moving party bears the burden of providing the Court with sufficiently detailed records so that the Court can assess the time claimed for each activity. *Norman*, 836 F.2d at 1303; *see also Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) ("A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action." (citing *Barnes*, 168 F.3d at 427, 432–33)).

The party requesting fees must exercise "billing judgment" and must exclude hours from its fees motion that would be unreasonable to bill a client, and therefore to one's

7

adversary, "irrespective of the skill, reputation, or experience of counsel." *Norman*, 836 F.2d at 1301.

In determining the number of hours reasonably expended, the Court must exclude "excessive, redundant or otherwise unnecessary hours" from those claimed. *Id.* at 1303. This task may be accomplished by either applying an hour-by-hour analysis or making an across-the-board cut. *See Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Judges "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436).

CTX-US requests $1,860,472.50 in attorneys' fees. [ECF No. 311, p. 9]. It filed three declarations with exhibits in support of its request: Chauncey Cole, lead counsel; Stephen Rosenthal, co-lead counsel; and Rishi Kukreja, CEO of CTX-US. [ECF Nos. 311-1; 311-2; 311-3]. The attorneys' fees request is for the following timekeepers: (1) Attorney Chauncey Cole, $400.00 an hour for 486.6[2] hours; (2) Attorney Stephen Rosenthal, $825.00 an hour for 929.6

---

[2]    The Motion mistakenly represents the hours and fees sought by Attorney Cole. The Motion states that Attorney Cole expended 430.2 hours on this matter and cites to his declaration. [ECF No. 311, p. 9]. However, pursuant to that citation, "the total number of hours charged by [Attorney Cole's firm] on the case is 488.1[,]" with an additional courtesy discount of 1.5 hours. [ECF No. 311-1, ¶ 19]. The Undersigned calculated the number of

hours; (3) Attorney Christina Martinez, $550.00 an hour for 826.7 hours; (4) Attorney Matthew Weinshall, $675.00 an hour for 262 hours; (5) Attorney Lisa Lauck, $545.00 an hour for 69.9 hours; (6) Attorney Ailyn Popowski, $295.00[3] an hour for 13 hours; (7) Paralegal Jessica Miller, $295.00 an hour for 641.8 hours; (8) Legal Assistant Sandra Rodriguez, $295.00 an hour for 35 hours; (9) Law Clerk Ryan DelGaudio, $315.00 an hour for 129.4 hours; and (10) Law Clerk Alperen Buyukberber, $315.00 for 134.9 hours. [ECF No. 311, pp. 10–12].

Although Benlida does not oppose[4] CTX-US's request, the Court must still ensure that the fees it awards are reasonable. *See Valley*, 82 F. Supp. 3d at 1325 ("[T]he Court has an independent obligation to review fee motions and bills of costs to independently determine whether the hourly rates sought are reasonable, the number of attorney hours sought are reasonable, and that the costs sought to be taxed are properly taxable pursuant to the cost statute."). The Undersigned has reviewed CTX-US's submissions and finds that, CTX-US's fee request should be granted in large part.[5]

---

hours expended based on what was included and charged for within Attorney Cole's declaration and found that he expended 486.6 hours on this case. Additionally, Attorney Cole stating that his total fees were $194,640.00 **confirms** the Undersigned's calculations because $400.00 multiplied by 486.6 totals $194,640.00.

[3]      This rate was reduced from $445.00 an hour. [ECF No. 311, p. 11].

[4]      Benlida's sole objection, based on CTX-US's conferral statement, is to the amount sought for computerized legal research fees. *Id.* at 21.

[5]      In reviewing the submissions, the Undersigned took into account only the entries related to the timekeepers *specifically mentioned* in the Motion and declaration. For example, the Undersigned did not review the hours expended by Attorney Robert C. Josefsberg

In reviewing the submissions, the Undersigned found some problematic entries related to block billing and one instance where Attorney Weinshall seemingly double-billed for the same action. Included below are examples of the problematic entries from each exhibit.

Attorney Cole Exhibit:

| Service | CC | 05/28/2021 | Review proposed third-amended complaint and motion; research Rule 15 issues; correspondence with opposing counsel re: proposed amended complaint. | 1.30 | $400.00 | $520.00 |
|---|---|---|---|---|---|---|
| Service | CC | 06/25/2021 | Research and draft response to Benlida re: price increase demand; discuss with Mr. Kukreja. | 1.20 | $400.00 | $480.00 |
| Service | CC | 10/14/2021 | Review client comments and feedback on draft counterclaim and third party complaint, review documents provided by client, provide advice on all open issues and questions, and revise pleadings accordingly. | 4.90 | $400.00 | $1,960.00 |
| Service | CC | 01/13/2023 | Evidentiary hearing on Benlida's motion to enforce settlement agreement; prep for same and discuss with Mr. Kukreja and Mr. Rosenthal. | 10.50 | $400.00 | $4,200.00 |

[ECF No. 311-1, pp. 12; 15; 22; 52].

---

because he was never mentioned nor credited as a timekeeper outside of his limited billing entries. *See* [ECF No. 311-2].

Attorney Rosenthal Exhibit:

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 08/03/23 | CHM | Draft motion to strike Paulikens report, review R. DelGaudio (clerk) draft, conduct additional related research on rebuttal opinions | 5.00 | 2,750.00 |
| 09/13/23 | SFR | Review and analyze data for preparation of summary on data of Benlida's output (bearing on price increase issue); import select portions of Benlida's data from Ex. 94 spreadsheet to new spreadsheet; figure out way to present data to reveal Benlida's shortfall on output; perform calculations to populate spreadsheet; and circulate to R. Kukreja and team for review. | 4.40 | 3,630.00 |
| 09/14/23 | MPW | Draft summary exhibits for lead-time penalty for CTX US and CTX HK, reviewed documents for payment history summary and emails with S. Rosenthal and J. Miller and C. Martinez re same. | 6.00 | 4,050.00 |
| 10/02/23 | CHM | Draft outline of argument for Paulikens MIL, research relevant case law, practice argument. | 5.00 | 2,750.00 |
| 10/03/23 | MPW | Attend Calendar call and pre-trial conference. | 4.00 | 2,700.00 |
| 10/03/23 | MPW | Attend Calendar Call and pre-trial conference. | 4.50 | 3,037.50 |
| 10/23/23 | SFR | Trial Preparation including telephone conference with R. Kukreja re: revised defense against newest incantation of Benlida's price-increase defense and Benlida's arguments about UL logo issue; meet and confer emails with opposing counsel re: motion to limit prejudice; update outline for cross-examination of Tracy Huang; send I. Vega depo segments for preparation of clips to play as impeachment for Tracy Huang cross examination; collaborate with C. Martinez re: closing argument Powerpoint slides. | 14.00 | 11,550.00 |

[ECF No. 311-2, pp. 95; 109; 110; 120; 121; 127; 129].

"'Block billing' occurs when an attorney lists all of the day's tasks on a case in a single entry and does not separate the tasks and the time spent working on those individual tasks as separate entries on billing records." *Plumbers & Pipefitters Union No. 421 Health & Welfare Fund v. Brian Trematore Plumbing & Heating, Inc.*, No. 5:11-CV-221, 2013 WL 3816660, at *4 (M.D. Ga. July 22, 2013). The practice of block billing is disfavored because it prevents the

Court from accurately ascertaining the amount of time spent on each discrete task. *See Lil'*
*Joe Wein Music, Inc. v. Jackson*, No. 06-20079-CIV, 2008 WL 2688117, at *11 (S.D. Fla. July 1,
2008) (noting that block billing "makes it difficult to establish whether the amount of time
spent on any one task was reasonable").

Nonetheless, "[a]s a general proposition block billing is not prohibited so long as the
Court can determine from the time entry the services that were performed." *Home Design*
*Servs., Inc. v. Turner Heritage Homes, Inc.*, No. 4:08-CV-355-MCR-GRJ, 2018 WL 4381294, at *6
(N.D. Fla. May 29, 2018), *report and recommendation adopted*, No. 4:08CV355/MCR/GRJ, 2018
WL 6829047 (N.D. Fla. Sept. 28, 2018).

Here, the problematic entries are examples of block billing because they list multiple
tasks within the same entry but fail to specify how much time was dedicated to each activity.
Additionally, Attorney Weinshall's entries from October 3, 2023 are equally as problematic
because it seems like he double billed for the same event (but listed differing hours -- *i.e.*, 4
and 4.5). Due to the sheer amount of block billing present in both declarations, the
Undersigned will first reduce Attorney Weinshall's total hours by 4.5 due to his double-
billed entries, and then proceed to discount the total amount of fees from each declaration
by 5%.

The Undersigned is limiting the reduction to 5% based on the attorneys'
representations that they have *already* discounted their fees significantly as a courtesy.

The block billing being discussed here is somewhat surprising, given that the Podhurst firm, in fact, knows how to properly separate out the specific time entries incurred on a particular day. For example, the following entry is **not** an inappropriate block billing entry (because a specific amount of time is assigned to each task listed for the day):

| 05/20/23 | SFR | Review and respond to R. Kukreja's emails re: specific documents (.5); email experts re: certain deposition issues (.2); add to depo. outline (1.0). | 1.70 | 1,402.50 |

[ECF No. 311-2, p. 67].

However, the Undersigned finds the remaining time expended by CTX-US's attorneys to be reasonable. In addition to the fees requested, Attorney Rosenthal stated that pursuant to an agreement with Benlida over prior fees, $50,000.00 is to be added to the judgment related to this Motion. *Id* at ¶ 20.[6] Benlida, in choosing to not file a response to CTX-US's Motion, consented to Attorney Rosenthal's statement and abandoned any opposition to it. The failure to address an argument is grounds for deeming a claim abandoned. *See Altare v. Vertical Reality MFG, Inc.*, No. 19-CV-21496, 2020 WL 209272, at *2 (S.D. Fla. Jan. 14, 2020) ("[the] [p]laintiff did not respond to [the] argument . . ., consequently, the Court deem[ed] any response waived"); *Five for Ent. S.A. v. Rodriguez*, No. 11-24142-CIV, 2013 WL 4433420, at *14 (S.D. Fla. Aug. 15, 2013) ("[a] failure to address issues in response to a motion is grounds for finding that the claims have been abandoned").

---

[6]    The Undersigned will include this $50,000.00 in calculating the final total between the requested fees and costs.

In sum, the Undersigned **respectfully recommends** that CTX-US recover **$1,786,565.25**[7] (instead of $1,883,635.50) in attorney's fees.

### ii.    Costs

CTX-US also seeks to recover costs. Federal Rule of Civil Procedure 54(d)(1) states that costs "should be allowed to the prevailing party" unless the court otherwise directs. "[A]bsent explicit statutory or **contractual authorization** for the taxation of costs, federal courts are bound by the limitations set forth in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co. v. J.T. Gibbons Inc.*, 482 U.S. 437, 441, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987) (emphasis added). As previously stated, paragraph 13.5 of the Agreement states, in pertinent part, as follows: "[i]n any action to enforce this Agreement, the prevailing party shall be awarded all court costs[8] and reasonable attorney fees incurred." [ECF No. 15-1, p. 9 (footnote added)].

The Agreement does not define what "court costs" include. CTX-US describes it as including "all costs." [ECF No. 311, p. 9]. In dealing with contract interpretation, the Undersigned must first:

---

[7]    The Undersigned calculated this number by: (1) subtracting $3,037.50 (the amount related to the double billing) from $1,688,992.50 (the total amount of fees from the Podhurst firm) totaling $1,685,955.00; (2) multiplying $1,685,955.00 by .05, totaling $84,297.75; (3) subtracting that 5% ($84,297.75) from $1,685,955.00, totaling **$1,601,657.25** in fees to the Podhurst firm; (4) multiplying $194,640.00 by .05, totaling $9,732.00; (5) subtracting that 5% ($9,732.00) from $194,640.00, totaling **$184,908.00** in fees to Attorney Cole. Adding both remaining amounts together **totals $1,786.565.25**.

[8]    In its Motion, CTX-US erroneously misquotes this Agreement in stating that it "provides for the prevailing party to recover its [sic] '**all** costs.'" [ECF No. 311, p. 19 (emphasis added)].

14

"begin[ ] with a review of the plain language of the agreement because the contract language is the best evidence of the parties' intent at the time of the execution of the contract." *Taylor v. Taylor*, 1 So. 3d 348, 350 (Fla. 1st DCA 2009) (*citing Royal Oak Landing Homeowner's Ass'n, Inc. v. Pelletier*, 620 So. 2d 786, 788 (Fla. 4th DCA 1993)). "When the terms of a contract are ambiguous, parol evidence is admissible to 'explain, clarify or elucidate' the ambiguous terms. However, a trial court should not admit parol evidence until it first determines that the terms of a contract are ambiguous." *Id*. at 350–51 (citations omitted). "In the absence of an ambiguity on the face of a contract, it is well settled that the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls." *Acceleration Nat. Serv. Corp. v. Brickell Fin. Servs. Motor Club, Inc*., 541 So. 2d 738, 739 (Fla. 1st DCA 1989).

*Sunrise of Coral Gables Propco, LLC v. Current Builders, Inc*., No. 1:22-CV-21456, 2023 WL 6638050, at *5 (S.D. Fla. Oct. 12, 2023).

Neither party has argued that "court costs" is ambiguous nor did Benlida file a Response to CTX-US's Motion. Benlida's silence or inaction, in effect, illustrates its agreement and consent to CTX-US's interpretation of the term. Additionally, CTX-US filed a ***separate*** motion and bill of costs requesting costs under 28 U.S.C § 1920. [ECF Nos. 312; 313]. Therefore, the Undersigned will interpret "court costs" to mean costs associated with this action that are *not* taxable under 28 U.S.C. §§ 1821 and 1920 (because if they were, then CTX-US would have included them in its separate motion for costs).

Thus, the Agreement entitles CTX-US to recover reasonable costs related to this action that it would not ordinarily be able to recover under 28 U.S.C. §§ 1821 and 1920. "However, granting unsubstantiated costs or costs above those which are properly charged, is tantamount to penalizing the losing party." *United Food Mart, Inc. v. Motiva Enters., LLC*.,

No. 04-60539CIV, 2006 WL 3068821, at *3 (S.D. Fla. July 10, 2006) (citing *Lashkajani,* 911 So. 2d at 1158–59).

CTX-US seeks to recover $668,818.27 in court-related costs. [ECF No. 311, p. 20]. In its Motion, CTX-US provided a chart detailing the categories behind the requested costs amount:

| Category of Costs[12] | Amount |
| --- | --- |
| Fees for ESI and Document-Review Platform (KLD) Vendor | $222,156.88 |
| Legal Research | $20,841.39 |
| Accounting Expert Fees | $370,401.80 |
| Fees Connected with Deposition of Randall Paulikens | $6,160 |
| Chinese Law Expert Fees | $11,862.50 |
| Counsel's Travel Expenses | $4,209.88 |
| Counsel's Conference- and Food-Related Expenses | $4,076.74 |
| AV Specialist for Trial | $20,358.75 |
| Courier and Mailing Fees | $333.69 |
| Chauncey Cole's Uncategorized Costs | $8,416.64 |
| **Total** | **$668,818.27** |

*Id*. at 13.

CTX-US's CEO, Mr. Kukreja, included the receipts associated with the requested costs in his declaration. [ECF No. 311-3]. Although Benlida does not contest the bill of costs aside from the entry related to legal research, [ECF No. 311, p. 21], the Undersigned has nonetheless independently reviewed the requested costs to determine whether they are both reasonable and recoverable. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) ("Although [the] [p]laintiff has failed to object to the costs set forth in [the]

[d]efendant's [m]otion, the Court nonetheless reviews each category of the items sought in the [the] [d]efendant's [m]otion, and whether [the] [d]efendant can properly receive monies for these categories of costs under the statute."); *Greer v. Ivey*, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2841377, at *1 (M.D. Fla. Apr. 28, 2020) ("Although the Court could treat the [movant's] motion as unopposed and award all of the costs sought[,] I believe the better approach is to analyze each part of the application and rule accordingly."), *report and recommendation adopted*, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2838843 (M.D. Fla. June 1, 2020).[9]

Local Rule 7.3(a)(6) requires motions for nontaxable costs to "**describe** and **document with invoices** all incurred and claimed . . . expenses not taxable under 28 U.S.C. § 1920 . . . ." S.D. Fla. L.R. 7.3(a)(6) (emphasis added). "Consequently, the matter is quite settled in this district that a moving party must provide supporting documentation to justify a cost award of any kind." *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, No. 13-20544-CIV, 2020 WL 6808856, at *9 (S.D. Fla. Apr. 16, 2020*), report and recommendation adopted*, No. 13-CV-20544-KMM, 2020 WL 5757493 (S.D. Fla. Sept. 28, 2020), *amended*, No. 13-CV-20544-

---

[9]      *See also Hamilton v. Sheridan Healthcare., Inc.*, No. 13-62008-CIV, 2015 WL 13541032, at *2 (S.D. Fla. Jan. 21, 2015) ("Although [the] [p]laintiff has not opposed an award of costs, the undersigned finds that some of the costs sought by [the] [d]efendants are either not taxable under § 1920, or they exceed the permissible statutory amount. The undersigned, therefore, will consider the [m]otion on its merits."), *report and recommendation adopted sub nom. Hamilton v. Sheridan Healthcorp, Inc.*, No. 13-62008-CIV, 2015 WL 13540998 (S.D. Fla. Mar. 25, 2015); *Hernandez v. Gregory Land Dev. II, LLC*, No. 09-61173-CIV, 2010 WL 2846218, at *2 (S.D. Fla. July 19, 2010) ("Despite the fact that no opposition has been filed, this Court does not have the authority to award costs outside of the statutory limitations.").

KMM, 2020 WL 10787197 (S.D. Fla. Nov. 12, 2020), *and aff'd*, No. 20-14058, 2023 WL 8946765 (11th Cir. Dec. 28, 2023) (quoting *Lustig v. Bear Stearns Residential Mortg. Corp.*, No. 08-14419-CIV, 2010 WL 11519359, at *2 (S.D. Fla. June 3, 2010)); *Gonzalez v. Wells Fargo Bank, N.A.*, No. 1:13-CV-23281, 2015 WL 12978820, at *8 (S.D. Fla. Mar. 20, 2015), *report and recommendation adopted*, 2015 WL 12978799 (S.D. Fla. Apr. 8, 2015) (reduced claimed nontaxable costs for messenger service and telephone charges where movant did not comply with the local rule).

For the reasons discussed below, some reductions to CTX-US's bill of costs are warranted.

## **Accounting Experts Fees**

"[T]here is no reason why the expert witness fees are not recoverable under the contract[ ]." *Kipu Sys. LLC v. ZenCharts LLC*, No. 17-24733-CIV, 2021 WL 1895881, at *8 (S.D. Fla. Apr. 6, 2021), *report and recommendation adopted sub nom. KIPU SYSTEMS LLC, Plaintiff, v. ZENCHARTS LLC, et al., Defendants.*, No. 17-CV-24733-WILLIAMS, 2021 WL 4479451 (S.D. Fla. Sept. 30, 2021). The Agreement sets "no limitation on the recovery of any particular costs other than the restriction that they be reasonable." *Id*.

CTX-US seeks $370,401.80 for its accounting experts fees. CTX-US hired two accounting experts for this case: Barry Mukamal and Mark Parisi. [ECF No. 331-3, ¶ 6(b)]. In reviewing their billing documents, *id.* at Exhibits B and C, the Undersigned notes that bills associated with Mark Parisi included an administrative fee. However, there is no discussion about what that fee represents nor why it should be covered. Without that

information, the Undersigned is unable to determine whether the collective $3,531.45 in administrative fees is reasonable and recoverable. Therefore, because CTX-US has not supported these $3,531.45 in administrative fees, the District Court should disallow them.

**Chinese Law Expert Fees**

CTX-US also seeks to recover $11,862.50 in relation to its Chinese law expert, Professor Wei Cui. To support the $11,862.50 request, Mr. Kukreja attached an exhibit listing what Professor Wei Cui worked on and for how long. [ECF No. 311-3, Exh. D].

Below is a copy of the exhibit in its entirety:

| Date | Task | Time in hours |
|------|------|---------------|
| 6/2 | Initial call with Stephen and Christina | 0.5 |
| 6/3 | Reviewing background material and correspondence with Stephen. | 2 |
| 6/4 | Reviewing background material and relevant Chinese law and administrative guidance | 4.75 |
| 6/5 | Drafting report | 2.5 |
| 6/6 | Drafting report | 2.75 |
| 6/7 | Revising draft report and correspondence with Podhurst | 3.75 |
| 6/14 | Responding to email questions | 0.25 |
| 6/23 | Correspondence and providing list of select primary sources | 1 |

Total: 17.5 hours

*Id*.

The Undersigned is unable to determine, with this information **alone**, whether the requested amount is reasonable and recoverable because all that was provided was the amount of time spent on this case. There is no mention of what his hourly rate was, whether there were any other charges or expenses included in calculating that $11,862.50 total, or

whether his rate is reasonable compared to other similarly situated professionals in the market. *See Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (holding that the party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses); *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 2016 WL 7325544, at *2 (M.D. Fla. Aug. 31, 2016) (failing to provide "sufficient detail or supporting documentation" for taxing costs can lead to a denial of them); *Friedel v. Sun Communities, Inc.*, No. 19-14394-CIV, 2022 WL 17669933, at *12 (S.D. Fla. Nov. 3, 2022), *report and recommendation adopted*, No. 19-CV-14394, 2022 WL 17668290 (S.D. Fla. Dec. 14, 2022) (same).

However, the Undersigned, after digging through the docket, was able to locate Benlida's Motion *in Limine* to exclude Prof. Cui's testimony. [ECF No. 196]. Attached to Benlida's Motion was Prof. Cui's Expert Report, where he states that his fee was $650.00 an hour. [ECF No. 196-1, p. 4]. With that information, the Undersigned was able to confirm that the amount requested was related only to the tasks mentioned in the table included above.

But even with confirming Prof. Cui's hourly rate, CTX-US's request still fails to meet the necessary requirements under Local Rule 7.3(a)(6) because it did not "**describe and document with invoices** all incurred and claimed . . . expenses not taxable under 28 U.S.C. § 1920 . . . ." S.D. Fla. L.R. 7.3(a)(6) (emphasis added). Therefore, the Court should

not award CTX-US this cost until it provides supplemental memorandum in compliance with the local rules.[10]

### Fees Related to Expert Randall Paulikens' Deposition

CTX-US requests $6,160.00 in fees related to this deposition. The fees are related to the time Mr. Paulikens spent at the deposition and his travel time. Mr. Kukreja provided a copy of the invoice (outlining the hours spent) with his declaration. [ECF No. 311-3, Exhibit E]. Unlike the chart provided for Prof. Cui, Mr. Paulikens' invoice provides enough detail for the Undersigned to review and determine how the total was calculated and the factors included in the $6,160.00. Therefore, the District Court should award these costs to CTX-US.

### Counsel's Travel and Food-Related Expenses

CTX-US requests $8,286.62[11] in expenses related to travel, conference, and food. "It is well settled that '[e]xpenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable' as non-taxable costs. *Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-60629-CV, 2017

---

[10]    The supplemental submission must be presented in a concise way -- where the Undersigned does not have to search through the case docket. Judges "are not like pigs, hunting for truffles buried in [the docket]." *United States v. Al Jaberi*, 97 F.4th 1310, n.3 (11th Cir. 2024) (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

[11]    In adding up the amounts included in Attorney Rosenthal's declaration, the Undersigned reached a total of $8,033.75, but CTX-US requests $8,286.62. CTX-US may address that discrepancy in a supplemental filing.

WL 5633312, at *10 (S.D. Fla. Aug. 7, 2017), *report and recommendation adopted*, No. 0:14-CV-60629, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017) (quoting *Keegan v. Am. Honda Motor Co., Inc.*, 2014 WL 12551213, at *28 (C.D. Cal. Jan. 21, 2014)).

As previously stated, Local Rule 7.3(a)(6) requires motions for nontaxable costs to "**describe** and **document with invoices** all incurred and claimed . . . expenses not taxable under 28 U.S.C. § 1920 . . . ." S.D. Fla. L.R. 7.3(a)(6) (emphasis added). Here, all of these requested costs are documented in the exhibit attached to Attorney Rosenthal's declaration. [ECF No. 311-2]. However, the exhibit attached to his declaration is merely invoices from his *own* firm, with cryptic, detail-free totals. As such, it fails to properly meet the standard set forth in Local Rule 7.3(a)(6) because it lacks supporting documentation.

For example:

| 11/01/23 | Travel Expense: MPW/DC to MIA/Sept. 20 & 21, 2023 | 423.65 |
| 11/01/23 | Travel Expense: MPW/DC to MIA/Oct. 3-6, 2023 | 574.10 |
| 11/01/23 | Travel Expense: MPW/DC to MIA/Oct. 15-20, 2023 | 695.55 |
| 11/01/23 | Travel Expense: MPW/DC to MIA/Oct. 23-25, 2023 | 519.10 |

*Id* at 130. In this example, CTX-US is requesting $2,212.40 in costs related to travel expenses but provides no explanation as to why Attorney Weinshall had to be continuously (presumably) traveling on the dates listed and what those specified expenses include. Also, the related billing entries show that Attorney Weinshall virtually participated in tasks on the September dates, such as through Zoom meetings or calls:

| 09/21/23 | MPW | Attend zoom meeting with R. Kukreja, S. Rosenthal, and C. Martinez re trial strategy and preparation. | 5.00 | 3,375.00 |

*Id*. at 114.

Additionally, Attorney Rosenthal's travel expenses suffer from a similar deficiency. Unlike Attorney Weinshall's entries, Attorney Rosenthal's entries at least provide the Undersigned with details describing how he traveled (flight) and why (depositions in this case):

| | | |
|---|---|---|
| 07/27/23 | Travel Expense: SFR/In-Flight Wifi | 12.00 |
| 07/27/23 | Travel Expense: SFR/Depo/New York/July 2023 | 1,657.50 |

*Id*. at 94.

However, the entries still fail to provide facts about what they include (*e.g.*, do they include the cost of a hotel? Do they include costs related to Uber or taxis? Do they include food?). The term "travel expense" is too vague to provide clarity. The entries complicate this analysis because the lack of detail makes it impossible for the Undersigned to understand what items are included within that single, vague entry. Also, Attorney Rosenthal included travel expenses related to in-flight Wi-Fi but failed to include the corresponding flight expense associated with those entries:

| | | |
|---|---|---|
| 08/08/22 | Travel Expense: SFR/In-Flight/5-24-22/Wifi | 19.00 |
| 09/19/23 | Travel Expense: SFR/InFlight Wifi 9-14-2023 | 25.00 |

*Id*. at 47, 119.

Was he flying somewhere else for a distinct purpose unrelated to this case and decided to work on this case while on that flight? The submission does not provide the information necessary to answer the question. Regardless, based on the lack of information

provided, the Undersigned is unable to determine whether all of the travel expenses are reasonable.

In sum, the Undersigned **respectfully recommends** that the District Court **grant** CTX-US a reduced amount of $4,163.85[12] in costs related to food and travel until CTX-US provides the District Court with a supplemental filing, that complies with Local Rule 7.3(a)(6).

### Legal Research

Costs related to computerized legal research are ordinarily not recoverable under 28 U.S.C. § 1920. *See* 28 U.S.C. § 1920; *see e.g., Gary Brown & Assoc., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008) (legal research not recoverable under § 1920). But CTX-US is not limited by 28 U.S.C. § 1920 because it is seeking reimbursement under the Agreement. *Crawford Fitting Co.*, 482 U.S. at 441.

CTX-US requests $20,841.39 in legal research expenses. But, in adding up the amounts included in Attorney Rosenthal's declaration, the Undersigned reached a total of $18,492.31[13] and will work off of that number. CTX-US mentions that Benlida reviewed the Motion and objects only to this request for computerized legal research. [ECF No. 311, p.

---

[12]     The Undersigned subtracted the following from the $8,033.75 total: (1) $2,212.40 related to Attorney Weinshall's DC trips; (2) $1,657.50 related to Attorney Rosenthal's NYC trip.

[13]     CTX-US may address that discrepancy in a supplemental filing.

21]. As previously stated, Benlida did *not* file a response to this Motion and effectively **abandoned** any opposition to it. *See Altare*, 2020 WL 209272, at *2. In addition, CTX-US is not barred from recovering this cost because of its Agreement with Benlida.

In reviewing the entries related to legal research, the Undersigned found only one problematic entry:

| 05/23/23 | Conference Expense: Meal/Depo/5-23-2023 | 41.23 |
| | Westlaw Legal Research | 4,018.95 |
| | Service Charge | 100.00 |

[ECF No. 311-2, p. 72].

The Motion and supporting declarations do not address the included $100.00 service charge. Therefore, aside from the $100 service charge, the Undersigned **respectfully recommends** that the District Court **award** CTX-US $18,392.31 in fees related to legal research.

## Fees for Electronically-Stored Information ("ESI") and Document-Review Platform (KLD) Vendor

CTX-US requests $222,156,88 in costs related to electronic discovery. The costs are related to "the dual discovery phases of this case." [ECF No. 311, p. 19]. Mr. Kukreja provided a copy of the ESI invoices with his declaration. [ECF No. 311-3, Exhibit A]. These invoices provide enough detail for the Undersigned to review and determine how the total was calculated and the items included in the request. Therefore, the District Court should award these costs to CTX-US.

### Fees for AV Specialist for Trial

CTX-US requests $20,358.75 in costs related to its audiovisual specialist, Mr. Ivan Vega, for trial. Mr. Vega prepared "visual aides and PowerPoint presentations for trial, process[ed] video recordings of deposition for use at trial, and assist[ed] with the presentation of exhibits before the jury at trial . . . . " [ECF No. 311-3, p. 3]. Mr. Kukreja included a copy of Mr. Vega's invoice as an exhibit to his declaration. *See id.* at Exhibit F. The invoice provides the necessary detail for the Undersigned to recommend that these costs be awarded to CTX-US.

### Courier and Mailing Fees

CTX-US requests $333.69 in costs related to courier and mailing fees. However, this Court should reject this request until CTX-US provides supplemental memoranda or invoices that explain the reasoning behind the costs. Throughout the declarations, there are two entries related to this request and both are found within Attorney Rosenthal's attached billing exhibit:

| | | |
|---|---|---|
| 05/19/22 | Courier Service - Delivery charge/Lightning Courier | 69.00 |
| 06/27/22 | Federal Express Corp. - delivery charge Fed Ex | 264.69 |

[ECF No. 311-2, pp. 43; 45].

Neither entry details the reasoning behind the charge and the potential fees included (*i.e.*, rush, weight, etc.). Without more details, the Undersigned is unable to evaluate whether this request is reasonable.

## Attorney Cole's Uncategorized Costs

CTX-US requests $8,416.64 under this category of costs. This request relates to the mediator fees Attorney Cole paid to Judge Jose Farina. The fees are listed within Attorney Cole's billing invoices. [ECF No. 311-1, Exhibit B]. However, these costs should not be awarded to CTX-US until it provides supplemental documentation behind these requests.

For example:

| | | | | | |
|---|---|---|---|---|---|
| Expense | 05/24/2021 | Mediation fee for Judge Farina. | 1.00 | $1,137.50 | $1,137.50 |
| Expense | 05/24/2021 | Mediation fee for Judge Farina. | 1.00 | $825.00 | $825.00 |
| Expense | 05/25/2021 | Mediation fee for Judge Farina. | 1.00 | $1,375.00 | $1,375.00 |

*Id*. at 12.

All of the entries related to this request state the same language but none of them provide information that would allow the Court to determine whether the fees are reasonable. As evident in this example above, there are multiple entries for the same date but no explanation as to the difference in costs. In looking to the related billing entries, the mediation lasted longer on May 25th compared to the session on May 24th but the bill totals from the 24th are *more* than the total for the 25th (even though the mediation session was an hour longer that day).

| | | | | | | |
|---|---|---|---|---|---|---|
| Service | CC | 05/24/2021 | Benlida mediation. | 5.00 | $400.00 | $2,000.00 |
| Service | CC | 05/24/2021 | Confer with opposing counsel re: joint scheduling proposal. | 0.50 | $400.00 | $200.00 |
| Service | CC | 05/25/2021 | Benlida mediation. | 6.00 | $400.00 | $2,400.00 |

*Id*.

27

Therefore, until CTX-US provides the Court with supplemental invoices and explanations that comply with the Local Rules, this request should not be granted.

In sum, the Undersigned respectfully recommends that CTX-US recover $638,102.14 (instead of $668,818.27) in costs.

## II.      Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that the District Court **grant in part and deny in part** CTX-US's Motion for Fees and Costs and award it **$1,786,565.25** in attorneys' fees and **$638,102.14** in costs ($222,156.88 for ESI and Document-Review Vendor; $18,392.31 for computerized legal research; $4,163.85 for food and travel; $20,358.75 for AV Specialist; $366,870.35 for its accounting experts; and $6,160.00 related to Mr. Paulikens' deposition). The Court should also include an additional **$50,000.00** pursuant to the parties' settlement agreement, resulting in a total award of **$2,474,667.39**. [ECF No. 311-2, ¶ 20].

If CTX-US provides the Court with sufficient supplemental memoranda (including invoices) addressing the issues highlighted above, then the District Court should amend the award to include whatever additional costs it deems reasonable. The Undersigned anticipates that the Court will refer to me any supplemental applications and I therefore recommend that the Court require any supplement to be filed within 14 days from entry of an Order adopting this Report and Recommendations.

### III.   Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on April 26, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record